UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 2 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. **B-04-002** |
| WELLS FARGO BANK, FORMERLY | § | |
| FIRST VALLEY BANK, FORMERLY | § | |
| RAYMONDVILLE STATE BANK, AND | § | |
| TOM FLEMING | § | |

## COMPLAINT

### I.
### PARTIES

Plaintiff, John Ocie Roberts, is a citizen of the United States of America, and a resident of the city of La Feria, County of Cameron, State of Texas.

The Defendants are the following:

1.     Wells Fargo Bank, formerly, the First Valley Bank, formerly the Raymondville State Bank, hereinafter referred to the bank, is a financial institution, duly chartered, incorporated and organized in the State of Texas, pursuant to the Federal Deposit Insurance, Corp., and is doing business in the Southern District of Texas, specifically in Raymondville, Willacy County, Texas and may be served with process by serving any bank officer or its registered agent for service. Process may be served upon Defendants by serving Corporation Service Company, 800 Brazos, Austin, Texas 78701.

.      Tom Fleming is an individual, an attorney-at-law, who is also the attorney for the bank and may be served with process at his place of business, 1650 Paredes Line road, Suit 102, Brownsville, Cameron County, Texas 78521.

3.     Dan Huerta is the deputy Sheriff is being named here for the purposes of the application for injunctive relief and may be served with process at the Cameron County Sheriff's office at 974 East Harrison Street, Brownsville, Cameron County, Texas 78520.

II

## JURISDICTION AND VENUE

4.    This is an action to redress the deprivation under color of a statute or, ordinance, or, regulation of a privilege or an immunity secured to plaintiff by the Act of Civil rights, 42 U.S.C. A. Section 1981 et seq. providing for equal right of citizens of all persons within the jurisdiction of the United States. Jurisdiction is conferred on this Court by 28 U.S. C. §1343. This action arises under the amendments IV, V, VI, IX, and XIV to the Constitution of the United States, as hereinafter more fully appears. Jurisdiction is founded upon 28 U.S. C. §1331 (a). This is an action to redress the deprivation under color of a custom or usage or law of the State of Texas of a right secured to plaintiff by the Constitution of the United States. Jurisdiction is conferred on this court by 28 U.S. C. §1343.

The acts and practices of the Defendants and their agents, as herein alleged were performed under color of law, and therefore, constitute actions of the State within the meaning of the Fourteenth Amendment to the United States Constitution.

IV.

## FACTS

5.    Plaintiff requested a loan from Defendant Bank on October 1, 1990. The Bank, through its officer, John Nicholson, orally promised that all payments made by Plaintiff or his representatives, would be credited to his loan and deducted from his debt.

6.    He and his representatives paid into the account. However, t o Plaintiff's surprise, the Bank refused to credit Plaintiff's loan account of said amounts.

7.    By way of example, Ann Langham borrowed $10,000.00 from the Bank and instructed the Bank to credit said amount to Plaintiff. Mrs. Langham paid in full said loan only to find out that the Bank had failed and refused to turn that money over to use as a credit to Plaintiff's loan account.

8.    This problem reoccurred to sum up to approximately fifty thousand ($50,000.00) dollars, U.S. C. Therefore, Plaintiff brought a civil action in the State district court for breach of contract and fraud.

9.    To Plaintiff's surprise, summary judgment motions were granted against him even though he showed two affidavits of individuals who had paid into the account and the Bank did not reflect such entries.

10.    The case was ignored all the way up to the Supreme Court of the State of Texas is that

Defendant's attorney Tom Fleming is a highly influential person.

11.    Defendants acting in concert have continued to harass Plaintiff by the threatening Plaintiff and attorneys.

12.    When Plaintiff sought and obtained a temporary restraining order, having used legal and authorized means, he was sanctioned $5,000.00 for having had an ex parte temporary restraining order. Such are authorized by the Texas Rules of Civil Procedure.

13.    Defendant, Tom Fleming, has also threatened Plaintiff's attorney therefore, now Plaintiff may not even obtain the services of an attorney.

14.    Defendant, Tom Fleming, has also written to the state judges setting certain guidelines they must follow. Therefore, Plaintiff will not be able to obtain any judge to do what the law authorizes them to do. (Exhibit A is a true and correct copies of the letters sent by Defendant, Tom Fleming to Plaintiff's attorney and to the district judges and are incorporated by reference as if fully copied herein.)

15.    The problem that Defendant, Tom Fleming, had in executing on a judgment is that the judgment called for attorney fees if the case went to the Supreme Court. The problem is that the Supreme Court of Texas had not finalized its ruling therefore Defendant Tom Fleming was trying to get paid in advance. Hence, a Temporary Restraining Order was obtained.

16.    Now, the problem the Sheriff has is that the properties that he is executing on have an outstanding lien. And, the Sheriff is going to sell the property when he does not know what the lien is worth. Therefore, when he receives money on the execution, how will he know how much to disburse on each item?

17.    Also, the Sheriff will not know when to stop selling Plaintiff's properties through executions if the Sheriff does not know how much goes to the lienholder.

