

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 9 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| **JOHN OCIE ROBERTS** § | |
| § | |
| **VS.** § | |
| § | CIVIL ACTION NO. B-04-002 |
| **WELLS FARGO BANK, FORMERLY** § | |
| **FIRST VALLEY BANK, FORMERLY** § | |
| **RAYMONDVILLE STATE BANK, AND** § | |
| **TOM FLEMING** § | |

## MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants **Wells Fargo Bank and Tom Fleming** file this Motion to Dismiss, and would show:

### Background

1.  Plaintiff **John Ocie Roberts** filed suit against the predecessor bank of Wells Fargo Bank in 1997. From inception this predecessor entity and, ultimately, **Wells Fargo Bank (hereinafter "Wells Fargo")** were represented by various attorneys within the same law firm as Defendant **Tom Fleming (hereinafter "Fleming")**. This lawsuit was finally ended by entry of judgment on November 8, 2000. A copy of such judgment is attached hereto as Exhibit A.

2.  Plaintiff appealed the judgment to the Thirteenth Court of Appeals which resulted in an opinion and judgment for Appellees. Copies of both the opinion and judgment are attached as Exhibits B and C, respectively. The Supreme Court of Texas

denied Plaintiff's petition for review on October 3, 2003 (Exhibit D) and Plaintiff's motion for rehearing on December 5, 2003 (Exhibit E).

3.  A writ of execution was issued but action thereon was restrained by an order issued by the 107th District Court of Cameron County, Texas on December 1, 2003. On December 8, 2003, the restraining order was dissolved; the Plaintiff's application for temporary injunction was denied; the bond was forfeited to Wells Fargo; and Plaintiff and his counsel were sanctioned for Five Thousand and no/100ths ($5,000.00) Dollars. (A copy of such order is attached hereto as Exhibit F).

4.  The United States District Court for the Southern District of Texas lacks jurisdiction over the subject matter of Plaintiff's suit in that the legal issues urged by Plaintiff are *res judicata*. The facts upon which Plaintiff relies in his legal issues are all derived from the lawsuit filed in State Court and in which Plaintiff suffered a take nothing judgment with attorneys' fees assessed against him.

### Rule 12(b)(1)

5.  Under Rule 12(b)(1) (attacks on subject matter jurisdiction) there are two forms for attack: facial and factual. A facial attack requires only that the Court review the Plaintiff's pleadings to see if Plaintiff has alleged a basis of subject matter jurisdiction and the allegations within the complaint are taken as true for the purposes of the motion. Factual attacks challenge the very existence of subject matter jurisdiction and the Court may consider testimony, affidavits and other outside matters. *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1260-61 (11th Cir. 1997).

6. A review of Plaintiff's complaint now before the Court will demonstrate that it is, even if deemed true, based upon matters which Plaintiff admits were judicially determined against him up to and including the Supreme Court of Texas. Such factual bases, even if deemed true, are *res judicata*. The facial attack should, therefore, be granted.

7. Factually, Plaintiff's complaint attempts to re- litigate the same facts as urged in the 1997 suit which he unsuccessfully appealed until finally denied further review by the Supreme Court of Texas. The judgment of the Trial Court, the opinion and judgment of the Thirteenth Court of Appeals, and the actions of the Supreme Court in refusing his application for review and his motion for rehearing may be considered by this Court in determining that Defendants' factual attack should be granted.

### **Rule 12(b)(3)**

8. Plaintiff further attempts to have this Court exercise improper jurisdiction in a matter in which all parties are citizens of the same state and no federal question is set out in Plaintiff's pleadings.

9. A motion brought pursuant to Rule 12(b)(3) may be considered without accepting the pleadings as true and the Court may consider facts outside the pleadings. *Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty*, 294 F.3d 1171, 1174 (9th Cir. 2002). The exhibits attached to this motion may be considered by the Court in determining that no diversity exists; that no federal question is factually present; and there is no other basis for asserting venue in federal court. Each such exhibit is a

public record and may be referred to in deciding a motion to dismiss under Rule 12(b)(6). *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995).

### Rule 12(b)(6)

10.   Plaintiff's complaint fails to state a claim upon which relief can be granted. Specifically, Plaintiff alleges the identical factual bases as rejected by the state courts in the suit which Plaintiff admits he lost. His stated causes of action before this Court appear to be harassment (paragraph 11), Defendant's attempt to execute on a final state court judgment (paragraph 19), and allegations that such execution violates the Fourteenth Amendment to the United States Constitution (paragraph 25). All other stated causes of action were subsumed in the prior lawsuit and are *res judicata*.

