IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 1 7 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| **JOHN OCIE ROBERTS** § | |
| § | |
| § | CAUSE NO. B-04-002 |
| V. § | |
| § | |
| **WELLS FARGO BANK, FORMERLY** § | |
| **FIRST VALLEY BANK, FORMERLY** § | |
| **RAYMONDVILLE STATE BANK, AND** § | |
| **TOM FLEMING** § | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)

TO THE HONORABLE JUDGE OF SAID COURT:

John Ocie Roberts, Plaintiff, files this his Plaintiff's Reponse to Defendant's Motion to Dismiss Pursuant to F.R.C.P. 12 (b) and would show the following (Exhibits are attached in that Plaintiff did not received exhibits allegedly attached by Defendants.)

I.

Background

1. Plaintiff denies Defendant's Paragraph 1.

There was never a trial and the trial court did not determine any of the factual issues by the summary judgment order it issued nor did the order address Plaintiff's both causes of action (Exhibit A is a true and correct copy of the judgment and is incorporated by reference as if fully copied herein.) "The trial court only ruled on one (1) cause of action but the Court failed to state which one.

2.	Plaintiff denies Defendant's paragraph #2.

One can see from the opinion judgment of the appeals court, that the appeals court did not even know the facts (page 2 of the memorandum opinion) and the Court of appeals carefully crafted the opinion to have the semblance that the court of appeals granted the Defendants some thing. However, all it did was to affirm the trial court without resolving any issue.

However, that court merely affirmed the trial court's ruling on the printing of summary judgments. (page 7 of the opinion.) (Exhibit B is a true and correct copy of the opinion and is incorporated by reference as if fully copied herein.) Therefore, the court of appeals affirmed the one cause of action granted in the summary judgment order however, it did not state which cause of action. The Supreme Court of Texas also covered the same error. This issue is discussed in a point of error on appeal.

3.	Plaintiff denies Defendants' allegation on paragraph #3 in that the actual set of events is quite different that presented in this Paragraph by opposing counsel.

There was a hearing on the 8th of December 2003, Case #2003-12-5738-A the 107th District Court) however, a timely motion for continuance was filed (Exhibit C copy of the continuance motion is a true and correct copy of the motion as if incorporated by reference as if fully copied herein.) Neither the Plaintiff nor his attorney were able to attend the hearing yet the order states that they were both present.

Also, a visiting judge, Senior Judge Robert Barnes, intervened in this other case without an appointment and dissolved the temporary restraining order that Judge of the 139th had signed (Exhibit D is a true and correct order dissolving the temporary

restraining order and is incorporated by reference as if fully copied herein.) Hence, the sheriff sold the property to Defendant on a sheriff's sale.

4.  Plaintiff denies Defendants' Paragraph #4.

There is no valid judgment therefore, there can not be res judicata. Defendant has such political control that he can actually ask one judge to look away (the Judge of the 138th) and then ask another person who is not the judge to come in and sign orders dissolving the actual judge's orders. There was no assignment of Robert Barnes in Case #2004-01-0003-B.

There is no way Plaintiff is to get justice nor his day in court as guaranteed by the Constitution of the United States, its amendments and 42 U.S.C. 1981 et seq.

## Rule 12 (b) (3)

8.  Plaintiff denies Defendants' Paragraph #8.

Plaintiff's federal questions is that his rights guaranteed by the Constitution of the United States, its amendments, and these rights specifically those under 42.U.S.C. 1981 et seq. have been and are being violated. Anyone who can persuade a trial court judge to ignore the genuine facts stated in the controverting affidavits and grant a summary judgment, is violating Plaintiff's constitutional rights. Anyone who can persuade the appeals court judge to ignore the facts and not even stop long enough to understand the facts, is violating anyone who can get a non-elected judge to come in and tell the state elected judges to step aside and he will take over just so that Plaintiff's property may be given to Defendant is violating Plaintiff's rights.

Anyone who can get the sheriff to ignore the laws of the State of Texas which state that the homestead must be first designated before execution may proceed, is violating Plaintiff's rights by not equally protecting Plaintiff.

9. Plaintiff denies Defendant's Paragraph #9.

The crux of the problem is the case at bar is not what authorization Defendants have received, but in which manner did Defendants received such authorization.

## Rule 12 (b) (6)

10. Plaintiff denies Defendants' Paragraph #10.

This Court is requested to take notice that Defendants did not cite any cases in this point. The reason is simple, this is the same logic that the South was using prior to the Civil Rights Act, 42 U.S.C. 1981 et seq.

The South would have State courts however, those courts were not protecting the people of those states, i.e. unequal protection, denied of due process, taking property without due process and just compensation.

