United States District Court
Southern District of Texas
FILED

APR 1 6 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, Plaintiff | § § | |
| V. | § § | CIVIL ACTION NO. B-04-002 |
| WELLS FARGO BANK, Formerly FIRST VALLEY BANK, Formerly RAYMONDVILLE STATE BANK and TOM FLEMING, Defendants | § § § § § | |

<u>DEFENDANT DAN HUERTA'S 12(b)(6) MOTION TO
DISMISS PLAINTIFF'S ORIGINAL COMPLAINT AND ALTERNATIVE MOTION
TO COMPEL A RULE 7(a) REPLY AS TO SAID MOTION.</u>

CAMERON COUNTY
COMMISSIONERS' COURT
CIVIL LEGAL DIVISION
964 East Harrison Street, Ste. 420
Brownsville TX 78520
Telephone: 956.550.1345
Facsimile: 956.550.1348

---

John A. Olson
Attorney of Record
Texas State Bar #15274750
Federal I.D. # 4034
And
Dylbia Jefferies-Vega
Texas State Bar #00786516
Federal I.D. # 17065
Of Counsel
Attorneys for
Defendant Dan Huerta

---

## TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ................................................................................................. i-ii

SALUTATION ........................................................................................................................1

STATEMENT OF THE CASE. ................................................................................................1

PLAINTIFF'S ALLEGATIONS ............................................................................................ 1-2

MOTION TO DISMISS UNDER RULE 12(b)(6), *supra*. ................................................... 2-7
    A.  Standard for Dismissal under the Rule. ................................................................ 2-3
    B.  Plaintiff failed to plead specific facts showing that this Court has Jurisdiction over Defendant. ............................................................................................................. 3-4
    C.  Plaintiff failed to plead specific facts establishing his Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendment claims against Defendant. ..................................................... 4
    D.  Plaintiff failed to plead specific facts establishing a violation of 42 U.S.C. §1981 by Defendant. ............................................................................................................. 4-6
    E.  Plaintiff failed to plead Specific Facts overcoming Defendant's Right to Qualified Immunity under State and federal law, or both ..................................................... 6-7

DEFENDANT'S ALTERNATIVE MOTION TO COMPEL A RULE 7(a) REPLY .............. 7

PRAYER ............................................................................................................................. 7-8

CERTIFICATE OF SERVICE ................................................................................................. 8

## TABLE OF AUTHORITIES

CASES

Camacho v. Samaniego, 954 S.W.2d 811 (Tex.App.-El Paso 1997, writ denied) ........... 7

Clark v. Amoco Prod. Co., 794 F.2d 967 (5th Cir., Tex., 1986) .................................... 3

Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957) ........................... 2-3

Farmer v. Lowe's Companies, Inc., *et al.*,
188 F.Supp.2d 612 (W.D., N. Carolina, 2001) .................................................. 4 , 5

Gladden v. Roach, 864 F.2d 1196 (5th Cir., Tex., 1989) ............................................. 7

Mahone v. Addicks Utility Dist. of Harris County, 836 F.2d 921 (5th Cir., Tex., 1988) ........ 3

O'Conner v. Donaldson, 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975) ................ 7

| CASES (Cont'd) | PAGE |
|---|---|
| Roark v. West, *et al.*, 251 F.2d 956 (5th Cir., Tex. 1958), *cert.* denied, 357 U.S. 940, 78 S.Ct. 1390, 2 L.Ed.2d 1553 (1958) | 5-6 |
| Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974) | 3 |

**CODES**

| | |
|---|---|
| 28 U.S.C. §1331 | 3 |
| 28 U.S.C. §1343 | 3, 4 |
| 42 U.S.C. §1981 | 1, 5, 6, 7 |

**STATUTES**

| | |
|---|---|
| U.S.Const., Amend. IV. | 1, 4 |
| U.S.Const., Amend. V. | 1, 4 |
| U.S.Const., Amend. VI. | 1, 4, 6 |
| U.S.Const., Amend. IX. | 1, 4, 6 |
| U.S.Const., Amend. XIV. | 1, 4, 6 |

**RULES**

| | |
|---|---|
| Fed. R.Civ. Proc. 7(a) | 1, 7 |
| Fed. R. Civ. Proc. 12(b)(6) | 1, 2, 3, 5, 7 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, Plaintiff | § § | |
| V. | § § | CASE NO. B-04-002 |
| | § | (JURY REQUESTED) |
| WELLS FARGO BANK, Formerly | § | |
| FIRST VALLEY BANK, Formerly | § | |
| RAYMONDVILLE STATE BANK and | § | |
| TOM FLEMING, Defendants | § | |

### DEFENDANT DAN HUERTA'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT AND ALTERNATIVE MOTION TO COMPEL A RULE 7(a) REPLY AS TO SAID MOTION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Comes now Defendant DAN HUERTA and files his Rule 12(b)(6) Motion to Dismiss Plaintiff's original Complaint, Fed. R. Civ. Proc. 12(b)(6), and his alternative Motion to Compel a Rule 7(a) Reply as to his Rule 12(b)(6) Motion to dismiss, Fed. R.Civ. Proc. 7(a), and, in support hereof, shows the following:

### STATEMENT OF THE CASE.

1. Plaintiff brought this suit against Defendants WELLS FARGO BANK, Formerly FIRST VALLEY BANK, Formerly RAYMONDVILLE STATE BANK and TOM FLEMING and Defendant, Para. I, sub-¶¶ 1-3, under the Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1981. Para. II, sub-¶. 4 and its second Paragraph.

