Case 1:04-cv-00002 Document 17 Filed in TXSD on 04/16/2004 Page 1 of 7

17

United States District Court
Southern District of Texas
FILED

APR 1 6 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, Plaintiff | § § | |
| V. | § § | CASE NO. <u>B-04-002</u> |
| WELLS FARGO BANK, Formerly FIRST VALLEY BANK, Formerly RAYMONDVILLE STATE BANK and TOM FLEMING, Defendants | § § § § | |

<u>DEFENDANT DAN HUERTA'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to the Court's directive of 5 April 2004, comes now Defendant Dan Huerta and timely-files his Answer to Plaintiff's Original Complaint and, for cause, would show as follows:

<u>ANSWER.</u>

1. Respecting Para. I, "PARTIES," Defendant cannot admit that Plaintiff is a citizen of the United States because he is without sufficient knowledge or information to do so, but admits that Plaintiff resides in La Feria, Cameron County, Texas.

2. Respecting Para. I, "PARTIES," sub-¶¶ 1-3, Defendant admits that WELLS FARGO BANK, Formerly FIRST VALLEY BANK, Formerly RAYMONDVILLE STATE BANK, TOM FLEMING, and Defendant are named as Defendants in this cause of action, and that FLEMING is an attorney, and that Defendant is a deputy Sheriff for the Cameron County Sheriff's Department.

Defendant denies he could be served with process at the listed Sheriff's Office address, and is without sufficient knowledge or information to admit the

C:\roberts.ans, 4/16/2004, 11:24 AM

Answer to Plaintiff's Original Complaint - 1

remainder of Plaintiff's conclusory claims therein and, therefore, denies them.

3. Respecting Para. II, "JURISDICTION AND VENUE," sub-¶ 4 & its 2nd ¶, Defendant denies Plaintiff's conclusory claims, especially that Defendant deprived Plaintiff of any privilege and/or immunity secured to him by 42 U.S.C. §1981; that the Court has jurisdiction under the cited authority; and that the unspecified acts and practices Defendant allegedly performed constituted State actions within the meaning of U.S.C.A., Amend. 14.

4. Respecting Para. IV, sub-¶¶ 1-10, Defendant cannot admit Plaintiff's conclusory claims because he is without sufficient knowledge or information to do so and, therefore, denies them.

5. Respecting Para. IV, sub-¶ 11, Defendant denies Plaintiff's conclusory claim that he acted in concert with the other Defendants to harass and threaten Plaintiff and to threaten his unnamed attorneys.

6. Respecting Para. IV, sub-¶¶ 12-17, 22, & 24, Defendant cannot admit Plaintiff's conclusory claims because he is without sufficient knowledge or information to do so and, therefore, denies them.

7. Respecting Para. IV, sub-¶ 18, Defendant admits that the Sheriff Office placed a notice at the Courthouse as well as in the newspaper, according to law, but denies Plaintiff's conclusory claim that he was not sent notice as required by law, because Defendant's records show that he did acknowledge and sign for certified mail.

8. Respecting Para. IV, sub-¶ 21, Defendant denies Plaintiff's conclusory claim

that the Sheriff ever had "an accounting problem" because his Office was directed to act according to the distribution information included in the Court Order respecting Plaintiff's property.

9. Respecting Para. IV, sub-¶ 23, Defendant admits that the State's Property Code has special provisions for residential homestead laws, but cannot admit any other conclusory claim contained therein because he is without sufficient knowledge or information to do so and, therefore, denies them.

10. Respecting Para. IV, sub-¶ 25, Defendant denies Plaintiff's conclusory claim that the unspecified acts and practices Plaintiff alleged constituted State actions with the meaning of Amend. 14, *supra*, but admits that he and the other Defendants are being sued jointly and severally.

11. Respecting Para. V, sub-¶¶ 26 & 28, Defendant cannot admit Plaintiff's conclusory claim for unspecified damages, cannot admit his conclusory claim for exemplary damages by an unnamed defendant, and cannot admit Plaintiff's conclusory claim for actual damages because he is without sufficient knowledge or information to do so and, therefore, denies them.

12. Respecting Para. V, sub-¶ 27, Defendant cannot admit Plaintiff's conclusory claim that due to an unnamed Defendant's unspecified "willful, intentional, knowing conduct," etc., he seeks exemplary damages because Defendant is without sufficient knowledge or information to do so and, therefore, denies it.

13. Respecting Para. VI, sub-¶ 29, Defendant cannot admit Plaintiff's conclusory claim that fees for a jury trial have been paid because he is without sufficient

knowledge or information to do so and, therefore, denies it.

14. Respecting Para. VI, sub-¶ 30, Defendant cannot admit Plaintiff's conclusory claim of fraud by an unnamed Defendant because he is without sufficient knowledge or information to do so and, therefore, he denies it.

15. Respecting Para. VI, sub-Para. ¶ 30, Nos. 1-7, Defendant denies Plaintiff's conclusory claims because they all relate to an allegedly binding oral contract, See No. 1, and Defendant denies that he and Plaintiff ever entered into a binding contract of any sort.

