UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 9 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JOHN OCIE ROBERTS | § |
| | § |
| VS. | § |
| | § CIVIL ACTION NO. B-04-002 |
| WELLS FARGO BANK, FORMERLY | § |
| FIRST VALLEY BANK, FORMERLY | § |
| RAYMONDVILLE STATE BANK, AND | § |
| TOM FLEMING | § |

## ORIGINAL ANSWER
## OF
## WELLS FARGO BANK

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES, **Wells Fargo Bank, formerly First Valley Bank, formerly Raymondville State Bank**, Defendant in the above styled and numbered cause, and files this Original Answer in response to Plaintiff's Complaint, and would respectfully show the Court as follows:

### Answer

1. Defendant denies that Wells Fargo Bank was chartered, incorporated and organized pursuant to the Federal Deposit Insurance Corp. as alleged in paragraph 1. Defendant admits the balance of the allegations within paragraph 1.

2. No paragraph numbered 2 exists in the Complaint.

3. Defendant is unable to admit or deny why Dan Huerta is named in the Complaint but admits the balance of the allegations within paragraph 3.

4.    Defendant denies the allegations within paragraph 4; Defendant further asserts the affirmative defense of *res judicata* with respect to any and all allegations in paragraph 4.

5.    Defendant admits Plaintiff requested a loan from Defendant on or about October 1, 1990. Defendant denies the allegations contained in the second sentence of paragraph 5; Defendant further asserts the affirmative defense of the Statute of Frauds.

6.    Defendant denies the allegations within paragraph 6.

7.    Defendant denies the allegations within paragraph 7.

8.    Defendant denies the first sentence in paragraph 8; Defendant admits that Plaintiff filed suit in state district court as alleged in paragraph 8.

9.    Defendant admits summary judgment was granted in favor of Defendant and against Plaintiff; Defendant denies the remainder of the allegations in paragraph 9.

10.    Defendant denies the allegations in paragraph 10.

11.    Defendant denies the allegations in paragraph 11.

12.    Defendant denies that Plaintiff was sanctioned for *ex parte* communication as alleged in paragraph 12. Defendant admits the balance of the allegations in paragraph 12.

13.    Defendant denies the allegations in paragraph 13.

14.    Defendant denies the allegations in paragraph 14.

15.    Defendant denies the allegations in paragraph 15.

**16.**   Defendant does not have knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 16 and, therefore, denies same.

**17.**   Defendant denies the allegations in paragraph 17.

**18.**   Defendant does not have knowledge or sufficient information to form a belief as to the truth of the allegation contained in paragraph 18 and, therefore, denies same.

**19.**   Defendant admits that the judgment, the subject of the writ of execution, granted attorney's fees as alleged in paragraph 19.  Defendant denies the balance of the allegations in paragraph 19.

**20.**   Defendant denies the allegations in paragraph 20.

**21.**   Defendant denies the allegations in paragraph 21.

**22.**   Defendant denies the allegations in paragraph 22.

**23.**   Defendant admits the allegations that the Texas Property Code has provisions for homesteads but denies the balance of the allegations within paragraph 23.

**24.**   Defendant denies the allegations in paragraph 24.

**25.**   Defendant admits the writ of execution was issued under state law but denies the balance of the allegations in paragraph 25.

**26.**   Defendant denies the allegations in paragraph 26.

**27.**   Defendant denies the allegations in paragraph 27.

**28.**   Defendant denies the allegations in paragraph 28.

**29.** Defendant admits that Plaintiff has demanded a jury as alleged in paragraph 29 but has no knowledge of Plaintiff's payment of a jury fee.

**30.** Defendant denies the allegations in paragraph 30.

**31.** Defendant denies the allegations within paragraph 31.

**32.** Defendant denies the allegations in paragraph 32.

**33.** Defendant admits that the Cameron County Sheriff has the obligation to process a writ of execution as alleged in paragraph 33 but denies the balance of the allegations in paragraph 33.

