UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 0 3 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. B-04-002 |
| WELLS FARGO BANK, FORMERLY | § | |
| FIRST VALLEY BANK, FORMERLY | § | |
| RAYMONDVILLE STATE BANK, AND | § | |
| TOM FLEMING | § | |

BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OF
DEFENDANT TOM FLEMING

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

The motion for summary judgment on behalf of Defendant **Tom Fleming** is brought pursuant to Federal Rule of Civil Procedure 56(b).

## Nature Of Case

Plaintiff **John Roberts** has brought this action *pro se* against **Wells Fargo Bank and its Counsel, Tom Fleming**, alleging as facts certain matters that have been adjudicated against him in the state court. Plaintiff further alleges as facts that Defendant **Tom Fleming**, while acting as counsel for Wells Fargo Bank, engaged in conduct which violated certain of Plaintiff's rights. Plaintiff has testified in open court in a lawsuit styled *John Roberts v. Wells Fargo Bank, formerly First Valley Bank, formerly Raymondville State Bank, Tom Fleming, Dan Huerta, and Rolando Olvera*, Cause No. 03-12-5738-A, in the 107th Judicial District Court of Cameron County,

Texas that his action in federal court was for "fraud". See transcript attached to Defendant's Motion for Summary Judgment as Exhibit D, page 34, ll. 6-13.

### Facts

During the year 1997, Plaintiff herein, acting *pro se*, filed suit against First Valley Bank (predecessor to Wells Fargo Bank) and "Does 1 through 20" in the 138th District Court of Willacy County, Texas. During the course of that suit, Plaintiff interplead the Law Firm of Fleming, Hewitt & Olvera; Logan B. Manatt (an employee of the Bank); Luis R. Hernandez (an associate with the defendant law firm); Tom Fleming, individually; J. Rolando Olvera, Jr., individually; and LeAnn Hewitt, individually. See Affidavit of Tom Fleming attached to Defendant's Motion for Summary Judgment as Exhibit E. As the suit progressed, Plaintiff amended several times until the remaining named Defendants were reduced to Wells Fargo Bank and its trial counsel, J. Rolando Olvera. While the Plaintiff's suit was pending in the 138th District Court of Willacy County, Texas, Plaintiff filed petitions in bankruptcy court on three separate occasions which were all dismissed. Plaintiff also filed suit in United States District Court which was removed as Bankruptcy Court Case No. 97-25705, an Adversary Action Number 97-2253-B against Tom Fleming; J. Rolando Olvera, Jr.; LeAnn Hewitt; Luis R. Hernandez; and Logan B. Manatt. A copy of the Plaintiff's complaint is attached to Defendant's Motion for Summary Judgment as Exhibit F. This adversary action was dismissed by order entered

BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OF DEFENDANT TOM FLEMING
TF/bgw #972277 L:\WARNKE\FLEMING\Roberts,John\IB-04-002\SJM-Brief-TF.wpd

Page 2 of 12

April 3, 2001 pursuant to Rule 12(a), F.R.C.P. A copy of the order is attached to Defendant's Motion for Summary Judgment as Exhibit G.

On November 8, 2000, the 138th District Court of Willacy County, Texas entered its judgment in favor of the remaining Defendants therein, Wells Fargo Bank and J. Rolando Olvera that Plaintiff John Roberts take nothing by his causes of action and that the Defendants recover Thirty-five Thousand and no/100ths ($35,000.00) Dollars in attorney's fees with an additional Ten Thousand and no/100ths ($10,000.00) Dollars upon each subsequent appeal which was not successful. A copy of that judgment is attached to Defendant's Motion for Summary Judgment as Exhibit A. This judgment was affirmed on appeal by the Thirteenth Court of Appeals by opinion and judgment dated June 5, 2003, and Plaintiff was denied a petition for review by the Supreme Court of Texas on October 3, 2003. A copy of the opinion and judgment of the Thirteenth Court of Appeals is attached to Defendant's Motion for Summary Judgment as Exhibit B, and a copy of the Supreme Court's notification of denial of the petition for review is also attached thereto as Exhibit C.

