# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Sout..... ... ... of Texas

MAY 0 6 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. B-04-002 |
| WELLS FARGO BANK, FORMERLY | § | |
| FIRST VALLEY BANK, FORMERLY | § | |
| RAYMONDVILLE STATE BANK, AND | § | |
| TOM FLEMING | § | |

## DEFENDANT WELLS FARGO BANK'S
## MOTION AND BRIEF IN SUPPORT OF SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Defendant **Wells Fargo Bank (hereinafter referred to as "Bank")**, and files the following "Motion and Brief in Support of Summary Judgment" against Plaintiff John Roberts, and would respectfully show the Court as follows:

### I.

### Introduction

On or about May 30, 1997, the Plaintiff sued Defendant Bank by filing a pleading entitled "Petition for Damages - Breach of Contract and Fraud". The case was filed in the 138th Judicial District Court of Willacy County, and assigned Case No. 97-223. However, as a result of the Plaintiff filing for bankruptcy, the case was abated by court order in August 1997. Although the case was abated, the Plaintiff filed an additional pleading against Defendant Bank effective October 14, 1997; said pleading was entitled "Complaint - Writ of Error".

The case was reinstated in July 1999 whereupon the Defendant Bank filed its answer including a general denial and affirmative defenses listing accord and satisfaction, estoppel, statute of frauds, statute of limitations, waiver, renewal, and modification.

The Defendant Bank took the Plaintiff's deposition effective January 12, 2000; during the course of said deposition, Defendant Bank attached the following exhibits to the Plaintiff's deposition, and included said documentation as part of the record:

Exhibit "1A":    Second Amended Notice of Intention to take Oral and Videotaped Deposition with Subpoena Duces Tecum of Plaintiff John Roberts scheduled for January 12, 2000;

Exhibit "1B":    First Amended Notice of Intention to take Oral and Videotaped Deposition with Subpoena Duces Tecum of Plaintiff John Roberts scheduled for September 28, 1999;

Exhibit "1C":    Notice of Intention to take Oral and Videotaped Deposition with Subpoena Duces Tecum of Plaintiff John Roberts scheduled for Thursday, August 26, 1999;

Exhibit "2":    Real Estate Lien Note dated October 1, 1990 executed by John Roberts in favor of Payee Raymondville State Bank in the amount of One Hundred Thousand Five-Hundred Twenty-Three and 75/100ths Dollars ($100,523.75);

Exhibit "3":    Deed of Trust executed by John Roberts effective October 5, 1990 before notary public Michelle Olivarez and filed of record in the Official Records in Cameron County, Texas, Volume 1325, Pages 217-221;

Exhibit "4":    Homestead Designation executed by John Roberts and Thelma Roberts before notary public Michelle Olivarez effective October 5, 1990 and filed of record in the Official Records, Cameron County, Texas, Volume 1325, Pages 222-225;

Exhibit "5":        Loan Application dated October 1, 1990 executed by John Roberts;

Exhibit "6":        Disclaimer of Oral Agreements executed by John Roberts dated October 1, 1990;

Exhibit "7":        Commitment Letter executed by John Roberts dated October 10, 1990;

Exhibit "8":        Settlement Statement executed by John Roberts dated October 10, 1990;

Exhibit "9":        Extension Agreement executed by John Roberts dated September 13, 1991;

Exhibit "10":       Notice of Disclaimer of Oral Agreements executed by John Roberts dated September 26, 1991;

Exhibit "11":       Extension of Real Estate Note and Lien executed by John Roberts before notary public Frances Fitch dated September 26, 1991 and filed of record in the Official Records, Cameron County, Texas, Volume 1756, Pages 241-224;

Exhibit "12A":      Extension of Real Estate Note and Lien executed by John Roberts dated January 26, 1994 and filed of record in the Official Records, Cameron County, Texas, Volume 2753, Page 110-112 (photocopy of the original document in possession of Bank);

Exhibit "12B":      Certified Copy of Extension of Real Estate Note and Lien executed by John Roberts before notary public Elena Ramirez dated January 26, 1994 and filed of record in the Official Records, Cameron County, Texas, Volume 2753, Pages 110-112;

Exhibit "13":       First Valley Bank History Card and Loan History Records summarizing the accounting of loan from October 1990 through July 1998;

Exhibit "14":       John Roberts' payment history from November 1990 through December 1996;

| | |
|---|---|
| Exhibit "15": | Demand Letter dated September 22, 1997; |
| Exhibit "16": | Notice of Foreclosure correspondence dated October 30, 1997; |
| Exhibit "17": | Correspondence from John Roberts dated November 19, 1997 including the payment of One Hundred Thousand Columbian Pesos (the equivalent of Fifty Seven U.S. Dollars); |
| Exhibit "18A": | Extension of Real Estate Note and Lien executed by John Roberts before notary public Margaret Longoria dated September 16, 1991 filed of record in the Official Records Cameron County, Texas, Volume 1705, Pages 19-20; |
| Exhibit "18B": | Partial Release of Lien executed by John Nicholson on behalf of First Valley Bank and filed of record in the Official Records Cameron County, Texas, Volume 3172, Page 132; |
| Exhibit "19A": | Extension of Real Estate Note and Lien dated May 26, 1995 and filed of record in the Official Records of both Willacy County, and Cameron County, Texas; |
| Exhibit "19B": | Release of Lien executed by John Nicholson on behalf of First Valley Bank dated September 4, 1996 and filed of record in the Official Records Cameron County, Texas, Volume 4052, Pages 239-241; |
| Exhibit "20": | "Petition for Damages - Breach of Contract and Fraud" filed by John Roberts May 30, 1997 in the 138th Judicial District Court of Willacy County, Texas, Case No. 97-223. |

Defendant Bank filed its Motion for Summary Judgment effective June 15, 2000. The Plaintiff filed a response to said Motion for Summary Judgment effective July 31, 2000. Pursuant to the Texas Rules of Civil Procedure, no hearing was held and the Court considered the summary judgment motion and evidence under submission only; subsequent thereto, the 138th Judicial District Court of Willacy

County, Texas issued judgment in favor of Defendant Bank and against Plaintiff effective November 9, 2000.  A photocopy of said judgment is included in the attached Appendix as Exhibit "1" and incorporated by reference as if set forth herein.

The subject judgment was appealed to the Thirteenth Court of Appeals of the State of Texas; effective June 5, 2003, the Appellate Court affirmed the judgment of the district court; a photocopy of said "Memorandum Opinion" is included as Exhibit "2" in the attached Appendix and incorporated by reference as if set forth herein.  The Supreme Court of the State of Texas denied the motion for rehearing of the subject petition for review effective October 3, 2003; a photocopy of said denial is included as Exhibit "3" in the attached Appendix and incorporated by reference as if set forth herein.

## II.

### Summary Judgment Evidence

Defendant Bank incorporates by reference as if set forth herein an Appendix attached hereto which includes the following exhibits:

Exhibit "1":    Certified copy of "Judgment" dated November 9, 2000;

Exhibit "2":    Court of Appeals, Thirteenth District of Texas, "Memorandum Opinion" affirming judgment of the state district court;

Exhibit "3":    Supreme Court of Texas correspondence denying the motion for rehearing of the subject petition for review dated October 3, 2003;

Exhibit "4":    Plaintiff's "Petition for Damages - Breach of Contract and Fraud" filed May 30, 1997;

Exhibit "5":    Plaintiff's "Complaint - Writ of Error" filed October 14, 1997;

Exhibit "6":    Defendant First Valley Bank's "Motion for Summary Judgment" filed June 15, 2000 (without exhibits); and

Exhibit "7":    Affidavit of Defendant Bank's counsel of record.

## III.

## Brief in Support of the
## Defendant Bank's Motion for Summary Judgment

### A.    The Doctrine of Res Judicata or Claim Preclusion under Texas Law:

In U.S. v. Lockheed Martin Engineering, 336 F.3d 346, 357 (5th Cir. 2003), the Fifth Circuit provided an accurate analysis as to how federal courts should apply the doctrine of res judicata under Texas law. First, the Lockheed decision stated that when a federal court is asked to give claim preclusive effect to a state court judgment, the federal court must first determine the preclusiveness of the subject state court judgment according to the principles of claim preclusion of the state from which the judgment was rendered; and if a Texas state court rendered the judgment, the federal court is then bound to defer to the law of Texas on claim preclusion. Id., at 357. The Lockheed opinion, Id., at 357, went on to state as follows:

"In Texas, res judicata or claim preclusion prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit... For a judgment to have claim preclusive effect in a later action, the proponent must demonstrate the existence of three elements: (1) there was a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of the parties or those in privity with them exists between the two actions, and (3) the second action is based on the same claims as were raised or could have been raised in the first

action." Citing <u>Barr v. Resolution Trust Corp.</u>, 837 S.W.2d 627, 628 (Tex. 1992); and <u>Amstadt v. United States Brass Corp.</u>, 919 S.W.2d 644, 652 (Tex. 1996).

**B.    Application of Three Elements Necessary for Res Judicata:**

**Element No. 1**
**Prior final judgment on the merits by a court of competent jurisdiction.**

Attached hereto in the previously referenced Appendix and incorporated by reference as if set forth herein is the 138th Judicial District Court of Texas State Court "Judgment" and the accompanying appellate history upon which the Defendant Bank relies in demonstrating the first element necessary for "res judicata".

**Element No. 2**
**Identity of the parties or those in privity with them exists between the two actions.**

The parties in the underlying state cause of action and the existing cause of action are basically identical. The Plaintiff remains the same. Raymondville State Bank was incorporated into First Valley Bank, which subsequently merged with Norwest Bank and which subsequently merged and became Wells Fargo Bank. Thus, the existing Defendant Bank is the same entity and/or the successor entity in privity with the original Defendant Bank. Thus, the second element is satisfied.

**Element No. 3**
**The second action is based on the same claims as were raised or could have been raised in the first action.**

Any and all of the Plaintiff's claims against Defendant Bank arise from the same facts and issues that were presented in the previous state case of action:

(1)    Plaintiff executed a "Real Estate Lien Note" evidencing  a loan from Defendant Bank to the Plaintiff; said promissory note was renewed by Plaintiff on two subsequent occasions and filed of record in the Official Records of Cameron County, Texas;

(2)    Plaintiff granted a "deed of trust lien" on real estate owned by the Plaintiff as collateral for the subject promissory notes;

(3)    Plaintiff defaulted in the payment of the subject promissory notes;

(4)    Defendant Bank enforced its "deed of trust lien" as a result of the Plaintiff's default in payment; and

(5)    Plaintiff disputes the Defendant Bank's accounting of the promissory notes and the Defendant Bank's right to foreclose upon the collateralized real estate; Plaintiff alleges his constitutional "rights" have been violated.

Any and all claims centering around said allegations have either previously been raised or should have been raised in the prior state cause of action.  (Refer to Exhibit "4" and "5" attached hereto).

## IV.

## Conclusion

The pending Plaintiff's complaint against Defendant Bank is barred under the doctrine of "res judicata" or "claims preclusion".  Under Texas law, the Defendant Bank clearly satisfies all of the elements necessary for res judicata to apply; and there is no material issue of fact of the following:

(1)    the Defendant Bank received a judgment in its favor from a court of competent jurisdiction;

(2)    the parties to the underlying state cause of action are identical; and

(3)    the current complaint is based on the same claims and/or allegations as were previously raised in the underlying state cause of action or that could have been raised.

WHEREFORE PREMISES CONSIDERED, Defendant Bank respectfully requests that final summary judgment be granted in its favor and that this honorable court dispose of any and all issues and theories of recovery in favor of Defendant Bank and against Plaintiff, that the Plaintiff be responsible for his costs, and for any and all other relief to which Defendant Bank may be entitled.

DATED: May ___6___, 2004.

Respectfully submitted,

**ROLANDO OLVERA, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602
Telephone: (956) 982-4404
Telecopier: (956) 982-0943

By: _____
　　Rolando Olvera
　　State Bar of Texas No. 15278676
　　Federal I.D. No. 14673

**ATTORNEYS FOR DEFENDANT,**
**WELLS FARGO BANK.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **DEFENDANT WELLS FARGO**

**BANK'S MOTION AND BRIEF IN SUPPORT OF SUMMARY JUDGMENT** was served on May

_____ , 2004 in the manner(s) indicated below upon the following:

**PLAINTIFF, JOHN OCIE ROBERTS:**
John Ocie Roberts, *pro se*
P. O. Box 1167
La Feria, Texas  78559
*(CERTIFIED U. S. MAIL, R.R.R., #7002 2030 0007 1000 4642)*

Tom Fleming
FLEMING & HERNANDEZ, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, Texas  78521-1602
*(HAND-DELIVERY)*

**COUNSEL FOR DAN HUERTA:**
John A. Olson
CAMERON COUNTY COMMISSIONERS' COURT
CIVIL LEGAL DIVISION
964 East Harrison Street, Suite 420
Brownsville, Texas  78520
*(FIRST CLASS UNITED STATES MAIL)*

Rolando Olvera

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **JOHN OCIE ROBERTS** | § | |
| | § | |
| **VS.** | § | |
| | § | **CIVIL ACTION NO. B-04-002** |
| **WELLS FARGO BANK, FORMERLY** | § | |
| **FIRST VALLEY BANK, FORMERLY** | § | |
| **RAYMONDVILLE STATE BANK, AND** | § | |
| **TOM FLEMING** | § | |

## APPENDIX

## TABLE OF CONTENTS

**Exhibit No. 1:**    Certified copy of "Judgment" entered by the 138th Judicial District Court of the State of Texas effective November 9, 2000;

**Exhibit No. 2:**    "Memorandum Opinion" rendered by the Thirteenth Court of Appeals of the State of Texas effective June 5, 2003;

**Exhibit No. 3:**    Correspondence from the Supreme Court of Texas denying the motion for rehearing of the subject petition for review dated October 3, 2003;

**Exhibit No. 4:**    "Petition for Damages - Breach of Contract and Fraud" filed by Plaintiff John Ocie Roberts effective May 30, 1997;

**Exhibit No. 5:**    "Complaint - Writ of Error" filed by Plaintiff John Ocie Roberts effective October 14, 1997;

**Exhibit No. 6:**    Certified copy of "Defendant First Valley Bank's Motion for Summary Judgment" (without exhibits) filed June 15, 2000; and

**Exhibit No. 7:**    Affidavit of Defendant Wells Fargo Bank's attorney of record.

IN THE DISTRICT COURT
FOR THE STATE OF TEXAS
WILLACY COUNTY, TEXAS

| | | |
|---|---|---|
| JOHN ROBERTS, | § | |
| Plaintiff, | § | CASE NO. 97-223 |
| | § | |
| vs. | § | |
| | § | |
| FIRST VALLEY BANK, Formerly | § | |
| RAYMONDVILLE STATE BANK | § | 138th JUDICIAL DISTRICT COURT |
| and Does 1 through 20, | § | |
| Defendants | § | |

## JUDGMENT

Upon consideration of the two motions for summary judgment filed respectively by Defendants' First Valley Bank and J. Rolando Olvera, Jr., this Court held that summary judgment be granted in favor of Defendants against Plaintiff John Roberts.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that summary judgment is hereby granted in favor of Defendant First Valley Bank (formerly known as Raymondville State Bank and presently known as Wells Fargo Bank); summary judgment is also granted in favor of Defendant J. Rolando Olvera, Jr.; furthermore, Plaintiff John Roberts is hereby ordered to pay $35,000.00 in attorney fees to the Defendants with an additional $10,000.00 to be awarded to the Defendants upon each subsequent appeal which is not successful; Plaintiff John Roberts is to be held individually liable for said amounts. It is further ordered that Plaintiff John Roberts have and recover nothing against the Defendants; the Plaintiff's cause of action is hereby dismissed at the Plaintiff's cost.

**CERTIFIED COPY**

FILED
NOV - 9 2000

?ic. Vol. 18 pg. 908-909

SIGNED FOR ENTRY this _8_ day of _____, 2000.

