25

United States District Court
Southern District of Texas
FILED

MAY 2 8 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | CIVIL ACTION NO. B-04-002 |
| | § | |
| vs. | § | |
| | § | |
| WELLS FARGO BANK ET AL | § | JURY |

## PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANT'S WELLS FARGO BANK'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

## INTRODUCTION

As a reminder, it is of utmost importance to keep in mind (1) that the Plaintiff's response to Defendant's motion for summary judgment in the state court is not mentioned in Defendant Bank's motion nor brief; (2) that almost all of the exhibits in the alleged Plaintiff's deposition effective January 12, 2000, were for the first time shown to Plaintiff; (3) that the copies of the checks and third party loans which were give to the Defendant Bank for payment are nowhere to be seen nor are they accounted for by Defendant Bank; and (4) that a document showing the last involvement by the Supreme Court of Texas is no where to be seen in Defendant's motion nor brief. It is only mentioned as item "3" in attorney Rolando Olvera's affidavit, attachment 7. This is just in case Plaintiff does not miss it and so that attorney Olvera may "save-face".

However, one can see by the dates thereon that this announcement for the Supreme Court of Texas did not come in until after the first temporary restraining order was granted. Therefore, it was the proper legal step to take. Ironically, these attorneys were the trustee for Plaintiff and Defendant Bank on the deeds of trust. Now, they are executing that same property in which Plaintiff now lives on for their attorney fees.

## DOCTRINE OF RES JUDICATA UNDER TEXAS LAW

Defendant Bank relies heavily on one case, to wit, U. S. v. Lockheed Martin Engineering, 336 F. 3d 346, (5th Circuit Court - 2003). The case of Lockheed is based on a qui tam type of action. That means that a private party has the privilege to complain to the federal government that the federal government is being abused by a private corporation. This law had its beginning, just like the Civil Rights action: during the Civil War era.

In turn, the civil rights laws give a private party the right to complain to the federal government when the private party is being abused by someone in state government. Therefore, there are some parallels with the case at bar, mainly, that one may stand without the other i.e., no res judicata.

Another reason why this Lockheed case does not apply is because the Defendants are acting as if the Plaintiff is relitigating the basic nucleus of facts. The foundation of the facts may of this case may have had as its genesis the same facts, but the lawsuit is complaining mostly of facts that had not yet occurred during the state lawsuit. Therefore, said facts could not have been foreseen much less been known.

State law give Plaintiff a right to ask for an ex parte order when Defendants are out of line as in the case at bar. However, Defendant Fleming wrote to the administrative judge where he admits that he demanded attorney of Plaintiff not to seek another temporary restraining order since he has "been counsel for Wells Fargo Bank against Mr. Roberts since 1997." (Exhibit A is a true and correct copy of the letter sent by Defendant Fleming and it is incorporated by reference as if fully copied herein.)

Then, Defendants obtain the service of a bogus judge as previously explained (Exhibit B is a true and correct copy of the order and it is incorporated by reference as if fully copied herein.)

In the Lockheed case, Plaintiff was terminated for inquiring into whether an act he was required to perform was illegal. In that Texas has an at-will employment rule, then it is settled law that appellant in that case was legally terminated. In the case at bar, there is an abuse of discretion standard for summary judgment motions. It lies in the definition of more than a

scintilla of evidence of a material fact. Therefore, even for the initial state action: Defendants are converting all of Plaintiff's properties. All Defendants have to do is to persuade the judges not to read Plaintiff's pleadings.

Plaintiff's case at bar is based on 42 U.SCS § 1983 et seq.

The Civil Rights Act of 1871 provides that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, is liable to the party injured in an action at law, suit in equity, or other property proceeding for redress.

Plaintiff is a citizen of the United States and he is entitled to protection of his property.

Three (3) of his properties were sold to the Defendant Bank by Defendant Fleming. One of those properties sold by execution of the sheriff was his homestead. The only problem Plaintiff had was to show the propensities for conversion of Defendants. At the beginning he suspected the Bank officials; by seeing how the bank's attorneys have manipulated the system by their control, now he can see that Defendant intentionally and knowingly convert property as they have done with Plaintiff's.

## ARGUMENTS AND AUTHORITIES

Not only have Defendants managed to take Plaintiff's properties without due process, they have declared Plaintiff a vexatious litigant so that he can no longer defend his own rights. The requirements of the statute (Texas Civil Practice and Remedies Code, Chapter 11) requires full trials or dismissal of for two (2) years on the docket.

There was never a trial and the trial court did not determine any of the factual issues by the dismissal want of prosecution order it issued. ((Exhibit C is a true and correct copy of the judgment and it is incorporated by reference as if fully copied herein.)

The court in Williams v. Houston Firemen's Relief, 121 S.W. 3d 415 (Tex. Civ. App. -Houston [1st Dist.] 2003) states the following:

"The fund and the trustees also argue for the first time on appeal that the alleged res judicata effect of our holding in William I deprived the trial court of jurisdiction over

Williams's challenges to the adoption of the guidelines and the PSC determination. First, res judicata is an affirmative defense on the merits, not a jurisdictional bar, See Int'l Bank of Commerce of Laredo v. city of Laredo, 608 S.W. 2d 267,269, (Tex. Civ. App. San Antonio 1980, writ dismissed). Second, and interlocutory judgment in the same suit cannot have a res judicata effect because such a judgment is not final. See Frost Nat'l Bank v. Burge, 29 S.W. 3d 580,595, (Tex. App. -Houston [14th Dist.] 2000, no pet.). Williams also argues that the fund is prevented by stare decisis or in collaterally estoppel from denying his claim for PSC because of a prior district Court decision. Holleman v. Houston Firemen's Relief and Retirement Fund, Cause No. 92-28684, in the 80th Judicial District Court of Harris County. First, we are not bound by district court decisions. Second, collateral estoppel, or issue preclusion, prevents the litigation of particular issues when "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." Sysco Food Sevs, Inc. v. Trapnell, 890 S.W. 2d 796, 801 (Tex. 194); Barr v. Resolution Trust Corp., 837 S.W. 2d 627, 268 (Tex. 1992). The district Court in Holleman did not interpret the retirement statute applicable to Williams's claims or determine Williams's eligibility for PSC, and neither the parties nor the issues are the same here; collateral estoppel does not apply."

In the case at bar, Defendants have not proven the actual issues nor what is res judicata. They have not even proffered Plaintiff's response to their motion for summary judgment. Definitely, the final order does not enlighten any one as to what occurred as the summary judgment.

Also, if the Defendants did not understand the pleading, the manner of asking is through special exceptions not summary judgment.

State action is present in this case in that a bogus judge, Judge Robert Barnes, took over Plaintiff's properties and is now giving it to other parties not within the lawsuit. That Judge has denied Plaintiff's constitutional and civil rights blatantly and without scruples. The Court in In Re Knot, 118 S. W. 3d 89, (Tex. Civ. App-Texarkana, 2003) stated the following:

"The protection of one's right to own property is said to be one of the most important purposes of government. That right has been described as fundamental, natural, inherent, inalienable, not derived from the legislature and as preexisting even constitutions." Eggemeyer v. Eggemeyer, 554 S.W. 2d 137,140 (Tex. 1977) (citing Pennsylvania Coal Co. v. Mahon, 260 U. W. 393, 43, S. Ct. 158, 67 L Ed. 322 (1922); 260 U. S. 393, 43 S. Ct. 158, 67. L. Ed. 322, 28 A.L.R. 1321 (1922); 16 AM JUR2D Constitutional Law § 362 (1964)). Our constitution

forbids the deprivation of a citizen's life or property except by due course of law. TEX CONST. art. 1 § 16. This constitutional protection requires not only procedural but also substantive due course of law. Eggemeyer, 554 S.W. 2d at 140. Furthermore, "one person's property may not be taken for the benefit of another private persons without a justifying public purpose, even though compensation be paid." Thompson v. Consol, Gas Utils, Corp. 300 U.S. 55, 80, 57 S. Ct. 364, 81 L Ed. 510(1937).

The following are the facts of the prior lawsuit:

(1)  Plaintiff requested a loan from Defendant Bank on October 1, 1990. The Bank, through its officer, John Nicholson, orally promised that all payments made by Plaintiff or his representatives, would be credited to his loan and deducted from his debt.

(2)  He and his representatives paid into the account. However, to Plaintiff' surprise, the Bank refused to credit Plaintiff's loan account of said amounts.