18.    Also, the Sheriff gave notice by placing the notice allegedly on the courthouse, however, Plaintiff has been, for years, using one of these properties for homestead. Yet the Sheriff did not give notice as required by Section 51.001 et seq. of the Texas Property Code.

19.    The Sheriff is also executing on a judgment for attorney fees. The Constitution of the State of Texas does not allow on attorney fees judgment to be grounds for foreclosure on a homestead.

20.    However, Plaintiff can not go to any state judge for protection because of Defendant Tom

Fleming's letters.

21.    The Sheriff is going to have an accounting problem because he does not know how to disburse the payment given on the forced sale.

22.    If the Sheriff sells the property with a lien on it, and the only notice it gave was the writ of execution, then the Sheriff is taking property away from Plaintiff without due process.

23.    The property code has special provisions for residential homestead laws and the Sheriff is not following said laws on the instance of Defendant. Plaintiff lives in one of the properties. It is exempt when the foreclosure is for one of three reason none of which are within the purview of the judgment being executed.

24.    However, Plaintiff can not go to any attorney or else he will be sanctioned again for doing legal acts, and the attorney has been threatened and no judge will want to hear Plaintiff because the Defendant has sent letters to all judges intimidating them even though the Sheriff is executing on Plaintiff's residential homestead. Plaintiff has a legitimate complaint but can not get his right hand in court.

25.    The acts and practices of the Defendants and their agents, as herein alleged, were performed under color of law, and, therefore, constitute actions of the State within the meaning of the Fourteen Amendment to the United States Constitution. All Defendants are being sued jointly and severally.

V
**DAMAGES**

26.    Plaintiff has suffered damages in that he paid fully yet never was credited for his payments.

27.    Due to Defendant's conduct, being willful, intentional and knowing and due to such careless disregard for the rights of others, Plaintiff alleges exemplary damages should be imposed.

28.    The amount of actual damages is no less than $50,000.00. Exemplary damages should be three times that amount.

VI.
**JURY REQUEST**

29.    Plaintiff demands a trial by jury and fees have been paid.

30.    Also, Plaintiff's claims for fraud is based on the Defendant's false promise to act. Plaintiff would show the Court the following:

1.  A binding, oral contract to accept all payments exists.

2.  The Defendants made a false promise to do an act; the Bank promise to credit Plaintiff's loan account.

3.  The Defendants' promise was material.

4.  The Defendants made the promise with the intention of not fulfilling it.

5.  The Defendants made the promise to the Plaintiff for the purpose of inducing the Plaintiff to enter into the contract.

6.  The Plaintiff relied on the Defendants' promise in entering into the contract, however, Defendant never did give Plaintiff a full loan and kept part of the payments in an approximate amount of fifty thousand ($50,000.00) U. S. Currency.

7.  The Plaintiff was injured as result and incurred damages, which may include actual, special and exemplary damages, along with attorney's fees and costs.

31. The right of Plaintiff to be informed of the foreclosure of his property, secured to him under the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States; and The right of Plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured by the Fourteenth Amendment to the Constitution of the United States.

32. The acts, conduct, and behavior of Defendants, and each of them, were performed knowingly, intentionally, and maliciously, said reason for which Plaintiff is entitled to an award of punitive damages in the sum of $250,000.00.

Plaintiff, John Ocie Roberts, prays that Defendants upon final adjudication, that the loan be credited the full amount; that an accounting be given to Plaintiff; that an amortization schedule be given to Plaintiff;

that actual damage be awarded to Plaintiff; that post judgment interest be awarded to Plaintiff; that exemplary damages be awarded to Plaintiff; that the transaction be declared an attempted fraud on Plaintiff by Defendants; that attorney fees be awarded to Plaintiff; if any; that Plaintiff be allowed access to the courts.

That the amount be reformed to the correct amount of money which was actually loaned to Plaintiff.

33. The office of the Sheriff of Cameron County, Texas is the law enforcement agency of the State of

Texas, County of Cameron, which is to execute on the writ of execution.

34.   Dan Huerta is the officer in charge of performing the sales.

35.   Plaintiff requests that the court issue a temporary injunction pending the trial on the merits.

36.   If the Sheriff sells the properties, it would cause the Plaintiff irreparable damages.

37.   Tom Fleming has been able to obtain a judgment for attorney fees and has been attempting to execute said judgment without giving proper notice.

38.   Defendant requests that said judgment be set aside in that it was decided from the denial of due process. (Exhibit B is a true and correct copy of the judgment and is incorporated by reference as if fully copied herein.)

**WHEREFORE**, Plaintiff demand judgment:

1.   Awarding Plaintiff damages in the amount of $250,000.00 or the awarding of the properties to Plaintiff, those properties which had been encumbered for the loan.

2.   Awarding Plaintiff punitive damages in the amount the jury decides.

3.   Awarding Plaintiff the reasonable costs and expenses of this action; and

4.   Granting Plaintiff such other and further relief as may be just.


Dated 2 ND day of JANUARY, 2004.