11.   Plaintiff's pleadings do not set out any facts in support of his various claims which would entitle him to relief, and his suit should be dismissed under Rule 12(b)(6). Defendants incorporate the attached exhibits by reference and request consideration of each for the purposes of this motion to dismiss under Rule 12(b)(6).

Defendants move dismissal of Plaintiff's complaint pursuant to F.R.C.P. Rule 12(b).

DATED: January 8, 2004.

        Respectfully submitted,

        **FLEMING & HERNANDEZ, P.C.**
        1650 Paredes Line Road, Suite 102
        Brownsville, Texas 78521-1602
        Telephone: (956) 982-4404
        Telecopier: (956) 982-0943

        by: _/s/ Tom Fleming_
        Tom Fleming
        State Bar of Texas No. 07133000
        Federal I.D. No. 1188

        **ATTORNEYS FOR DEFENDANTS,**
        **WELLS FARGO BANK and TOM FLEMING.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)** was served January 8, 2004 in the manner(s) indicated below upon the following:

    **PLAINTIFF, JOHN OCIE ROBERTS:**
    John Ocie Roberts, *pro se*
    P. O. Box 1167
    La Feria, Texas 78559
    *(CERTIFIED U. S. MAIL, R.R.R., #7002 2030 0007 1000 1573)*

        _/s/ Tom Fleming_
        Tom Fleming

IN THE DISTRICT COURT
FOR THE STATE OF TEXAS
WILLACY COUNTY, TEXAS

| | |
|---|---|
| JOHN ROBERTS, § | |
|     Plaintiff, § | CASE NO. 97-223 |
| § | |
| vs. § | |
| § | |
| FIRST VALLEY BANK, Formerly § | |
| RAYMONDVILLE STATE BANK § | 138th JUDICIAL DISTRICT COURT |
| and Does 1 through 20, § | |
|     Defendants § | |

## JUDGMENT

Upon consideration of the two motions for summary judgment filed respectively by Defendants' First Valley Bank and J. Rolando Olvera, Jr., this Court held that summary judgment be granted in favor of Defendants against Plaintiff John Roberts.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that summary judgment is hereby granted in favor of Defendant First Valley Bank (formerly known as Raymondville State Bank and presently known as Wells Fargo Bank); summary judgment is also granted in favor of Defendant J. Rolando Olvera, Jr.; furthermore, Plaintiff John Roberts is hereby ordered to pay $35,000.00 in attorney fees to the Defendants with an additional $10,000.00 to be awarded to the Defendants upon each subsequent appeal which is not successful; Plaintiff John Roberts is to be held individually liable for said amounts. It is further ordered that Plaintiff John Roberts have and recover nothing against the Defendants; the Plaintiff's cause of action is hereby dismissed at the Plaintiff's cost.

FILED NOV - 9 2000

EXHIBIT NO. A

SIGNED FOR ENTRY this _8_ day of _Nov_, 2000.

_____
JUDGE PRESIDING

copies to:

J. Rolando Olvera, Jr.
FLEMING & OLVERA, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521

John Roberts
1726 North Commerce
Harlingen, Texas 78550



# NUMBER 13-01-00207-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| JOHN ROBERTS, | Appellant, |
| v. | |
| FIRST VALLEY BANK, FORMERLY KNOWN AS RAYMONDVILLE STATE BANK AND NOW KNOWN AS WELLS FARGO BANK, AND J. ROLANDO OLVERA | Appellees. |

On appeal from the 138th District Court of Willacy County, Texas.

## MEMORANDUM OPINION

EXHIBIT NO. B

## Before Justices Hinojosa, Rodriguez, and Dorsey[1]
## Opinion by Justice Hinojosa

Appellant, John Roberts, appeals from the trial court's order granting the motions for summary judgment of appellees, First Valley Bank, formerly known as Raymondville State Bank and now known as Wells Fargo Bank ("Bank") and J. Rolando Olvera,[2] the Bank's attorney. Appellant sued appellees for breach of an oral contract and fraud. The Bank and Olvera separately moved for summary judgment, and the trial court granted both motions on unspecified grounds. Appellant presents five issues for our review. We affirm.