11. Plaintiff denies Defendants' Paragraph #11.

Plaintiff pleading to set out sufficient facts to show the lack of the state courts to give Plaintiff those rights guaranteed by federal law. The same law allows this Plaintiff to bring this suit to this Court in order to seek redress.

Plaintiff prays that this Court does not dismiss Plaintiff's case.

Dated _13TH_ day of _FEBRUARY_, 2004.

Respectfully submitted,

/s/ John Ocie Roberts
John Ocie Roberts, Pro Se
P.O. Box 1167
La Feria, Texas 78559

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Response to Defendants' Motion to Dismiss Pursuant to F.R.C.P. 12(b) had been hand delivered on this the _13TH_ day of _February_ 2004 to Hon. Tom Fleming, 1650 Paredes Line Road, Suite 102, Brownsville, Texas 78521-1602.

/s/ John Ocie Roberts
John Ocie Roberts

IN THE DISTRICT COURT
FOR THE STATE OF TEXAS
WILLACY COUNTY, TEXAS

| | | |
|---|---|---|
| JOHN ROBERTS, | § | |
| Plaintiff, | § | CASE NO. 97-223 |
| | § | |
| vs. | § | |
| | § | |
| FIRST VALLEY BANK, Formerly | § | |
| RAYMONDVILLE STATE BANK | § | 138th JUDICIAL DISTRICT COURT |
| and Does 1 through 20, | § | |
| Defendants | § | |

## JUDGMENT

Upon consideration of the two motions for summary judgment filed respectively by Defendants' First Valley Bank and J. Rolando Olvera, Jr., this Court held that summary judgment be granted in favor of Defendants against Plaintiff John Roberts.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that summary judgment is hereby granted in favor of Defendant First Valley Bank (formerly known as Raymondville State Bank and presently known as Wells Fargo Bank); summary judgment is also granted in favor of Defendant J. Rolando Olvera, Jr.; furthermore, Plaintiff John Roberts is hereby ordered to pay $35,000.00 in attorney fees to the Defendants with an additional $10,000.00 to be awarded to the Defendants upon each subsequent appeal which is not successful; Plaintiff John Roberts is to be held individually liable for said amounts. It is further ordered that Plaintiff John Roberts have and recover nothing against the Defendants; the Plaintiff's cause of action is hereby dismissed at the Plaintiff's cost.

FILED
NOV - 9 2000

Rec. Vol. 18 pg 908-909

SIGNED FOR ENTRY this _X_ day of _May_, 2000.

_____
JUDGE PRESIDING

copies to:

J. Rolando Olvera, Jr.
FLEMING & OLVERA, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521

John Roberts
1726 North Commerce
Harlingen, Texas 78550

COURT OF APPEALS

Thirteenth District

Corpus Christi, Texas

Below is the JUDGMENT in the numbered cause set out herein to be Filed and Entered in the Minutes of the Court of Appeals, Thirteenth District of Texas, at Corpus Christi, as of the <u>5th day of June, 2003</u>. If this Judgment does not conform to the opinion handed down by the Court in this cause, any party may file a Motion for Correction of Judgment with the Clerk of this Court.

CAUSE NO. 13-01-00207-CV                                   (Tr.Ct.No. 97-223)

JOHN ROBERTS,                                                           Appellant,

v.

FIRST VALLEY BANK, FORMERLY KNOWN AS, RAYMONDVILLE
STATE BANK, AND NOW KNOWN AS WELLS FARGO BANK,
AND J. ROLANDO OLVERA,                                          Appellees.

On appeal to this Court from Willacy County, Texas.

* * * * * * *

## JUDGMENT

On appeal from the 138th District Court of Willacy County, Texas, from an order signed January 19, 2001. Memorandum Opinion by Justice Federico G. Hinojosa.

THIS CAUSE was submitted to the Court on September 18, 2002, on oral argument, the record, and briefs. These having been examined and fully considered, it is the opinion of the Court that there was no error in the order of the court below, and said order is hereby AFFIRMED.

Costs of the appeal are adjudged against appellant, JOHN ROBERTS. It is further ordered that this decision be certified below for observance.

* * * * * *

CATHY WILBORN, CLERK



EXHIBIT NO. B



# NUMBER 13-01-00207-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| JOHN ROBERTS, | Appellant, |
| v. | |
| FIRST VALLEY BANK, FORMERLY KNOWN AS RAYMONDVILLE STATE BANK AND NOW KNOWN AS WELLS FARGO BANK, AND J. ROLANDO OLVERA | Appellees. |

On appeal from the 138th District Court of Willacy County, Texas.