### PLAINTIFF'S ALLEGATIONS.

1. In relevant part, Plaintiff's conclusory allegations claim that on or about October 1,

1990, Defendant Bank's agent orally promised him that all payments he or his representatives would make respecting his loan would be credited to the loan and deducted from his debt. However, the Bank refused to credit an account up to approximately $50,000.00. Para. IV., sub-¶¶ 5, 7, 8.

2. Sometime thereafter, Plaintiff sued unspecified parties in State court for breach of contract and fraud, but had summary judgments entered against him. He appealed those judgments, but was apparently unsuccessful. Para. IV., sub-¶¶ 8-10.

3. Although Plaintiff then made numerous conclusory allegations against the Defendants in general or an unnamed Defendant in particular (See, *e.g.*, Para. V., sub-¶ 27, Para. VI, sub-¶ 30), and especially against FLEMING, the only time he expressly referenced Defendant was in Para. VI, sub-¶ 34, wherein he conclusorally-stated that Defendant was "the officer in charge of performing the sales."

4. Defendant has responded as best as he can to those allegations in his Answer, which he timely-filed subject to a ruling on this Motion.

## MOTION TO DISMISS UNDER RULE 12(b)(6), *supra*.

A. <u>Standard for Dismissal under the Rule</u>.

1. Defendant submits that Plaintiff failed to plead specific facts for which relief can be granted under any theory of State or federal law. Accordingly, his lawsuit is ripe for dismissal under <u>Rule 12(b)(6)</u>, *supra*, and, in support thereof, shows the following:

    1. A complaint should be dismissed under the Rule for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46; 78

S. Ct. 99, 2 L.Ed.2d 80 (1957).

2. Under that standard, a court may dismiss a complaint if the plaintiff cannot possibly prevail on his claim(s). Scheuer v. Rhodes, 416 U.S. 232, 236; 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974); Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir., Tex., 1986).

3. Although Rule 12(b)(6)'s standard is stringent, "the mere fact that a standard is stringent does not suggest that it can never be met." Mahone v. Addicks Utility Dist. of Harris County, 836 F.2d 921, 927 (5th Cir., Tex., 1988).

B. Plaintiff failed to plead specific facts showing that this Court has Jurisdiction over Defendant.

In Para. II, sub-¶ 4, Plaintiff generally alleged that jurisdiction was conferred on this Court [sic] under 28 U.S.C. §§ 1331 and 1343. Defendant submits that the obvious problem with those claims is that the only place where Plaintiff specifically mentions Defendant is in Para. VI, sub-¶ 34, wherein Plaintiff claims that he "was the officer in charge of the sales" of Plaintiff's real property.

The next obvious problem is that Plaintiff failed to plead specific facts showing a federal claim against Defendant, §1331, supra, and/or failed to plead specific facts showing a deprivation by Defendant under color of any State law, statute, ordinance, regulation, custom, or usage of any right, privilege, or immunity secured by the Constitution of the United States or by Act of Congress providing for equal rights of citizens or of all persons with the jurisdiction of the United States. §1343, supra.

As Plaintiff failed to plead specific facts showing a federal claim against Defendant and/or failed to plead specific facts showing a deprivation by Defendant under color of any State law, statute, etc., his original Complaint should be dismissed with prejudice.

C.  <u>Plaintiff failed to plead specific facts establishing his Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendment claims against Defendant.</u>

In Para. II, sub-¶ 4, Plaintiff also generally alleged that his action arose under these Amendments of the United States Constitution, "as herein after more fully appears."

Defendant submits that the obvious problem with that claim is that nowhere in Plaintiff's subsequent pages does he allege specific facts showing when and how Defendant violated one or more of those Amendments. See, *e.g.*, Para. IV., sub-¶¶ 25 & 31. As noted, all Plaintiff claimed was that Defendant was in charge of performing the sales of his real property.

As Plaintiff failed to allege specific facts showing when and how Defendant violated one or more of the cited Amendments, his original Petition should be dismissed with prejudice.

D.  <u>Plaintiff failed to plead specific facts establishing a violation of 42 U.S.C. §1981 by Defendant</u>.

In <u>Farmer v. Lowe's Companies, Inc.</u>, *et al.*, 188 F.Supp.2d 612 (W.D., N. Carolina, 2001), Farmer alleged that she had a contract with Lowe's and argued that the allegation was itself enough to sustain an action under <u>§1981</u>, *supra*. *Id.*, at

U.S. 940, 78 S.Ct. 1390, 2 L.Ed.2d 1553 (1958), Roark alleged that West had breached a fiduciary trust with her and had illegally brought about a transfer of property through a foreclosure sale, and that Elder, a constable, had violated her civil rights by putting West into possession of the property, citing violations of the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution and §1981, *supra. Id.*, at 957.

The Court held that, even though Roark did not consider her case to be a civil rights claim, to the extent that her Complaint "made vague and factually unsupported allegations that the civil rights statutes were involved," *Id.*, case law held that though a Complaint generally alleges that defendants conspired to deprive a plaintiff of equal protection of the laws, See Para. II, sub-¶ 4, merely characterizing the defendants' "conduct as conspiratorial or unlawful does not set out allegations upon which relief can be granted" where "there is no allegation that the state officers named therein acted in any manner other than in the ordinary performance of their duties." *Id.*, at 957-58.

As Plaintiff failed to allege specific facts showing how and when Defendant violated §1981, *supra*, his original Petition should be dismissed with prejudice.

E.  <u>Plaintiff failed to plead Specific Facts overcoming Defendant's Right to Qualified Immunity under State or federal law, or both.</u>

Although Plaintiff failed to state in which capacity he was suing Defendant, Defendant submits that it is obvious from the tenor of Plaintiff's singular allegation about him, Defendant was being sued in his Official Capacity.