16. Respecting Para. VI, sub-¶ 31, Defendant denies Plaintiff's conclusory claims of constitutional rights under the cited authority.

17. Respecting Para. VI, sub-¶ 32, Defendant denies Plaintiff's conclusory claims that he, either alone or with one or more of the named Defendants, acted, behaved, or conducted himself in a way that entitles Plaintiff to punitive damages; denies that Plaintiff is entitled to any of the actions and/or damages he referenced; denies that he, either alone or with one or more of the named Defendants, engaged in an attempted fraud against Plaintiff; and denies that Plaintiff is entitled to any of the alleged actions and/or damages.

18. Respecting Para. VI, sub-¶ 33, Defendant admits that the Cameron County's Sheriff Department is a State law enforcement agency that executes on writs of execution.

19. Respecting Para. VI, sub-¶ 34, Defendant admits that he is an officer with the County's Sheriff Department and that he was the officer in charge of performing the

sale of real property that was the subject of a writ of execution in Cause No. 97-223, styled "John Roberts v. FIRST VALLEY BANK, Formerly RAYMONDVILLE STATE BANK, Presently known as WELLS FARGO BANK."

20. Respecting Para. VI., sub-¶ 35, Defendant can neither admit nor deny Plaintiff's request.

21. Respecting Para. VI., sub-¶ 36, Defendant cannot admit Plaintiff's conclusory claim that the Sheriff's sale would cause him irreparable damages because he is without sufficient knowledge or information to do so and, therefore, denies it.

22. Respecting Para. VI, sub-¶ 37, Defendant cannot admit Plaintiff's conclusory claim that FLEMING has been able to acquire a judgment and has been attempting to execute said judgment without proper notice because he is without sufficient knowledge or information to do so and, therefore, denies it.

23. Respecting Para. VI, sub-¶ 38, Defendant cannot admit Plaintiff's conclusory claim that an attached judgment "was decided from the denial of due process [sic]" because Plaintiff failed to reference anything on the copy's face supporting the claim and, therefore, denies it; and

24. Defendant denies Plaintiff's Prayer.

### SPECIFIC AND GENERAL DENIALS AND AFFIRMATIVE DEFENSES.

Any allegation made within Plaintiffs' original Complaint not otherwise specifically responded to herein above is specifically or generally denied. Defendant still urges and relies on matters alleged without waving any other matter asserted herein and further alleges as affirmative defenses the following:

1. Plaintiff failed to plead specific facts showing when and how any right, privilege, and immunity secured him under the cited U.S. Constitution or laws of the United States was ever violated by Defendant, either alone or acting with one or more of the other Defendants. Para. II, sub-¶ 4.

2. Plaintiff failed to plead specific facts showing that Defendant is subject to a §1981 claim. Para. II, sub-¶ 4.

3. Plaintiff failed to plead specific facts addressing, and then overcoming, Defendant's Qualified Immunity under State or federal law, or both.

4. Plaintiff's Complaint failed to plead specific facts showing the Court has jurisdiction over his case as to Defendant, 28 U.S.C. §1331, Para. II, sub-¶ 4, as he failed to plead specific facts showing a federal matter against Defendant.

5. Plaintiff's Complaint failed to plead specific facts showing the Court has jurisdiction over his case as to Defendant, 28 U.S.C. §1343, Para. II, sub-¶ 4, as he failed to plead specific facts showing a deprivation by Defendant under color of any State law, statute, ordinance, regulation, custom, or usage of any right, privilege, or immunity secured by the Constitution of the United States or by Act of Congress providing for equal rights of citizens or of all persons with the jurisdiction of the United States.

6. Plaintiff's otherwise failed to plead specific facts showing a cause of action against Defendant upon which any relief may be granted.

7. Defendant reserves the right to file any and all cause of actions, counterclaims, third party actions, and/or any further affirmative defenses as he may deem proper.

C:\roberts.ans, 4/16/2004, 11:24 AM

WHEREFORE, PREMISES CONSIDERED, Defendant Dan Huerta prays that upon final trial hearing hereof, Plaintiff take nothing by his suit; that Defendant recover all cost incurred herein; and that he have such other and further relief, at law or in equity, to which he may show himself justly entitled.

Respectfully Submitted By:

CAMERON COUNTY'S
COMMISSIONERS COURT
CIVIL LEGAL DIVISION
964 East Harrison Street, Ste. 420
Brownsville, Texas 78520
Telephone: 956.550.1345
Facsimile: 956.550.1348

*/s/ John A. Olson*

John A. Olson
Attorney of Record
For Defendant Dan Huerta
Texas State Bar #15274750
Federal ID #4034
And
Dylbia L. Jefferies
Texas State Bar #00786515
Federal ID #17065
Of Counsel
Attorneys for
Defendant Dan Huerta

### CERTIFICATE OF SERVICE.

I certify that a true and correct copy of Defendant Dan Huerta's Answer to Plaintiff John Ocie Roberts' original Complaint was mailed to Mr. John Ocie Roberts, POB 1167, La Feria, Texas 78559 on April 16, 2004 by certified mail, return receipt requested.

*/s/ John A. Olson*

John A. Olson

C:\roberts.ans, 4/16/2004, 11:24 AM