**34.** Defendant admits the allegations in paragraph 34.

**35.** Defendant is unable to admit or deny the allegations in paragraph 35.

**36.** Defendant denies the allegations in paragraph 36.

**37.** Defendant denies the allegations in paragraph 37.

**38.** Defendant admits that the judgment attached to the Complaint without date or signature is, if properly copied, a true copy of that judgment as alleged in paragraph 38.

### Affirmative Defenses

**39.** The Complaint fails to state a claim against this Defendant upon which relief can be granted.

**40.** The claims asserted by Plaintiff concerning the actions of Defendant Wells Fargo Bank, its predecessor banks and the employees of those banks, are barred by the doctrine of *res judicata* and/or claims preclusion as having been the subject of a prior suit in state court in which final judgment was rendered against Plaintiff.

41. Any and all claims asserted by the Plaintiff against this Defendant concerning verbal representations and/or verbal contracts are barred by the Statute of Frauds.

42. In addition, any and all claims asserted by the Plaintiff against this Defendant are barred by the Statute of Limitations.

43. For further answer, Defendant would show that Plaintiff's Complaint does not meet the jurisdictional requirements of 28 U.S.C. § 1332(a) in that Plaintiff pleads damages of less than Seventy-five Thousand and no/100ths ($75,000.00) Dollars, and no diversity is alleged.

44. For further answer, Defendant would show that Plaintiff's Complaint does not meet the jurisdictional requirements of 26 U.S.C. § 1331 in that no federal question is alleged which is not barred by the doctrine of *res judicata*.

45. For further answer, Defendant would show that Plaintiff's Complaint does not meet the jurisdictional requirements of 26 U.S.C. § 1330 in that Plaintiff does not plead that any party is a foreign state.

46. For further answer, Defendant would show that Plaintiff's Complaint does not meet the jurisdictional requirements of 26 U.S.C § 1333 in that no admiralty or maritime jurisdiction is plead nor does Plaintiff bring his case under Chapter 11 of the United States Bankruptcy Code to meet the jurisdictional requirements of 26 U.S.C § 1334.

WHEREFORE, Defendant prays that Plaintiff take nothing by this suit and that Defendant be awarded its costs and have such other and further relief, general and specific, at law or in equity, to which it may be justly entitled to receive.

DATED: <u>April 15, 2004</u>.

                                Respectfully submitted,

                                **ROLANDO OLVERA, P.C.**
                                1650 Paredes Line Road, Suite 102
                                Brownsville, Texas 78521-1602
                                Telephone: (956) 982-4404
                                Telecopier: (956) 982-0943

                                by: _____
                                Rolando Olvera
                                State Bar of Texas No. 15278676
                                Federal I.D. No. 14673

                                **ATTORNEY FOR DEFENDANT, WELLS FARGO BANK.**

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing **ORIGINAL ANSWER OF WELLS FARGO BANK** were served <u>April 15, 2004</u> in the manner(s) indicated below upon the following:

      **PLAINTIFF, JOHN OCIE ROBERTS**, *Pro Se*:
      Mr. John Ocie Roberts
      P. O. Box 1167
      La Feria, Texas 78559
      <u>*(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 2030 0007 1000 4376)*</u>

      **COUNSEL FOR DEFENDANT, TOM FLEMING:**
      Mr. Tom Fleming
      FLEMING & HERNANDEZ, P.C.
      1650 Paredes Line Road, Suite 102
      Brownsville, Texas 78521-1602
      <u>*(HAND DELIVERY)*</u>

      **COUNSEL FOR DAN HUERTA:**
      Mr. John Olson
      ATTORNEY AT LAW
      COMMISSIONERS COURT CIVIL DIVISION
      964 East Harrison Street
      Brownsville, Texas 78520
      <u>*(FIRST CLASS UNITED STATES MAIL)*</u>

                                                                   *[signature]*
                                                               Rolando Olvera