On September 7, 2003, a writ of execution was issued by the District Clerk of Willacy County, Texas which was duly and properly served and processed by the Cameron County Sheriff. As a result of such writ, certain assets of Plaintiff consisting of three parcels of real estate were auctioned at public sale to the highest bidder on January 6, 2004. The instant suit before this Court was filed on January 2, 2004. The matter before this Court is a duplication of suits in the 107th District Court filed

December 1, 2003 and in the 138th District Court filed January 2, 2004. These two state court cases have been consolidated and remain pending.

At all times during this long and tortuous litigation, Defendant Tom Fleming has been first, merely a member of the firm representing Wells Fargo Bank and its predecessors; second, the Bank's lead appellant counsel; and third, the Bank's lead trial counsel in the currently pending state court matters.

## Argument And Authorities

Plaintiff has brought this suit against a judgment lienholder and its counsel in an attempt to (1) re-litigate various causes of action the subject of a final judgment in state court and (2) litigate various causes of action which purportedly arose from acts of legal counsel for judgment lienholder during the course of prior litigation and collection of the judgment by writ of execution. This Defendant will discuss Plaintiff's various causes of action against counsel.

It is well settled law in Texas that attorneys cannot be held liable even for wrongful litigation conduct. The leading case on point is *Renfroe v. Jones & Associates*, 947 S.W.2d 285 (Tex. App.–Fort Worth 1997, err. denied). In *Renfroe*, counsel for a judgment lienholder took action to file an application for writ of garnishment on the judgment debtor's bank accounts. The judgment debtor sued the attorneys for wrongful garnishment, and summary judgment was granted to the benefit of the defendant. The appellate court discussed the general concept of privity and noted that no privity existed between the defendant attorneys and plaintiff and

that an attorney's duties arising from an attorney-client relationship are owed only to the client and not to the adverse parties. *Id*. at 287. The Court further noted that "Texas law has long authorized attorneys to 'practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages'. (citation omitted). An attorney may assert any of his client's rights without being personally liable for damages to the opposing party." *Id*. at 287. The ultimate holding in *Renfroe* was that "(u)nder Texas law, attorneys cannot be held liable for wrongful litigation conduct" and that the attorney's actions in securing a writ of garnishment of Renfroe's bank accounts was within the context of discharging the attorney's duties in representing the client. *Id*. at 288.

Case law from opinions earlier than *Renfroe* clearly support the opinion of that court that the law in Texas is well settled. The case of *Martin v. Trevino*, 578 S.W.2d 763 (Tex. Civ. App.–Corpus Christi 1978, no writ) held that an attorney is exempt from liability to a party other than his client for damages resulting in the "performance of service which engages and requires the office or the professional training, skill, and authority of an attorney . . . and he is not liable to . . . adverse parties for his actions, as an attorney in behalf of his client." *Id.* at 771. This Court cited *Bryan & Amidei v. Law*, 435 S.W.2d 587 (Tex. Civ. App.–Fort Worth, 1968, no writ) for the general rule that "the duties of an attorney which arise from the relation of attorney and client, are due from the attorney to the client only, and not to third persons" and, therefore, injuries to third persons alleged to have been sustained by reason of the failure or

BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OF DEFENDANT TOM FLEMING
TF/bgw  #972277  L:\WARNKE\FLEMING\Roberts,John\B-04-002\SJM-Brief-TF.wpd

Page 5 of 12

neglect of counsel do not give a right of action to third persons against the attorney. *Id.* at 771.

The opinion pre-dating *Renfroe* cited most frequently by both the state and federal judiciary is *Brandt v. West*, 892 S.W.2d 56 (Tex. App.–Houston [1ˢᵗ Dist.] 1994, writ denied) in which an attorney and his professional corporation were sued along with the trial judge, an assistant district attorney and various others by the opposing counsel in a divorce case. Plaintiff alleged against his opposing counsel claims of conspiracy to maliciously prosecute plaintiff who had been held in contempt in the trial court, malicious prosecution, intentional infliction of emotional distress and tortious interference with contractual relations. In determining the obligations of counsel in litigation, the court reviewed the public's right to have "loyal, faithful and aggressive representation by the legal profession" (citation omitted) which requires an attorney to " . . zealously represent(ing) his clients within the bounds of the law". *Id.* at 71. In sustaining summary judgment against Plaintiff, the Houston court noted that any rule contrary to every attorney's right and obligation to "interpose any defense or supposed defense and make use of any right in behalf of such client or clients as (the attorney) deem(s) proper and necessary" would "act as a severe and crippling deterrent to the ends of justice". *Id.* at 71. In conclusion, the court held that "an attorney does not have a right of recovery, <u>under any cause of action</u>, against another attorney arising from conduct the second attorney engaged in as part of the