_____
JUDGE PRESIDING

copies to:

J. Rolando Olvera, Jr.
FLEMING & OLVERA, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521

John Roberts
1726 North Commerce
Harlingen, Texas 78550

Judgment
(L:\SE\FORECLOS\ROBERTS\97-223\JUDGMENT.wpd)

**CERTIFIED COPY**

A TRUE COPY OF THE ORIGINAL
I CERTIFY, THIS _22_ DAY OF
_April_, 20_04_                Page 2 of 2

GILBERT LOZANO, DISTRICT CLERK
WILLACY COUNTY, TEXAS
BY _____ DEPUTY



**CHIEF JUSTICE**
ROGELIO VALDEZ

**JUSTICES**
FEDERICO HINOJOSA
LINDA REYNA YANEZ
NELDA V. RODRIGUEZ
ERRLINDA CASTILLO
DORI CONTRERAS GARZA

**CLERK**
CATHY WILBORN

# Court of Appeals

## Thirteenth District of Texas

NUECES COUNTY COURTHOUSE
901 LEOPARD, 10TH FLOOR
CORPUS CHRISTI, TEXAS 78401
361-888-0416 (TEL)
361-888-0794 (FAX)

HIDALGO COUNTY
ADMINISTRATION BLDG.
100 E. CANO, 5TH FLOOR
EDINBURG, TEXAS 78539
956-318-2405 (TEL.)
956-318-2403 (FAX)

*www.13thcoa.courts.state.tx.us*

June 5, 2003

TO ALL ATTORNEYS OF RECORD:

<div style="margin-left:40%;">

Re:    Cause No. 13-01-00207-CV
Tr.Ct.No. 97-223
JOHN ROBERTS
v.
FIRST VALLEY BANK, FORMERLY
KNOWN AS RAYMONDVILLE
STATE BANK AND NOW KNOWN
AS WELLS FARGO BANK, AND J.
ROLANDO OLVERA

</div>

Dear Attorneys:

The appellee's motion to strike appellant's brief in the above cause was this day DENIED by this Court.

The trial court's order in the above cause was this day AFFIRMED by this Court. Copies of the opinion and judgment are enclosed.

Very truly yours,

Cathy Wilborn, Clerk

CW:mdlg
Enclosure
cc:    Mr. John Roberts
Hon. Hugo Xavier De Los Santos
Hon. Luis R. Hernandez
Hon. Tom Fleming
138th District Court
Hon. Gilbert Lozano, District Clerk
Hon. Darrell Hester, Administrative Judge

COURT OF APPEALS

Thirteenth District

Corpus Christi, Texas

Below is the JUDGMENT in the numbered cause set out herein to be Filed and Entered in the Minutes of the Court of Appeals, Thirteenth District of Texas, at Corpus Christi, as of the 5th day of June, 2003. If this Judgment does not conform to the opinion handed down by the Court in this cause, any party may file a Motion for Correction of Judgment with the Clerk of this Court.

CAUSE NO. 13-01-00207-CV                          (Tr.Ct.No. 97-223)

JOHN ROBERTS,                                                  Appellant,

v.

FIRST VALLEY BANK, FORMERLY KNOWN AS, RAYMONDVILLE
STATE BANK, AND NOW KNOWN AS WELLS FARGO BANK,
AND J. ROLANDO OLVERA,                                    Appellees.

On appeal to this Court from Willacy County, Texas.

* * * * * * *

# JUDGMENT

On appeal from the 138th District Court of Willacy County, Texas, from an order signed January 19, 2001. Memorandum Opinion by Justice Federico G. Hinojosa.

THIS CAUSE was submitted to the Court on September 18, 2002, on oral argument, the record, and briefs. These having been examined and fully considered, it is the opinion of the Court that there was no error in the order of the court below, and said order is hereby AFFIRMED.

Costs of the appeal are adjudged against appellant, JOHN ROBERTS. It is further ordered that this decision be certified below for observance.

* * * * * *

CATHY WILBORN, CLERK



### NUMBER 13-01-00207-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

**JOHN ROBERTS,**                                      **Appellant,**

**v.**

**FIRST VALLEY BANK,**
**FORMERLY KNOWN AS**
**RAYMONDVILLE STATE BANK**
**AND NOW KNOWN AS**
**WELLS FARGO BANK,**
**AND J. ROLANDO OLVERA**                          **Appellees.**

---

On appeal from the 138th District Court of Willacy County, Texas.

---

## MEMORANDUM OPINION

## Before Justices Hinojosa, Rodriguez, and Dorsey[1]
## Opinion by Justice Hinojosa

Appellant, John Roberts, appeals from the trial court's order granting the motions for summary judgment of appellees, First Valley Bank, formerly known as Raymondville State Bank and now known as Wells Fargo Bank ("Bank") and J. Rolando Olvera,[2] the Bank's attorney. Appellant sued appellees for breach of an oral contract and fraud. The Bank and Olvera separately moved for summary judgment, and the trial court granted both motions on unspecified grounds. Appellant presents five issues for our review. We affirm.

As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here.

### A. SUMMARY JUDGMENT

In his first issue, appellant contends the trial court erred in granting appellees' motions for summary judgment because (1) the motions fail to state specific grounds and (2) there exist genuine issues of material fact.

We review the trial court's grant of a traditional motion for summary judgment de novo. *See Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994); *Alejandro v. Bell*, 84 S.W.3d 383, 390 (Tex. App.–Corpus Christi 2002, no pet.). In reviewing a summary judgment, we must determine whether the summary judgment proof establishes as a

---

[1] Retired Justice J. Bonner Dorsey, who concluded his term of office on December 31, 2002, was assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998) to "complete the adjudication of any and all causes assigned to a panel of which [he was] a member" prior to his retirement.

[2] In his petition, appellant named First Valley Bank, formerly known as Raymondville State Bank, as defendant. Although appellee J. Rolando Olvera was never named as a defendant, he was served with citation. In response to the citation, Olvera filed an answer to the petition, made an appearance, and sought affirmative relief from the trial court.

matter of law that there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of action or whether the defendant has established all elements of his affirmative defense. *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001); *Alejandro*, 84 S.W.3d at 390. In deciding whether there is a genuine issue of material fact, evidence favorable to the nonmovant will be taken as true, and all reasonable inferences made, and all doubts resolved, in his favor. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). A defendant moving for summary judgment on an affirmative defense has the burden to conclusively establish that defense. *Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 530 (Tex. 1997). The nonmovant has no burden to respond to a traditional motion for summary judgment, unless the movant conclusively establishes its cause of action or defense. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000).

When, as in this case, a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, the appellate court will affirm a summary judgment if any of the theories advanced in the motion are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *Boren v. Bullen*, 972 S.W.2d 863, 865 (Tex. App.–Corpus Christi 1998, no pet.).

### 1. *Breach of Oral Contract*

In his petition, appellant asserted that appellees had breached an oral agreement (1) by failing or refusing to perform in good faith their promise to loan him the sum of $100,523.75, and (2) by buying and selling the property through foreclosure. On appeal, appellant contends that since the Bank is unable to produce the original note, an issue of

3

fact exists regarding whether he signed the original note.

Appellees each moved for summary judgment based on the statute of frauds. The statute of frauds precludes enforcement of an oral loan agreement where the amount involved exceeds $50,000.00. TEX. BUS. & COM. CODE ANN. § 26.02(b) (Vernon 2002); *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 137-38 (Tex. App.–Corpus Christi 2001, no pet.). Further, a duly executed loan agreement of an amount exceeding $50,000.00 "may not be varied by any oral agreements or discussions that occur before or contemporaneously with the execution of the agreement." TEX. BUS. & COM. CODE ANN. § 26.02(d) (Vernon 2002). In light of these statutes and the "Disclaimer of Oral Agreements" executed by the parties, we conclude appellees have established as a matter of law that appellant's claim for breach of an oral contract is barred by the statute of frauds.

Appellant's contention that the Bank's inability to produce the original note raises an issue of fact regarding the existence of the loan ignores the rule in Texas that where renewal notes or extensions are involved, the holder may sue either on the renewal note or on the original note. *Thompson v. Chrysler First Bus. Credit Corp.*, 840 S.W.2d 25, 29 (Tex. App.–Dallas 1992, no writ); *Villarreal v. Laredo Nat'l Bank*, 677 S.W.2d 600, 607 (Tex. App.–San Antonio 1984, writ ref'd n.r.e.). Here, the Bank is seeking to enforce the second renewal and extension of lien note, which is in the Bank's possession. This renewal instrument was duly executed by appellant, acknowledged, and recorded. Accordingly, we conclude there exists no issue of material fact.

Thus, the trial court did not err in granting appellees' motions for summary judgment as to appellant's claim for breach of an oral contract.

2. *Fraud*

4

Appellant also alleges that appellees made a misrepresentation when they told him they would give him a loan after he executed the note and deed of trust. Appellant asserts that appellees had no intention of making the loan.

Fraud in a transaction involving real estate is statutorily defined as a false representation of a material fact, made to a person for the purpose of inducing that person to enter into a contract, and relied on by that person in entering into the contract. TEX. BUS. & COM. CODE ANN. § 27.01(a)(1)(A)-(B) (Vernon 2002).

Appellees each moved for summary judgment based on the statute of frauds. When fraud claims arise out of an alleged oral contract which is unenforceable under the statute of frauds, the statute of frauds bars the fraud claims as well as the contract claims. *Weakly v. East*, 900 S.W.2d 755, 758 (Tex. App.–Corpus Christi 1995, writ denied); *see Haase v. Glazner*, 62 S.W.3d 795, 799 (Tex. 2001).

Additionally, appellees asserted that appellant's fraud claim had no basis in law or fact. Specifically, appellees contended that appellant failed to present any meritorious misrepresentation made by appellees and failed to present any facts constituting reliance upon any alleged misrepresentation. As evidence thereof, appellees presented excerpts from appellant's deposition wherein appellant stated that "there was no verbal, per se, misrepresentation. It's the whole project of not revealing and advertising they're loaning money."

Because the statute of frauds precludes any alleged fraud claims arising from an unenforceable oral contract and appellant has failed to present any meritorious misrepresentations, we conclude there exists no issue of material fact. Therefore, the trial court did not err in granting appellees' motions for summary judgment as to appellant's

fraud claim.

Appellant's first issue is overruled.

## B. ACCOUNTING

In his fourth issue, appellant contends the trial court erred in granting appellees' motions for summary judgment because the Bank had a duty to provide him with an accounting of any and all transactions.

Although appellant did not ask for an accounting in his petition, his responses to appellees' motions for summary judgment assert that he was never provided an accounting of the loan and payment history. Accordingly, we conclude that appellant's claim for an accounting was before the trial court at the time it granted summary judgment in favor of appellees. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993) (issues avoiding summary judgment must be expressly presented to trial court by written answer or motion); *see also In re B.I.V.*, 870 S.W.2d 12, 13 (Tex. 1994) (summary judgment should not be based on pleading deficiency that could be cured by amendment).

Appellees' summary judgment evidence included the affidavit of Logan Manatt,[3] verifying Exhibits 13, 14, and 14A. These three exhibits, first produced at appellant's deposition, included the computerized loan and payment history of the subject real estate lien note, together with Manatt's explanations and summary of the data. After reviewing this evidence, we conclude that the Bank provided appellant with an accounting of the relevant transactions. Appellant's fourth issue is overruled.

In light of our disposition of appellant's first and fourth issues, it is unnecessary to

---

[3] Logan Manatt was the officer in charge of the Bank's special assets during the relevant time period.

6

address his remaining issues.  *See* TEX. R. APP. P. 47.1.

We affirm the trial court's order granting appellees' motions for summary judgment.


FEDERICO G. HINOJOSA
Justice


Opinion delivered and filed this the
5th day of June, 2003.

7



**THE SUPREME COURT OF TEXAS**
**Post Office Box 12248**
**Austin, Texas 78711**

(512) 463-1312

December 05, 2003

Mr. John Ocie Roberts                    Mr. Tom Fleming
P.O. Box 1167                            Fleming & Hernandez, P.C.
La Feria, TX 78559                       1650 Paredes Line Rd., Suite 102
                                         Brownsville, TX 78521-1602

RE:    Case Number: 03-0756
       Court of Appeals Number: 13-01-00207-CV
       Trial Court Number: 97-223

Style:  JOHN OCIE ROBERTS
        v.
        FIRST VALLEY BANK, FORMALLY RAYMONDVILLE STATE BANK AND J.
        ROLANDO OLVERA

Dear Counsel:

       Today, the Supreme Court of Texas denied the motion for rehearing of the above styled petition for review.

                         Sincerely,

                         *Andrew Weber*

                         Andrew Weber, Clerk

                         by Nancy J. Vega, Chief Deputy Clerk

cc:   Mr. S.V. "Chago" Fonseca
      Ms. Cathy Wilborn

IN THE DISTRICT COURT
FOR THE STATE OF TEXAS
WILLACY COUNTY, TEXAS

John Roberts,     Plaintiff,

vs.

FIRST VALLEY BANK,
Formally, RAYMONDVILLE STATE
BANK,
und Does 1 through 20,
                    Defendant.

Case No. 97-223

138th District
Court

## PETITION FOR DAMAGES--BREACH OF CONTRACT AND FRAUD

COMES NOW Plaintiff John Roberts, in his own proper person and alleges

### 1. FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

1.     Plaintiff is and all times mentioned herein is a natural man who is a citizen and national of Texas, dwelling in Cameron County, Texas.

2     Defendant is and at all times mentioned herein, a national banking association doing business in Willacy County, Texas

3.     The obligation sued upon herein was obtained by Defendants, to defraud Plaintiff for the specific purpose of depriving Plaintiff of his property

4.     The true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as Does 1 through 20, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will amend this petition to show the true names and capacities of said Defendants when the same is ascertained. Plaintiff is informed and believes and

1

FILED
MAY 30 1997
8:15am
S.V. [?] Fonseca, Dist. Clerk, W[?]
By [?]

thereupon alleges that each of the fictitiously named defendants is responsible in law and in fact for the obligations set forth herein

5.      Plaintiff is informed and believes, and thereon alleges that Defendants and each of them, are, and at all times herein mentioned were the officer, agent, servant or employee of each of the other defendants, and in doing the things herein alleged, was acting within the scope and course of said agency or employment.

6.      The contract upon which this action is based was made and was to be performed in Cameron County, Texas.

7.      On or about September 10, 1990, Plaintiff made a written application for a loan from Defendant FIRST VALLEY BANK, formally RAYMONDVILLE STATE BANK.

8.      On or about October 1, 1990, Plaintiff and Defendant entered into an oral agreement whereby Defendant agreed to loan Plaintiff the sum of $100,523.75

9.      The obligation of the repayment of U.S. $100 523 75 plus interest was to be performed by Plaintiff for the loan of the sum of U.S. $100,523.75 as good and lawful consideration.

10      In accordance with the terms and conditions of the contract, Plaintiff made and gave a "Note" and "Deed of Trust" to Defendant, and each of them.

11      Plaintiff has performed all of the promises, covenants, and obligations in accordance with the terms and conditions of the contract, except those obligations Plaintiff was prevented or excused from performing.

2

12.     Defendants, and each of them, breached their oral agreement with Plaintiff by failing or refusing to perform in good faith their promise to loan the aforementioned sum of $100,523.75 and by buying and selling Plaintiff's property in foreclosure.

13.     As a result of the breach of the Defendants, and each of them, in the obligation pursuant to the oral contract, the consideration failed and therefore the Plaintiff's obligation under the contract is void or voidable.

14      Defendant, and each of them, have therefore breached their oral contract with Plaintiff, who is damaged thereby in the sum of the $100,523.75 note amount, plus the 153,041.04 of principal and interest communicated after the due date according to proof.

## 2. SECOND CAUSE OF ACTION FOR FRAUD

15.     Plaintiff realleges and incorporates by reference each and every allegation contained in paragraph one through thirteen above.

16      On or about October 1, 1990 at Raymondville Texas, Defendants. and each of them, represented to Plaintiff that they would make a "LOAN" to Plaintiff, after Plaintiff signed the "NOTE" with a "DEED OF TRUST" to secure the mortgage loan of U.S. $100,523.75. These representations were in fact false and Defendants knew the falsity of these statements.

3

17.    Plaintiff is informed and believes, and thereon alleges that Defendants, and each of them, had no intention to make a loan of its legal tender or other depositor's money as represented by Defendants.