(3)  By way of example, Ann Langham borrowed $10,000.00 from the Bank and instructed the Bank to credit said amount to Plaintiff. Mrs. Langham paid in full said loan only to find out that the Bank had failed and refused to turn the money over to use as a credit to Plaintiff's loan account.

(4)  This problem reoccurred to sum up to approximately fifty thousand ($50,000.00) dollars, U. S. C. Therefore, Plaintiff brought a civil action in the state district court for breach of contract and fraud. (Exhibit D is Plaintiff's affidavit and is incorporated by reference as if fully copied herein.)

(5)  To Plaintiff's surprise, summary judgment motions were granted against him even though he showed two affidavits of individuals plus his own, plus his own individual who had paid into the account and the Bank did not reflect such entries. (Exhibit D)

(6)  The case was ignored all the way up the Supreme Court of the State of Texas in that Defendant's attorney Tom Fleming is a highly influential person.

The following are the facts on which this lawsuit is based and all have occurred after the state lawsuit:

(1)  Defendants acting in concert have continued to harass Plaintiff by threatening Plaintiff and his attorneys.

(2)  When Plaintiff sought and obtained a temporary restraining order, having used legal and

authorized means, he was sanctioned $5,000.00 for having had an ex parte temporary restraining order. Such are authorized by the Texas Rules of Civil Procedure Rule 680.

(3)     Defendant, Tom Fleming, has also threatened Plaintiff's attorney therefore, now Plaintiff may not even obtain the services of an attorney.

(4)     Defendant, Tom Fleming, has also written to the state judges setting certain guidelines they must follow. Therefore, Plaintiff will not be able to obtain any judge to do what the law authorizes them to do. (Exhibit A is a true and correct copies of the letters sent by Defendant, Tom Fleming to Plaintiff's attorney and to the district judges and are incorporated by reference as if fully copied herein.)

(5)     The problem that Defendant, Tom Fleming, had in executing on a judgment is that the judgment called for attorney fees if the case went to the Supreme Court. The problem is that the Supreme Court of Texas had not finalized its ruling therefore Defendant Tom Fleming was trying to get paid in advance. Hence, a Temporary Restraining Order was obtained.

(6)     Now, the problem the Sheriff has is that the properties which he is executing, have an outstanding lien. And, the sheriff is going to sell the property when he does not know what the lien is worth. Therefore, when he receives money on the execution, how will he know how much to disburse on each item and to whom.

(7)     Also, the Sheriff will not know when to stop selling Plaintiff's properties through executions if the Sheriff does not know how much goes to the lienholder. The sheriff sold to a third property.

(8)     Also, the Sheriff gave notice by placing the notice allegedly on the courthouse, however, Plaintiff has been, for years, using one of these properties for homestead. Yet, the Sheriff did not give notice as required by Section 51.001 et seq. of the Texas Property Code.

(9)     The Sheriff is also executing on a judgment for attorney fees. The Constitution of the State of Texas does not allow on attorney fees judgment to be grounds for foreclosure on a homestead.

(10)    However, Plaintiff can not go to any state judge for protection because of Defendant Tom Fleming's letters and now he has been declared a vexatious litigant.

(11)    The Sheriff is going to have an accounting problem because he does not know how to disburse the payment given on the forced sale.

(12)    If the Sheriff sells the property with a lien on it, and the only notice it gave was the writ

of execution, then the Sheriff is taking property away from Plaintiff without due process.

(13)     The Property Code has special provisions for residential homestead laws and the Sheriff is not following said laws on the instance of Defendant. Plaintiff lives in one of the properties. It is exempt when the foreclosure is for one of three reasons none of which are within the purview of the judgment being executed.

(14)     However, Plaintiff can not go to any attorney or else he will be sanctioned again for doing legal acts, and the attorney has been threatened and no judge will want to hear Plaintiff because the Defendant has sent letters to all judges intimidating them even though the Sheriff is executing on Plaintiff's residential homestead. Plaintiff has legitimate complaint but can not get his right to be heard in Court.

(15)     The acts and practices of the Defendants and their agents, as herein alleged, were performed under color of law, and, therefore, constitute actions of the State within the meaning of the Fourteen Amendment to the United States Constitution. All Defendants are being sued jointly and severally.

And, the legal process extends all the way through foreclosure and execution of properties. So far, Plaintiff has lost one property not involved with the Defendant Bank.

The Defendant Bank had retained the services of Defendant Tom Fleming and in turn, Defendant Fleming sought the help of Defendant Sheriff Dan Huerta.

Defendant caused the Sheriff's office to commit the following crimes for the benefit of Defendant Bank and Defendant Fleming.

(a)     Defendant was served with the order granting a temporary restraining order. Said order did not allow the sale of the property due to irregularities which appeared obvious to the Court granting said order.

(b)     Subsequent to having been duly served, Defendant received an order, which was not yet even filed with the clerk's office.

(c)     The order was signed by Judge Robert Barnes who is a stranger to the lawsuit. One may readily and realistically conclude that Defendant Tom Fleming had to go to obtain Judge Barnes' participation.

(d)     This order was dated the 5th of January 2004 and given to Dan Huerta was not even filed until January 13, 2004.

(e)     There is also evidence that the notice of sale was not posted.   (Exhibit E is a true and correct copy of an affidavit by Sam Wallace  and is incorporated by reference as if fully copied herein.)

The Sheriff as a peace officer, has specific duties pursuant to Texas Code of Criminal Procedure  Articles 2.12 and 2.13.

In the case at bar, the crimes that were being committed are the following:

Texas Penal Code, Section 39.02 and 39.03 and 31.05 and

## 39.02 **Abuse of Official Capacity**

(a)     A public servant commits an offense if, with intent to obtain a benefit or with intent to harm or defraud another, he intentionally or knowingly:

(1)     violates a law relating to the public servants office or employment:

(b)     An offense under Subsection (a)(1) is a Class A misdemeanor.

## 39.03 **Official Oppression**

(a)     A public servant acting under color of his office or employment commits an offense if he:

(1)     intentionally subjects another to mistreatment or to arrest, detention, search, seizure, dispossession, assessment, or lien that he knows is unlawful;

(b)     For purposes of this section, a public servant acts under color of his office or employment if he acts or purports to act in an official capacity or takes advantage of such actual or purported capacity.

## 36.04. **Improper Influence**

(a)     A person commits an offense if he privately addresses a representation, entreaty, arguments or other communication to any public servant who exercises or will exercise official discretion in an adjudicatory proceeding with an intent to influence the outcome of the proceeding on the basis of considerations other than those authorized by law.

(b)     For purposes of this section, "adjudicatory proceeding" means any proceeding before a Court or any other agency of government in which the legal rights, powers, duties, or privileges of specified parties are determined.

(c)     An offense under this section is a Class A misdemeanor.

## 37.11. **Impersonating Public Servant**

(a)     A person commits an offense if he:

(1) impersonates a public servant with intent to induce another to submit to his pretended official authority or to rely on his pretended official acts; or

(2) knowingly purports to exercise any function of a public servant or of a public servant or of a public office, including that of a judge and court, and the position or office through which he purports to exercise a function of a public servant or pubic office has no lawful existence under the constitution or laws of this state or of the United States.

 (b) An offense under this section is a felony of the third degree.

<u>Tovar v. State</u>, 777 S.W. 2d 481,489 (Tex. App.–Corpus Christi 1989, pet ref'd). "To violate §37.11 (a), there must be a false assumption or pretension by a person that he is a person that he is a public servant and overt action in this capacity."

Defendant Sheriff Huerta had to have known or should have known that a third party judge cannot come in and cancel the order of a duly elected judge. There was no citation or service or process therefore, Defendant Huerta could not have been innocently duped.

Apparently Defendant relies on <u>Camacho v. Smaniego</u>, 954, S.W. 2d 811 (Tex. Civ. App. -El Paso 1997 writ denied) which shields acts by public officials when acts were mistaken, wrong or negligent. Defendant Huerta's acts are outright criminal. And furthermore, he is the one with the duty to prevent crimes not to expand them.

As this case developed, the one characteristic that becomes obvious is that Defendant Tom Fleming has its tenacles of control throughout the State of Texas. The trial court ignored all of Plaintiff's affidavits. The appeals court and the Supreme Court certified such actions.

Now, in the execution of the judgment, Defendant Fleming obtained the aid of the Sheriff's office. Plaintiff's homestead was set up for sale for an execution of a judgment for attorney fees. This is unequal protection.

## **CONCLUSION**

As in the case of <u>The United States v. Wiseman</u>, 455 F 2d 792, (N.Y.) 1971, 30 L Ed. 287) writ of certiori denied. Even though the Defendants were not public officials, the Defendants were acting under color of law. The concept of color of law is tantamount to state action.