Respectfully submitted,

John Ocie Roberts
P. O. Box 1167
La Feria, Texas 78559

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | |
| | § | |
| VS. | § | |
| | § | |
| WELLS FARGO BANK, FORMERLY | § | CIVIL ACTION NO._____ |
| FIRST VALLEY BANK, FORMERLY | § | |
| RAYMONDVILLE STATE BANK, AND | § | |
| TOM FLEMING | | |

STATE OF TEXAS        ]

CAMERON COUNTY        ]

### AFFIDAVIT

BEFORE ME, personally appeared John Ocie Roberts, and stated under oath that the following is true and correct and from his personal knowledge:

My name is John Ocie Roberts . I am competent to testify. I am over the age of eighteen(18) years and have never been convicted of any crime.

My homestead is being foreclosed on the 1st Tuesday which is January 6, 2004. Both of the properties have a first lien. The Sheriff does not even know how is the amount of money on the liens. The Sheriff will not know how to disburse the monies from the sale. He will also not know when the judgment will be satisfied once he sells because of the liens. Also, one of the properties is my residential homestead. This is an execution on a judgment, therefore the property being executed on is my homestead. The Sheriff is executing on my homestead. Since he will not know when the judgment is paid off, he will continue selling all of my other property. It will only be up to Tom Fleming when he will satisfied not when the judgment has been paid for.

If this Court does not intervene and issues a temporary restraining order, I shall be suffering an irreparable injury and I have no adequate remedy at law.

Affiant further saith naught.



John Ocie Roberts

SWORN AND SUBSCRIBED TO BEFORE ME, the undersigned notary, on this the 2nd day of January, 2004, which witness my hand and seal.

> LEONOR HILDA RAMIREZ
> MY COMMISSION EXPIRES
> December 11, 2008

Notary Public-State of Texas

Recorded information: Tract 2: an 8,750.00 square foot tract of land, being the easterly 50. 0 feet of lots numbers twelve (12), thirteen (13), fourteen (14), and the easterly 50 feet of the Northerly ½ of lot number eleven (11), Block number sixteen (16), third addition to the city of San Benito, Cameron County, Texas, according to the Map recorded in volume 2, Page 5, of the Map records of Cameron County, Texas. Tract 1: the West six and 22/100 (W. 6.22) acres of the east Twenty-one and 224/100.(E. 21.224) acres of Block one (1), in the Orange, Grove Park Subdivision, La Feria Grant, Cameron County, Texas, according to the map or plat of sais subdivision Recorded in Volume 4, Page 11, of the Map records of Cameron County, Texas.

# FLEMING & HERNANDEZ, P.C.

Attorneys at Law
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602

Tom Fleming
Luis R. Hernandez
Jeffrey G. Mathews

(956) 982-4404
FAX (956) 982-0943
EMAIL FLEMOLPC@HILINE.NET

Rolando Olvera, P.C.
Of Counsel

December 22, 2003

FACSIMILE (956) 686-0469
and CMRRR, #7002 2030 0007 1000 1122

Mr. Raul A. Guajardo
ATTORNEY AT LAW
909-A Nyssa Avenue
McAllen, Texas 78501

Re:    Cause No. 2003-12-5738-A
       In The 107th Judicial District Court
       Cameron County, Texas

       *John Roberts, Plaintiff*
       *vs.*
       *Wells Fargo Bank, Formerly First Valley Bank, Formerly*
       *Raymondville State Bank; Tom Fleming, Dan Huerta, and*
       *Rolando Olvera, Defendants*

Dear Mr. Guajardo:

As you are aware, this firm represents all of the defendants in the above styled matter. We have been advised by Deputy Sheriff Dan Huerta that you have expressed to him an intent to seek yet another temporary restraining order to prevent the Sheriff's sale scheduled for January 6, 2004.

Inasmuch as you saw fit to *ex parte* a court on December 1, 2003 in violation of Local Rule 1.3(b) when you were aware of our representation of Wells Fargo Bank, we suspect you intend to carry on with that practice. We suggest you review Rule 3.05(b), Texas Disciplinary Rules of Professional Conduct and Cameron County Civil Court Rules, 1.3. In the event you do seek *ex parte* communication with any court regarding this matter, we will have no choice but to make a complaint to the local grievance committee. We certainly hope to avoid such action.

*EXH - A*

Mr. Raul A. Guajardo
ATTORNEY AT LAW
December 22, 2003
Page 2 of 2

      Should you wish to coordinate a fair, open and bilateral hearing on the issue, please contact us to coordinate a date and time.