As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here.

### A. SUMMARY JUDGMENT

In his first issue, appellant contends the trial court erred in granting appellees' motions for summary judgment because (1) the motions fail to state specific grounds and (2) there exist genuine issues of material fact.

We review the trial court's grant of a traditional motion for summary judgment de novo. *See Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994); *Alejandro v. Bell*, 84 S.W.3d 383, 390 (Tex. App.–Corpus Christi 2002, no pet.). In reviewing a summary judgment, we must determine whether the summary judgment proof establishes as a

---

[1] Retired Justice J. Bonner Dorsey, who concluded his term of office on December 31, 2002, was assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998) to "complete the adjudication of any and all causes assigned to a panel of which [he was] a member" prior to his retirement.

[2] In his petition, appellant named First Valley Bank, formerly known as Raymondville State Bank, as defendant. Although appellee J. Rolando Olvera was never named as a defendant, he was served with citation. In response to the citation, Olvera filed an answer to the petition, made an appearance, and sought affirmative relief from the trial court.

matter of law that there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of action or whether the defendant has established all elements of his affirmative defense. *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001); *Alejandro*, 84 S.W.3d at 390. In deciding whether there is a genuine issue of material fact, evidence favorable to the nonmovant will be taken as true, and all reasonable inferences made, and all doubts resolved, in his favor. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). A defendant moving for summary judgment on an affirmative defense has the burden to conclusively establish that defense. *Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 530 (Tex. 1997). The nonmovant has no burden to respond to a traditional motion for summary judgment, unless the movant conclusively establishes its cause of action or defense. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000).

When, as in this case, a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, the appellate court will affirm a summary judgment if any of the theories advanced in the motion are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *Boren v. Bullen*, 972 S.W.2d 863, 865 (Tex. App.–Corpus Christi 1998, no pet.).

### 1. *Breach of Oral Contract*

In his petition, appellant asserted that appellees had breached an oral agreement (1) by failing or refusing to perform in good faith their promise to loan him the sum of $100,523.75, and (2) by buying and selling the property through foreclosure. On appeal, appellant contends that since the Bank is unable to produce the original note, an issue of

fact exists regarding whether he signed the original note.

Appellees each moved for summary judgment based on the statute of frauds. The statute of frauds precludes enforcement of an oral loan agreement where the amount involved exceeds $50,000.00. TEX. BUS. & COM. CODE ANN. § 26.02(b) (Vernon 2002); *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 137-38 (Tex. App.–Corpus Christi 2001, no pet.). Further, a duly executed loan agreement of an amount exceeding $50,000.00 "may not be varied by any oral agreements or discussions that occur before or contemporaneously with the execution of the agreement." TEX. BUS. & COM. CODE ANN. § 26.02(d) (Vernon 2002). In light of these statutes and the "Disclaimer of Oral Agreements" executed by the parties, we conclude appellees have established as a matter of law that appellant's claim for breach of an oral contract is barred by the statute of frauds.

Appellant's contention that the Bank's inability to produce the original note raises an issue of fact regarding the existence of the loan ignores the rule in Texas that where renewal notes or extensions are involved, the holder may sue either on the renewal note or on the original note. *Thompson v. Chrysler First Bus. Credit Corp.*, 840 S.W.2d 25, 29 (Tex. App.–Dallas 1992, no writ); *Villarreal v. Laredo Nat'l Bank*, 677 S.W.2d 600, 607 (Tex. App.–San Antonio 1984, writ ref'd n.r.e.). Here, the Bank is seeking to enforce the second renewal and extension of lien note, which is in the Bank's possession. This renewal instrument was duly executed by appellant, acknowledged, and recorded. Accordingly, we conclude there exists no issue of material fact.

Thus, the trial court did not err in granting appellees' motions for summary judgment as to appellant's claim for breach of an oral contract.

### 2. *Fraud*

4

Appellant also alleges that appellees made a misrepresentation when they told him they would give him a loan after he executed the note and deed of trust. Appellant asserts that appellees had no intention of making the loan.

Fraud in a transaction involving real estate is statutorily defined as a false representation of a material fact, made to a person for the purpose of inducing that person to enter into a contract, and relied on by that person in entering into the contract. TEX. BUS. & COM. CODE ANN. § 27.01(a)(1)(A)-(B) (Vernon 2002).