## MEMORANDUM OPINION



EXHIBIT NO. C

# Before Justices Hinojosa, Rodriguez, and Dorsey[1]
## Opinion by Justice Hinojosa

Appellant, John Roberts, appeals from the trial court's order granting the motions for summary judgment of appellees, First Valley Bank, formerly known as Raymondville State Bank and now known as Wells Fargo Bank ("Bank") and J. Rolando Olvera,[2] the Bank's attorney. Appellant sued appellees for breach of an oral contract and fraud. The Bank and Olvera separately moved for summary judgment, and the trial court granted both motions on unspecified grounds. Appellant presents five issues for our review. We affirm.

As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here.

### A. SUMMARY JUDGMENT

In his first issue, appellant contends the trial court erred in granting appellees' motions for summary judgment because (1) the motions fail to state specific grounds and (2) there exist genuine issues of material fact.

We review the trial court's grant of a traditional motion for summary judgment de novo. *See Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994); *Alejandro v. Bell*, 84 S.W.3d 383, 390 (Tex. App.–Corpus Christi 2002, no pet.). In reviewing a summary judgment, we must determine whether the summary judgment proof establishes as a

---

[1] Retired Justice J. Bonner Dorsey, who concluded his term of office on December 31, 2002, was assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998) to "complete the adjudication of any and all causes assigned to a panel of which [he was] a member" prior to his retirement.

[2] In his petition, appellant named First Valley Bank, formerly known as Raymondville State Bank, as defendant. Although appellee J. Rolando Olvera was never named as a defendant, he was served with citation. In response to the citation, Olvera filed an answer to the petition, made an appearance, and sought affirmative relief from the trial court.

matter of law that there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of action or whether the defendant has established all elements of his affirmative defense. *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001); *Alejandro*, 84 S.W.3d at 390. In deciding whether there is a genuine issue of material fact, evidence favorable to the nonmovant will be taken as true, and all reasonable inferences made, and all doubts resolved, in his favor. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). A defendant moving for summary judgment on an affirmative defense has the burden to conclusively establish that defense. *Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 530 (Tex. 1997). The nonmovant has no burden to respond to a traditional motion for summary judgment, unless the movant conclusively establishes its cause of action or defense. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000).

When, as in this case, a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, the appellate court will affirm a summary judgment if any of the theories advanced in the motion are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *Boren v. Bullen*, 972 S.W.2d 863, 865 (Tex. App.–Corpus Christi 1998, no pet.).

### 1. Breach of Oral Contract

In his petition, appellant asserted that appellees had breached an oral agreement (1) by failing or refusing to perform in good faith their promise to loan him the sum of $100,523.75, and (2) by buying and selling the property through foreclosure. On appeal, appellant contends that since the Bank is unable to produce the original note, an issue of

fact exists regarding whether he signed the original note.

Appellees each moved for summary judgment based on the statute of frauds. The statute of frauds precludes enforcement of an oral loan agreement where the amount involved exceeds $50,000.00. TEX. BUS. & COM. CODE ANN. § 26.02(b) (Vernon 2002); *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 137-38 (Tex. App.–Corpus Christi 2001, no pet.). Further, a duly executed loan agreement of an amount exceeding $50,000.00 "may not be varied by any oral agreements or discussions that occur before or contemporaneously with the execution of the agreement." TEX. BUS. & COM. CODE ANN. § 26.02(d) (Vernon 2002). In light of these statutes and the "Disclaimer of Oral Agreements" executed by the parties, we conclude appellees have established as a matter of law that appellant's claim for breach of an oral contract is barred by the statute of frauds.

Appellant's contention that the Bank's inability to produce the original note raises an issue of fact regarding the existence of the loan ignores the rule in Texas that where renewal notes or extensions are involved, the holder may sue either on the renewal note or on the original note. *Thompson v. Chrysler First Bus. Credit Corp.*, 840 S.W.2d 25, 29 (Tex. App.–Dallas 1992, no writ); *Villarreal v. Laredo Nat'l Bank*, 677 S.W.2d 600, 607 (Tex. App.–San Antonio 1984, writ ref'd n.r.e.). Here, the Bank is seeking to enforce the second renewal and extension of lien note, which is in the Bank's possession. This renewal instrument was duly executed by appellant, acknowledged, and recorded. Accordingly, we conclude there exists no issue of material fact.

Thus, the trial court did not err in granting appellees' motions for summary judgment as to appellant's claim for breach of an oral contract.

## 2. *Fraud*

4

Appellant also alleges that appellees made a misrepresentation when they told him they would give him a loan after he executed the note and deed of trust. Appellant asserts that appellees had no intention of making the loan.

Fraud in a transaction involving real estate is statutorily defined as a false representation of a material fact, made to a person for the purpose of inducing that person to enter into a contract, and relied on by that person in entering into the contract. TEX. BUS. & COM. CODE ANN. § 27.01(a)(1)(A)-(B) (Vernon 2002).