discharge of his duties in representing a party in a lawsuit in which the first attorney also represented a party". *Id*. at 71-72. (emphasis supplied).

The Dallas Court of Appeals in *Thomas v. Pryor*, 847 S.W.2d 304 (Tex. App.–Dallas 1992, dism for settlement 863 S.W.2d 462) simply held that an attorney owes no duty to third party non-clients and that "(w)hen the defendant attorney establishes that no attorney-client relationship exists, Texas courts grant summary judgment in favor of the defendant." *Id*. at 304.

Both the El Paso Court and the Amarillo Court have held that even communications made out of court are absolutely privileged if such bears some relation to proposed or existing litigation. *Bennett v. Computer Associates International*, 932 S.W.2d 197, 200 (Tex. App.–Amarillo 1996, err denied); *Hill v. Herald-Post Publishing*, 877 S.W.2d 774, 782 (Tex. App.–El Paso 1994, rev on other grounds 891 S.W.2d 638).

The question now becomes how does this relate to the matter before this Court in the federal system? The leading case on the subject appears to be *Taco Bell Corp. v. Bracken*, 939 F.Supp. 528 (N.D. Tex. 1996). In *Taco Bell*, the Court noted that when no definite decision of the state's highest tribunal exists, a federal court must make a working presumption that state intermediate appellate court decisions represent accurate statements of state law. *Id*. at 531. The *Taco Bell* case was against two attorneys and one attorney's professional corporation based on theories of fraud, abuse of process, conspiracy and negligent misrepresentation for allegedly

collusive conduct. The plaintiff therein had been a party in a prior suit in which it was opposed by the defendant attorneys. The Court reasoned that the opinion in *Brandt v. West*, 892 S.W.2d 56 (Tex. App.–Houston [1st Dist.] 1994, writ denied) which denied recovery by one attorney against another for alleged litigation misconduct equally applied to actions by an opposing party. *Id*. at 532. The Court also cited *Brandt* for the general rule that the conduct for which a plaintiff sues must be judged by the "kind" and not the "nature" of such conduct. *Id*. at 532. It found that the kind of conduct alleged to be improper arose as part of the defendant attorneys' duties in representing parties to a lawsuit in which Taco Bell was a party, and such conduct was barred as a matter of law. *Id*. at 532.

In 1998, the case of *Lewis v. American Exploration Company*, 4 F.Supp2d 673 (S.D. Tex. 1998) was determined in favor of the defendant attorneys. The plaintiff alleged that the attorneys and their law firm were liable for tort damages for legal work which they did in defending a client which plaintiff, Lewis, had sued in state court. Judge Rosenthal determined that the federal courts look to decisions of the state's intermediate appellate courts in the absence of an opinion by the Texas Supreme Court. *Id*. at 676. Thereafter, the Court analyzed *Brandt v. West*, *Taco Bell Corp. v. Cracken*, and *Renfroe v. Jones & Associates* and concluded that, based on such precedent, there can be no liability to third parties for legal work representing a client in a lawsuit. *Lewis v. American Exploration*, 4 F.Supp.2d at 679.

BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OF DEFENDANT TOM FLEMING
TF/bgw #972277  L:\WARNKE\FLEMING\Roberts,John\B-04-002\SJM-Brief-TF.wpd

Page 8 of 12

During that same year, 1998, an order was issued adopting the magistrate's recommendation in *Miller v. Stonehenge/FASA-Texas, JDC, LP*, 993 F.Supp. 461 (N.D. Tex. 1998). This opinion was also based upon *Taco Bell*, *Brandt* and *Renfroe* and held that an attorney cannot be liable to a third party for conduct that requires the office, professional training, skill and authority of an attorney and even if such conduct is incorrect, meritless or even frivolous, it is not actionable. *Id*. at 464. The Court cited this holding as following the general rule in Texas. *Id*. at 464.

The Eastern District also followed this general rule in *Guthrie v. Buckley*, 246 F.Supp.2d 589 (E.D. Tex. 2003) and then cited *Brandt* in holding that the attorney's client is also not liable for an attorney's allegedly wrongful conduct as a matter of law. *Id*. at 590. In this opinion and order, Judge Davis stated the Texas Rule as "focus(ing) on the kind of conduct engaged in, not on whether the conduct was meritorious in the context of the underlying lawsuit" thereby making the dispositive question to be "whether the attorney's conduct was part of the discharge of his duties in representing a party in a lawsuit".

In the matter before this Court, Plaintiff alleges that this Defendant threatened his attorney (paragraph IV.13. of the Complaint), wrote a letter to the state court judges "setting certain guidelines they must follow" (paragraph IV.14. of the Complaint) and "trying to get paid in advance (paragraph IV.15. of the Complaint). In support of the first two of these allegations, Plaintiff had appended three letters to his Complaint exchanged between Defendant and Plaintiff's lawyer. An examination

of each letter will reveal that this Defendant, in the course of representation of his client, was attempting to prevent *ex parte* communication in violation of local rules and the Texas Disciplinary Rules of Professional Conduct. Plaintiff has also attached a letter to the District Court Judges requesting a hearing before issuance of a temporary restraining order in the event Plaintiff or his Counsel attempted yet another *ex parte* communication. Both actions fit within the guidelines established by the opinions of the state and federal courts within the State of Texas.

Plaintiff's third "complaint" about this Defendant is that Defendant "was trying to get paid in advance". However, Plaintiff submits no evidence of a supersedeas bond nor can he do so because such bond never existed. As evidenced by the writ of execution, the judgment against Plaintiff was more than three years old at the time of issuance of that writ. A writ of execution may be issued after the expiration of thirty (30) days from the time a final judgment is signed unless a supersedeas bond is filed. Texas Rules of Civil Procedure 627.

<h3 style="text-align:center">Conclusion</h3>

Plaintiff is attempting to sue this Defendant for actions taken while in the course of conduct which was discharging his duties in representing a party in a lawsuit. The state courts have held such actions do not lie, and the federal courts have demonstrated their intent to following that precedent.

BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OF DEFENDANT TOM FLEMING
TF/bgw #972277  L:\WARNKE\FLEMING\Roberts,John\8-04-002\SJM-Brief-TF.wpd

Page 10 of 12

DATED: May _3_, 2004.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas  78521-1602
Telephone:  (956) 982-4404
Telecopier:  (956) 982-0943

by: _____
Tom Fleming
State Bar of Texas No. 07133000
Federal I.D. No. 1188

**ATTORNEYS FOR DEFENDANT, TOM FLEMING.**

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing **BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT TOM FLEMING** were served May _3_ , 2004 in the manner(s) indicated below upon the following:

> **PLAINTIFF, JOHN OCIE ROBERTS,** *Pro Se*:
> Mr. John Ocie Roberts
> P. O. Box 1167
> La Feria, Texas  78559
> *(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 2030 0007 1000 4147)*
>
> **COUNSEL FOR DEFENDANT, WELLS FARGO BANK:**
> Mr. Rolando Olvera
> ROLANDO OLVERA, P.C.
> 1650 Paredes Line Road, Suite 102
> Brownsville, Texas  78521-1602
> *(HAND DELIVERY)*
>
> **COUNSEL FOR DAN HUERTA:**
> Mr. John A. Olson
> CAMERON COUNTY COMMISSIONERS' COURT
> CIVIL LEGAL DIVISION
> 964 East Harrison Street, Suite 420
> Brownsville, Texas  78520
> *(FIRST CLASS UNITED STATES MAIL)*

Tom Fleming

BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OF DEFENDANT TOM FLEMING
TF/bgw #972277  L:\WARNKE\FLEMING\Roberts,John\B-04-002\SJM-Brief-TF.wpd

Page 12 of 12