18.    When Defendants, and each of them, made representations, they knew the representations were false, or had no reasonable grounds for believing the representations were true. Plaintiff relied on the representations of Defendants, and each of them, and would not have made the "NOTE" and "DEED OF TRUST" otherwise

19    Defendants, and each of them, made representations with intent to defraud, and induced Plaintiff to act upon representations made by Defendants, and place Plaintiff's signature upon a "DEED OF TRUST" for a mortgage loan by promising a loan to Plaintiff.    At the time Plaintiff acted, Plaintiff did not know the representations were false and believed they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

20.    Defendants, and each of them, concealed or suppressed material facts which Defendant was bound to disclose, by making false representations to mislead Plaintiff and prevent Plaintiff from discovering the concealed or suppressed facts.

21.    Defendants, and each of them, concealed or suppressed these facts with intent to defraud and induce Plaintiff to act upon representations made by Defendants and make a "DEED OF TRUST" (Lien) to cloud the title of Plaintiff's property in, Cameron County, Texas and described as follows:

(SEE ATTACHMENT "A" for legal description of property)

4

22.    At the time Plaintiff made the aforesaid "NOTE" and "DEED OF TRUST", Plaintiff was unaware of the concealed or suppressed facts and would not have performed these acts if Plaintiff had known the facts.

23.    Defendants, and each of them, made a promise about a material matter to loan the sum of $100,523.75 of its money, without any intention of performing it, with intent to defraud and induce Plaintiff to rely upon it and act upon the performance of the obligation by making a promise to pay U.S. $100,523.75 plus interest in return for a loan. At the time Plaintiff made the aforesaid "NOTE" and "DEED OF TRUST", Plaintiff was unaware of Defendant's intention not to perform the promised loan. Plaintiff acted in justifiable reliance upon said promise.

24.    In justifiable reliance upon Defendants' conduct, Plaintiff was induced to act upon material facts that were not true. Plaintiff acted upon said facts and suffered financial hardship.

25.    Because of Plaintiff's reliance upon Defendants' conduct, Plaintiff has been damaged by the financial loss suffered, loss of reputation, and the inability to enjoy a decent living without use of said financial assets. For said acts, Plaintiff seeks compensatory damages in the amount of four-hundred two thousand and ninty-five (402,095.00) and punitive damages of one-million five thousand, two-hundred and thirty-seven (1,005,237.50) so that Defendants, and each of them, will not engage in such fraudulent conduct in the future.

WHEREFORE Plaintiff PRAYS for judgement against Defendants, and each of them, of:

5

1.    The sum of 100,523.75 for the value of the note;

2.    The sum of 402,095.00 plus 153,041.04 for Defendant's fraud;

3.    The sum of 1,005,237.50 for punitive damages;

4.    The cost of this action, and reasonable expenses.

5.    The redemption of lien against Plaintiff's property;

7.    Such other and further relief as this Honorable Court may deem just and proper.

The Plaintiff affirms under penalty of perjury of the laws of the State of Texas that the foregoing is true and correct in substance and in fact.

Respectfully,

*John Roberts*

John Roberts, Plaintiff
1726 N. Commerce
Harlingen, Texas [78550]

A TRUE COPY OF THE ORIGINAL
I CERTIFY THIS ___2nd___ DAY OF
___June___, 19__97__

S.V. "CHAGO" FONSECA, District clerk
WILLACY COUNTY TEXAS
by ___Diana Castillo___ Deputy

6

## EXHIBIT "A"

**TRACT 1:** The West six and 22/100 (W. 6.22) acres of the East Twenty-one and 224/1000 (E. 21.224) acres of Block One (1), in Orange Grove Park Subdivision, La Feria Grant, Cameron County, Texas, according to the map or plat of said subdivision recorded in Volume 4, Page 11, of the Map Records of Cameron County, Texas, and further described as follows:

COMMENCING at a point in the North line of U.S. Highway "83" Business and the south line of the Missouri-Pacific Railway right of way, said point being the Northeast corner of Block 1, ORANGE GROVE PARK SUBDIVISION, as shown on map thereof, recorded in Volume 4, Page 11, of the Map Records, Cameron County, Texas;

THENCE, along the north line of said U.S. Highway "83" with the South line of the Missouri-Pacific right of way, and the north line of said Block 1, South 71° 31' West, a distance of 585.78 feet to the point of beginning of the parcel herein described;

THENCE, Parallel with the east line of said Block 1, South 01° 27' East, a distance of 62.75 feet to a point in the South right of way line of said Business "83", and continuing, South 01° 27' East, a distance of 1014.98 feet, for a total distance of 1077.73 feet to a point in the south line of said Block 1, lying on the approximate south bank of a drain ditch;

THENCE, along the south line of said Block 1, South 89° 00' West, a distance of 261.37 feet to a point;

THENCE, parallel with the east line of said Block One (1), North 01° 27' West, a distance of 932.85 feet to a point in the south line of said Business "83" right of way, and continuing, North 01° 27' West, a distance of 62.75 feet for a total distance of 995.60 feet to a point in the North line of said Block 1, being the north line of said Highway "83" right of way, and the South line of the Missouri Pacific Railroad right of way;

THENCE, along the north line of said Block 1, with the north line of said Highway right of way and the South line of said Missouri Pacific right of way, North 71° 31' East, a distance of 273.35 feet to the POINT OF BEGINNING.

**TRACT 2:** An 8,750.00 square foot tract of land, being the Easterly 50.0 feet of Lots Numbers Twelve (12), Thirteen (13), Fourteen (14) and the Easterly 50 feet of the Northerly 1/2 of Lot Number Eleven (11), Block Number Sixteen (16), THIRD ADDITION to the City of San Benito, Cameron County, Texas, according to the map recorded in Volume 2, Page 5, of the Map Records of Cameron County, Texas, more fully described as follows:

Having a point of beginning at the intersection of Texas State Highway Loop 448 and Westerly right of way line of Austin Street and THENCE South 30 degrees 43 minutes West, 175.0 feet, along with the Westerly right of way line of Austin Street to a point;

THENCE, North 59 degrees 17 minutes West, 50.0 feet to a point;

THENCE, North 30 degrees 43 minutes East, 175.0 feet to a point on the Southerly right of way line of said Texas State Highway Loop 448;

THENCE, along with the Southerly right of way line of Texas State Highway Loop 448, South 59 degrees 17 minutes East, 50.0 feet to the POINT OF BEGINNING of the tract herein described.

**CLERK OF THE COURT**

S. V. "CHAGO" FONSECA      Name
WILLACY COUNTY COURTHOUSE, 2ND FLOOR      Address
RAYMONDVILLE           TX    78580

**XXXXXXXXXXXFOR  PLAINTIFF OR PLAINTIFF**

JOHN ROBERTS, PRO SE      Name
1726 N. COMMERCE      Address
HARLINGEN           TX    78550

# CITATION

**THE STATE OF TEXAS**

**NOTICE TO THE DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served, this citation and petition, a default judgement may be taken against you."

TO  Logan B. Manatt, First Valley Bank, Los Fresnos, Texas

_____ Defendant, Greeting:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition For Damages—Breach of Contract and Fraud _____ Petition at or before ten o'clock A.M. of the

Monday next after the expiration of twenty days after the date of service of this citation before the Honorable

138th District _____ Court of Willacy County, Texas at the

Court House of said County in Raymondville _____ Texas. Said Petition was

filed on the 30th day of May A.D. 19 97 in this case, numbered 97-223

on the docket of said court, and styled,

John Roberts _____ Plaintiff.

VS. First Valley Bank, Formally Raymondville State Bank and Does 1 through 20 Defendant,

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's _____ Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at office, this the 2nd day of June , 19 97

S. V. "CHAGO" FONSECA

138th District Clerk of Willacy County, Texas

By _____ Deputy.

**OFFICER'S RETURN**

Came to hand on the 3rd day of June 19 97 at 2:00 o'clock P M.

Executed at 203 N. Harris Lane, within the County of Cameron at 1:50 o'clock P M.

on the 20th day of June , 19 97 by delivering to the within named

Logan B. Manatt _____ each, in person,

a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving this citation.................................. $35⁰⁰

| Sheriff Account |
| No. |

To certify which witness my hand officially.

A-FAST CIVIL
PROCESS & NOTARY
SERVICE

| For Clerk's Use |
| Taxed |
| Return recorded |

SWORN TO AND SUBSCRIBED BEFORE ME on this ___ day of _____

_____ of Cameron County, Texas

By _____

DEFENDANT'S COPY

 

138th constitutional judicial district
Court for Willacy county, state of Texas
Incorporation Case 97-223

| | | |
|---|---|---|
| John Roberts | ) | **COMPLAINT** |
| | ) | **"WRIT OF ERROR"** |
| PETITIONER | ) | **VIOLATION OF DUE PROCESS** |
| | ) | **NOTICE: UNDER F.R.C.P. RULE 38(a).** |
| | ) | UNDER A 7TH AMENDMENT COMMON LAW TRIAL BY JURY, |
| | ) | INCORPORATED CASE# 97-223 IS UNDER THE JURISDICTION |
| | ) | OF THE AMERICAN "FLAG OF PEACE" TITLE 4 u.S.C. 1, OF |
| AGAINST | ) | THE united STATES OF AMERICA. NO JURISDICTION OF |
| | ) | "ADMIRALTY OR MARITIME" WILL BE ALLOWED IN THE |
| Tom Fleming | ) | JURISDICTION OF INCORPORATED CASE UNDER U.S. ARMY |
| J.Rolando Olvera Jr. | ) | REGULATION 840-10 CH 2-1 (a,b) AND CH. 2-5 (a,b,c) LAW OF |
| LeAnn Hewitt | ) | THE FLAG. |
| Luis R. Hernandez | ) | |
| Logan B. Manatt | ) | **SUING DAMAGES** |
| | ) | **DEMAND FOR TRIAL BY JURY** |
| RESPONDENTS | ) | **John Roberts, PETITIONER IS MOVING PARTY** |
| | ) | |

## COMPLAINT - "WRIT OF ERROR"

NOTICE: RESPONSIBILITY DISCLAIMER UNDER U.C.C. 3-501: UNDER F.R.C.P. RULE 39(a) , THE CASE TITLED ABOVE IS UNDER THE TITLE 4 U.S.C. 1 AMERICAN FLAG OF PEACE, OF THE united STATES OF AMERICA, UNDER PRESIDENTIAL ORDER 10834. NO TITLES OF NOBILITY UNDER ANY FOREIGN FLAG JURISDICTION AND IN BREACH OF ARTICLE (I), SECTION (9), OF THE CONSTITUTION OF THE united STATES OF AMERICA, WILL BE ALLOWED IN THE JURISDICTION OF INCORPORATED CASE. BREACH OF CONTRACT WILL CAUSE SANCTIONS UNDER F.R.C.P. RULE 16(f). WHEN THE CONSTITUTION OF THE united STATES OF AMERICA IS BEING SURRENDERED UNDER A FOREIGN POWER CAUSING BREACH OF CONTRACT , OF OATH AND AFFIRMATION, OF THE CONSTITUTION OF THE united STATES OF AMERICA, THE CHARGES FOR PERJURY OF OATH, TITLE 18 U.S.C. 1621, CONSTRUCTIVE TREASON, AND CONTEMPT FOR THE CONSTITUTION OF THE united STATES OF AMERICA, AND FALSE SWEARING WILL BE BROUGHT AGAINST THE OFFICER OF THE COURT RESPONSIBLE. John Roberts STATES, "I AM A CITIZEN OF THE REPUBLIC OF TEXAS AND AM UNDER THE FLAG OF MY COUNTRY." John Roberts RESERVES AND IS CLAIMING ALL CONSTITUTIONAL RIGHTS OF THE FLAG OF MY COUNTRY AND THE PEACE FLAG OF THE united STAES OF AMERICA. John Roberts IS UNDER THE SOVEREIGN NATIONS ACT AND IS AN AMBASSADOR OF THE Republic of Texas AND THE united STATES OF AMERICA UNDER THE PEACE FLAG ENFORCEMENT OF THE TREATY OF 'FOREIGN SOVEREIGN IMMUNITIES ACT' TITLE 28 u.S.C. 1605 OF OCTOBER 21, 1976 WILL BE UPHELD BY INCORPORATED CASE ABOVE.

COMPLAIN T/ WRIT OF ERROR                                                           PAGE --- 1 ---



FILED
OCT 1 4 1997
S.N. "Chat" Fonseca, Dist. Clerk, Willacy Co.
By _____ Deputy

PRESERVING CONS    TIONAL RIGHTS AND PRIVILEC   . RESPONDENTS HAVING KNOWLEDGE OF THE LAW AND NEGLECTING OF STOPPING AND CORRECTING A WRONG, OF PERJURING    OATHS OF OFFICE AND CONSTRUCTIVE TREASON AGAINST THE  united STATES CONSTITUTION AND TXC.  RESPONDENTS ACTS GIVING RISE OF ACTION UNDER TITLE 42 u.S.C. 1986. RESPONDENTS HAVING KNOWLEDGE OF THE LAW AND RESPONDENTS NEGLECT  OF STOPPING AND CORRECTING A WRONG AND PERJURING OATHS UNDER TITLE 18 u.S.C 1621.  RESPONDENT OFFICERS AND AGENTS OF THE STATE SWEARING DEFENSE AND PROTECTION OF John Roberts, PETITIONER A CITIZEN IN PARTY IN THE STATE.  RESPONDENTS, BY WANT OF CARE VIOLATING  OATHS OF OFFICE, AND RESPONDENTS BEING ENRICHED (GET WAGES) BY THE STATE WHILE  NEGLECTING  PROTECTING John Roberts, PETITIONER'S u.S. CONSTITUTIONAL RIGHTS. John Roberts, PETITIONER IS BEING INJURED BY RESPONDENTS TOM FLEMING, LEANN HEWITT, LOGAN B MANATT, LUIS R. HERNANDEZ, AND J. ROLANDO OLVERA, JR.

7. John Roberts, PETITIONER STATES: WITHOUT DUE PROCESS AND DUE COURSE OF LAW UNDER THE 5TH AND 14TH A u.S.C., AND ART. 1 SEC 1 AND 19 TXC, John Roberts, PETITIONER IS BEING INJURED BY RESPONDENTS NEGLECTING DUE PROCESS AND DUE COURSE.    RESPONDENTS BY NEGLECTING HONOR, NEGLECTING UPHOLDING AND NEGLECTING OBEYING CONSTITUTIONAL RESTRICTIONS ON THE STATE UNDER united STATES CONSTITUTION ART. 1 SEC. 8 AND 10, TXC ART 1 SEC 1, 16, 28, 29, AND RESPONDENTS BY NEGLECTING AND FAILING OF PRESERVING RIGHTS OF CITIZEN IN PARTY, John Roberts, UNDER THE CONSTITUTION OF THE united STATES OF AMERICA.  RESPONDENTS BEING GUILTY OF PERJURING THEIR OATHS OF OFFICE BY NEGLECT OF DEFENDING AND UPHOLDING CONSTITUTIONS OF TEXAS AND THE united STATES; OF NEGLECT OF OBEDIENCE AND HONOR OF THEIR OATHS OF OFFICE. RESPONDENTS TOM FLEMING, LEANN HEWITT, LOGAN B. MANATT, LUIS R. HERNANDEZ, AND J. ROLANDO OLVERA, JR.    ARE ACTING AND HOLDING FIDICUARY RESPONSIBILTIES IN AND FOR THE STATE IN AN INSTRUMENTALITY OF THE STATE; IN THAT POSITION,   RESPONDENTS BY SPECIFIC INTENT AND FOREKNOWLEDGE ARE DEPRIVING John Roberts OF PETITIONER'S RIGHTS UNDER COLOR OF LAW AND COLOR OF OFFICE, SAME BEING IN TEXAS LAW OFFICIAL OPPRESSION; RESPONDENTS BY WANT OF CARE ARE DEPRIVING John Roberts. PETITIONER OF CONSTITUTIONAL RIGHTS AND THROUGH NEGLECT AND FAILURE OF CORRECTING A WRONG ARE GUILTY OF LARCENY BY FRAUD AND DECEPTION.  ACTS OF RESPONDENTS ARE INJURING John Roberts, PETITIONER.

8 John Roberts, PETITIONER STATES: WITHOUT DUE PROCESS AND DUE COURSE, UNDER THE 5TH AND 14TH A.u.S.C., AND ART. 1 SEC 1 AND 19 TXC, John Roberts, PETITIONER IS BEING DENIED DUE PROCESS AND DUE COURSE John Roberts, PETITIONER JOINING AND NAMING RESPONDENTS, OFFICERS AND AGENTS, IN THE EVENT OF CONTINUED VIOLATIONS, OF RIGHTS, OF John Roberts, UNDER LAW AND CONSTITIUTIONS.  ACTIONS OF RESPONDENTS IN

DENYING AND VIOL...ING EXCEPTED RIGHTS OF STATE OF TEXAS GOVERNMENT AND AGENTS IN ART 1 SEC 1, 16, 19, 28, 29 AND 30 TXC AND INJURING John Roberts, PETITIONER, John Roberts AND DEPRIVING John Roberts, PETITIONER OF RIGHTS UNDER COLOR OF LAW AND COLOR OF GOVERNMENT OFFICE.

9. John Roberts, PETITIONER STATES: WITHOUT DUE PROCESS AND DUE COURSE OF LAW UNDER THE 5TH AND 14TH A.u.S.C., AND ART 1 SEC 19 AND 28 TXC, John Roberts, PETITIONER IS BEING DENIED DUE PROCESS AND DUE COURSE RESPONDENTS BY DENYING John Roberts, PETITIONER DUE PROCESS AND DUE COURSE BRINGS ACTIONS OF: OBSTRUCTING JUSTICE, TITLE 18 u.S.C 1512, RIGHT OF WITNESSES AND EVIDENCE WITHOUT BEING INTIMIDATED]; FAILING AND NEGLECTING OF PERFORMING  DELEGATED DUTIES OF OFFICE AND OATH OF OFFICE; FAILURE OF OBEYING THE RULES (PROCEDURES) OF COURT, CAUSING HARM AND INJURY OF John Roberts, PETITIONER JOHN ROBERTS

10 John Roberts, PETITIONER STATES: WITHOUT DUE PROCESS AND DUE COURSE OF LAW UNDER THE 5TH AND 14TH A.u.S.C., AND ART 1 SEC 1 AND 19 TXC; John Roberts, PETITIONER IS BEING INJURED. UNDER THE NEGLECT OF DUE PROCESS AND DUE COURSE, John Roberts, PETITIONER IS ACCUSING RESPONDENT OFFICERS AND AGENTS OF THE STATE OF PERJURING OATHS OF OFFICE AND CONSTRUCTIVE TREASON AGAINST THE united STATES CONSTITUTION AND TXC IN AND FOR: RESPONDENTS VIOLATING CONSTITUTIONAL AND PROTECTED RIGHTS OF John Roberts, AND RESPONDENTS TOM FLEMING, LEANN HEWITT, LOGAN B. MANATT, LUIS R. HERNANDEZ, AND J. ROLANDO OLVERA, JR.  REMAINING QUIET, GIVING SILENT ASSENT, WHILE AN INNOCENT John Roberts, PETITIONER'S CONSTITUTIONAL AND LAWFUL RIGHTS ARE BEING DENIED AND DEPRIVED OF John Roberts, PETITIONER, GIVING CAUSE OF ACTION, TITLE 18 u.S.C. 4, MISPRISION OF A FELONY. RESPONDENTS HAVING KNOWLEDGE OF THE ACTUAL COMMISSION OF A FELONY COGNIZABLE BY A COURT OF THE united STATES, AND BY RESPONDENTS CONCEALING AND NOT MAKING KNOWN THE SAME OF SOME JUDGE / OTHER PARTY IN CIVIL / MILITARY AUTHORITY UNDER THE united STATES, SAID RESPONDENTS SHALL BE FINED UNDER TITLE 18 uS.C. 4 AND  IMPRISONED NOT MORE THAN THREE YEARS / BOTH.  John Roberts, PETITIONER WAS INJURED BY RESPONDENTS (NOTE APPLIES FOR ALL OFFICERS AND AGENTS OF THE STATE WHO HAVING KNOWLEDGE OF THE WRONGS COMMITTED IN VIOLATION OF u.S. CONSTITUTIONAL RIGHTS.) NOTE: DEF. COGNIZABLE = CAPABLE OF BEING TRIED AND EXAMINED BEFORE A DESIGNATED TRIBUNAL.

11. PLAINTIFF STATES: John Roberts, PETITIONER STATES: WITHOUT DUE PROCESS AND DUE COURSE OF LAW UNDER THE 5TH AND 14TH A.u.S.C., AND ART 1 SEC 1 AND 19 TXC John Roberts, PETITIONER WAS INJURED BY RESPONDENTS NEGLECTING  DUE PROCESS AND DUE COURSE RESPONDENTS FAILING AND NEGLECTING OBEDIENCE OF united STATES

CONSTITUTION ART. 1 SEC. 8 AND 10 AND constitution FOR THE State of Texas ART 1 SEC 28. John Roberts, PETITIONER IS ACCUSING RESPONDENTS OF PERJURING OATHS OF OFFICE AND CONSTRUCTIVE TREASON AGAINST THE U.S. CONSTITUTION IN AND FOR: TITLE 42 U.S.C. 1985(2) RESPONDENTS ARE OBSTRUCTING JUSTICE, INTIMIDATING CITIZEN IN PARTY John Roberts. RESPONDENTS OF TEXAS STATE BY CONSPIRING FOR DETERING, BY FORCE, BY INTIMIDATION, AND BY THREATENING, John Roberts, PETITIONER, IN ANY COURT OF THE united STATES FOR ATTENDING SUCH WITNESS IN ANY COURT AND FOR TESTIFYING OF ANY MATTER PENDING THEREIN, FREE, FULL, AND TRUTHFUL, AND BY RESPONDENTS INJURING John Roberts, PETITIONER'S PROPERTY, ON ACCOUNT OF John Roberts, PETITIONER HAVING SO ATTENDED AND TESTIFIED, AND RESPONDENTS BY INFLUENCING THE VERDICT PRESENTMENT, / INDICTMENT OF ANY GRAND / PETIT JUROR IN ANY SUCH COURT, BY INJURING SUCH JUROR John Roberts, PETITIONER'S SELF AND PROPERTY ON ACCOUNT OF ANY VERDICT, PRESENTMENT, / INDICTMENT LAWFULLY ASSENTED OF BY John Roberts, PETITIONER John Roberts, PETITIONER BEING SUCH JUROR. **RESPONDENTS BY CONSPIRING FOR IMPEDING, HINDERING, OBSTRUCTING, / DEFEATING, IN ANY MANNER, THE DUE COURSE/PROCESS OF JUSTICE IN ANY STATE, WITH THE WILL OF INTENT OF DENYING John Roberts, PETITIONER EQUAL PROTECTION OF THE LAW; INJURING John Roberts AND PETITIONER'S PROPERTY FOR LAWFULLY ENFORCING, AND ATTEMPTING ENFORCEMENT OF THE RIGHT OF** John Roberts, PETITIONER AND **CLASS OF CITIZENS IN PARTY, CITIZENS OF THE REPUBLIC OF TEXAS, OF EQUAL PROTECTION OF THE LAW.** RESPONDENTS ARE NEGLECTING EQUAL PROTECTION OF THE LAW FOR John Roberts. John Roberts, PETITIONER IS BEING INJURED RESPONDENTS TOM FLEMING, LEANN HEWITT, LOGAN B. MANATT, LUIS R. HERNANDEZ, AND J. ROLANDO OLVERA, JR

12 John Roberts, PETITIONER STATES: WITHOUT DUE PROCESS AND DUE COURSE OF LAW UNDER THE 5TH AND 14TH A.U.S.C., AND ART 1 SEC TXC, John Roberts, PETITIONER IS BEING DENIED DUE PROCESS AND DUE COURSE AND ACCUSING OFFICERS/RESPONDENTS TITLED ABOVE, OF PERJURING OATHS OF OFFICE AND CONSTRUCTIVE TREASON IN AND OF CONTEMPT OF THE CONSTITUTION OF THE united STATES OF AMERICA UNDER: TITLE 42 U.S.C. 1985(3) RESPONDENTS ARE DEPRIVING John Roberts, PETITIONER OF RIGHTS AND PRIVILEGES. RESPONDENTS OF TEXAS STATE BY CONSPIRING AND GOING IN DISGUISE AND DEPRIVING John Roberts, PETITIONER AND CLASS OF CITIZENS IN PARTY, OF THE EQUAL PROTECTION OF THE LAW, AND OF EQUAL PRIVILEGES AND IMMUNITIES UNDER THE LAW, BY PREVENTING AND HINDERING THE CONSTITUTED AUTHORITIES OF TEXAS STATE FROM GIVING AND SECURING TO ALL CITIZENS IN PARTY WITHIN TEXAS STATE THE EQUAL PROTECTION OF THE LAWS RESPONDENTS CONSPIRED BY PREVENTING BY FORCE, INTIMIDATION, AND THREAT, John Roberts, PETITIONER WHO IS LAWFULLY ENTITLED TO VOTE, FROM GIVING PARTY SUPPORT OR ADVOCACY, IN ANY CASE OF CONSPIRACY SET FORTH IN THIS SECTION, RESPONDENTS ENGAGING THEREIN DO, AND CAUSING ANY ACT IN

FURTHERANCE OF THE OBJECT OF SUCH CONSPIRACY, WHEREBY John Roberts, PETITIONER IS INJURED IN SELF OR PROPERTY, AND DEPRIVED OF HAVING AND EXERCISING ANY RIGHTS AND PRIVILEGES OF A CITIZEN IN PARTY OF THE united STATES, John Roberts, PETITIONER HAS AN ACTION FOR THE RECOVERY OF DAMAGES OCCASIONED BY SUCH INJURY OR DEPRIVATION, AGAINST ANY RESPONDENTS AND ANY CONSPIRATORS. John Roberts, PETITIONER IS BEING INJURED BY RESPONDENTS TOM FLEMING, LEANN HEWITT, LOGAN B. MANATT, LUIS R. HERNANDEZ, AND J. ROLANDO OLVERA, JR.

13. John Roberts, PETITIONER STATES: WITHOUT DUE PROCESS AND DUE COURSE OF LAW UNDER THE 5TH AND 14TH A.u.S.C., AND ART 1 SEC TXC, John Roberts, PETITIONER IS BEING DENIED DUE PROCESS AND DUE COURSE AND ACCUSING RESPONDENTS TOM FLEMING, LEANN HEWITT, LOGAN B MANATT, LUIS R. HERNANDEZ, AND J. ROLANDO OLVERA, JR. OF PERJURING OATHS AND CONSTRUCTIVE TREASON IN AND OF CONTEMPT FOR THE CONSTITUTION OF THE united STATES OF AMERICA UNDER: TITLE 42 u.S.C. 1985(3) = DEPRIVING John Roberts, CITIZEN IN PARTY OF RIGHTS AND PRIVILEGES. RESPONDENTS IN TEXAS STATE BY CONSPIRING/ GOING IN DISGUISE, AND DEPRIVING CITIZEN IN PARTY, John Roberts, AND A CLASS OF CITIZENS IN PARTY OF EQUAL PROTECTION OF THE LAW, AND EQUAL PRIVILEGES AND IMMUNITIES UNDER THE LAW, AND FOR THE PURPOSE OF PREVENTING AND HINDERING THE CONSTITUTED AUTHORITIES OF ANY STATE OF GIVING AND SECURING FOR ALL CITIZENS IN PARTY WITHIN SUCH STATE EQUAL PROTECTION OF THE LAWS. RESPONDENTS BY CONSPIRING FOR PREVENTING BY FORCE, INTIMIDATION, AND THREAT, John Roberts, PETITIONER, WHO'S VOTING RIGHTS ARE LAWFULLY ENTITLED, FROM GIVING PARTY SUPPORT / ADVOCACY, IN ANY CASE OF CONSPIRACY SET FORTH IN THIS SECTION. BY ONE OR MORE RESPONDENTS ENGAGING THEREIN DO, AND CAUSING ANY ACT IN FURTHERANCE OF THE OBJECT OF SUCH CONSPIRACY, WHEREBY John Roberts IS INJURED IN SELF OR PROPERTY, AND DEPRIVED OF HAVING AND EXERCISING ANY RIGHTS AND PRIVILEGES OF A CITIZEN IN PARTY, John Roberts, CITIZEN IN PARTY HAS AN ACTION FOR THE RECOVERY OF DAMAGES OCCASIONED BY SUCH INJURY AND DEPRIVATION. AGAINST ANY RESPONDENTS OR ANY CONSPIRATORS. RESPONDENTS TOM FLEMING, LEANN HEWITT, LOGAN B. MANATT, LUIS R. HERNANDEZ. AND J. ROLANDO OLVERA, JR. NEGLECTED GIVING John Roberts. PETITIONER EQUAL RIGHTS, PRIVILEGES, AND PROTECTION UNDER THE LAW AND DEPRIVED John Roberts, PETITIONER OF RIGHTS UNDER COLOR OF LAW. DENYING John Roberts, PETITIONER EQUAL PROTECTION BY SHOWING BIAS, PREJUDICE, FOR John Roberts, PETITIONER AND AGAINST John Roberts. RESPONDENTS TOM FLEMING, LEANN HEWITT, LOGAN B. MANATT, LUIS R. HERNANDEZ, AND J. ROLANDO OLVERA, JR. DISCRIMINATED AGAINST John Roberts, PETITIONER RESPONDENTS TOM FLEMING, LEANN HEWITT, LOGAN B. MANATT, LUIS R. HERNANDEZ. AND J. ROLANDO OLVERA, JR. BY OBSTRUCTING JUSTICE BY NOT ALLOWING PETITONER John Roberts's TESTIMONY AND SUIT HEARD BY PROPER CONSTITUTED AUTHORITY PRIOR

TO RESPONDENT PRIVATE LAW AND ADJUDICATION. RESPONDENTS TOM FLEMING, LEANN HEWITT, LOGAN B. MANATT, LUIS R. HERNANDEZ, AND J. ROLANDO OLVERA, JR. ARE INJURING John Roberts, PETITIONER.

14. John Roberts, PETITIONER STATES. WITHOUT DUE PROCESS AND DUE COURSE OF LAW UNDER THE 5TH AND 14TH A.u.S.C., AND ART 1 SEC 1 AND 19 TXC. John Roberts, PETITIONER IS BEING DENIED DUE PROCESS AND DUE COURSE   John Roberts, PETITIONER IS ACCUSING RESPONDENTS TITLED ABOVE. OF PERJURING OATHS AND CONSTRUCTIVE TREASON IN AND FOR. TITLE 42 u.S C 242(1), DEPRIVING RIGHTS OF John Roberts, PETITIONER UNDER COLOR OF LAW BY RESPONDENT OFFICERS AND AGENTS OF THE STATE. RESPONDENTS UNDER COLOR OF LAW. STATUTE, ORDINANCE, REGULATION, AND CUSTOM, WILLFULLY DEPRIVING PETITIONER John Roberts OF RIGHTS, PRIVILEGES, AND IMMUNITIES SECURED AND PROTECTED BY THE CONSTITUTION AND LAWS OF THE united STATES, AND TWO DIFFERENT PUNISHMENTS, PAINS, AND PENALTIES, ON ACCOUNT OF SUCH PARTY BEING ALIEN. / BY REASON OF THE PARTY'S COLOR OR RACE, THAN ARE PRESCRIBED FOR THE PUNISHMENT OF CITIZENS IN PARTY, SHALL BE FINED $10,000 UNDER THIS TITLE OR IMPRISONED NOT MORE THAN TEN YEARS. / BOTH RESPONDENTS TOM FLEMING, LEANN HEWITT, LOGAN B MANATT, LUIS R. HERNANDEZ. AND J. ROLANDO OLVERA, JR. ARE INJURING John Roberts, PETITIONER.

15 John Roberts, PETITIONER STATES: WITHOUT DUE PROCESS AND DUE COURSE OF LAW UNDER THE 5TH AND 14TH A.u.S.C., AND ART 1 SEC 1 AND 19 TXC, John Roberts, PETITIONER IS BEING INJURED, UNDER NEGLECTING DUE PROCESS AND DUE COURSE. TITLE 18 u.S.C. 872, EXTORTION, BY RESPONDENTS WHO ARE OFFICERS OF THE united STATES AND IT S POLITICAL SUBDIVISIONS RESPONDENTS TOM FLEMING, LEANN HEWITT, LOGAN B. MANATT, LUIS R. HERNANDEZ, AND J. ROLANDO OLVERA, JR., BEING OFFICERS OF THE united STATES AND ANY DEPARTMENT OR AGENCY THEREOF, AND REPRESENTING RESPONDENTS BEING AND ASSUMING ACTION UNDER COLOR AND PRETENSE OF OFFICE COMMITS AND ATTEMPTS ACTS OF EXTORTION, SHALL BE FINED UNDER TITLE 18 u.S C. 872 AND IMPRISONED NOT MORE THAN THREE YEARS / BOTH.   John Roberts, PETITIONER WAS INJURED BY RESPONDENTS TOM FLEMING, LEANN HEWITT, LOGAN B. MANATT, LUIS R. HERNANDEZ. AND J. ROLANDO OLVERA, JR.

16. John Roberts, PETITIONER STATES: WITHOUT DUE PROCESS AND DUE COURSE OF LAW UNDER THE 5TH AND 14TH A.u.S.C.,AND ART. 1 SEC 1 AND 19 TXC. John Roberts, PETITIONER IS BEING DENIED DUE PROCESS AND DUE COURSE.   John Roberts, PETITIONER IS ACCUSING RESPONDENTS TITLED ABOVE, OF PERJURING OATHS OF OFFICE AND CONSTRUCTIVE TREASON AGAINST THE u.S. CONSTITUTION: TITLE 18 u.S.C. 241 CONSPIRACY, PROVIDES IN PERTINENT PART RESPONDENTS TOM FLEMING, LEANN HEWITT, LOGAN B. MANATT, LUIS R. HERNANDEZ, AND J ROLANDO OLVERA, JR.   UNDER COLOR OF LAW, STATUTE. ORDINANCE, REGULATION, AND

BY RESPONDENTS TOM FLEMING, LEANN HEWITT, LOGAN B. MANATT, LUIS R. HERNANDEZ, AND J ROLANDO OLVERA, JR.

19 John Roberts, PETITIONER STATES: WITHOUT DUE PROCESS AND DUE COURSE OF LAW UNDER THE 5TH AND 14TH A.u.S.C., AND ART 1 SEC 1 AND 19 TXC, John Roberts, PETITIONER IS BEING DENIED DUE PROCESS AND DUE COURSE. John Roberts, PETITIONER IS ACCUSING RESPONDENTS TITLED ABOVE OF PERJURING OATHS OF OFFICE AND CONSTRUCTIVE TREASON AGAINST THE CONSTITUTION OF THE united STATES: TITLE 42 u.S.C. 1621, CHAPTER 79 PERJURY OF OATH: RESPONDENTS TOM FLEMING, LEANN HEWITT, LOGAN B. MANATT, LUIS R. HERNANDEZ, AND J. ROLANDO OLVERA, JR HAVING TAKEN OATHS BEFORE A COMPETENT TRIBUNAL, OFFICER, OR PARTY, IN ANY CASE WHICH A LAW OF THE united STATES AUTHORIZES AN OATH BE ADMINISTERED, THAT PARTY WILL TESTIFY, DECLARE, DEPOSE, AND CERTIFY TRUE, WILLFUL AND CONTRARY OF SUCH OATH STATES AND SUBSCRIBES ANY MATERIAL MATTER WHICH RESPONDENTS DO NOT BELIEVE TO BE TRUE, AND IN ANY DECLARATION, CERTIFICATE, VERIFICATION, OR STATEMENT UNDER PENALTY OF PERJURY AS PERMITTED UNDER SECTION 1746 OF TITLE 28 u.S.C. WILLFULLY SUBSCRIBES AS TRUE ANY MATERIAL MATTER WHICH DOES NOT BELIEVE IS TRUE, IS GUILTY OF PERJURY AND SHALL. EXCEPT AS OTHERWISE EXPRESS PROVIDED BY LAW, BE FINED UNDER THIS TITLE OR IMPRISONED NOT MORE THAN FIVE YEARS OR BOTH.

20 John Roberts, PETITIONER STATES: WITHOUT DUE PROCESS AND DUE COURSE OF LAW UNDER THE 5TH AND 14TH A u.S C., AND ART 1 SEC 1 AND 19 TXC, John Roberts, PETITIONER IS BEING DENIED DUE PROCESS AND DUE COURSE John Roberts, PETITIONER IS ACCUSING RESPONDENTS TOM FLEMING, LEANN HEWITT, LOGAN B. MANATT, LUIS R HERNANDEZ, AND J. ROLANDO OLVERA, JR. OF PERJURING OATHS OF OFFICE AND CONSTRUCTIVE TREASON AGAINST THE CONSTITUTION OF THE united STATES TITLE 42 u.S.C. 1983 CHAPTER 21 PERSONAL INJURY: RESPONDENTS TOM FLEMING, LEANN HEWITT, LOGAN B. MANATT, LUIS R. HERNANDEZ, AND J. ROLANDO OLVERA, JR. UNDER COLOR OF ANY STATUTE, ORDINANCE, REGULATION, CUSTOM, AND USAGE ARE SUBJECTING, AND CAUSING SUBJECTION OF John Roberts A CITIZEN IN PARTY, WITHIN THE JURISDICTION OF THE united STATES, PETITIONER'S DEPRIVATION OF RIGHTS, PRIVILEGES, AND IMMUNITIES SECURED BY THE CONSTITUTION AND LAWS AND RESPONDENTS ARE LIABLE TO THE CITIZEN IN PARTY, John Roberts, INJUREDIN AN ACTION AT LAW, SUIT IN EQUITY, AND OTHER PROPER PROCEEDING OF REDRESS, FOR THE PURPOSES UNDER SECTION 1983, ANY ACT OF CONGRESS APPLICABLE EXCLUSIVE FOR THE DISTRICT OF COLUMBIA IS CONSIDERED A STATUTE OF THE DISTRICT OF COLUMBIA. John Roberts, PETITIONER IS BEING INJURED BY RESPONDENTS, TOM FLEMING, LEANN HEWITT, LOGAN B. MANATT, LUIS R. HERNANDEZ, AND J. ROLANDO OLVERA, JR.

21 John Roberts, PETITIONER STATES: WITHOUT DUE PROCESS AND DUE COURSE OF LAW UNDER THE 5TH AND 14TH A.u S C , AND ART 1 SEC 1 AND 19 TXC. John Roberts, PETITIONER IS BEING DENIED DUE PROCESS AND DUE COURSE. John Roberts, PETITIONER IS ACCUSING RESPONDENTS TITLED ABOVE OF PERJURING OATHS OF OFFICE AND CONSTRUCTIVE TREASON AGAINST THE u.S. CONSTITUTION: TITLE 42 u.S.C 1983 CHAPTER 21 NOTE 39; IN ESTABLISHING PERSONAL LIABILITY OF GOVERNMENT OFFICIALS IN FEDERAL CIVIL RIGHT LAW ACTIONS, WILLFUL INTENT AGAINST John Roberts, CITIZEN IN PARTY, IS SHOWING THAT OFFICIAL ACTIONS BY RESPONDENTS UNDER THE COLOR OF LAW IS CAUSING DEPRIVATION OF FEDERAL RIGHTS IN CONTRAST, BY WILL OF INTENT. GOVERNMENT ENTITY RESPONDENTS, RESPONDENTS TOM FLEMING, LEANN HEWITT, LOGAN B. MANATT, LUIS R. HERNANDEZ, AND J. ROLANDO OLVERA, JR. ARE LIABLE IN OFFICIAL CAPACITY SUIT UNDER TITLE 42 u.S.C. 1983 WHEN ENTITY IS MOVING FORCE BEHIND DEPRIVATION = TITLE 18 u.S.C. 242. John Roberts, PETITIONER IS BEING INJURED BY RESPONDENTS TOM FLEMING, LEANN HEWITT, LOGAN B MANATT, LUIS R. HERNANDEZ, AND J. ROLANDO OLVERA, JR.

## PRAYER

1. John Roberts, PETITIONER PRAYS OF THE COURT FOR PECUNIARY DAMAGES FOR THE TORTURE OF BODY AND MIND. John Roberts, PETITIONER PRAYS OF THE COURT FOR TEN MILLION DOLLARS (u.S.A. $ LAWFUL CURRENCY) FROM EACH RESPONDENT.

2. John Roberts, PETITIONER PRAYS OF THE COURT FOR $ SEVENTY-FIVE THOUSAND CONSTITUTIONAL AND LAWFUL DOLLARS AS DEFINED IN THE united STATES CONSTITUTION ART. ONE SECTION 8 AND 10. FOR EACH RIGHTS VIOLATION, BY EACH RESPONDENT, WHILE John Roberts' united STATES CONSTITUTIONAL RIGHTS ARE BEING VIOLATED; THE VIOLATIONS UNDER THE 1ST, 4TH, 5TH, 6TH, 7TH, 14TH, A.u.S.C. John Roberts, PETITIONER PRAYS OF THE COURT FOR $ SEVENTY-FIVE THOUSAND CONSTITUTIONAL AND LAWFUL DOLLARS AS DEFINED IN THE united STATES CONSTITUTION ART ONE SECTION 8 AND 10 FOR EACH VIOLATION, BY EACH RESPONDENT, THAT John Roberts' STATE OF TEXAS CONSTITUTIONAL RIGHTS ARE BEING VIOLATED, THE VIOLATIONS UNDER ART 1 SEC 1, 3, 8, 16, 19, 27, 28, AND 29

3. John Roberts, PETITIONER PRAYS OF THE COURT FOR EXCESSIVE DAMAGE IN THE AMOUNT OF TEN MILLION DOLLARS GOLD, u.S. DOLLARS, AS DEFINED IN THE united STATES CONSTITUTION ARTICLE ONE SECTION 8 AND 10, FROM EACH RESPONDENT FOR THE VIOLATION OF RIGHTS UNDER CONSTRUCTIVE TREASON AS AGAINST John Roberts, PETITIONER, AS John Roberts, WILL NEVER FEEL SAFE OF VIOLATIONS OF RIGHTS BEING ACTED OUT AND PERFORMED AGAINST HIM BY AGENTS OF THE STATE OF TEXAS.

## CONCLUSION

1. John Roberts, PETITIONER STATES: WITHOUT DUE PROCESS AND DUE COURSE OF LAW UNDER THE 5TH AND 14TH A.u.S.C., AND ART 1 SEC 1 AND 19 TXC, John Roberts, PETITIONER IS BEING DENIED DUE PROCESS AND DUE COURSE OF THE LAW OF THE LAND. John Roberts, PETITIONER IS ACCUSING RESPONDENTS TOM FLEMING, LEANN HEWITT, LOGAN B. MANATT, LUIS R. HERNANDEZ, AND J. ROLANDO OLVERA, JR. OF PERJURING OATHS OF OFFICE AND CONSTRUCTIVE TREASON AGAINST THE u.S. CONSTITUTION IN AND FOR' FAILURE OF UPHOLDING THE CONSTITUTIONS OF THE united STATES AND TEXAS AND FAILING OF PROTECTING THE RIGHTS OF CITIZEN IN PARTY, John Roberts AND FAILING OF PERFORMING THE DUTIES OF OFFICE AND OATH OF OFFICE AND FAILING PRESERVING THE EXCEPTED RIGHTS OF GOVERNMENT IN THE TEXAS BILL OF RIGHTS.

2. THE ACTS COMMITTED AT THE PRESENT POINT IN TIME, AGAINST John Roberts, PETITIONER, IN THE STATE OF TEXAS, OF THE united STATES OF AMERICA, ARE UNDER COLLUSION OF TITLE 28 CHAPTER 85 U.S.C.A. 1359.

### DEFINITIONS OF SUPPORT
### THE MEANING OF WORDS USED IN THE COMPLAINT

1. **CONSTRUCTIVE TREASON**, / TREASON AGAINST THE united STATES CONSTITUTION: OFFICERS OF THE COURT AND AGENTS OF THE STATE ALL SWEARING AN "ALLEGIANCE" / OATH AND AFFIRMATION CONTRACT: SOLEMNLY SWEARING SUPPORT AND DEFENSE OF THE CONSTITUTION OF THE united STATES OF AMERICA AND THE CONSTITUTION OF THE State of Texas, ADMINISTERING JUSTICE WITHOUT RESPECT OF PERSONS AND FAITHFULLY AND IMPARTIALLY DISCHARGING THE DUTIES OF OFFICE IN THE BEST OF MY ABILITY, SO HELP ME GOD. THE CONTRACT IS OF RESPONSIBILITY AND AUTHORITY. SURRENDERING THE CONSTITUTIONS OF THE united STATES OF AMERICA AND THE State/Republic of Texas INCORPORATED IN THE OATH AND AFFIRMATION, IS KNOWN AS AN ALLEGIANCE TO SUPPORT THE CONSTITUTIONS OF THE united STATES OF AMERICA AND THE State/Republic of Texas. THE FOREIGN POWER OF THE YELLOW FRINGE FLAG AND ALTERNATIVE STANDARD, UPON WHICH THE LAW OF THE FLAG IS THE CONTROLLING FACTOR; THERE IS NO YELLOW OR GOLD COLORS OR ADORNMENTS ON THE FLAG POLE DESCRIBED IN TITLE 4 u.S.C. 1, 2, 3. THE CONSTRUCTIVE TREASON BY DEFINITION IS THE WILL OF INTENT TO THE DESECRATION OF THE AMERICAN FLAG TO FORM A FOREIGN POWER FOR THE FURTHERMOST OF THE DEPRIVATION OF RIGHTS AND INTIMIDATE OR FOOL OR DECEIVE OR THREATEN OR PUBLICIZE THE CITIZEN IN PARTY WITH FORCE AND JAIL.

2. **PERJURY**,: IN FOREJUDGMENTAL LAW, THE WILLFUL ASSERTION AS A MATTER OF FACT, OPINION, BELIEF, AND KNOWLEDGE, MADE BY A WITNESS IN A JUDICIAL PROCEEDING AS PART OF HIS / HER EVIDENCE, UPON OATH; IN

ANY FORM AND SUBSTITUTION ALLOWED BY LAW FOR, OATH, WHETHER SUCH EVIDENCE IS GIVEN IN OPEN COURT, IN AN AFFIDAVIT, SUCH ASSERTION BEING MATERIAL OF THE ISSUE AND POINT OF INQUIRY AND KNOWN OF SUCH WITNESS AS FALSE. PERJURY IS A CRIME COMMITTED WHEN A LAWFUL OATH IS ADMINISTERED, IN SOME JUDICIAL PROCEEDING, TAKEN BY A CITIZEN SWEARING WILLFULLY, ABSOLUTELY, AND FALSELY, IN MATTERS MATERIAL OF THE ISSUE AND POINT IN QUESTION. REF. GATEWOOD V STATE, 15 MD APP. 314, 290A.2D 551,553-REF.-BLD 1025.

3. **PERJURY - REF.** u S.**C.A. PARAGRAPH 1621 (GENERAL);** A CITIZEN IN PARTY IS GUILTY OF PERJURY IN ANY OFFICIAL PROCEEDING A CITIZEN IN PARTY MAKES A FALSE STATEMENT UNDER OATH OR EQUIVALENT AFFIRMATION, / SWEARS / AFFIRMS THE TRUTH OF A STATEMENT PREVIOUSLY MADE, (REFERRING OF THE OATH AND AFFIRMATION) WHEN THE STATEMENT IS MATERIAL AND CITIZEN IN PARTY DOES NOT BELIEVE IT TO BE TRUE- REF. MODEL PENAL CODE PARAGRAPH 241.1.

4 **MALICE**, IN LAW IS NOT NECESSARILY PERSONAL HATE / ILL WILL, BUT IS THAT STATE OF MIND WHICH IS RECKLESS OF LAW AND OF THE LEGAL RIGHTS OF THE CITIZEN IN PARTY. REF. BLD.

5. **CONSTITUTIONAL TORT.** u.S.**C.A. TITLE 42 SEC. 1983**, EVERY CITIZEN IN PARTY WHO UNDER COLOR OF ANY STATUTE, ORDINANCE, REGULATION, CUSTOM, / USAGE OF ANY STATE OR TERRITORY, SUBJECTS, OR CAUSES TO BE SUBJECTED, ANY CITIZEN IN PARTY OF THE united STATES OR ANY OTHER CITIZEN IN PARTY WITHIN THE JURISDICTION THEREOF TO THE DEPRIVATION OF ANY RIGHTS, PRIVILEGES, OR IMMUNITIES SECURED BY THE united STATES CONSTITUTION AND LAWS SHALL BE LIABLE TO THE CITIZEN IN PARTY INJURED IN AN ACTION AT LAW, SUIT IN EQUITY, OR OTHER PROPER PROCEEDING FOR REDRESS.

6 **TORT**, A PRIVATE / CIVIL WRONG / INJURY, WHICH THE COURT PROVIDES REMEDY IN AN ACTION FOR DAMAGES. A VIOLATION OF A DUTY IMPOSED BY GENERAL LAW / OTHERWISE UPON ALL CITIZENS IN PARTY OCCUPYING THE RELATIONSHIP OF EACH CITIZEN IN PARTY WHICH IS INVOLVED IN A GIVEN TRANSACTION. ( REF BLD.)

7 **LARCENY BY FRAUD AND DECEPTION**, FAILURE OF CORRECTING A FALSE IMPRESSION WHICH THE DECEIVER PREVIOUSLY CREATED AND REINFORCED, AND WHICH THE DECEIVER KNOWS IS INFLUENCING ANOTHER FOR WHOM THE CITIZEN IN PARTY STANDS IN A FIDUCIARY / CONFIDENTIAL RELATIONSHIP

8. **FIDUCIARY**, A CITIZEN IN PARTY HAVING DUTY, CREATED BY UNDERTAKING BY ACTING PRIMARILY FOR THE BENEFIT OF CITIZEN IN PARTY IN MATTERS CONNECTED WITH SUCH UNDERTAKING. REF. BLD.

9. **RACKETEERING**, AN ᴏ GANIZED CONSPIRACY COMM. TING CRIMES OF EXTORTION / COERCION. ATTEMPTING COMMITTING EXTORTION / COERCION. THE FEAR WHICH CONSTITUTES THE LEGALLY NECESSARY ELEMENT IN EXTORTION IS INDUCED BY ORAL / WRITTEN THREATS OF AN UNLAWFUL INJURY OF THE PROPERTY OF THE THREATENED PARTY. REF TITLE 42 u.S.C. 1985(3).

10. **RACKETEERING**, IS DEMANDING, SOLICITING, RECEIVING ANYTHING OF VALUE FROM THE OWNER, PROPRIETOR, OTHER PERSON, PARTY HAVING A FINANCIAL INTEREST IN A BUSINESS, BY MEANS OF EITHER THREAT. (THROUGH USE OF <u>CONTEMPT OF COURT</u> ORDER FOR PAYING LEGAL FEES NOT DUE), EXPRESS AND IMPLIED, AND A PROMISE, EXPRESSED AND IMPLIED, THAT THE PERSON AND PARTY SO DEMANDING, SOLICITING OR RECEIVING SUCH THING OF VALUE CAUSES THE COMPETITION OF THE PERSON AND PARTY FROM WHICH THE PAYMENT IS DEMANDED, SOLICITED, RECEIVED BEING DIMINISHED AND ELIMINATED. REF BLD. 1132.

11. **EXTORTION**, THE OBTAINING OF PROPERTY FROM ANOTHER INDUCED BY WRONGFUL USE OF ACTUAL / THREATENED FORCE, FEAR, UNDER COLOR OF OFFICIAL RIGHT. REF. TITLE 18 u.S.C.A. SEC. 871.

12 **RANSOM, TITLE 18** u.S**.C. 1202**. THE MONEY, PRICE, CONSIDERATION PAID / DEMANDED FOR REDEMPTION OF A KIDNAPPED PARTY A PAYMENT THAT RELEASES FROM CAPTIVITY, WHOEVER KNOWINGLY RECEIVES, POSSESSES. AND DISPOSES OF SUCH COMMITS A CRIME, REF MODEL PENAL CODE TITLE 212.1(A).

13. **DURESS**, USED FOR AN ILLEGAL PURPOSE, THREAT OF BODILY / MENTAL / FINANCIAL HARM / OTHER MEANS TENDING TO COERCE = (REF TITLE 28 CHAPTER 85 u.S.C.A. 1359) THE WILL OF ANOTHER, AND ACTUALLY INDUCING PERSON IN ACTS CONTRARY OF CITIZENS FREE WILL. REF. HEIDER V UNICUME, 142 OR. 410, 20 P.2D 384-385. DURESS ALSO INCLUDES THE SAME INJURIES, THREATS, RESTRAINT EXERCISED ON CITIZEN IN PARTY'S CHILDREN, PARENTS, DISTINGUISHABLE FROM UNDUE INFLUENCE BECAUSE IN THE LATTER, THE WRONGDOER IS GENERALLY IN A FIDUCIARY CAPACITY AND IN A POSITION OF TRUST AND CONFIDENCE WITH RESPECT OF THE VICTIM OF THE UNDUE INFLUENCE.

14. **MALPRACTICE**: PROFESSIONAL MISCONDUCT / UNREASONABLE LACK OF SKILL THIS TERM IS APPLIED BY SUCH CONDUCT OF LAWYERS FAILURE ON ONE RENDERING PROFESSIONAL SERVICES BY FAILURE OF EXERCISING THAT DEGREE OF SKILL AND LEARNING COMMONLY APPLIED UNDER ALL THE CIRCUMSTANCES IN THE COMMUNITY BY THE AVERAGE PRUDENT REPUTABLE MEMBERS OF THE PROFESSION CAUSING THE RESULT OF INJURY, LOSS, DAMAGE OF THE RECIPIENT OF THOSE SERVICES OR OF THOSE ENTITLED TO RELY UPON THEM. IT IS ANY PROFESSIONAL MISCONDUCT, UNREASONABLE LACK OF SKILL , FIDELITY IN, REF MATTHEW

V WALKER, 34 OHIO A₋ P. 2D 128-296 N.E. 2D 569.571.-63 O.O. 2D 208.  JUDGES ARE OF ATTORNEY'S OATH AND RULES FROM HENCE THEY CAME.

15. **PREJUDICE**, A FOREJUDGMENT, BIAS, PRECONCEIVED OPINION, A LEANING TOWARDS ONE SIDE OF A CAUSE FOR SOME REASON OTHER THAN A CONVICTION OF JUSTICE.

16. **DISCRIMINATION**, THE TREATMENT OF ALL PARTIES EQUALLY WHERE NO REASONABLE DISTINCTION CAN BE FOUND BETWEEN THOSE FAVORED AND THOSE NOT FAVORED, REF. BAKER V CALIFORNIA LAND TITLE CO., D.C. CAL 349 F. SUPP. 23, 238, 239, TITLE VII OF 1964 CIVIL RIGHTS ACT.

17 **FALSE SWEARING. AGGRAVATED PERJURY**, 37.03 REF. BLD, THE PERIOD OF LIMITATIONS WITHIN WHICH PROSECUTION COMMENCES RUNS FROM THE TIME OF THE FIRST STATEMENT.  (2) WHOEVER UNDER OATH / AFFIRMATION MAKES / SUBSCRIBES A FALSE STATEMENT WHICH THE OFFICER OF THE COURT DOES NOT BELIEVE IS TRUE IS GUILTY OF A CLASS D MISDEMEANOR.

18. **PERJURY** 37.02 (REF. BLD)(REF 18 u.S.C.SECTION 1621) A CITIZEN IN PARTY IS GUILTY OF PERJURY IN ANY OFFICIAL PROCEEDING A CITIZEN IS PARTY MAKE A FALSE STATEMENT UNDER OATH / EQUIVALENT AFFIRMATION, AND SWEARS / AFFIRMS THE TRUTH OF A STATEMENT PREVIOUSLY MADE [REFERING BY THE OATH / AFFIRMATION] WHENT THE STATEMENT IS MATERIAL AND CITIZEN IN PARTY DOES NOT BELIEVE IT [MUST BE DEFINE] BY BEING TRUE · REF MODEL PENAL CODE 241.

19. **MALICE** : IN LAW IS NOT NECESSARILY PERSONAL HATE AND ILL WILL, BUT IS THE STATE OF MIND WHICH IS RECKLESS, AND NEGLIGENT OF LAW AND LEGAL RIGHTS OF A CITIZEN IN PARTY (REF BLD)

20. **BREACH:** (REF BLACK'S LAW DICTIONARY), THE BREAKING / VIOLATING OF A LAW, RIGHT, OBLIGATION, ENGAGEMENT, DUTY, EITHER BY COMMISSION / OMISSION.  EXISTS WHERE ONE PARTY OF CONTRACT BY FAILURE OF PERFORMANCE OF A TERM, PROMISE. CONDITION OF THE CONTRACT.

21 **TREASON·** THE OVER ACT OR OFFENSE OF ATTEMPTING OF THE OVERTHROW THE GOVERNMENT OF THE STATE OF WHICH THE OFFENDER OWES ALLEGIANCE; AND OF **BETRAYING THE STATE IN THE HANDS OF A FOREIGN POWER.**  ART. III, SECTION 3, U. S. CONSTITUTION.  CROSS REF. ARTICLE VI SECTION 2,3, AND 11TH A.u.S.C.

22. **TITLE 42** u.S.**C. 1986: KNOWLEDGE OF THE LAW AND NEGLECTING OF STOPPING AND CORRECTING A WRONG**, DEFINED AS: EVERY CITIZEN IN PARTY WHO HAVING KNOWLEDGE THAT ANY OF THE WRONGS BEING CONSPIRED, AND MENTIONED IN SECTION 1986 OF TITLE 42, ARE BEING COMMITTED, AND HAVING POWER OF PREVENTION AND POWER OF AIDING IN PREVENTING THE COMMISSION OF THE SAME, NEGLECTS AND REFUSES TO

PREVENT AND AID, CITIZENE IN PARTY'S WRONGFUL ACTS BEING COMMITTED, ARE LIABLE FOR THE INJURY OF THE PARTY INJURED, AND CITIZENS IN PARTY'S LEGAL REPRESENTATIVES, FOR ALL DAMAGES CAUSED BY SUCH WRONGFUL ACTS, WHICH SUCH CITIZEN IN PARTY BY REASONABLE DILIGENCE COULD HAVE AND SHOULD HAVE PREVENTED, AND ANY NUMBER OF CITIZENS IN PARTY, GUILTY OF SUCH WRONGFUL NEGLECT AND REFUSAL MAY BE JOINED AS DEFENDANTS IN THE ACTION.

23 **TITLE 42** U.S**C. 1985 (2) OBSTRUCTING JUSTICE**, INTIMIDATING PARTY, CITIZENS IN ANY STATE / TERRITORY CONSPIRING FOR DETERRING, BY FORCE, INTIMIDATION, THREAT, ANY PARTY, ANY WITNESS IN ANY COURT OF THE united STATES FROM ATTENDING SUCH WITNESS IN ANY COURT AND FROM TESTIFYING OF ANY MATTER PENDING THEREIN, FREELY, FULLY, AND TRUTHFULLY, AND  INJURES SUCH  PARTY AND WITNESS IN CITIZEN'S BEHALF / PROPERTY ON ACCOUNT OF CITIZEN HAVING SO ATTENDED AND TESTIFIED, INFLUENCING THE VERDICT, PRESENTMENT, / INDICTMENT OF ANY GRAND / PETIT JUROR IN ANY SUCH COURT, AND INJURING ANY SUCH JUROR IN PARTY AND CITIZEN'S SELF / PROPERTY ON ACCOUNT OF ANY VERDICT. PRESENTMENT, INDICTMENT LAWFULLY ASSENTED OF BY CITIZEN, AND OF CITIZEN BEING SUCH JUROR, AND CITIZENS CONSPIRE FOR THE PURPOSE OF IMPEDING, HINDERING, OBSTRUCTING, DEFEATING, IN ANY MATTER, THE DUE COURSE OF JUSTICE IN ANY STATE / TERRITORY, WITH INTENTION OF DENYING ANY CITIZEN THE EQUAL PROTECTION OF THE LAW, INJURING CITIZEN / CITIZEN'S PROPERTY FOR LAWFULLY ENFORCING, ATTEMPTS OF ENFORCMENT, THE RIGHT OF ANY CITIZEN,  CLASS OF CITIZENS, OF AND UNDER EQUAL PROTECTION OF THE LAW

24 **TITLE 42** U.S**C. 1985 (3) ∎ DEPRIVING PARTY  OF RIGHTS OR PRIVILEGES** CITIZENS IN PARTY IN ANY STATE / TERRITORY CONSPIRE / GO IN DISGUISE, FOR THE PURPOSE OF DEPRIVING, EITHER DIRECTLY / INDIRECTLY, ANY CITIZEN IN PARTY / CLASS OF CITIZENS IN PARTY OF THE EQUAL PROTECTION OF THE LAW, / FOR THE PURPOSE OF PREVENTING / HINDERING THE CONSTITUTED AUTHORITIES OF ANY STATE OR TERRITORY OF GIVING AND SECURING ALL CITIZENS IN PARTY WITHIN SUCH STATE / TERRITORY THE EQUAL PROTECTION OF THE LAWS, CITIZENS IN PARTY CONSPIRING PREVENTION BY FORCE, INTIMIDATION, THREAT, ANY CITIZEN IN PARTY WHO VOTING RIGHTS ARE LAWFULLY ENTITLED, FROM GIVING PARTY SUPPORT / ADVOCACY IN A LEGAL MATTER,  INJURING ANY CITIZEN IN PARTY'S SELF / PROPERTY ON ACCOUNT OF SUCH SUPPORT / ADVOCACY, IN ANY CASE OF CONSPIRACY SET FORTH IN THIS SECTION, CITIZENS IN PARTY ENGAGING IN AND CAUSING  ANY ACT IN FURTHERANCE OF THE OBJECT OF CONSPIRACY, WHEREBY ANOTHER IS INJURED IN CITIZEN IN PARTY'S SELF / PROPERTY, DEPRIVED OF HAVING AND EXERCISING ANY RIGHTS AND PRIVILEGES OF A CITIZEN IN PARTY OF THE united STATES, THE CITIZEN IN PARTY SO INJURED AND DEPRIVED  HAS AN ACTION OF THE RECOVERY OF DAMAGES BY SUCH INJURY AND DEPRIVATION, AGAINST ANY CITIZEN IN PARTY AND ANY OF THE CONSPIRATORS.

25. **TITLE 18** u.S **C. 242 (1) = DEPRIVATION OF RIGHTS UNDER COLOR OF LAW BY OFFICERS OF THE COURT:** WHOEVER, UNDER COLOR OF LAW, STATUTE, ORDINANCE. REGULATION, CUSTOM, WILLFULLY SUBJECTS ANY PARTY IN ANY STATE, TERRITORY, DISTRICT OF THE DEPRIVATION OF ANY RIGHTS, PRIVILEGES, AND IMMUNITIES SECURED AND PROTECTED BY THE CONSTITUTION AND THE LAWS OF THE united STATES AND TWO DIFFERENT PUNISHMENTS, PAINS, PENALTIES, ON ACCOUNT OF SUCH PARTY BEING ALIEN , BY REASON OF THE PARTIES COLOR OR RACE, THAT ARE PRESCRIBED FOR THE PUNISHMENT OF CITIZENS, SHALL BE FINED $10,000 UNDER THIS TITLE / IMPRISONED NOT MORE THAN TEN YEARS / BOTH.

26   THE united STATES OF AMERICA  CONSTITUTION     THE BILL OF RIGHTS

### AMENDMENT I     (1791)
CONGRESS  SHALL MAKE NO LAW RESPECTING AN ESTABLISHMENT OF RELIGION, OR PROHIBITING THE FREE EXERCISE THEREOF; OR ABRIDGING THE FREEDOM OF SPEECH, OR THE PRESS  OR  THE RIGHT OF THE PEOPLE PEACEABLY TO ASSEMBLE, AND TO PETITION THE GOVERNMENT FOR A REDRESS OF GRIEVANCES.

### AMENDMENT IV     (1791)
THE RIGHT OF THE PEOPLE TO BE SECURE IN THEIR PERSONS, HOUSES, PAPERS, AND EFFECTS, AGAINST UNREASONABLE SEARCHES AND SEIZURES, SHALL NOT BE VIOLATED, AND NO WARRANTS SHALL ISSUE, BUT UPON PROBABLE CAUSE, SUPPORTED BY OATH OR AFFIRMATION, AND PARTICULARLY DESCRIBING THE PLACE TO BE SEARCHED, AND THE PERSONS OR THINGS TO BE SEIZED.

### AMENDMENT V     (1791)
NO PERSON SHALL BE HELD TO ANSWER FOR A CAPITAL, OR OTHERWISE INFAMOUS CRIME, UNLESS ON A PRESENTMENT OR INDICTMENT OF A GRAND JURY, EXCEPT IN CASES ARISING IN THE LAND OR NAVAL FORCES, OR IN THE MILITIA, WHEN IN ACTUAL SERVICE IN TIME OF WAR OR PUBLIC DANGER, NOR SHALL ANY PERSON BE SUBJECT FOR THE SAME OFFENCE TO BE TWICE PUT IN JEOPARDY OF LIFE OR LIMB; NOR  SHALL BE COMPELLED IN ANY CRIMINAL CASE TO BE A WITNESS AGAINST HIMSELF, NCR  BE DEPRIVED OF LIFE, LIBERTY, OR PROPERTY, WITHOUT DUE PROCESSE OF LAW; NOR SHALL PRIVATE PROPERTY BE TAKEN FOR PUBLIC USE, WITHOUT JUST COMPENSATION.

### AMENDMENT VI     (1791)
IN ALL CRIMINAL PROSECUTIONS, THE ACCUSED SHALL ENJOY THE RIGHT TO A SPEEDY AND PUBLIC TRIAL, BY AN IMPARTIAL JURY OF THE STATE AND DISTRICT WHEREIN  THE CRIME SHALL HAVE BEEN COMMITTED, WHICH DISTRICT SHALL HAVE BEEN PREVIOUSLY ASCERTAINED BY LAW, AND TO BE INFORMED OF THE NATURE AND CAUSE OF THE ACCUSATION; TO BE CONFRONTED WITH THE WITNESSES AGAINST HIM; TO HAVE COMPULSORY

PROCESS  FOR OBTAINING WITNESSES IN HIS FAVOR,  AND TO  HAVE  THE
ASSISTANCE OF COUNSEL FOR HIS DEFENSE

AMENDMENT VII     (1791)
IN  SUITS AT COMMON LAW,  WHERE THE VALUE IN CONTROVERSY SHALL
EXCEED   TWENTY   DOLLARS,   THE  RIGHT OF TRIAL BY JURY SHALL BE
PRESERVED,  AND NO FACT  TRIED  BY  A JURY,  SHALL BE OTHERWISE
REEXAMINED IN ANY COURT OF THE  UNITED  STATES, THAN ACCORDING TO
THE RULES OF THE COMMON LAW.

AMENDMENT XIV   SEC.1
.. NO STATE SHALL MAKE OR ENFORCE ANY LAW WHICH SHALL ABRIDGE
THE PRIVILEGES OR IMMUNITIES OF CITIZENS OF THE UNITED STATES;  NOR
SHALL ANY STATE DEPRIVE ANY PERSON OF LIFE, LIBERTY, OR PROPERTY,
WITHOUT DUE PROCESS OF LAW;  OR DENY TO ANY PERSON WITHIN ITS
JURISDICTION THE EQUAL PROTECTION OF THE LAWS.

26  Constitution Of The State Of Texas Bill Of Rights

PREAMBLE
HUMBLY INVOKING THE BLESSINGS OF ALMIGHTY GOD, THE PEOPLE OF THE
STATE OF TEXAS, DO ORDAIN AND ESTABLISH THIS CONSTITUTION.
ARTICLE 1
BILL OF RIGHTS
THAT THE GENERAL, GREAT AND ESSENTIAL PRINCIPLES OF LIBERTY AND FREE
GOVERNMENT MAY BE RECOGNIZED AND ESTABLISHED, WE DECLARE

SEC.  1:  FREEDOM AND SOVEREIGNTY OF STATE - TEXAS IS A FREE AND
INDEPENDENT STATE, SUBJECT ONLY TO THE CONSTITUTION OF THE UNITED
STATES, AND THE MAINTENANCE OF OUR FREE INSTITUTIONS AND THE
PERPETUITY OF THE UNION DEPEND UPON THE PRESERVATION OF THE RIGHT
OF LOCAL SELF-GOVERNMENT, UNIMPAIRED TO ALL THE STATES.

SEC  3: EQUAL RIGHTS - ALL FREE MEN, WHEN THEY FORM A SOCIAL COMPACT,
HAVE EQUAL RIGHTS, AND NO MAN, OR SET OF MEN, IS ENTITLED TO EXCLUSIVE
SEPARATE PUBLIC EMOLUMENTS, OR PRIVILEGES, BUT IN CONSIDERATION OF
PUBLIC SERVICES.

SEC  3A:  EQUALITY UNDER THE LAW - EQUALITY UNDER THE LAW SHALL NOT
BE DENIED OR ABRIDGED BECAUSE OF SEX, RACE, COLOR, CREED, OR
NATIONAL ORIGIN. THIS AMENDMENT IS SELF-OPERATIVE. (ADDED NOV. 7, 1972.)

SEC. 8: FREEDOM OF SPEECH AND PRESS, LIBEL - EVERY PERSON SHALL BE AT
LIBERTY TO SPEAK, WRITE OR PUBLISH HIS OPINIONS ON ANY SUBJECT, BEING
RESPONSIBLE FOR THE ABUSE OF THAT PRIVILEGE; AND NO LAW SHALL EVER
BE PASSED CURTAILING THE LIBERTY OF SPEECH OR OF THE PRESS.  IN
PROSECUTIONS FOR THE PUBLICATION OF PAPERS, INVESTIGATING THE

CONDUCT OF OFFICERS, OR MEN IN PUBLIC CAPACITY, OR WHEN THE MATTER PUBLISHED IS PROPER FOR PUBLIC INFORMATION, THE TRUTH THEREOF MAY BE GIVEN IN EVIDENCE. AND IN ALL INDICTMENTS FOR LIBELS, THE JURY SHALL HAVE THE RIGHT TO DETERMINE THE LAW AND THE FACTS, UNDER THE DIRECTION OF THE COURT, AS IN OTHER CASES.

SEC. 16.  BILLS OF ATTAINDER; EX POST FACTO OR RETROACTIVE LAWS; IMPAIRING OBLIGATION OF CONTRACTS - NO BILL OF ATTAINDER, EX POST FACTO LAW, RETROACTIVE LAW, OR ANY LAW IMPAIRING THE OBLIGATION OF CONTRACTS, SHALL BE MADE

SEC. 19:  DEPRIVATION OF LIFE, LIBERTY, ETC.; DUE COURSE OF LAW - NO CITIZEN OF THIS STATE SHALL BE DEPRIVED OF LIFE, LIBERTY, PROPERTY, PRIVILEGES OR IMMUNITIES, OR IN ANY MANNER DISFRANCHISED, EXCEPT BY THE DUE COURSE OF THE LAW OF THE LAND.

SEC. 27:  RIGHT OF ASSEMBLY; PETITION FOR REDRESS OF GRIEVANCES - THE CITIZENS SHALL HAVE THE RIGHT, IN A PEACEABLE MANNER, TO ASSEMBLE TOGETHER FOR THEIR COMMON GOOD; AND APPLY TO THOSE INVESTED WITH THE POWERS OF GOVERNMENT FOR REDRESS OF GRIEVANCES OR OTHER PURPOSES, BY PETITION, ADDRESS OR REMONSTRANCE.

SEC. 28:  SUSPENSION OF LAWS - NO POWER OF SUSPENDING LAWS IN THIS STATE SHALL BE EXERCISED EXCEPT BY THE LEGISLATURE.

SEC. 29:  PROVISIONS OF BILL OF RIGHTS EXCEPTED FROM POWERS OF GOVERNMENT; TO FOREVER REMAIN INVIOLATE - TO GUARD AGAINST TRANSGRESSIONS OF THE HIGH POWERS HEREIN DELEGATED, WE DECLARE THAT EVERYTHING IN THIS "BILL OF RIGHTS" IS EXCEPTED OUT OF THE GENERAL POWERS OF GOVERNMENT, AND SHALL FOREVER REMAIN INVIOLATE, AND ALL LAWS CONTRARY THERETO, OR TO THE FOLLOWING PROVISIONS, SHALL BE VOID.

SEC. 30:  RIGHTS OF CRIME VICTIMS -      (A) A CRIME VICTIM HAS THE FOLLOWING RIGHTS:      (1) THE RIGHT TO BE TREATED WITH FAIRNESS AND WITH RESPECT FOR THE VICTIM 'S DIGNITY AND PRIVACY THROUGHOUT THE CRIMINAL JUSTICE PROCESS; AND   (2) THE RIGHT TO BE REASONABLY PROTECTED FROM THE ACCUSED THROUGHOUT THE CRIMINAL JUSTICE PROCESS. (B) ON THE REQUEST OF A CRIME VICTIM, THE CRIME VICTIM HAS THE FOLLOWING RIGHTS: (1) THE RIGHT TO NOTIFICATION OF COURT PROCEEDINGS; (2) THE RIGHT TO BE PRESENT AT ALL PUBLIC COURT PROCEEDINGS RELATED TO THE OFFENSE, UNLESS THE VICTIM IS TO TESTIFY AND THE COURT DETERMINES THAT THE VICTIM'S TESTIMONY WOULD BE MATERIALLY AFFECTED IF THE VICTIM HEARS OTHER TESTIMONY AT THE TRIAL; (3) THE RIGHT TO CONFER WITH A REPRESENTATIVE OF THE PROSECUTOR'S OFFICE; (4) THE RIGHT TO RESTITUTION, AND (5) THE RIGHT TO INFORMATION ABOUT THE CONVICTION, SENTENCE,   IMPRISONMENT, AND RELEASE OF THE

ACCUSED. (C) THE LEGISLATURE MAY ENACT LAWS TO DEFINE THE TERM "VICTIM" AND  TO ENFORCE THESE AND OTHER RIGHTS OF CRIME VICTIMS (D) THE STATE, THROUGH ITS PROSECUTING ATTORNEY, HAS THE RIGHT TO ENFORCE THE RIGHTS OF CRIME VICTIMS.    (E) THE LEGISLATURE MAY ENACT LAWS TO PROVIDE THAT A JUDGE,  ATTORNEY FOR THE STATE, PEACE OFFICER, OR LAW ENFORCEMENT AGENCY IS NOT LIABLE FOR A FAILURE OR INABILITY TO PROVIDE A RIGHT ENUMERATED IN THIS SECTION. THE FAILURE OR INABILITY OF ANY PERSON TO PROVIDE  A RIGHT OR SERVICE ENUMERATED IN THIS SECTION MAY NOT BE USED BY A  DEFENDANT IN A CRIMINAL CASE AS A GROUND FOR APPEAL OR POST-  CONVICTION WRIT OF HABEAS CORPUS. A VICTIM OR GUARDIAN OR LEGAL  REPRESENTATIVE OF A VICTIM HAS STANDING TO ENFORCE THE RIGHTS  ENUMERATED IN THIS SECTION BUT DOES NOT HAVE STANDING TO  PARTICIPATE AS A PARTY IN A CRIMINAL PROCEEDING OR TO CONTEST THE  DISPOSITION OF ANY CHARGE. (ADDED NOV. 7, 1989)

Under My hand and Seal this _14th_ day of _October_, 1997



John Roberts
1726 North Commerce                                   L.S.
Harlingen, Texas 78550

Before me, the undersigned NOTARY PUBLIC, on this day personally appeared John Roberts, who being known to me and duly sworn on oath, deposed and stated as follows: I have read all the documentation and facts contained and recited herein and affirm they are true and correct and of my personal knowledge.

_John Roberts_
John Roberts

Subscribed and sworn before me on this _14th_ day of _October_, 1997.

> **KAREN R. BARNETT**
> Notary Public
> STATE OF TEXAS
> My Comm. Exp. Aug 20, 2001

_Karen R. Barnett_
Notary  T E X A S

## Certificate of Service

I, John Roberts, served the COMPLAINT - WRIT OF ERROR on the below listed parties, by u S certified mail at the below listed addresses on this __4 th__ day of October 1997, fulfilling requirements of TRCP 21 and 21A.

J. Rolando Olvera Jr.; 1175 F.M. 802; Brownsville, Texas 78521-1567
CMRRR _P100 975 742_
Tom Fleming, 1175 F.M. 802; Brownsville, Texas 78521-1567
CMRRR _P100 975 744_
LeAnn Hewitt., 1175 F.M. 802; Brownsville, Texas 78521-1567
CMRRR _P100 975 745_
Luis R. Hernandez, 1175 F.M. 802; Brownsville, Texas 78521-1567
CMRRR _P100 975 941_
Logan B. Manatt, P.O. Box 338; Las Fresnos, Texas 78566
CMRRR _P100 975 942_

Attested under my hand and seal:

L.S.

_John Roberts_
John Roberts

**IN THE DISTRICT COURT**
**FOR THE STATE OF TEXAS**
**WILLACY COUNTY, TEXAS**

RECEIVED JUN 1 6 2000

| | | |
|---|---|---|
| JOHN ROBERTS, | § | |
| Plaintiff, | § | CASE NO. 97-223 |
| | § | |
| vs. | § | |
| | § | |
| FIRST VALLEY BANK, Formerly | § | |
| RAYMONDVILLE STATE BANK | § | 138th JUDICIAL DISTRICT COURT |
| and Does 1 through 20, | § | |
| Defendants | § | |

## DEFENDANT FIRST VALLEY BANK'S
## MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant **FIRST VALLEY BANK** (hereafter "Bank"), and files the

following motion for summary judgment against John Roberts, Plaintiff herein, and

would respectfully show the court as follows:

### I.
### INTRODUCTION

On or about May 30, 1997, the Plaintiff sued Defendant Bank filing a pleading

entitled "Petition for Damages-Breach of Contract and Fraud". As stated in the title,

the basis for said suit alleges two causes of action: (1.) breach of contract, and (2.)

fraud.

The case was abated in August 1997, and upon reinstatement of the case on

July 2, 1999, Defendant Bank immediately filed an answer on the same date.

Pursuant to Rule 94, TRCP, Defendant Bank listed the following affirmative defenses:

(1.) accord of satisfaction; (2.) estoppel; (3.) statute of frauds; (4.) statute of

limitations; (5.) waiver; (6.) renewal; and (7.) modification.

CERTIFIED COPY

FILED

JUN 1 5 2000
10:45

Fonseca, Dist. Clerk, Willac. Co
Deputy
By

Defendant Bank files this motion for summary judgment based upon Plaintiff's existing causes of action for breach of contract and fraud. Defendant Bank has filed and served this motion on Plaintiff at least 21 days before the hearing on the motion.

## II.
## SUMMARY JUDGMENT EVIDENCE

Defendant Bank hereby incorporates by reference as if set forth herein the following pleadings and discovery responses filed before this Court:

1.   "Petition for Damages-Breach of Contract and Fraud" filed May 30, 1997;

2.   Defendant Bank's original answer entitled "Original Answer of Defendant Norwest Bank Texas, N.A." filed July 2, 1999; and

3.   Plaintiff's discovery responses to "Defendant Norwest Bank Texas, N.A.'s First Set of Request for Admission, Interrogatory and Request for Production" filed July 30, 1999.

For the sake of convenience, the foregoing documents are not attached hereto; Defendant Bank respectfully requests this Court take judicial notice of the documents as filed with the Court.

In addition to the foregoing, Defendant Bank hereby submits the following summary judgment proof:

1.   <u>Deposition of Plaintiff:</u>   The deposition and the accompanying exhibits of Plaintiff John Ocie Roberts taken January 12, 2000 establish as a matter of law that Plaintiff has no recognizable cause of action for breach of contract and fraud. The deposition exhibits attached thereto constitute summary judgment evidence that the

CERTIFIED COPY

Plaintiff has no meritorious legal defense to the outstanding debt owed by Plaintiff to Defendant Bank, and said exhibits further self authenticate the statutory lien owned by Defendant Bank with respect to the Plaintiff's real estate granted as collateral therein.

2.    Affidavit of Logan B. Manatt:    In his capacity as an officer of Defendant Bank, Mr. Manatt authenticates the loan payment history of Plaintiff to Defendant Bank, and further authenticates the principal balance of $73,450.54 owed to Defendant Bank as of the date of the Plaintiff's last payment, December 31, 1996. The Plaintiff has no legal defense to said affidavit.

3.    Affidavit of Michelle Olivarez:    Michelle Olivarez was the notary public who witnessed the execution of both the subject "Deed of Trust" and "Homestead Designation" and whose notary public stamp appears on each document.  The affidavit confirms the certificate of acknowledgment of each document; said acknowledgment constitutes prima facie evidence that the Plaintiff appeared before the notary public and executed the documents in question for the purpose and consideration therein expressed.

4.    Affidavit of Elena Ramirez Vasquez:    Elena Ramirez Vasquez was the notary public who witnessed the execution of the subject "Extension of Real Estate Note and Lien" and whose notary public stamp appears on said document.  Likewise, her affidavit confirms her certificate of acknowledgment, and constitutes prima facie

CERTIFIED COPY

evidence that the Plaintiff appeared before the notary public and executed the subject document for the purpose and consideration therein expressed.

### III.
### FACTUAL HISTORY

On October 1, 1990, Plaintiff executed a "Real Estate Lien Note" in the amount of $100,523.75 in favor of Raymondville State Bank (Roberts Deposition Exhibit No. 2); the collateral for said note was the real estate referenced in the note. In conjunction with the note, Plaintiff executed a "Deed of Trust" conveying to Raymondville State Bank, as beneficiary, the real estate referenced therein; the "Deed of Trust" was acknowledged before notary public Michelle Olivarez and subsequently filed of record as part of the Official Records, Volume 1325, Pages 217 - 221, Cameron County, Texas (Roberts Deposition Exhibit No. 3). In conjunction with the foregoing, Plaintiff executed a "Homestead Designation" (Roberts Deposition Exhibit No. 4), wherein both the Plaintiff and his then wife Thelma Roberts affirmed that the real estate conveyed in the "Deed of Trust" was not their homestead. Said "Homestead Designation" was acknowledged before notary public Michelle Olivarez and filed as part of the Official Records, Volume 1325, Pages 222-225, Cameron County, Texas. In conjunction with the foregoing loan documentation, Plaintiff executed a "Disclaimer of Oral Agreements" (Roberts Deposition Exhibit No. 6); said disclaimer confirmed that the subject loan was entered into in accordance with §26.02, Texas Business Commerce Code, and that the written loan agreement represented the final agreement between the parties, and that there was no unwritten

CERTIFIED COPY

oral agreement between the parties. On or about September 26, 1991, Plaintiff Roberts executed an "Extension of the Real Estate Note and Lien" (Roberts Deposition Exhibit No. 11); said document was acknowledged before notary public Francis Fitch and filed as part of the Official Records, Volume 1756, Pages 241 - 244, Cameron County, Texas. On January 26, 1994, Plaintiff executed an "Extension of Real Estate Note and Lien" (Roberts Deposition Exhibit No. 12); said final extension was acknowledged before notary public Elena Ramirez and filed as part of the Official Records, Volume 2753, Pages 110 - 112, Cameron County, Texas. The last payment received by Defendant Bank was December 31, 1996. The Note matured effective January 5, 1997. As of the maturity date, Plaintiff has failed and continues to fail to pay the pending balance owed the Bank. The total balance as of the date of last payment totaled $73,450.54. Said amount continues to accrue post maturity interest and also does not include miscellaneous collection costs and reasonable attorney fees to which Defendant Bank is entitled.

The Plaintiff has no meritorious legal defenses against the foregoing documentation. Furthermore, he has no evidence whatsoever to disprove Defendant Bank's calculation of debt. The Plaintiff's alleged defenses include that the Bank cannot produce the "original" Real Estate Lien Note executed October 1, 1990, and further that he would not have executed and did not execute any of the accompanying loan documentation, and that the signature appearing on said documents is not his signature.

CERTIFIED COPY

## IV.
## ARGUMENTS AND AUTHORITIES IN SUPPORT OF SUMMARY JUDGMENT

1.    Summary Judgment Evidence: Defendant Bank is entitled to summary judgment because it can disprove Plaintiff's cause of action as pleaded.    See Smithkline Beecham Corp. v. Doe, 903 S.W.2d 347, 355 (Tex. 1995).  There are no fact issues in this case.  The Court may resolve this case by the summary judgment evidence presented by Defendant Bank in this motion for summary judgment.

2.    Breach of Contract:      Plaintiff's first cause of action against Defendant Bank is an allegation for a breach of an oral contract.  Said allegation is barred by the Statute of Frauds, Chapter 26, Texas Business and Commerce Code.  Section 26.02(b), Texas Business and Commerce  Code, states as follows:

> "A loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative."

Section 26.02(d), Id., states as follows:

> "An agreement subject to Subsection (b) of this section may not be varied by any oral agreements or discussions that occur before or contemporaneously with the execution of the agreement."

As referenced in pages 190-207 of the Plaintiff's deposition, Plaintiff fails to allege any meritorious cause of action for breach of contract. The Plaintiff can neither specify the contract which was breached nor specify the acts which constituted a breach.

CERTIFIED COPY

Defendant Bank respectfully refers the Court to Roberts Deposition Exhibit No. 6 and Roberts Deposition Exhibit No. 10. In addition, the last extension note being enforced by Defendant Bank (Roberts Deposition No. 12), the Deed of Trust (Roberts Deposition No. 3), and the Homestead Designation (Roberts Deposition No. 4) constitute complete legal instruments in compliance with the statute of frauds wherein every material detail can be ascertained from the writing within the documents and/or the "four corners" of the documents without resort to oral testimony. The referenced disclaimers of oral agreements in conjunction with the parole evidence rule as to the loan documents bar the Plaintiff's allegations for breach of an oral contract as a matter of law.

3.   Fraud:     The Plaintiff's second cause of action against Defendant Bank is for fraud. Likewise, the Plaintiff's cause of action for fraud has no basis in law or fact. The long standing basic legal requirements for fraud include (1.) material misrepresentation; (2.) reliance; and (3.) injury. See Formosa Plastics Corporation USA v. Presidio Engineers and Contractors, Inc., 960 S.W.2d 41, 47 (Tex. 1996). The Plaintiff's allegations for fraud are contained in pages 207 - 221 of the Plaintiff's deposition. As referenced therein, the Plaintiff fails to present any meritorious misrepresentation made by Defendant Bank and/or further fails to state any acts constituting reliance upon the misrepresentation. In summary, on page 211, Mr. Roberts states; "...there was no verbal, per se, misrepresentation. It's the whole project of not revealing and advertising they're loaning money." Based upon the

CERTIFIED COPY

Plaintiff's own testimony, the Plaintiff cannot prove any of the three factors necessary for fraud.

4.    <u>Miscellaneous Plaintiff Defenses</u>:

4.A. "<u>No Original Note Equals No Debt</u>":    The Plaintiff continuously alleges that he is not liable for any amount owed to the Bank, because the Bank cannot produce the original Real Estate Line Note executed on or about October 1, 1990. Defendant Bank admits that it cannot produce the original Real Estate Lien Note, but it has provided numerous photocopies of the original to the Plaintiff. Rule 1004, Texas Rules of Evidence, allows for the admissibility of a photocopy in the event an original has been lost or destroyed, unless the proponent has lost or destroyed the document in bad faith.    Defendant Bank respectfully submits that the photocopies in its possession (Roberts Deposition Exhibit No. 2) constitute true and correct copies of the original.

In any event, the lack of the original October 1, 1990 Real Estate Lien Note is a moot issue. The Plaintiff continues to ignore the fact the subject note was renewed on two subsequent occasions. With respect to the first renewal (Roberts Deposition Exhibit No. 11), said document was acknowledged before a notary public and filed of record with the Cameron County Clerk; pursuant to Rule 902, TRE, the first extension constitutes a self authenticated document as a matter of law. With respect to the second and last extension, (Roberts Deposition Exhibit No. 12), the Plaintiff continues to ignore the fact that the Bank is in possession of the original instrument

CERTIFIED COPY

acknowledged before a notary public and filed of record with the Cameron County Clerk; likewise, pursuant to Rule 902, TRE, the document constitutes a self authenticated instrument as a matter of law.

It should be further noted that at the time of maturity, the note in force and in effect was the last renewal and extension (Roberts Deposition Exhibit No. 12). The law is clear in Texas that when an instrument is executed as a renewal of a note, a Bank may enforce or sue either on the original note or the renewal note. See Travelers Insurance Company v. Bosler, 906 S.W.2d 635 (Tex. App-Fort Worth 1995), writ dism'd by agr., 938 S.W.2d 716 (Tex. 1997); and Bray v. Cadle Company, 880 S.W.2d 813 (Tex. App-Houston [14th Dist.] 1994, writ denied).

4.B. "Not My Signature": Throughout his deposition, the Plaintiff testified that the signature appearing on the subject loan documentation was not his signature. The Plaintiff could provide no reasonable explanation as to how or why the signature appearing on said documentation was not his own. In addition, as referenced above, the last extension note was executed before a notary public. Texas law is well settled that a document containing a certificate of acknowledgment is prima facie evidence that the person who executed the document in question appeared before the notary and executed the document for the purposes and consideration therein expressed. See Bell v. Sharif-Munir-Davidson Development Corporation, 738 S.W.2d 326, 330 (Tex. App-Dallas 1987, writ denied).

CERTIFIED COPY

4.C. "Homestead Designation": Plaintiff alleges that the real estate in question now constitutes his homestead. Said allegation is contrary to the specific language contained in the "Homestead Designation" (Roberts Deposition Exhibit No. 4) executed by the Plaintiff before notary public Michelle Olivarez on October 5, 1990 and filed of record with the Cameron County Clerk. In Gregory v. Sunbelt Savings, FSB, 835 S.W.2d 155, 159 (Tex. App-Dallas 1992, writ denied) the Dallas Appellate Court confirmed standard Texas law that a borrower/mortgager is estopped from asserting a homestead claim where the bank/mortgagee relied on the borrower's representation that the collateral was not a homestead when making the loan secured by the Deed of Trust, and the borrower was not in physical possession of the real estate for homestead purposes at the time the Deed of Trust was executed so as to give the Bank notice of a homestead character; in summary, if the real estate was not a homestead at the time the Deed of Trust was executed, the homestead protection laws have no application even if the real estate subsequently becomes a homestead. Also see Inwood North Homeowners' Association v. Harris, 736 S.W.2d 632, 635 (Tex. 1987).

## V.
## ATTORNEY FEES

Defendant Bank is entitled to the attorney fees that were incurred in the defense of this suit, and in the event there is an appeal of this summary judgment, attorney fees for the appeal. The affidavit of Defendant Bank's attorney attached hereto and

CERTIFIED COPY

incorporated by reference as if set forth herein establishes that the attorney fees are reasonable attorney fees for this case and establishes the following as a matter of law:

1.     Defendant is entitled to attorney fees in the amount of $65,000.00. If this case is appealed to the court of appeals, Defendant Bank is entitled to the additional amount of $10,000.00.  If this case is appealed to the Texas Supreme Court, Defendant Bank is entitled to the additional amount of $10,000.00.

## VI
## CONCLUSION

Defendant Bank is entitled to summary judgment as a matter of law based upon the authority and evidence presented as a part of this motion for summary judgment. The Plaintiff has no recognizable cause of action for either breach of contract or fraud. In addition, the Plaintiff has no recognizable legal defenses  to the evidence establishing his debt owed to Defendant Bank.

WHEREFORE, PREMISES CONSIDERED, Defendant Bank requests the Court to grant this motion and render summary judgment in favor of Defendant Bank, and denying all relief requested in Plaintiff's petition.

Dated:  June _13_, 2000

CERTIFIED COPY

Respectfully submitted,

**FLEMING & OLVERA, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521
Telephone:    (956) 982-4404
Telecopier:   (956) 982-0943


By: _____
    J. Rolando Olvera, Jr.
    State Bar of Texas No. 15278676
    Cameron County I.D. No. 270603

**ATTORNEY FOR DEFENDANT
FIRST VALLEY BANK**


## CERTIFICATE OF SERVICE

I, J. Rolando Olvera, Jr., certify a true and correct copy of the foregoing DEFENDANT FIRST VALLEY BANK'S MOTION FOR SUMMARY JUDGMENT was mailed on June *13*, 2000 via Certified United States Mail, Return Receipt Requested, to the following:

No. 7099 3220 0000 1359 9627
John Roberts, *pro se*
1726 North Commerce
Harlingen, Texas 78550


_____
J. Rolando Olvera, Jr.

A TRUE COPY OF THE ORIGINAL
I CERTIFY, THIS _____ 15th _____ DAY OF
_____ April _____, 20 04

_____
GILBERT LOZANO, DISTRICT CLERK
WILLACY COUNTY TEXAS
BY _____ DEPUTY

Defendant First Valley Bank's Motion for Summary Judgment
(L:\SE\FORECLOS\ROBERTS\97-223\JUDGMENT.SUM)                    Page 12 of 12

**CERTIFIED COPY**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **JOHN OCIE ROBERTS** | § | |
| | § | |
| **VS.** | § | |
| | § | **CIVIL ACTION NO. B-04-002** |
| **WELLS FARGO BANK, FORMERLY** | § | |
| **FIRST VALLEY BANK, FORMERLY** | § | |
| **RAYMONDVILLE STATE BANK, AND** | § | |
| **TOM FLEMING** | § | |

## AFFIDAVIT OF ROLANDO OLVERA

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

BEFORE ME, the undersigned Notary Public, on this day personally appeared **Rolando Olvera**, whom after being duly sworn, deposed and stated as follows:

"My name is Rolando Olvera. I am over twenty-one (21) years of age and competent to testify herein. I am the attorney of record for Defendant Wells Fargo Bank in the above referenced cause of action. Defendant Wells Fargo Bank has filed a "Motion and Brief in Support of Summary Judgment" against Plaintiff John Ocie Roberts; as part of said motion, Defendant Wells Fargo Bank has included an Appendix which contains the following exhibits:

1.    Certified copy of a "judgment" rendered by 138th Judicial District Court of the State of Texas, effective November 9, 2000;

2.    Appellate "Memorandum Opinion" of the Thirteenth Court of Appeals of the State of Texas issued effective June 5, 2003;

3.    Correspondence from the Supreme Court of Texas denying a motion for rehearing of the subject petition for review dated December 5, 2003;

4.    "Petition for Damages - Breach of Contract and Fraud" filed by Plaintiff John Ocie Roberts effective May 30, 1997;

5.    "Complaint - Writ of Error" filed by Plaintiff John Ocie Roberts effective October 14, 1997; and

6.    Certified copy of Defendant First Valley Bank's Motion for Summary (without exhibits) filed effective June 15, 2000.

"I have reviewed each of the foregoing exhibits, and hereby affirm that said exhibits are true and correct photocopies of the originals."

FURTHER, AFFIANT SAYETH NOT.

_____
Rolando Olvera

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, by the said **Rolando Olvera** on this, the 4th day of May , 2004, to certify which WITNESS MY HAND AND OFFICIAL SEAL OF OFFICE.



BARBARA WARNKE
MY COMMISSION EXPIRES
May 2, 2005

_____
Notary Public, State of Texas.