This behavior is not limited to the case at bar but extends to anyone who has some form

of connection to Judge Robert Barnes. (Exhibit F is a true and correct copy of a case in which Judge Barnes denied the right of trial by jury to other individuals and is incorporated by reference as if fully copied herein.)

As if this were not enough, Defendants had the court in case #2002-01-252-E issue a temporary order and in that order and in its supplement, declare Plaintiff as a vexatious litigant when in truth and in fact, the court has never heard any evidence nor entertained any motion which would ask that court to have Plaintiff declared as a vexatious litigant.

Plaintiff can only conclude that he, for whatever reason, to include because he is pro se, could never get a trial if he goes against Defendant Fleming due to Defendant's control or influence. Plaintiff was asking for a trial, not a fair trial, just a trial by jury yet there is no way he can obtain one. Plaintiff has seen first hand the control Defendants have over the judicial system and the sheriff's office.

In that res judicata is an affirmative defense, the mere displaying of the final order is not sufficient as a matter of law. At least, Defendant should show Plaintiff's response to the motion for summary judgment, at least.

One final thought: much has been focused on the work of Defendant attorney as an attorney. However, in the execution of a writ, it is not a professional duty for attorneys. Therefore, the issue of privity does not apply nor is the affirmative defense of res judicata. According to Federal Rule of Civil Procedure, Rule 69, judgments are to be executed in accordance with the practice and procedure of the state in which the district court is located. Defendants have violated many of those rules against Plaintiff. (Miller v. Stonehenge/FAS 993 F Supp. 461, N.D. Texas, 1998).

The Plaintiff also filed a motion to recuse which explains why Judge Barnes should recuse himself. (Exhibit G is a true and correct copy of the motion to recuse himself and is incorporated by reference as if fully copied herein.)

Also, Plaintiff filed his motion to set aside orders for sanctions. However, that was also denied. (Exhibit H is a true and correct copy of the motion to set aside sanction and is incorporated be reference as if fully copied herein.)

**WHEREFORE, PREMISES CONSIDERED,** John Ocie Roberts, Plaintiff prays that this Court upon consideration of Defendants' motion for summary judgment deny the motion

and set the case for trial and further grant Plaintiff any and all relief to which he may show himself entitled to receive.

Respectfully submitted,

John Ocie Roberts, Pro Se
P. O. Box 1167
La Feria, Texas 78589

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Brief in Response to Defendant's Wells Fargo Bank's Brief in Support of its Motion for Summary Judgment had been hand delivered on this the 25 day of _____ MAY _____, 2004.

John Ocie Roberts

# FLEMING & HERNANDEZ, P.C.

Attorneys at Law
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602

Tom Fleming
Luis R. Hernandez
Jeffrey G. Mathews

(956) 982-4404
FAX (956) 982-0943
EMAIL FLEMOLPC@HILINE.NET

Rolando Olvera, P.C.
Of Counsel

December 22, 2003

The Honorable Darrell Hester
JUDGE
FIFTH ADMINISTRATIVE JUDICIAL REGION
Cameron County Courthouse
974 East Harrison Street
Brownsville, Texas 78520

Re:    **Cause No. 2003-12-5738-A**
       **In The 107th Judicial District Court**
       **Cameron County, Texas**

       *John Roberts, Plaintiff*
       *vs.*
       *Wells Fargo Bank, Formerly First Valley Bank, Formerly*
       *Raymondville State Bank; Tom Fleming, Dan Huerta, and*
       *Rolando Olvera, Defendants*

Dear Judge Hester:

On December 1, 2003, the above styled and numbered cause was filed and a temporary restraining order was issued *ex parte*. On December 8, 2003, the enclosed order was entered dissolving the TRO, denying the application for temporary injunction and ordering sanctions against Plaintiff, John Roberts and/or his Counsel, Raul A. Guajardo.

The writ of execution has been reissued and the Sheriff's sale scheduled for January 6, 2004. Deputy Sheriff Dan Huerta has now been advised by Mr. Guajardo as Counsel for Plaintiff that he will again seek a TRO. We are by copy of this letter to Mr. Guajardo demanding that he not seek an *ex parte* meeting with any District Judge in this matter since we have been Counsel for Wells Fargo Bank against Mr. Roberts since 1997.

In the event Mr. Guajardo or any other counsel appears *ex parte* for Plaintiff, John Roberts, we would appreciate the opportunity to be heard on behalf of all defendants.



COPY

Exh A

The Honorable Darrell Hester
JUDGE
FIFTH ADMINISTRATIVE JUDICIAL REGION
December 22, 2003
Page 2 of 2

Thank you for your assistance in this matter.

Very truly yours,

FLEMING & HERNANDEZ, P.C.

by:
Tom Fleming

TF/bgw

Enclosure

cc(w/encl.):  Mr. Raul A. Guajardo
ATTORNEY AT LAW
909-A Nyssa Avenue
McAllen, Texas 78501
(CMRRR, #7002 2030 0007 1000 1122)

COPY

# StoneRidge

## INJURY & ACCIDENT CLINIC

*"The only choice when you're in pain"*

689 - 5280

List of Judges:

1. Darell Hester
2. Menton Munray
3. Benjamin Euresti
4. Robert Garza
5. Magdalia Lopez
6. Leonel Alejandro
7. Abel Limas

# FLEMING & HERNANDEZ, P.C.

Attorneys at Law
1650 Paredes Line Road, Suite 102
Brownsville, Texas  78521-1602

Tom Fleming
Luis R. Hernandez
Jeffrey G. Mathews

(956) 982-4404
FAX (956) 982-0943
EMAIL FLEMOLPC@HILINE.NET

Rolando Olvera, P.C.
Of Counsel

December 22, 2003

The Honorable Leonel Alejandro
JUDGE
357TH JUDICIAL DISTRICT COURT
Cameron County Courthouse
974 East Harrison Street
Brownsville, Texas  78520

Re:     **Cause No. 2003-12-5738-A**
          **In The 107th Judicial District Court**
          **Cameron County, Texas**

          *John Roberts, Plaintiff*
          *vs.*
          *Wells Fargo Bank, Formerly First Valley Bank, Formerly*
          *Raymondville State Bank; Tom Fleming, Dan Huerta, and*
          *Rolando Olvera, Defendants*

Dear Judge Alejandro:

On December 1, 2003, the above styled and numbered cause was filed and a temporary restraining order was issued *ex parte*. On December 8, 2003, the enclosed order was entered dissolving the TRO, denying the application for temporary injunction and ordering sanctions against Plaintiff, John Roberts and/or his Counsel, Raul A. Guajardo.

The writ of execution has been reissued and the Sheriff's sale scheduled for January 6, 2004. Deputy Sheriff Dan Huerta has now been advised by Mr. Guajardo as Counsel for Plaintiff that he will again seek a TRO. We are by copy of this letter to Mr. Guajardo demanding that he not seek an *ex parte* meeting with any District Judge in this matter since we have been Counsel for Wells Fargo Bank against Mr. Roberts since 1997.

In the event Mr. Guajardo or any other counsel appears *ex parte* for Plaintiff, John Roberts, we would appreciate the opportunity to be heard on behalf of all defendants.



The Honorable Leonel Alejandro
JUDGE
357TH JUDICIAL DISTRICT COURT
December 22, 2003
Page 2 of 2

_____

Thank you for your assistance in this matter.

Very truly yours,

FLEMING & HERNANDEZ, P.C.

by:
    Tom Fleming

TF/bgw

Enclosure

cc(w/encl.):  Mr. Raul A. Guajardo
              ATTORNEY AT LAW
              909-A Nyssa Avenue
              McAllen, Texas  78501
              *(CMRRR, #7002 2030 0007 1000 1122)*)

#972277
L:\WARNKE\FLEMING\Roberts_John\2003-12-8738-A\357th-1Ltr.wpd

# FLEMING & HERNANDEZ, P.C.

Attorneys at Law
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602

Tom Fleming
Luis R. Hernandez
Jeffrey G. Mathews

(956) 982-4404
FAX (956) 982-0943
EMAIL FLEMOLPC@HILINE.NET

Rolando Olvera, P.C.
Of Counsel

December 22, 2003

_FACSIMILE (956) 686-0469_
_and CMRRR, #7002 2030 0007 1000 1122_

Mr. Raul A. Guajardo
ATTORNEY AT LAW
909-A Nyssa Avenue
McAllen, Texas 78501

> Re:  **Cause No. 2003-12-5738-A**
> **In The 107ᵗʰ Judicial District Court**
> **Cameron County, Texas**
>
> _John Roberts, Plaintiff_
> _vs._
> _Wells Fargo Bank, Formerly First Valley Bank, Formerly_
> _Raymondville State Bank; Tom Fleming, Dan Huerta, and_
> _Rolando Olvera, Defendants_

Dear Mr. Guajardo:

As you are aware, this firm represents all of the defendants in the above styled matter. We have been advised by Deputy Sheriff Dan Huerta that you have expressed to him an intent to seek yet another temporary restraining order to prevent the Sheriff's sale scheduled for January 6, 2004.

Inasmuch as you saw fit to _ex parte_ a court on December 1, 2003 in violation of Local Rule 1.3(b) when you were aware of our representation of Wells Fargo Bank, we suspect you intend to carry on with that practice. We suggest you review Rule 3.05(b), Texas Disciplinary Rules of Professional Conduct and Cameron County Civil Court Rules, 1.3. In the event you do seek _ex parte_ communication with any court regarding this matter, we will have no choice but to make a complaint to the local grievance committee. We certainly hope to avoid such action.

Mr. Raul A. Guajardo
ATTORNEY AT LAW
December 22, 2003
Page 2 of 2

Should you wish to coordinate a fair, open and bilateral hearing on the issue, please contact us to coordinate a date and time.

Very truly yours,

FLEMING & HERNANDEZ, P.C.

by:
Tom Fleming

TF/bgw

r972277
L:\WARREL\FLEMING\Roberts, John\2003-12-5738-A\Guajardo-1Ltr.wpd

# *Law Office of Raul A. Guajardo*

909-A Nyssa Avenue                                    Phone: 956.686.1977
McAllen, TX 78501                                        Fax: 956.686.0469

December 22, 2003

Mr. Tom Fleming                                    *Via Facsimile No. (956) 982-0943*
Fleming & Hernandez, P.C.
1650 Paredes Line Rd., Ste. 102
Brownsville, Texas 78521-1602

            RE:    Cause No. 2003-12-5738-A
                   Our Client:    John O. Roberts

Dear Mr. Fleming:

        As much as this may disappoint you, Sir, you must know that I am not one to engage in fruitless bickering and unfounded or unprofessional arguments. Therefore, I will not respond as such. I will, however, inform you that I surely do not appreciate any threats made against me. There is no reason for such conduct on your behalf.

        In your letter you invite me to "coordinate a fair, open and bilateral hearing on the issue." I believe, you make this invitation in an effort to put this matter to rest. Well, I certainly wish you had been open to this from the start. As you may recall, I sought that courtesy from you and attempted to extend the same to you from our first contact. Unfortunately, I did not receive the same warmth from you at the time that your letter now conveys.

        With regard to any statements that I might have made to Mr. Huerta, if you must know, the gist of it is that he advised me he was trying to serve Mr. Roberts and asked if it was okay. I responding that he should do what he needs to because, *"at this time, we do not have anything that will stop you from doing so"*. Now, whether you interpret that to mean that I will act on something is totally your privilege.

        I sincerely lament your attempts at discouraging me from fully representing my client as the law allows. In doing so, I am not engaging in any ethical violations. As luck may have it, I see various violations, in your letter **alone**, of the Texas Rules of Professional Conduct as well as other substantive law violations.

        However, with all that being said, since I have a duty to my client, I will advise him of your invitation and will communicate to you his response. And in the future, I will kindly ask that you refrain from making threats or discouraging remarks. I believe that all things can be handled without the need for such conduct.

Sincerely,

LAW OFFICE OF RAÚL A. GUAJARDO

Raúl A. Guajardo
Attorney at Law

RAG/mat

## FLEMING & HERNANDEZ, P.C.

Attorneys at Law
1650 Paredes Line Road, Suite 102
Brownsville, Texas  78521-1602

Tom Fleming
Luis R. Hernandez
Jeffrey G. Mathews

(956) 982-4404
FAX (956) 982-0943
EMAIL FLEMOLPC@HILINE.NET

Rolando Olvera, P.C.
Of Counsel

December 23, 2003

**FACSIMILE (956) 686-0469**
**and FIRST CLASS UNITED STATES MAIL**

Mr. Raul A. Guajardo
LAW OFFICE OF RAUL A. GUAJARDO
909-A Nyssa Avenue
McAllen, Texas  78501

> Re:    Cause No. 2003-12-5738-A
>        In The 107th Judicial District Court
>        Cameron County, Texas
>
>        *John Roberts, Plaintiff*
>        *vs.*
>        *Wells Fargo Bank, Formerly First Valley Bank, Formerly*
>        *Raymondville State Bank; Tom Fleming, Dan Huerta, and*
>        *Rolando Olvera, Defendants*

Dear Mr. Guajardo:

My job does not entail nor require exuding "warmth" to an attorney who fails to research either the law or the facts before filing a verified petition which is wholly fictitious.

The only contact you ever had with me was to request a continuance of a hearing you got set without consulting me.  You are lucky I even talked to you.

Very truly yours,

FLEMING & HERNANDEZ, P.C.

by:
Tom Fleming

TF/bgw

#972277
L:\WARNKE\FLEMING\Roberts,John\2003-12-5738-A\Guajardo-2Ltr.wpd

CAUSE NO. 2004-01-0003-B

| | | |
|---|---|---|
| **JOHN ROBERTS** | § | **IN THE DISTRICT COURT** |
| Plaintiff | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **WELLS FARGO BANK, Formerly** | § | **138TH JUDICIAL DISTRICT** |
| **FIRST VALLEY BANK, Formerly** | § | |
| **RAYMONDVILLE STATE BANK** | § | |
| Tom Fleming, Dan Huerta, and | § | |
| Rolando Olvera | § | |
| Defendants | § | **CAMERON COUNTY, TEXAS** |

## ORDER DISSOLVING RESTRAINING ORDER

On this 5th day of January 2004, the motion to dissolve a restraining order was presented by Defendants **Wells Fargo Bank and Tom Fleming** and considered by the Court.

The Court finds that the restraining order was previously dissolved in the identical suit now pending before the 107th District Court and is, therefore, *res judicata*.

IT IS, THEREFORE, ORDERED that the temporary restraining order issued by this Court on January 5, 2004 is dissolved.

SIGNED FOR ENTRY on this ⌒5⌒ day of January 2004.

_____
JUDGE PRESIDING

JAN 1 3 2004
**John Ocie Roberts**, P. O. Box 1167, La Feria, Texas 78589
**Tom Fleming**, FLEMING & HERNANDEZ, P.C., 1650 Paredes Line Road, Suite 102, Brownsville, Texas 78521-1602

ORDER DISSOLVING RESTRAINING ORDER
TF/rcgw #972277 L \WARHKSVFLEMING\Roberts,John\2004-01-0003-B\Dissolve-Ord.wpd
Page 1 of 1

FILED _____ O'CLOCK ____M
AURORA DE LA GARZA, CLERK

JAN 1 3 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
Maria Medrano

Exh B

IN THE DISTRICT COURT
FOR THE STATE OF TEXAS
WILLACY COUNTY, TEXAS

| | | |
|---|---|---|
| JOHN ROBERTS, | § | |
| Plaintiff, | § | CASE NO. 97-223 |
| | § | |
| vs. | § | |
| | § | |
| FIRST VALLEY BANK, Formerly | § | |
| RAYMONDVILLE STATE BANK | § | 138th JUDICIAL DISTRICT COURT |
| and Does 1 through 20, | § | |
| Defendants | § | |

## JUDGMENT

Upon consideration of the two motions for summary judgment filed respectively by Defendants' First Valley Bank and J. Rolando Olvera, Jr., this Court held that summary judgment be granted in favor of Defendants against Plaintiff John Roberts.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that summary judgment is hereby granted in favor of Defendant First Valley Bank (formerly known as Raymondville State Bank and presently known as Wells Fargo Bank); summary judgment is also granted in favor of Defendant J. Rolando Olvera, Jr.; furthermore, Plaintiff John Roberts is hereby ordered to pay $35,000.00 in attorney fees to the Defendants with an additional $10,000.00 to be awarded to the Defendants upon each subsequent appeal which is not successful; Plaintiff John Roberts is to be held individually liable for said amounts. It is further ordered that Plaintiff John Roberts have and recover nothing against the Defendants; the Plaintiff's cause of action is hereby dismissed at the Plaintiff's cost.

FILED

NOV - 9 2000

Exh C

SIGNED FOR ENTRY this _8_ day of _May_, 2000.

_____
JUDGE PRESIDING

copies to:

J. Rolando Olvera, Jr.
FLEMING & OLVERA, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, Texas  78521

John Roberts
1726 North Commerce
Harlingen, Texas  78550

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | CIVIL ACTION NO. B-04-002 |
| | § | |
| vs. | § | |
| | § | |
| WELLS FARGO BANK ET AL | § | JURY |

STATE OF TEXAS          }

COUNTY OF WILLACY     }

### AFFIDAVIT

BEFORE ME, personally appeared John Ocie Roberts, and stated under oath that the following is true and correct and from his own personal knowledge:

My name is John Ocie Roberts. I am competent to testify. Im over the age of eighteen (18) years and have never been convicted of any crime.

1.  I have gone to the Bank and they did not have my payment record. I asked to see the file and I asked to see the originals and they could not produce the original note. This is when I decided to sue them.

2.  The bank did not have records to show the payments made by Mrs. Langham and Dena Langham. Also, my son had paid over $20,000.00 into my loan and that payment was not showing.

3.  When I approach the Bank officer, she stated to me that I had more records than what they had on the loan.

4.  I know I have a cause of action against the Defendant Bank because I paid them and the Bank refuses to acknowledge my payments. I also know I have a right to be represented by counsel. However, Defendant Fleming has always spoken to the attorneys who would try to help me and the outcome would be the same. Defendant Fleming would threaten each one of them. The attorneys would tell me, that I was correct but they did not want to get involved.

5.  I use the term fraud to include conversion. In the hearing, Paragraph 34 lines 6-13, I was not allowed to finish my answer. Defendant Olvera interrupted me therefore, I did not have the chance to terminate my thoughts and answer the questions fully. I was interrupted but that was not my complete answer. I am suing for civil rights violations.

Defendants have taken my property away and I lost my investment. I want my investment


Exh D

back plus exemplary damages. This property was my homestead.

6.  In the matter of all of the exhibits in my deposition effective 12th January 2000, almost all of those exhibits were shown to me on that date for they very first time. The Defendants introduced them but not through my testimony.

7.  The Supreme Court of Texas did not rule on the last motion in the original suit until December 8, 2003.

8.  Attached hereto are true and correct copies of the affidavits attached to my response to Defendants' motions for summary judgment. These affidavits show some of the monies that were paid into my loan account with said payments.

9.  As to Judge Robert Barnes assuming control of my cases, I did not ever allow him that action nor would I ever allow it.

10. The opposing counsel, in the initial case, took certain excepts of the file, as he thought fit and took them to the judge from Raymondville, district clerk (Willacy County district clerk's office) to the judge in Brownsville, Cameron County, Texas. There they had a meeting in Brownsville, the judge granted the summary judgment then the attorney took the file back to Willacy County, Texas. Plaintiff was never informed of such an action until afterwards.

11. I had paid up to $52,000.00 over and above what the Bank states in the accounting. The amount in truth and in fact that would have been due and owing is not easily determined. The amount the Defendant Bank claim as of the alleged last date is about $75,000.00. However, that amount includes penalties and increased interest.

12. Attached hereto is also a certified copy of the vexatious litigant order. I am ordered to pay "$7,500.00" for costs in order to continue the litigation on case number 2003-12-5738-A.

Affiant further saith naught.

_____/S/_____
John Ocie Roberts

SWORN AND SUBSCRIBED TO BEFORE ME, the undersigned notary, on this the ____ day of _____, 2004, which witness my hand and seal.

_____
Notary Public- State of Texas

My name is Sam Wallace and I am of sound mind and capable of making this affidavit. I am familiar with viewing and retrieving all types of documents from the Cameron County Courthouse and various courthouses across Texas and various other states. Mr. John O. Roberts after first checked all places mentioned in this text requested a separate person who has no interest in the outcome of the case to gather facts about this case in question. On or about Friday December 19th 2003 John Roberts called me to search county clerks' records on 2nd floor of the Admen Building in Cameron County. It was my understanding that Cameron County was going to sell property on the 8th of January 2004. The property was to be fore closed on for the 1st Tuesday of each month. I searched both sale clipboards carefully present & prior months. There were no records that the name John Roberts on any of the pages. I thoroughly checked each page. No records of for closure sale existed with the name John Roberts. I then went to the Judicial Building on the first floor around the 5:00 PM hour and noticed a single legal size paper without a file stamp on the end of the bulletin board about chest high closest to Harrison Street with the name John Roberts on it. I spoke to Deputy Travis Stukes and asked him to verify that the record that was posted. I noted to Deputy Stukes that the document with John Roberts's name had no file stamp on it. I told him to remember this occurrence because John O. Roberts will possibly one day like to Subpoena him to tell this to a court of law. On or about the 23rd day of April 2004 I had a conversation with Deputy Stukes about the document and he remembered the occasion well. The reason for this affidavit is the fact that the document with John Roberts name on them was not file stamped. They were simply posted on top of all the others and not buried or underneath others. It is

**Affidavit for John O. Roberts**

my opinion that the documents were improperly posted due to the fact that there was no

file stamp any place on the document.


VERIFICATION


STATE OF TEXAS          )(
COUNTY OF CAMERON    )(

BEFORE ME, A NOTARY PUBLIC, on this day personally appeared Sam Wallace,
known to me to be the person whose name is subscribed to the foregoing document and,
being by me first duly sworn, declared that the statements therein contained are true and
correct.


Sam Wallace

Given under my hand and seal of office this 27th day of May 2004.


NOTARY PUBLIC

Respectfully submitted by:



John O. Roberts

P. O. Box 1167

La Feria, Texas 78559-1167

http://www.lawyersupportservices.net

CASE NO. 2622

| | | |
|---|---|---|
| DAVID DOUGLAS AND | } | IN THE COUNTY COURT |
| PATIENCE DOUGLAS, | } | |
|     Defendants/Appellants | } | |
| | } | |
| VS. | } | |
| | } | |
| RICHARD KEMP AND TINA KEMP | } | |
|     Plaintiffs/Appellees. | } | WILLACY COUNTY, TEXAS |

## FINAL JUDGMENT

On the date entered below, came on for hearing the Appeal of the Judgment of the Justice Court, Precinct 3, Place 1, Willacy County, Texas, rendered, signed and entered on the 30th day of July, 2002 by Judge Sabas Garza, Justice of the Peace, Precinct 3, Place 1, Willacy County, Texas, in Cause No. 2119 in said Justice Court, Precinct 3, Place 1, Willacy County, Texas. This County Court, sitting as an Appellate Court set this case for trial on the merits on the date entered below. Plaintiff, RICHARD A. KEMP and wife, TINA D. KEMP, appeared in person and by and through their attorney of record, PATRICK M. DOOLEY. Defendants and Appellants, DAVIS DOUGLAS and PATIENCE DOUGLAS *appeared by and through attorney Noe Robles*

The Court, after considering the evidence and the argument of counsel is of the opinion that the following Order should be entered.

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that Defendants and Appellants, DAVID DOUGLAS and wife, PATIENCE DOUGLAS, are guilty of forcible detainer with respect to the property described as follows:

> The leasehold interest and estate in and to the south 25' (twenty-five feet) of Lot No. 52 and all of Lot No. 53, Block No. 13, Port Mansfield, Willacy County, Texas, according to the official map or plat thereof of record in Volume 3, Page 21, Map Records, Willacy County, Texas, as such interest is reflected in that certain Residential Lease Agreement dated August 14, 1991 by and between the Willacy County Navigation District, as Lessor, and John

*Exh F*

F. Gallant and Dorothy M. Gallant, as Lessee, which is of record in Volume 35, Page 51, Official Real Record, Willacy County, Texas, and being the same property being referred to in a Warranty Deed with Vendor's Lien dated January 3, 1994, wherein John F. Gallant and wife, Dorothy M. Gallant, are Grantors and Richard A. Kemp and wife, Tina D. Kemp, are Grantees, said Deed found of record in Volume 091, Page 315 in the Real Property Records of Willacy County, Texas, also known as 701 Baffin Bay, Port Mansfield, Willacy County, Texas.

IT IS FURTHER ORDERED that Plaintiffs, RICHARD A. KEMP and wife, TINA KEMP, are hereby awarded possession of the leased premises.

IT IS FURTHER ORDERED that Plaintiff, RICHARD A. KEMP and wife, TINA KEMP, are awarded judgment from and against Defendants, DAVID DOUGLAS and wife, PATIENCE DOUGLAS, jointly and severally for the sum of $~~4,000.00~~ $3,000.00 ~~as rent due and owing prior to this appeal; and, the further sum of $~~_____~~ as rent unpaid during the pendency of this appeal; and the sum of $~~_____~~ representing the damages incurred and sustained by Plaintiff, RICHARD A. KEMP and wife,~~ TINA D. KEMP, also known as RICHARD KEMP and wife, TINA KEMP, to obtain possession of the property, which damages include the reasonable rental value of the property during the pendency of the appeal, less sums paid in rental during the pendency of the appeal while the property has been withheld from the owners, RICHARD A. KEMP, also known as RICHARD KEMP, and wife, TINA D. KEMP, also known as TINA KEMP; and also judgment from and against each Defendant, DAVID DOUGLAS and wife, PATIENCE DOUGLAS, jointly and severally for the sum of $_____, representing the

reasonable and necessary attorney's fees incurred by Plaintiffs, RICHARD A. KEMP and

wife, TINA D. KEMP, through the trial hereof, and this appeal.

IT IS FURTHER ORDERED that Plaintiffs, RICHARD A. KEMP and wife, TINA D.

KEMP, have and recover of and from *Pamela* _____ surety on the appeal bond in

this cause, the sum of $ *3,000* <sup>00</sup> _____ for rent due and owing; $ _____ for

damage; and $ _____ representing reasonable and necessary attorney's fees.

IT IS FURTHER ORDERED that Plaintiffs, RICHARD A. KEMP and wife, TINA D.

KEMP, are awarded a writ of possession with respect to the property which shall issue

following the expiration of *Ten (10)* five (5) days from the time this Judgment is signed.

IT IS FURTHER ORDERED that Plaintiffs, RICHARD A. KEMP and wife, TINA D.

KEMP, in accordance with Texas Rule of Civil Procedure 749B(4) are entitled to all sums

that have been deposited into the Registry of the County Court of Willacy County in this

cause, with said sums to be delivered by the Clerk of the Court upon signing and rendition

of this Judgment.

IT IS FURTHER ORDERED that all costs of Court shall be taxed against Defendants,

DAVID DOUGLAS and wife, PATIENCE DOUGLAS, for which let execution issue.

Signed the 24th day of March, 2004.

FILED 24 DAY OF *March*
20 04
TERRY FLORES, CLERK COUNTY
COURT, WILLACY CO., TEXAS
BY _____
              Deputy

ROBERT F. BARNES, SPECIAL JUDGE
PRESIDING AS COUNTY JUDGE IN THE
COUNTY COURT OF WILLACY COUNTY,
TEXAS IN HIS ITS APPELLATE CAPACITY

CASE NO. 2622

| DAVID DOUGLAS AND | } | IN THE COUNTY COURT |
| PATIENCE DOUGLAS, | } | |
| | } | |
| VS. | } | |
| | } | |
| RICHARD KEMP AND TINA KEMP | } | WILLACY COUNTY, TEXAS |

## WRIT OF POSSESSION

The State of Texas. To Any Sheriff or Any Constable within the State of Texas—Greeting

WHEREAS, on the 24th day of March, 2004, RICHARD A. KEMP and TINA D.

KEMP ("Plaintiffs") recovered a judgment in the County Court of Willacy County, Texas

against DAVID DOUGLAS and PATIENCE DOUGLAS ("Defendants") for the restitution

and possession of the following-described property, to-wit:

> The leasehold interest and estate in and to the south 25' (twenty-five feet) of Lot No. 52 and all of Lot No. 53, Block No. 13, Port Mansfield, Willacy County, Texas, according to the official map or plat thereof of record in Volume 3, Page 21, Map Records, Willacy County, Texas, as such interest is reflected in that certain Residential Lease Agreement dated August 14, 1991 by and between the Willacy County Navigation District, as Lessor, and John F. Gallant and Dorothy M. Gallant, as Lessee, which is of record in Volume 35, Page 51, Official Real Record, Willacy County, Texas, and being the same property being referred to in a Warranty Deed with Vendor's Lien dated January 3, 1994, wherein John F. Gallant and wife, Dorothy M. Gallant, are Grantors and Richard A. Kemp and wife, Tina D. Kemp, are Grantees, said Deed found of record in Volume 091, Page 315 in the Real Property Records of Willacy County, Texas, also known as 701 Baffin Bay, Port Mansfield, Willacy County, Texas.

THEREFORE, YOU ARE HEREBY COMMANDED to seize the above-described real property (the "Property" or "Premises"), deliver possession of same to RICHARD A. KEMP and TINA D. KEMP and place RICHARD A. KEMP and TINA D. KEMP in possession thereof, and to instruct Defendants and all persons claiming a right of possession under Defendants to leave the Premises immediately and, should such person or persons fail to comply, you are COMMANDED to physically remove them; and

YOU ARE FURTHER ORDERED:

1. To post a written warning of at least 8½" x 11" on the exterior of the front door of the Property notifying the Defendants that the Writ has been issued and that the Writ will be executed on or after a specific date and time stated in the warning not sooner than 24 hours after the warning is posted; and

2. When the Writ is executed:

YOU ARE COMMANDED to:

A. deliver possession of the premises to the Plaintiffs, RICHARD A. KEMP and TINA D. KEMP;

B. instruct the Defendants and all persons claiming under the Defendants to leave the Premises immediately, and, if the person fails to comply, physically remove them;

C. instruct the Defendants to remove, or allow the Plaintiffs, the Plaintiffs' representatives, or other persons acting under the officer's supervision, to remove all personal property from the Premises other than the personal property claimed to be owned by the Plaintiffs; and

D.    place, or have an authorized person place, the removed personal property outside the Premises at a nearby location, but not blocking a public sidewalk, passage way, or street and not while it is raining, sleeting, or snowing.

YOU ARE FURTHER AUTHORIZED, at your discretion, to engage the services of a bonded or insured warehouseman to remove and store, subject to applicable law, part or all of the property at no cost to the Plaintiff or the officer executing the Writ.

<u>NOTICE TO THE OFFICER</u>

According to Section 7.003 of the Texas Civil Practice and Remedies Code, the officer executing this Writ is not liable for damages resulting from the execution of the Writ issued by a Court of this state if the officer, in good faith, executes the Writ as provided by law and by the Texas Rules of Civil Procedure; and uses reasonable diligence in performing his official duties.

HEREIN FAIL NOT, and have you the Writ, showing how you have executed the same, before said Court, at the courthouse of Willacy County in the City of Raymondville, Texas.

WITNESS, TERRY FLORES, Clerk, County Court, Willacy County, Texas.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this the _8_ day of _April_, 2004.

TERRY FLORES, Clerk, County Court,
Willacy County, Texas

By: _Susana Garza_
Deputy

FILED 8 DAY OF April
20 04 9:46 AM
TERRY FLORES, CLERK COUNTY
COURT, WILLACY CO., TEXAS

BY _S. Garza_
Deputy

cw/civil-19/kemp-r/county/writ of possession                3

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OFFICER'S RETURN

**CAME TO HAND** at _11:50_ o'clock _A_ .m. this _08_ day of April, 2004, and executed as follows:

_____    Ascertaining that Defendants had removed themselves and their property;

_✓_    Statutory Warning posted on front door of the Premises at _950_ o'clock _A_ .m. on the _23_ of April, 2004.

_____    Demanding possession from Defendants, and they voluntarily removed themselves and their property.

_____    Writ of Possession executed by serving _____ on the _____ day of April, 2004 at _____ o'clock ___.m., and supervising removal of Defendants' property to _____ _____ and turning Premises over to Plaintiffs.

My itemized fee and costs of execution:

Service:          $_____

Travel:           $_____

Hourly Rate:      $_____

Other:            $_____

SIGNED this _____ day of April, 2004.

_Enrique Moreno_ ~~Constable~~ Deputy

FILED 4 DAY OF _May_
20 _04_   _8:40 A m_
TERRY FLORES, CLERK COUNTY
COURT, WILLACY CO.. TEXAS
BY _____
       Deputy

STATE OF TEXAS                    }

COUNTY OF WILLACY.                }

The foregoing was acknowledged before me on this the____ day of April, 2004 to certify which witness my hand and seal of office.

_____

Notary Public in and for the
State of Texas

CASE NO. 2622

| | | |
|---|---|---|
| DAVID DOUGLAS AND | } | IN THE COUNTY COURT |
| PATIENCE DOUGLAS, | } | |
| | } | |
| VS. | } | |
| | } | |
| RICHARD KEMP AND TINA KEMP | } | WILLACY COUNTY, TEXAS |

## **STATUTORY WARNING**

TO:  **DAVID DOUGLAS and PATIENCE DOUGLAS**

PURSUANT TO SECTION 24.0061(d)(1), THIS IS WARNING TO YOU THAT THE WRIT OF POSSESSION, A COPY OF WHICH IS ATTACHED TO THIS WARNING, HAS BEEN ISSUED AND THIS WRIT WILL BE EXECUTED ON OR BEFORE ____950____ O'CLOCK __A__.M. ON APRIL __23__, 2004.  AT THE TIME THAT THIS WRIT OF POSSESSION IS EXECUTED, POSSESSION OF THE PREMISES WILL BE DELIVERED IN ACCORDANCE WITH THE ATTACHED WRIT OF POSSESSION.

CASE NO. 2622

| | | |
|---|---|---|
| DAVID DOUGLAS AND | } | IN THE COUNTY COURT |
| PATIENCE DOUGLAS | } | |
| | } | |
| VS. | } | |
| | } | |
| RICHARD KEMP AND TINA KEMP | } | |
| | } | |
| Defendants. | } | WILLACY COUNTY, TEXAS |

## ORDER RESETTING JURY TRIAL

The above styled and numbered cause is hereby reset for trial on the 24th day of

March, 2004, in the County Courtroom of the Willacy County Courthouse in Raymondville,

Texas at 9:00 a.m.

SIGNED this the _14_ day of _January_, 2004.

_____
JUDGE PRESIDING

cc:    Patrick M. Dooley
       Fax: (830) 997-0496

       Albert Villegas
       Fax No. (956) 544-7828

FILED _5_ DAY OF _January_
20 _04_    10:04 A M
TERRY FLORES, CLERK COUNTY
COURT, WILLACY CO., TEXAS

BY _____
              Deputy

cw/civil-19/kemp/county/reset.ord



COPY

NO. <u>2003-12-5738-A</u>

| | | |
|---|---|---|
| **JOHN ROBERTS**<br>**Plaintiff,** | § | **IN THE DISTRICT COURT** |
| | | |
| **V.** | | 107th JUDICIAL |
| | | |
| **WELLS FARGO BANK, Formerly** | § | |
| **FIRST VALLEY BANK, Formerly,** | | |
| **RAYMONDVILLE STATE BANK,** | | |
| **TOM FLEMING, DAN HUERTA,** | | |
| **AND ROLANDO OLVERA** | | |
| **Defendants.** | § | **OF CAMERON COUNTY, TEXAS** |



FILED _____ O'CLOCK _____ M
DISTRICT DE LA GARZA, CLERK

JAN 26 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

### <u>MOTION TO RECUSE</u>
### <u>ASSIGNED/VISITING JUDGE</u>

**PLAINTIFF JOHN ROBERTS**, files this Motion to Recuse, and hereby shows the following:

#### I.

The Judge, the subject of this Motion and sought to be recused, is the Honorable Robert Barnes.

#### II.

This case was set for hearing on December 8th, 2003. Plaintiff's counsel filed a verified motion to continue due to an unannounced conflict in schedule. Plaintiff's Verified Motion to Continue was denied on December 8th, 2003, and this case was heard without the presence of Plaintiff or Plaintiff's counsel. The Honorable Robert Barnes was assigned to hear this case. Plaintiff and Plaintiff's counsel were unaware of Honorable Robert Barnes' assignment to this case and were not duly noticed of this assignment.

The Honorable Robert Barnes made rulings on this case without the presence of Plaintiff or Plaintiff's counsel. Upon learning of the Honorable Robert Barnes' assignment, Plaintiff filed



Exh G

FILED
AURORA DE LA GARZA DIST. CLERK

DEC 18 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

NO. 2003-12-5738-A

| JOHN ROBERTS | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | 107TH JUDICIAL DISTRICT |
| WELLS FARGO BANK, Formerly | § | |
| FIRST VALLEY BANK, Formerly | | |
| RAYMONDVILLE STATE BANK | | |
| TOM FLEMING, DAN HUERTA, | § | CAMERON COUNTY, TEXAS |
| AND ROLANDO OLVERA, | | |
| Defendants | | |

### PLAINTIFF'S MOTION TO SET ASIDE ORDER FOR SANCTIONS

This Motion to Set Aside Order for Sanctions is brought by John Roberts, Plaintiff, and Raul A. Guajardo, Attorney for Plaintiff, who shows in support:

### FACTS

Plaintiff's property located in the City of La Feria, Cameron County, Texas, the subject made the basis of this lawsuit, was scheduled to be foreclosed on a writ of attachment on December 2, 2003. Plaintiff has a pending action against Defendants regarding said property in the Supreme Court of Texas. While it is true that the Supreme Court of Texas has denied Plaintiff's Petition, Plaintiff has since submitted his Motion for Rehearing. As of the 5th of December, 2003, The Supreme Court of Texas had not yet ruled on Plaintiff's motion; as a result, Plaintiff's action is still pending. Therefore, Plaintiff sought to halt the foreclosure action of his land by seeking a Temporary Restraining Order (TRO) against Defendants.

The TRO was set for hearing by this Honorable Court on December 8th, 2003. Thereafter, the Honorable Robert Barnes was appointed as a visiting Judge to hear this matter. Plaintiff nor Plaintiff's attorney received timely notice of such appointment. Plaintiff was not present. Plaintiff's attorney, Raul A. Guajardo, was scheduled for trial in Willacy County in the 138th Judicial District Court. Therefore; Plaintiff's attorney, Raul A. Guajardo, had submitted a verified Motion for Continuance. Defendants further claim that Plaintiff's pleadings are a basis of ex parte communications with this Court.

Exh H

## ARGUMENTS

1.      This motion is presented within the time allowed by law.

2.      Plaintiff pleadings were based on Texas Rules Civil Procedure 680 requiring that Plaintiff have good cause, submit an Affidavit, and be in risk of immediate and irreparable harm in seeking a Temporary Restraining Order (TRO). Plaintiff had good cause to request a TRO and would have suffered irreparable harm if his property had been sold. Plaintiff's TRO pleadings included Plaintiff's Affidavit. Additionally, Plaintiff submitted a $500 bond to the clerk.

Defendants complained of Plaintiff's ex parte communication with the court. A temporary restraining order is one of the few resources available at law that allow *ex parte* communications and rulings. The very nature and reason of a TRO being only temporary is because they are given under *ex parte* communications or proceedings. Plaintiff met all requirements of Texas Rules Civil Procedure 680 in his pleadings.

3.      Defendant complains of fictitious and untrue pleadings based on Texas Rules Civil Procedure 13 and Texas Civil Practice & Remedies Code Chapter 10. A pleading is not frivolous if each claim, defense, or other legal contention is warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. Texas Civil Practice & Remedies Code § 10.001(2).

Plaintiff's pleadings are not frivolous because Plaintiff's claim of a pending matter regarding the land in question is true and correct. At the time of filing Plaintiff's TRO, this matter was pending for rehearing in the Supreme Court of Texas (*see Exhibit "A"*, "B" & "C").

4.      A pleading is not frivolous if each allegation or factual contention has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after reasonable opportunity for further investigation or discovery. Texas Civil Practice & Remedies Code § 10.001(3). Plaintiff had a genuine claim since his property was to be foreclosed and this matter was still pending in the Supreme Court of Texas. Defendants have misrepresented to this Court the facts. Defendant has conveniently excluded a copy of the Motion for Rehearing pending before the Supreme Court of Texas in their answer.

5.      A court may award a prevailing party all costs for inconvenience, harassment, and out-of-pocket expenses incurred or caused by the motion for sanctions. Texas Civil Practice & Remedies Code § 10.002(e).

6.      Plaintiff did not get timely notice of the Honorable Robert Barnes appointment and would have exercised his right under Texas Rules Civil Procedure 18a. and Government Code § 48 to request the visiting Judge to recuse himself and allow this matter to be heard by the duly elected Judge of this Court. Notice to Plaintiff and Counsel were not provided to timely. As per Rule 18a, Plaintiff may file a motion to request a visiting Judge to recuse himself at least ten (10) days before the date set for trial or hearing. Therefore, Defendants judgment should be void. Filed simultaneously with this motion is the motion to recuse Judge Robert Barnes.

7.      Additionally, Texas Civil Practice. & Remedy Code § 10.003. states that a court shall provide a party who is the subject of a motion for sanctions under Section 10.002 notice of the allegations and a reasonable opportunity to respond to the allegations. Plaintiffs were not properly noticed nor given the opportunity to respond.

## CONCLUSION

8.      In summary, Plaintiff has filed a Temporary Restraining Order against Defendants to prevent the execution of a writ of attachment on his property. The property made the basis of this lawsuit wass under pending litigation with the Supreme Court of Texas at the time of Plaintiff's pleadings. The Temporary Restraining Order was set for hearing on December 8th, 2003. Plaintiff's attorney filed a verified Motion for Continuance due to a conflict in his schedule. The Motion of Continuance was denied, the TRO was lifted, and Plaintiff and Attorney were sanctioned $5000 for *ex parte* communication with the court and filing frivolous and untrue pleadings without giving notice to Plaintiff or Attorney. Defendants' allegations of frivolous and untrue pleadings are without merit and are themselves untrue. Defendants' judgment against Plaintiff and attorney for sanctions based on *ex parte* communications with the court and frivolous pleadings are without merit.

## OBJECTIONS

9.      Plaintiff objects to Defendant's motion for sanction not being verified.

## PRAYER FOR RELIEF

10.      Therefore, Plaintiff prays that the Court grant the Motion to Set Aside Judgment/Order for Sanctions and award Plaintiff and Attorney $_____ for expenses, reasonable fees, and costs.   Texas  Civil Practice & Remedy Code § 10.002.  10.004.


Respectfully submitted,

Law Office of Raul A. Guajardo
909-A Nyssa Ave.
McAllen, Texas 78501
Tel: (956) 686-1977
Fax: (956) 686-0469

By: _____
Raul A. Guajardo
State Bar No. 24029214
Attorney for John Roberts


### Affidavit by Attorney

I, the undersigned attorney of record, swear under oath that the above motion is true and correct.

_____
Raul A. Guajardo

SIGNED under oath before me on November 18, 2003 .

_____
Notary Public, State of Texas

LEONOR HILDA RAMIREZ
MY COMMISSION EXPIRES
December 11, 2006

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure by Facsimile/ U.S. Postal Service on December _18th_ , 2003.

TO:

Wells Fargo Home Mortgage, Inc.
800 Brazos
Austin, Texas 78701

Via Fax (956) 982-0943
Tom Fleming, Trustee
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602

Via Fax (956) 544-0878
Dan Huerta
Deputy Cameron County Sheriff's Dept.
Brownsville, Texas

Via Fax (956) 982-0943
Rolando Olvera
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602

_____
Raul A. Guajardo
Attorney for John Roberts

STATE OF TEXAS            }

COUNTY OF WILLACY     }

## VERIFICATION

    I hereby certify, that I, Raul A. Guajardo, have read all the all the allegations stated in the Plaintiff's Motion to Set Aside Order for Sanctions, and all statements are true and correct from my own personal knowledge.

                             _____
                                  Raul A. Guajardo


    **SWORN AND SUBSCRIBED TO BEFORE ME**, the undersigned notary, on this the ___ day of _____, 2003, which witness my hand and seal.




                                  Notary Public-State of Texas

LEONOR HILDA RAMIREZ
MY COMMISSION EXPIRES
December 11, 2006

NO. <u>2003-12-5738-A</u>

| | | |
|---|---|---|
| JOHN ROBERTS<br>    Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT |
| vs. | §<br>§<br>§ | 107TH JUDICIAL DISTRICT |
| WELLS FARGO BANK, Formerly<br>FIRST VALLEY BANK, Formerly<br>RAYMONDVILLE STATE BANK<br>TOM FLEMING, DAN HUERTA,<br>AND ROLANDO OLVERA,<br>    Defendants | §<br>§<br>§<br>§<br>§<br>§ | CAMERON COUNTY, TEXAS |

## ORDER

On this the_____day of_____2003, Plaintiff's Motion to Set Aside Order for Sanctions came to be considered.

**THEREFORE, IT IS ORDERED** that the order on 8th day of December 2003 is hereby set aside and held for naught.

The Court finds that Tom Fleming has committed sanctionable conduct. **THEREFORE, IT IS ORDERED** that Plaintiff and Attorney be awarded the sum of $_____for expenses, reasonable fees and costs.

Signed for entry _____day of_____2003.


_____
Judge Presiding

NO. 2003-12-5738-A

| | | |
|---|---|---|
| JOHN ROBERTS<br>    Plaintiff | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | |
| | § | 107TH JUDICIAL DISTRICT |
| WELLS FARGO BANK, Formerly | § | |
| FIRST VALLEY BANK, Formerly | § | |
| RAYMONDVILLE STATE BANK | § | |
| TOM FLEMING, DAN HUERTA, | § | |
| AND ROLANDO OLVERA, | § | |
|     Defendants | § | CAMERON COUNTY, TEXAS |

## FIAT

ON THIS THE _____ day of ___ _____, 2003, came on to be considered Plaintiff's Motion to Set Aside Order for Sanctions. And it appearing to the Court that a hearing is necessary on this motion, orders that this case be set for hearing.

**THEREFORE IT IS ORDERED** that a hearing be had on this Plaintiff's Motion to Set Aside Order for Sanctions and it is hereby set for the _____ day of_____, 2003 at ___ o'clock a.m./p.m. in the 107Th Judicial District Court of Cameron County, Texas.

SIGNED FOR ENTRY, this the ___ _____ day of_____, 2003.

_____
Judge Presiding

NO. <u>2003-12-5738-A</u>

| | | |
|---|---|---|
| JOHN ROBERTS | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | 107TH JUDICIAL DISTRICT |
| WELLS FARGO BANK, Formerly | § | |
| FIRST VALLEY BANK, Formerly | § | |
| RAYMONDVILLE STATE BANK | § | |
| TOM FLEMING, DAN HUERTA, | § | |
| AND ROLANDO OLVERA, | § | |
|     Defendants | § | CAMERON COUNTY, TEXAS |

STATE OF TEXAS      ]

COUNTY OF WILLACY   ]

<u>**AFFIDAVIT**</u>

    **BEFORE ME**, personally appeared John Ocie Roberts, and stated under oath that the following is true and correct and from his own personal knowledge.

    My name is John Ocie Roberts. I am competent to testify. I am over the age of eighteen (18) years and have never been convicted of any crime.

    I had filed a motion for rehearing in the Supreme Court of Texas on the case that is the subject of this lawsuit. Therefore, the application for a writ of attachment execution was not mature.

    Also, I would have not allow Judge Robert Barnes to be a judge in this case. Had I been timely notified of his assignment; I would have exercised my right to object and ask that he be recused.

    Affiant further saith naught.

_____<br>
John Ocie Roberts

    **SWORN AND SUBSCRIBED TO BEFORE ME**, the undersigned notary, on this the _7h_ day of _____ 2003, which witness my hand and seal.



LEONOR HILDA RAMIREZ
MY COMMISSION EXPIRES
December 11, 2006

_____
Notary Public- State of Texas



OFFICIAL NOTICE FROM
SUPREME COURT OF TEXAS
Post Office Box 12248
Austin, Texas 78711-2248

MAIL TO:



A







OFFICIAL NOTICE FROM
SUPREME COURT OF TEXAS
Post Office Box 12248
Austin, Texas 78711-2248

STYLE:   JOHN OCIE ROBERTS
    v.
    FIRST VALLEY BANK, et al
    ORLANDO OLVERA

    Petitioner's motion for rehearing was this day filed in the
above styled and numbered case.

MAIL TO: MR. JOHN OCIE ROBERTS
    P O  BOX 113⁷
    LA FERIA TX 78559

EXHIBIT B

# THE SUPREME COURT OF TEXAS

Post Office Box 12248
Austin, Texas 78711

(512) 463-1312

December 05, 2003

Mr. John Ocie Roberts
P.O. Box 1167
La Feria, TX 78559

Mr. Tom Fleming
Fleming & Hernandez, P.C.
1650 Paredes Line Rd., Suite 102
Brownsville, TX 78521-1602

RE:    Case Number:  03-0756
       Court of Appeals Number:  13-01-00207-CV
       Trial Court Number:  97-223

Style:  JOHN OCIE ROBERTS
        v.
        FIRST VALLEY BANK, FORMALLY RAYMONDVILLE STATE BANK AND J.
        ROLANDO OLVERA

Dear Counsel:

    Today, the Supreme Court of Texas denied the motion for rehearing of the above styled
petition for review.

                        Sincerely,

                        Andrew Weber

                        Andrew Weber, Clerk

                        by Nancy J. Vega, Chief Deputy Clerk

cc:  Mr. S.V. "Chago" Fonseca
     Ms. Cathy Wilborn