                    Very truly yours,

                    **FLEMING & HERNANDEZ, P.C.**

                    by:
                        Tom Fleming

TF/bgw

# *Law Office of Raul A. Guajardo*

909-A Nyssa Avenue
McAllen, TX 78501

Phone: 956.686.1977
Fax: 956.686.0469

December 22, 2003

Mr. Tom Fleming
Fleming & Hernandez, P.C.
1650 Paredes Line Rd., Ste. 102
Brownsville, Texas 78521-1602

*Via Facsimile No. (956) 982-0943*

      RE:    Cause No. 2003-12-5738-A
      Our Client:   John O. Roberts

Dear Mr. Fleming:

     As much as this may disappoint you, Sir, you must know that I am not one to engage in fruitless bickering and unfounded or unprofessional arguments. Therefore, I will not respond as such. I will, however, inform you that I surely do not appreciate any threats made against me. There is no reason for such conduct on your behalf.

     In your letter you invite me to "coordinate a fair, open and bilateral hearing on the issue." I believe, you make this invitation in an effort to put this matter to rest. Well, I certainly wish you had been open to this from the start. As you may recall, I sought that courtesy from you and attempted to extend the same to you from our first contact. Unfortunately, I did not receive the same warmth from you at the time that your letter now conveys.

     With regard to any statements that I might have made to Mr. Huerta, if you must know, the gist of it is that he advised me he was trying to serve Mr. Roberts and asked if it was okay. I responding that he should do what he needs to because, "*at this time, we do not have anything that will stop you from doing so*". Now, whether you interpret that to mean that I will act on something is totally your privilege.

     I sincerely lament your attempts at discouraging me from fully representing my client as the law allows. In doing so, I am not engaging in any ethical violations. As luck may have it, I see various violations, in your letter **alone**, of the Texas Rules of Professional Conduct as well as other substantive law violations.

     However, with all that being said, since I have a duty to my client, I will advise him of your invitation and will communicate to you his response. And in the future, I will kindly ask that you refrain from making threats or discouraging remarks. I believe that all things can be handled without the need for such conduct.

Sincerely,

LAW OFFICE OF RAUL A. GUAJARDO

Raul A. Guajardo
Attorney at Law

RAG/mat

# FLEMING & HERNANDEZ, P.C.

Attorneys at Law
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602

Tom Fleming
Luis R. Hernandez
Jeffrey G. Mathews

(956) 982-4404
FAX (956) 982-0943
EMAIL FLEMOLPC@HILINE.NET

Rolando Olvera, P.C.
Of Counsel

December 23, 2003

**_FACSIMILE (956) 686-0469_**
**_and FIRST CLASS UNITED STATES MAIL_**

Mr. Raul A. Guajardo
LAW OFFICE OF RAUL A. GUAJARDO
909-A Nyssa Avenue
McAllen, Texas 78501

> **Re:** **Cause No. 2003-12-5738-A**
> **In The 107th Judicial District Court**
> **Cameron County, Texas**
>
> **_John Roberts, Plaintiff_**
> **_vs._**
> **_Wells Fargo Bank, Formerly First Valley Bank, Formerly_**
> **_Raymondville State Bank; Tom Fleming, Dan Huerta, and_**
> **_Rolando Olvera, Defendants_**

Dear Mr. Guajardo:

My job does not entail nor require exuding "warmth" to an attorney who fails to research either the law or the facts before filing a verified petition which is wholly fictitious.

The only contact you ever had with me was to request a continuance of a hearing you got set without consulting me. You are lucky I even talked to you.

Very truly yours,

FLEMING & HERNANDEZ, P.C.

by:
Tom Fleming

TF/bgw

## FLEMING & HERNANDEZ, P.C.

Attorneys at Law
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602

Tom Fleming
Luis R. Hernandez
Jeffrey G. Mathews

(956) 982-4404
FAX (956) 982-0943
EMAIL FLEMOLPC@HILINE.NET

Rolando Olvera, P.C.
Of Counsel

December 22, 2003

The Honorable Darrell Hester
JUDGE
FIFTH ADMINISTRATIVE JUDICIAL REGION
Cameron County Courthouse
974 East Harrison Street
Brownsville, Texas 78520

> Re:    Cause No. 2003-12-5738-A
> In The 107th Judicial District Court
> Cameron County, Texas
>
> *John Roberts, Plaintiff*
> *vs.*
> *Wells Fargo Bank, Formerly First Valley Bank, Formerly*
> *Raymondville State Bank; Tom Fleming, Dan Huerta, and*
> *Rolando Olvera, Defendants*

Dear Judge Hester:

On December 1, 2003, the above styled and numbered cause was filed and a temporary restraining order was issued *ex parte*. On December 8, 2003, the enclosed order was entered dissolving the TRO, denying the application for temporary injunction and ordering sanctions against Plaintiff, John Roberts and/or his Counsel, Raul A. Guajardo.

The writ of execution has been reissued and the Sheriff's sale scheduled for January 6, 2004. Deputy Sheriff Dan Huerta has now been advised by Mr. Guajardo as Counsel for Plaintiff that he will again seek a TRO. We are by copy of this letter to Mr. Guajardo demanding that he not seek an *ex parte* meeting with any District Judge in this matter since we have been Counsel for Wells Fargo Bank against Mr. Roberts since 1997.

In the event Mr. Guajardo or any other counsel appears *ex parte* for Plaintiff, John Roberts, we would appreciate the opportunity to be heard on behalf of all defendants.



The Honorable Darrell Hester
JUDGE
FIFTH ADMINISTRATIVE JUDICIAL REGION
December 22, 2003
Page 2 of 2

Thank you for your assistance in this matter.

Very truly yours,

FLEMING & HERNANDEZ, P.C.

by:
Tom Fleming

TF/bgw

Enclosure

cc(w/encl.): Mr. Raul A. Guajardo
ATTORNEY AT LAW
909-A Nyssa Avenue
McAllen, Texas 78501
(CMRRR, #7002 2030 0007 1000 1122)

RECE ... ...

CAUSE NO. 2003-12-5738-A

| | | |
|---|---|---|
| JOHN ROBERTS | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| WELLS FARGO BANK, Formerly | § | 107TH JUDICIAL DISTRICT |
| FIRST VALLEY BANK, Formerly | § | |
| RAYMONDVILLE STATE BANK | § | |
| Tom Fleming, Dan Huerta, and | § | |
| Rolando Olvera, | § | |
|     Defendants | § | CAMERON COUNTY, TEXAS |

## O R D E R
### DISSOLVING TEMPORARY RESTRAINING ORDER
### AND DENYING TEMPORARY INJUNCTION ORIGINAL ANSWER

On the 8th day of December 2003, the Application for Injunctive Relief of John Roberts, Plaintiff, came on for hearing. Plaintiff **John Roberts** appeared in person and through Counsel, and Defendants **Wells Fargo Bank, N.A.; Tom Fleming; Danny Huerta; and Rolando Olvera** appeared through Counsel. All parties announced ready for a hearing on Plaintiff's Application for Injunctive Relief.

After having heard the evidence of Plaintiff and Defendants and the argument of Counsel, the Court finds that the temporary restraining order issued on the 1st day of December 2003 should be dissolved and the Plaintiff's Application for Temporary Injunction should be denied.

The Court further finds that Plaintiff's verified Application for Injunctive Relief is false in that it alleges foreclosure of a deed of trust lien when the foreclosure which

was restrained was based on a Writ of Execution of a judgment dated November 8, 2000 from the 138th Judicial District Court of Willacy County, Texas.

The Court finds that such verified Application for Injunctive Relief institutes a violation of Rule 13, Texas Rules of Civil Procedure and Chapter 10, Civil Practice and Remedies Code. Sanctions in the amount of $5000 ⁰⁰ _____ are hereby ordered against JOHN ROBERTS AND/OR RAUL A. GUAJARDO .

The Court further finds that Plaintiff obtained a temporary restraining order by the filing of a false verified pleading and has caused Defendant Wells Fargo Bank, N.A. damage in the amount of Nine Hundred Seventy-six and 32/100ths ($976.32) Dollars in publication fees for which Plaintiff is liable. The bond of Five Hundred and no/100ths ($500.00) Dollars currently on file with Clerk of this Court is ordered forfeited and is to be paid to Wells Fargo Bank, N.A.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the temporary restraining order issued December 1, 2003 is dissolved and the Application for Injunctive Relief is denied. Defendants are awarded judgment in the amount of $5000 ⁰⁰ _____ against JOHN ROBERTS AND/OR RAUL A GUARDI

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Five Hundred and no/100ths ($500.00) Dollars cash bond filed with the Clerk of this Court be forfeited and paid to Wells Fargo Bank, N.A.

ORDER
DISSOLVING TEMPORARY RESTRAINING ORDER
AND DENYING TEMPORARY INJUNCTION
IV\ing e   ery /227 T   L\Wnrome:C\FLEAlisiC\Roee\ IL John\3003-12 \i7.36-A\C\usreve  TRO-Ord.wpd

Page 2 of 3

SIGNED FOR ENTRY on this ___8th___ day of December, 2003.

_____
JUDGE PRESIDING

DEC - 8 2003

COPIES:
COUNSEL FOR PLAINTIFF:
Raul A. Guajardo
909-A Nyssa Ave.
McAllen, Texas 78501

COUNSEL FOR DEFENDANTS:
Tom Fleming
FLEMING & HERNANDEZ, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602

FILED 9:05 O'CLOCK A M
AURORA DE LA GARZA DIST. CLERK
DEC - 8 2003
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

ORDER
DISSOLVING TEMPORARY RESTRAINING ORDER
AND DENYING TEMPORARY INJUNCTION                        Page 3 of 3

# STONERIDGE
## INJURY & ACCIDENT CLINIC
*"The only choice when you're in pain"*

689 - 5280

lists of Judges:

1. Darell Hester
2. Menton Munroy
   Benjamin Eurrsti
4. Robert Garza
5. Magdala Lopez
6. Leonel Alejandro
7. Abel Limas

*Free Valleywide Transportation*
The Oaks at Center Pointe · P.O. Box 1463 · McAllen, TX 78502
Phone: 956.664.8333    Fax: 956.664.8328

NOTICE OF SHERIFF'S SALE

BY VIRTUE OF AN EXECUTION ISSUED_____SEPTEMBER 07, 2003_____

out of the_____138TH DISTRICT COURT_____of _WILLACY COUNTY,_____

___TEXAS_____, in CAUSE NUMBER _____97-223_____WHEREIN

JOHN ROBERTS

IS PLAINTIFF, and

FIRST VALLEY BANK, FORMALLY, RAYMONDVILLE STATE BANK,
PRESENTLY KNOWN AS WELLS FARGO BANK

is DEFENDANT, I did on _____OCTOBER 27, 2003_____levy upon and

seize all of the rights, titles and interests of said PLAINTIFF

in and to the following described property situated in CAMERON

COUNTY, TEXAS TO WIT:

(SEE THE ATTACHED DESCRIBED PROPERTY)

by which said land is most generally known, and located as

shown on said map, and between the hours of 10:00 o'clock A.M.

and 4:00 o'clock P.M. and more particularly beginning exactly

at 10:00 o'clock A.M. on the first tuesday of the month of

__JANUARY 06, 2004_____at the Judicial Building (Courthouse)

at Brownsville, Cameron County, Texas, I will sell said land

at public outcry to the highest bidder for cash.

CONRADO M. CANTU, SHERIFF
CAMERON COUNTY, TEXAS

BY: _____
DANNY HUERTA, DEPUTY SHERIFF.

Dec 19 03 04:07p    CAMERON COUNTY SHERIFFS    9565440878    p.2

**EXECUTION** (With Bill of Costs)                                    Lit Seq.#5.002.01
                          Cause No. _97-223_

## THE STATE OF TEXAS

To the Sheriff or any Constable of any County of the State of Texas.
**GREETING:**
  **WHEREAS**, at the regular term of the Honorable 138th District Court of Willacy County, Texas October 3rd, 2000, in a certain cause styled:
  John Roberts Plaintiff,    vs    First Valley Bank, Formally, Raymondville State Bank, presently known as Wells Fargo Bank, Defendant,and numbered 97-223, on the Civil Docket of said Court, Plaintiff recovered a judgment against John Roberts for $55,000.00
**NOW, THEREFORE**, you are hereby commanded that of the goods and chattels, lands and tenements of the said John Roberts Defendant you cause to be made the sum of $ 55,000.00 and the further sum of $-0- Dollars, cost of suit together with your legal fees, and commissions for collecting the same, and the officer executing this writ shall execute the same according to the law and the mandates hereof, until judgment is paid.

**HEREIN FAIL NOT**, and have you this writ showing how you have executed the same, together with said monies collected as herein directed, before the above Court at the Courthouse thereof in Raymondville, Texas, showing how you have executed the same within 90 days from the date thereof.
**ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at Raymondville, Texas, this the 08th day of December, 2003.

ATTEST:_____Gilbert Lozano_____ _____ DISTRICT CLERK
            _____138th District _____ ____ Court, Willacy County, Texas
BY: ___ ___ ___ ___ ___ ___ ___ ___ ___ , Deputy

The rules of civil procedure do not an execution to show upon its face the number of previous executions which have been issued on a judgment. This form can, therefore, be used for the original execution or an alias execution.

— — — — — — — — — — — — — — * * * RECAP OF FEES * * * = — — — — — — — — — — — — —

| | | | |
|---|---|---|---|
| State Court Fee | $ ( 40.00 ) | Clerk | $( 45.00 ) |
| Law Library | ( 35.00 ) | Stenographer | ( ___ ) |
| Sheriff | ( ___ ) | Constable | ( ___ ) |
| Jury Fee | ( 10.00 ) | TDHS; C.A.R Fund | ( ___ ) |
| Statement of Facts | ( ___ ) | Publication Fee | ( ___ ) |
| Investigation | ( ___ ) | Attorney's Fee | ( ___ ) |
| Guardian Ad Litem | ( ___ ) | Attorney Ad Litem | ( ___ ) |
| Sheriff Out County | ( ___ ) | Civil Processor | ( ___ ) |
| Service by Other | ( ___ ) | Depositions | ( ___ ) |
| Citations    2 | ( ___ ) | Final Judgment | ( ___ ) |
| Writ/Execution | ( 8.00 ) | | ( ___ ) |

— — — — — — — — — — — — — — — — — — — — — — — — — — — —
  Fee Sheet [01] of [01]                    TOTAL Court Cost ( 138.00 )
— — — — — — — — — — — — — — — — — — — — — — — — — — — —
                                     Credits        ( 50.00 )
                                     Total Balance due   ( 138.00 )
    I certify that the above and foregoing Bill of Costs, amounting to $138.00 is a true bill of the costs adjudged against the defendant in the above numbered and entitled cause, wherein this writ of execution is issued

_____ , District Clerk, 138th District   Court, Willacy County, Texas
    Gilbert Lozano                          By___ ___ ___ ___ Deputy
Attorney:
Fleming and Hernandez, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602

Dec 19 03 04:07p     CAMERON COUNTY SHERIFFS     9565440870     p.3

`>く3`
`ビ`

## SHERIFF'S RETURN

CAME TO HAND The __8__ day of __Dec___ A.D., __20:3__, __10.00__ o'clock __A__ M. And executed a
BROWNSVILLE CAMERON County, Texas on the __8TH___ day of __DEC___ A.D. 2003 at 11:00
o'clock __A__ M., by levying upon and seizing the following described property of the defendant, and
situated in __CAMERON___ County, Texas vis:

And afterwards, on ____ day of __ __ __ A.D. __ __, advertised the same for sale at the Court House
door of __CAMERON__ County, __TEXAS__ __ __ on the __6TH___ day of __JANUARY___ __ ___ A.D
__2004____, being the FIRST TUESDAY of said month (*by an advertisement, in the English language,
published once a week for three consecutive weeks preceding such sale, the first publication appearing not
less than twenty days immediately preceding the day of sale, beginning on the __ __ ____ day of
__ __ __ __ AD ___ In the __VALLEY MORNING STAR___ A newspaper published in the
County of __CAMERON___, stating in said advertisement the authority by virtue of which said sale was to
be made, the time of levying, the time and place of sale, a brief description of the property to be sold, the
number of acres, the original survey, its locally in the County and the name by which the land is generally
known), (by written advertisement posted for __21 DAYS__ __
successive days next before the day of sale at three public places in the County of __CAMERON___
one of which is at the Court House door of said County, and one was at the place of sale)-; and also,
___MAILED __ __ ___one to each of the within named defendants a copy said notice
Delivered of Mailed
of sale, and also mailed a copy of said notice to __ __ __ __ __ __ __ __ __ __
__ PLAINTIFF AND DEFENDANT__ __ __ __ __ __ __ __ __ __ __ __ __ __ ..
defendant's attorney of record in said cause,

And on said __6TH___ day of __JANUARY___, A.D __2004____ between the hours of 10
o'clock a.m. and 4 o'clock p m., at the Court House door of said sold said county __OF CAMERON___
in pursuance to said advertisement, sold said property at public sale to
__ __ __ __ __ __ ___to whom the same was struck off for the sum of
__ __ __ __ __ ____Dollars that being the highest secure bid for the same; and the said
__ __ __ __ __ ____having been paid the sum to bid by __h___ __ __, I executed to
__ __ h __ __ a __ __ ____for said property And after first satisfying the Sheriff's costs
accruing under this writ, amounting to the sum of $___ __ an itemized bill of which appears
below, and the further sum of $ __ __ __ __ __ ___ original Court costs, the remainder, being the sum of
$____ _____ was paid to

whose receipt for the same is herewith presented, and this writ is hereby returned on this the ____ day
of ___ __ __ __ __ __ __ __ A.D. __
        I have actually and necessarily traveled __ __ __ miles in the service of this
writ and in addition to any other mileage I may have traveled in the service of other process in the same
case during the same trip
__CONRADO M. CANTU, SHERIFF__
__ CAMERON COUNTY, TEXAS__ By __Danny Huerta__ Deputy, DANNY HUERTA
        *If no newspaper will publish said advertisement, then so state, strike out the first clause and
leave the clause showing advertisement "posted," etc If published in newspaper, strike out the clause in
regard to posting.
        +If sale was at Court House of said County, strike out this last clause, but if sale is elsewhere,
strike out and make your form read accordingly
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| Sheriff's Fees | File No. Cause 97-223 |
|---|---|
| | = - - - - - - - - - - - - - - - = - - - = - |
| Levy. . . . . . . . $___ __ __ | EXECUTION |
| Advertising . . . . ___ __ __ | - - - = - - = =- - = - - - - - - - - = = = |
| Serving __ Notices | John Roberts, Plaintiff |
|  @ __ each ___ __ | vs |
| Commissions . . . ___ __ __ | First Valley Bank, Formally Raymondville State Bank |
| Making __ Deeds | - - - - - = - = - - - - = = - - - = - = - |
|  @ __ each ___ __ | In District Court |
| Executing Writ of | 138th |
|  Possession ___ __ __ | |
| Return of Writ ___ __ __ | Of Willacy County, Texas |
| Mileage ___ Miles ___ __ __ | = - = - = = - = = - - = = = = - - = = - = |
| Printer's Fees . . . ___ __ __ | Issued |
|  Total. $_____ __ __ | This 08th day of December A.D. 2003 |
| Original Court | Gilbert Lozano, District Clerk |
|  Costs . . . . ___ __ __ | By _____Deputy |
| Total Amount of | = - = - = - = .= = - = - = = = - - = |
|  Costs . . ___ __ __ | Filed |

1.

**TRACT II:**    The West six and 22/100 (W. 6.22) acres of the East Twenty-one and 224/1000 (E. 21.224) acres of Block One (1), in Orange Grove Park Subdivision, La Feria Grant, Cameron County, Texas, according to the map or plat of said subdivision recorded in Volume 4, Page 11, of the Map Records of Cameron County, Texas, and further described as follows:

COMMENCING at a point in the North line of U. S. Highway "83" Business and the South line of the Missouri-Pacific Railway right of way, said point being the Northeast corner of Block 1, ORANGE GROVE PARK SUBDIVISION, as shown on map thereof, recorded in Volume 4, Page 11, of the Map Records, Cameron County, Texas;

THENCE, along the North line of said U. S. Highway "83" with the South line of the Missouri-Pacific right of way, and the North line of said Block 1, South 71° 31' West, a distance of 585.78 feet to the point of beginning of the parcel herein described;

THENCE, parallel with the East line of said Block 1, South 01° 27' East, a distance of 62.75 feet to a point in the South right of way line of said Business "83", and continuing, South 01° 27' East, a distance of 1014.98 feet, for a total distance of 1077.73 feet to a point in the South line of said Block 1, lying on the approximate South bank of a drain ditch;

THENCE, along the South line of said Block 1, South 89° 00' West, a distance of 261.37 feet to a point;

THENCE, parallel with the East line of said Block One (1), North 01° 27' West, a distance of 932.85 feet to a point in the South line of said Business "83" right of way, and continuing, North 01° 27' West, a distance of 62.75 feet for a total distance of 995.60 feet to a point in the North line of said Block 1, being the North line of said Highway "83" right of way, and the South line of the Missouri-Pacific Railroad right of way;

THENCE, along the North line of said Block 1, with the North line of said Highway right of way and the South line of said Missouri-Pacific right of way, North 71° 31' East, a distance of 273.35 feet to the POINT OF BEGINNING.

2.

**TRACT III:**    An 8,750.00 square foot tract of land, being the Easterly 50.0 feet of Lot Numbers Twelve (12), Thirteen (13), Fourteen (14) and the Easterly 50 feet of the Northerly ½ of Lot Number Eleven (11), Block Number Sixteen (16), THIRD ADDITION to the City of San Benito, Cameron County, Texas, according to the map recorded in Volume 2, Page 5, of the Map Records of Cameron County, Texas, more fully described as follows:

Having a point of beginning at the intersection of Texas State Highway Loop 448 and Westerly right of way line of Austin Street and THENCE South 30 degrees 43 minutes West, 175.0 feet, along with the Westerly right of way line of Austin Street to a point;

THENCE, North 59 degrees 17 minutes West, 50.0 feet to a point;

THENCE, North 30 degrees 43 minutes East, 175.0 feet to a point on the Southerly right of way line of said Texas State Highway Loop 448;

THENCE, along with the Southerly right of way line of Texas State Highway Loop 448, South 59 degrees 17 minutes East, 50.0 feet to the POINT OF BEGINNING of the tract herein described.

3.

All of Block One (1), RABB HEIGHTS SUBDIVISION NUMBER ONE (1), and the West 2 feet of the South 321.46 feet of Block Two (2), RABB HEIGHTS SUBDIVISION NUMBER ONE (1), out of the La Feria Grant, Cameron County, Texas, according to the

IN THE DISTRICT COURT
FOR THE STATE OF TEXAS
WILLACY COUNTY, TEXAS

| | | |
|---|---|---|
| JOHN ROBERTS, | § | |
| Plaintiff, | § | CASE NO. 97-223 |
| | § | |
| vs. | § | |
| | § | |
| FIRST VALLEY BANK, Formerly | § | |
| RAYMONDVILLE STATE BANK | § | 138th JUDICIAL DISTRICT COURT |
| and Does 1 through 20, | § | |
| Defendants | § | |

## JUDGMENT

Upon consideration of the two motions for summary judgment filed respectively by Defendants' First Valley Bank and J. Rolando Olvera, Jr., this Court held that summary judgment be granted in favor of Defendants against Plaintiff John Roberts.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that summary judgment is hereby granted in favor of Defendant First Valley Bank (formerly known as Raymondville State Bank and presently known as Wells Fargo Bank); summary judgment is also granted in favor of Defendant J. Rolando Olvera, Jr.; furthermore, Plaintiff John Roberts is hereby ordered to pay $35,000.00 in attorney fees to the Defendants with an additional $10,000.00 to be awarded to the Defendants upon each subsequent appeal which is not successful; Plaintiff John Roberts is to be held individually liable for said amounts. It is further ordered that Plaintiff John Roberts have and recover nothing against the Defendants; the Plaintiff's cause of action is hereby dismissed at the Plaintiff's cost.

*EXHIBIT - B*

FILED
NOV - 9 2000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. **B-04-002** |
| WELLS FARGO BANK, FORMERLY | § | |
| FIRST VALLEY BANK, FORMERLY | § | |
| RAYMONDVILLE STATE BANK, AND | § | |
| TOM FLEMING | § | |

To: Tom Fleming, Attorney for Defendant.

Please take notice that, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial in the above-entitled action.

Dated _2ND_, of _JANUARY_ 2004.

John Ocie Roberts