Appellees each moved for summary judgment based on the statute of frauds. When fraud claims arise out of an alleged oral contract which is unenforceable under the statute of frauds, the statute of frauds bars the fraud claims as well as the contract claims. *Weakly v. East*, 900 S.W.2d 755, 758 (Tex. App.–Corpus Christi 1995, writ denied); *see Haase v. Glazner*, 62 S.W.3d 795, 799 (Tex. 2001).

Additionally, appellees asserted that appellant's fraud claim had no basis in law or fact. Specifically, appellees contended that appellant failed to present any meritorious misrepresentation made by appellees and failed to present any facts constituting reliance upon any alleged misrepresentation. As evidence thereof, appellees presented excerpts from appellant's deposition wherein appellant stated that "there was no verbal, per se, misrepresentation. It's the whole project of not revealing and advertising they're loaning money."

Because the statute of frauds precludes any alleged fraud claims arising from an unenforceable oral contract and appellant has failed to present any meritorious misrepresentations, we conclude there exists no issue of material fact. Therefore, the trial court did not err in granting appellees' motions for summary judgment as to appellant's

5

fraud claim.

Appellant's first issue is overruled.

## B. ACCOUNTING

In his fourth issue, appellant contends the trial court erred in granting appellees' motions for summary judgment because the Bank had a duty to provide him with an accounting of any and all transactions.

Although appellant did not ask for an accounting in his petition, his responses to appellees' motions for summary judgment assert that he was never provided an accounting of the loan and payment history. Accordingly, we conclude that appellant's claim for an accounting was before the trial court at the time it granted summary judgment in favor of appellees. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993) (issues avoiding summary judgment must be expressly presented to trial court by written answer or motion); *see also In re B.I.V.*, 870 S.W.2d 12, 13 (Tex. 1994) (summary judgment should not be based on pleading deficiency that could be cured by amendment).

Appellees' summary judgment evidence included the affidavit of Logan Manatt,[3] verifying Exhibits 13, 14, and 14A. These three exhibits, first produced at appellant's deposition, included the computerized loan and payment history of the subject real estate lien note, together with Manatt's explanations and summary of the data. After reviewing this evidence, we conclude that the Bank provided appellant with an accounting of the relevant transactions. Appellant's fourth issue is overruled.

In light of our disposition of appellant's first and fourth issues, it is unnecessary to

---

[3] Logan Manatt was the officer in charge of the Bank's special assets during the relevant time period.

6

address his remaining issues.  See TEX. R. APP. P. 47.1.

We affirm the trial court's order granting appellees' motions for summary judgment.


FEDERICO G. HINOJOSA
Justice

Opinion delivered and filed this the
5th day of June, 2003.

COURT OF APPEALS

Thirteenth District

Corpus Christi, Texas

Below is the JUDGMENT in the numbered cause set out herein to be Filed and Entered in the Minutes of the Court of Appeals, Thirteenth District of Texas, at Corpus Christi, as of the <u>5th day of June, 2003</u>. If this Judgment does not conform to the opinion handed down by the Court in this cause, any party may file a Motion for Correction of Judgment with the Clerk of this Court.

CAUSE NO. 13-01-00207-CV                                    (Tr.Ct.No. 97-223)

JOHN ROBERTS,                                                                    Appellant,

v.

FIRST VALLEY BANK, FORMERLY KNOWN AS, RAYMONDVILLE
STATE BANK, AND NOW KNOWN AS WELLS FARGO BANK,
AND J. ROLANDO OLVERA,                                                  Appellees.

On appeal to this Court from Willacy County, Texas.

* * * * * * *

# JUDGMENT

On appeal from the 138th District Court of Willacy County, Texas, from an order signed January 19, 2001. Memorandum Opinion by Justice Federico G. Hinojosa.

THIS CAUSE was submitted to the Court on September 18, 2002, on oral argument, the record, and briefs. These having been examined and fully considered, it is the opinion of the Court that there was no error in the order of the court below, and said order is hereby AFFIRMED.

Costs of the appeal are adjudged against appellant, JOHN ROBERTS. It is further ordered that this decision be certified below for observance.

* * * * * *

CATHY WILBORN, CLERK

EXHIBIT NO. C



**THE SUPREME COURT OF TEXAS**
Post Office Box 12248
Austin, Texas 78711

(512) 463-1312

October 03, 2003

Mr. John Ocie Roberts
P.O. Box 1167
La Feria, TX 78559

Mr. Tom Fleming
Fleming & Hernandez, P.C.
1650 Paredes Line Rd., Suite 102
Brownsville, TX 78521-1602

RE: Case Number: 03-0756
Court of Appeals Number: 13-01-00207-CV
Trial Court Number: 97-223

Style: JOHN OCIE ROBERTS
v.
FIRST VALLEY BANK, FORMALLY RAYMONDVILLE STATE BANK AND J. ROLANDO OLVERA

Dear Counsel:

Today, the Supreme Court of Texas denied the petition for review in the above styled case.

Sincerely,

*Andrew Weber*

Andrew Weber, Clerk

by Nancy Vega, Chief Deputy Clerk

cc: Mr. S.V. "Chago" Fonseca
Ms. Cathy Wilborn Clerk



EXHIBIT NO. D



# SUPREME COURT OF TEXAS
Post Office Box 12248
Austin, Texas 78711

(512) 463-1312

December 05, 2003

Mr. John Ocie Roberts
P.O. Box 1167
La Feria, TX 78559

Mr. Tom Fleming
Fleming & Hernandez, P.C.
1650 Paredes Line Rd., Suite 102
Brownsville, TX 78521-1602

RE: Case Number: 03-0756
Court of Appeals Number: 13-01-00207-CV
Trial Court Number: 97-223

Style: JOHN OCIE ROBERTS
v.
FIRST VALLEY BANK, FORMALLY RAYMONDVILLE STATE BANK AND J. ROLANDO OLVERA

Dear Counsel:

Today, the Supreme Court of Texas denied the motion for rehearing of the above styled petition for review.

Sincerely,

Andrew Weber

Andrew Weber, Clerk

by Nancy J. Vega, Chief Deputy Clerk

cc: Mr. S.V. "Chago" Fonseca
Ms. Cathy Wilborn



EXHIBIT NO. E

CAUSE NO. 2003-12-5738-A

| | | |
|---|---|---|
| JOHN ROBERTS | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| WELLS FARGO BANK, Formerly | § | 107TH JUDICIAL DISTRICT |
| FIRST VALLEY BANK, Formerly | § | |
| RAYMONDVILLE STATE BANK | § | |
| Tom Fleming, Dan Huerta, and | § | |
| Rolando Olvera, | § | |
|     Defendants | § | CAMERON COUNTY, TEXAS |

## O R D E R
### DISSOLVING TEMPORARY RESTRAINING ORDER
### AND DENYING TEMPORARY INJUNCTION ORIGINAL ANSWER

On the 8th day of December 2003, the Application for Injunctive Relief of **John Roberts**, Plaintiff, came on for hearing. Plaintiff **John Roberts** appeared in person and through Counsel, and Defendants **Wells Fargo Bank, N.A.; Tom Fleming; Danny Huerta; and Rolando Olvera** appeared through Counsel. All parties announced ready for a hearing on Plaintiff's Application for Injunctive Relief.

After having heard the evidence of Plaintiff and Defendants and the argument of Counsel, the Court finds that the temporary restraining order issued on the 1st day of December 2003 should be dissolved and the Plaintiff's Application for Temporary Injunction should be denied.

The Court further finds that Plaintiff's verified Application for Injunctive Relief is false in that it alleges foreclosure of a deed of trust lien when the foreclosure which



EXHIBIT NO. F

SIGNED FOR ENTRY on this \_\_8th\_\_ day of December, 2003.

_____
JUDGE PRESIDING

DEC - 8 2003

**COPIES:**
**COUNSEL FOR PLAINTIFF:**
Raul A. Guajardo
909-A Nyssa Ave.
McAllen, Texas 78501

**COUNSEL FOR DEFENDANTS:**
Tom Fleming
FLEMING & HERNANDEZ, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602

FILED 9:05 O'CLOCK A M
AURORA DE LA GARZA DIST. CLERK
DEC - 8 2003
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

ORDER
DISSOLVING TEMPORARY RESTRAINING ORDER
AND DENYING TEMPORARY INJUNCTION
TF/bgw  #972277  L:\WARNKE\FLEMING\Roberts,John\2003-12-5738-A\Dissolve TRO-Ord.wpd

Page 3 of 3