Appellees each moved for summary judgment based on the statute of frauds. When fraud claims arise out of an alleged oral contract which is unenforceable under the statute of frauds, the statute of frauds bars the fraud claims as well as the contract claims. *Weakly v. East*, 900 S.W.2d 755, 758 (Tex. App.–Corpus Christi 1995, writ denied); *see Haase v. Glazner*, 62 S.W.3d 795, 799 (Tex. 2001).

Additionally, appellees asserted that appellant's fraud claim had no basis in law or fact. Specifically, appellees contended that appellant failed to present any meritorious misrepresentation made by appellees and failed to present any facts constituting reliance upon any alleged misrepresentation. As evidence thereof, appellees presented excerpts from appellant's deposition wherein appellant stated that "there was no verbal, per se, misrepresentation. It's the whole project of not revealing and advertising they're loaning money."

Because the statute of frauds precludes any alleged fraud claims arising from an unenforceable oral contract and appellant has failed to present any meritorious misrepresentations, we conclude there exists no issue of material fact. Therefore, the trial court did not err in granting appellees' motions for summary judgment as to appellant's

5

fraud claim.

Appellant's first issue is overruled.

## B. ACCOUNTING

In his fourth issue, appellant contends the trial court erred in granting appellees' motions for summary judgment because the Bank had a duty to provide him with an accounting of any and all transactions.

Although appellant did not ask for an accounting in his petition, his responses to appellees' motions for summary judgment assert that he was never provided an accounting of the loan and payment history. Accordingly, we conclude that appellant's claim for an accounting was before the trial court at the time it granted summary judgment in favor of appellees. See McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993) (issues avoiding summary judgment must be expressly presented to trial court by written answer or motion); see also In re B.I.V., 870 S.W.2d 12, 13 (Tex. 1994) (summary judgment should not be based on pleading deficiency that could be cured by amendment).

Appellees' summary judgment evidence included the affidavit of Logan Manatt,[3] verifying Exhibits 13, 14, and 14A. These three exhibits, first produced at appellant's deposition, included the computerized loan and payment history of the subject real estate lien note, together with Manatt's explanations and summary of the data. After reviewing this evidence, we conclude that the Bank provided appellant with an accounting of the relevant transactions. Appellant's fourth issue is overruled.

In light of our disposition of appellant's first and fourth issues, it is unnecessary to

---

[3] Logan Manatt was the officer in charge of the Bank's special assets during the relevant time period.

6

address his remaining issues. See TEX. R. APP. P. 47.1.

We affirm the trial court's order granting appellees' motions for summary judgment.

FEDERICO G. HINOJOSA
Justice

Opinion delivered and filed this the
5th day of June, 2003.

```
Doc                Bk           Vol          Pg
00045272           OR           8277         266
```

FILED AND RECORDED
OFFICIAL PUBLIC RECORDS
On: Aug 27,2002 at 04:25P

Document Number:        00045272

By
Liliana Pizana
Joe G Rivera, County Clerk
Cameron County

CAUSE NO. 2004-01-0003-B

| | | |
|---|---|---|
| JOHN ROBERTS<br>    Plaintiff | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| WELLS FARGO BANK, Formerly<br>FIRST VALLEY BANK, Formerly<br>RAYMONDVILLE STATE BANK<br>Tom Fleming, Dan Huerta, and<br>Rolando Olvera | §<br>§<br>§<br>§ | 138TH JUDICIAL DISTRICT |
|     Defendants | § | CAMERON COUNTY, TEXAS |

### ORDER DISSOLVING RESTRAINING ORDER

On this 5th day of January 2004, the motion to dissolve a restraining order was presented by Defendants **Wells Fargo Bank** and **Tom Fleming** and considered by the Court.

The Court finds that the restraining order was previously dissolved in the identical suit now pending before the 107th District Court and is, therefore, *res judicata*.

IT IS, THEREFORE, ORDERED that the temporary restraining order issued by this Court on January 5, 2004 is dissolved.

SIGNED FOR ENTRY on this _____ day of January 2004.

_____
JUDGE PRESIDING

COPIES:    JAN 1 3 2004
John Ocie Roberts, P. O. Box 1167, La Feria, Texas 78589
Tom Fleming, FLEMING & HERNANDEZ, P.C., 1650 Paredes Line Road, Suite 102, Brownsville, Texas
    78521-1602

ORDER DISSOLVING RESTRAINING ORDER
TF/bgw #972277 L:\WARNKE\FLEMING\Roberts.John\2004-01-0003-B\Dissolve-Ord.wpd

FILED _____ O'CLOCK ___M
AURORA DE LA GARZA, CLERK
Page 1 of 1
JAN 1 3 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS