United States District Court
Southern District of Texas
FILED

MAY 2 8 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, DIVISION

JOHN OCIE ROBERTS          §          CIVIL ACTION NO. B-04-002
                           §
vs.                        §
                           §
WELLS FARGO BANK ET AL     §          JURY

**PLAINTIFF'S, JOHN OCIE ROBERTS, RESPONSE TO DEFENDANT
TOM FLEMING'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff John Ocie Roberts, and files this his Plaintiff's, John Ocie Roberts, Response to Defendant Tom Fleming's Motion For Summary Judgment and respectfully show the court the following:

I.
**INTRODUCTION**

1.     This Defendant, as with all of Defendant's pleadings, Defendant distracts the attention of the subject matter of this lawsuit and side steps the issues.

2.     Defendant, Tom Fleming, brings out eight (8) separate paragraphs in his motion for summary judgment. Each of those paragraphs have the characteristic of presenting certain information yet hiding certain statements that results in placing all the facts in a false light.

3.     Paragraph 1 of Defendant's motion speaks as if Defendant Fleming is a late participant. As may be seen in Plaintiff's original petition, there were "John Does" mentioned. Unfortunately, Plaintiff was not able to discover who it was at the trial level. However, as the situation developed, it was obvious that it was the Defendant attorney behind the scenes who would be setting the stage for Defendant Bank's acts.

Defendant Fleming is misleading the Court and by way of example, using this his first Paragraph, what Defendant is executing on, is a judgment on a motion for summary judgment. There is no monetary award for the Bank, only one for attorney fees. And Defendant Fleming is the one to be the recipient of those attorney fees. Therefore, if Defendant Fleming is only

retained to collect on a judgment, he would not be colleting $55,000.00 for the mere collection on the judgment. He would have to be collecting $55,000.00 for the representation and services performed on the case itself from the beginning.

However, Defendant Fleming states that he was "in the course of seeking to collect a judgment of the 138th District Court of Willacy County, Texas."

Therefore, since his first premise is faulty and one can not rely on his statements as to their veracity, this point should not be used in granting Defendant's summary judgment motion.

4.    Defendant Fleming Paragraph 2 is two fold. One is the issue on the threatening of attorneys and the other is on the order not having been mature for execution.

The Court in Rentfroe v. James, 947 S.W. 2d 285 (Tex. Civ. App. -Fort Worth 1999), stated "[A] ny other rule would act as a severe and crippling detriment to the ends of justice for the reason that litigant might be denied a full development of his case if his attorney were subject to the threat of liability for defending his client's position to the best and fullest extent allowed by law and availing his client of all rights to which he is entitled."

However, Defendant Fleming did not hesitate to even write to one of Plaintiff's attorneys in which he instructed the judges to refuse any ex parte communications. Ex parte communications are allowed by law under the circumstances of this case. (Texas Rules of Civil Procedure, Rule 680)

(Exhibit A are true and correct copies Defendant Fleming's letters sent to attorneys and the Courts and are incorporated by reference as if fully copied herein.) Plaintiff informed Judge Barnes in one of the hearings (Exhibit B ) however, Judge Barnes merely ignored the violation of Plaintiff's rights.

Therefore, the first part of Defendant Fleming's Paragraph 2 may not discarded as not being a violation of Plaintiff's rights to have the right to go to Court with an attorney.

The second part of Defendant Fleming's Paragraph 2 is that Plaintiff is incorrect in his analysis of Plaintiff's first application for a temporary restraining order. The order granting Defendant's motion for summary judgment states that the attorney fees for the actual litigation was $35,000.00. Another $10,000.00 for the court of appeals if the case was appealed. Then another $10,000.00 if the case was appealed to the Supreme Court of Texas, presupposing

Plaintiff would lose.

Defendant requested execution of the order for the full amount of $55,000.00 (Exhibit C is a true and correct copy of the writ of execution and is incorporated by reference as if fully copied herein.) The sale was to be on the 3rd of December 2003. The Supreme Court of Texas had not made the final ruling. The ruling did not come until December 8, 2003. Defendants are fully cognizant that these properties are for foreclosure yet they took them with a writ of execution (Exhibit D is a true and correct copy of 3 pages in Attorney Olvera's motion for summary judgment and is incorporated by reference as if fully copied herein.)

How would Defendants know on December 3, 2003 that the Supreme Court would find for Defendants? Therefore, they should not be allowed to collect. The Supreme Court of Texas could have ruled in favor of Plaintiff and then his property would have already been sold and he would not have owed the Defendants anything from the beginning. Therefore, the sale would have been premature.

Now, how can that be res judicata on the other issues. If the sale was premature, all of the issues would also have been premature.

Defendant Tom Fleming Paragraph 2 can not be used as a basis for granting a motion for summary judgment.

5.   Defendant Fleming Paragraph 3 makes reference to the threat to one of the attorneys for Plaintiff. It is not totally clear what is the message that Defendant Fleming is trying to convey by this Paragraph.

One can only see the effect of such letters. Defendant Fleming was able to obtain a $5,000.00 sanction plus costs against Plaintiff and Plaintiff's counsel. That is precisely the problem: each attorney for Plaintiff has started well. They have been able to see the violations of Plaintiff's rights. However, it does not take long to decide against continued representation of Plaintiff. And the Court, particularly Judge Barnes, allows the attorney to withdraw and withdraws the sanctions against the attorney. (Exhibit B is a true and correct copy of the hearing and is incorporated by reference as if fully copied herein.) (P. 38 l. 6-19) (p 36 l.23-25) and also the order.

If Defendant Fleming uses a state judge to violate Plaintiff's rights, then it fulfills the

color of law requirement mentioned in the Civil Rights Act. (42 USC§1983 et seq.) Therefore, this Paragraph should not be used for the granting of a motion for summary judgment.

6.      Defendant Fleming's Paragraph 4 makes reference to a one time incident in which Plaintiff states he is suing for fraud. (Exhibit E is Plaintiff's affidavit in which he explains the circumstances for the incomplete answer and it is incorporated by reference as if fully copied herein.)

Therefore, because such an answer is incomplete, Plaintiff completed the information pursuant to the Doctrine of Optional Completeness. Therefore, Defendant Fleming's point No. 4 should not be used to try to defeat Plaintiff's cause of action.

7.      Defendant Fleming's Paragraph No. 5 stands without merit. The order proffered by Defendant Fleming was signed on the 30th of March, 2001. First of all, from the information proffered by Defendant Fleming, there is no information as to what the facts were about. It is not clear what is Defendant Fleming's contention. It is understood it can not be an order in futuro for future causes of action. The case number shows a 1997 case therefore, that does clarify anything.

Also, the Wells Fargo name nor the name of any other bank is on the style. It is impossible to know what Defendant Fleming intends for the reader to infer from such a copy of an order. If Defendant Fleming is referring to his exhibit F, such a document is merely a proclamation to put Defendants on notice.

If Defendant Fleming is referring to his affidavit in Exhibit E, one can not rely on such contradictory language. As an example, in the last Paragraph of the first page of his affidavit, he states that Plaintiff filed a lawsuit requesting an injunction to prevent foreclosure of a deed of trust and the Defendant Fleming, was retained as counsel.

However, Defendant Fleming in his first Paragraph of his motion made an assertion that he was engaged in the cause of seeking to collect a judgment of the 138th District Court of Willacy County, Texas. Also, in Paragraph 4, he purports that Plaintiff answered he was suing based on fraud. Then, he did not allow Plaintiff time to answer. Yet, Defendant makes it seem that Plaintiff is not the one to tell the truth while in reality Defendant Fleming is the one who

is doing the misleading.

Defendant Fleming stated that application for temporary injunction was denied. In reality the case became moot when the Supreme Court upheld Defendant's contention. One can not rely on anything Defendant Fleming states.

Also, Defendant Fleming states that identical relief was pending in the 107th District Court of Cameron County, Texas. However, it was not identical relief at all. The real issues should not have been placed in the premature case. It would be like making a indictment before the crime occurred.

The 107th did not dissolved the temporary restraining order. It was a bogus judge who changed the orders of the elected judge. That order itself was not filed until eight (8) days later. The real judge had ordered a temporary restraining order. This bogus judge incident left Plaintiff no choice but to give up on the states' courts as controlled by Defendant Fleming and the judge, Judge Robert Barnes and invoke the jurisdiction of a federal court.

8.    As to Defendant Fleming's Paragraph No. 6 again Defendant Fleming just can not make one truthful statement. The three properties were sold but not because of a lack of a supersedeas bond as espoused by Defendant Fleming. The properties were sold because a stranger to the lawsuit came in and revoked the elected judge's temporary restraining order.

Also, Defendants ignored any homestead rights belonging to Plaintiff. Therefore, one can not rely on what may appear a wholly legal act in the execution sale. The sheriff was executing on a homestead and the sheriff was following an order of a judge not assigned to the case and the order was not even filed. Therefore, this point should not be used to grant a motion for summary judgment.

9.    As to Defendant Fleming Paragraph No. 7, if indeed there are no issues of fact, it is because all of the facts point to a cause of action under the Civil Rights Act, 42 USC 1983 et seq. and not to be in the original suit.

Plaintiff can not find one act that Defendant did that could be labeled as "legal".

Therefore, as in the other Paragraphs, one can not rely on Defendant Fleming's Paragraph No. 7 and grant this his motion for summary judgment.

10.    As to Defendant Fleming's Paragraph No. 8, the concept of being a zealous advocate

stops when the attorney is violating a criminal law.  In the case at bar, Defendant Fleming violated Texas Penal Code § 36.04 improper influence;

§ 39.02 abuse of official capacity;

§ 39.03 official oppression; and

§ 37.11 impersonating public servant.

Therefore, such conduct should not be tolerated and the individual should compensate the victims as to the damages plus punitive damages.

For these reasons, said point should not be used for grounds for the  granting of Defendant Fleming's motion for summary judgment.

Assaulting and fraud have been held actionable against attorneys.  In a case, the Court stated:

"On the other hand, the rule does not provide absolute immunity for every tort committed by a lawyer, however tangentially related to her professional role.  For example, an attorney may be held liable for assaulting the opposing party or lawyer.  Bradt 892 S.W. 2d at 72.  An attorney also may be subject to liability for committing fraud or conspiring with her client to defraud another.  Transtexas Gas Corp. v. Staley 881 F. Supp. 28, 270-71 (S.D. Tex. 1994); Likover v. Sunflower Terrance II, Ltd. 696 S.W. 2d 468, 472 (Tex. App.–Houston [1st Dist.] 1985, no writ); Kirby v Cruse, 688 S.W. 2d 161,164-65 (Tex. App. -Dallas 1985, writ ref'd n.re.); Bourland v State of Texas, 528 S.W. 2d 350,353-55 (Tex. Civ. App.–Austin 1985, writ ref'd n.re.).  These cases demonstrate that, although "[a] lawyer is authorized to practice his profession, to advise his clients, and to interpose any defense or supposed defense, without making himself liable for damages...[he] is liable if he knowingly commits a fraudulent act that injuries a third person, or if he knowingly enters into a conspiracy to defraud a third person." Likover, 696 S. W. 2d at 472.

This type of behavior may not be tolerated in that these Defendants did not hesitate to perform such acts.  This court should not allow such behavior.

It should be also noted that in Defendant Fleming executing on a judgment, he is not in the role of an attorney.  Anyone can execute a judgment.

**WHEREFORE PREMISES CONSIDERED**, John Ocie Roberts, Plaintiff prays that this Court upon consideration of Defendants' motion for summary judgment deny the motion and set the case for trial and further grant Plaintiff any and all relief to which he may show himself entitled to receive.

Respectfully submitted,

John Ocie Roberts, Pro Se
P. O. Box 1167
La Feria, Texas 78589

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's, John Ocie Roberts, Response to Defendant Tom Fleming's Motion For Summary Judgment had been hand delivered on this the 28 day of MAY , 2004

John Ocie Roberts

# FLEMING & HERNANDEZ, P.C.

Attorneys at Law
1650 Paredes Line Road, Suite 102
Brownsville, Texas  78521-1602

Tom Fleming
Luis R. Hernandez
Jeffrey G. Mathews

(956) 982-4404
FAX (956) 982-0943
EMAIL FLEMOLPC@HILINE.NET

Rolando Olvera, P.C.
Of Counsel

December 22, 2003

The Honorable Darrell Hester
JUDGE
FIFTH ADMINISTRATIVE JUDICIAL REGION
Cameron County Courthouse
974 East Harrison Street
Brownsville, Texas  78520

Re:  Cause No. 2003-12-5738-A
In The 107th Judicial District Court
Cameron County, Texas

*John Roberts, Plaintiff*
*vs.*
*Wells Fargo Bank, Formerly First Valley Bank, Formerly*
*Raymondville State Bank; Tom Fleming, Dan Huerta, and*
*Rolando Olvera, Defendants*

Dear Judge Hester:

On December 1, 2003, the above styled and numbered cause was filed and a temporary restraining order was issued *ex parte*. On December 8, 2003, the enclosed order was entered dissolving the TRO, denying the application for temporary injunction and ordering sanctions against Plaintiff, John Roberts and/or his Counsel, Raul A. Guajardo.

The writ of execution has been reissued and the Sheriff's sale scheduled for January 6, 2004. Deputy Sheriff Dan Huerta has now been advised by Mr. Guajardo as Counsel for Plaintiff that he will again seek a TRO. We are by copy of this letter to Mr. Guajardo demanding that he not seek an *ex parte* meeting with any District Judge in this matter since we have been Counsel for Wells Fargo Bank against Mr. Roberts since 1997.

In the event Mr. Guajardo or any other counsel appears *ex parte* for Plaintiff, John Roberts, we would appreciate the opportunity to be heard on behalf of all defendants.



The Honorable Darrell Hester
JUDGE
FIFTH ADMINISTRATIVE JUDICIAL REGION
December 22, 2003
Page 2 of 2

Thank you for your assistance in this matter.

Very truly yours,

FLEMING & HERNANDEZ, P.C.

by:
Tom Fleming

TF/bgw

Enclosure

cc(w/encl.): Mr. Raul A. Guajardo
ATTORNEY AT LAW
909-A Nyssa Avenue
McAllen, Texas 78501
(CMRRR, #7002 2030 0007 1000 1122)

COPY

# STONERIDGE
## INJURY & ACCIDENT CLINIC
*"The only choice when you're in pain"*

689 - 5280

Lists of Judges:

1. Darell Hester
2. Menton Munray
3. Benjamin Euresti
4. Robert Garza
5. Magdalia Lopez
6. Leonel Alejandro
7. Abel Limas

*Free Valleywide Transportation*
The Oaks at Center Pointe · P.O. Box 6463 · McAllen, TX 78502
Phone: 956.664.8333 · Fax 956.664.8328

# FLEMING & HERNANDEZ, P.C.

Attorneys at Law
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602

Tom Fleming
Luis R. Hernandez
Jeffrey G. Mathews

(956) 982-4404
FAX (956) 982-0943
EMAIL FLEMOLPC@HILINE.NET

Rolando Olvera, P.C.
Of Counsel

December 22, 2003

The Honorable Leonel Alejandro
JUDGE
357TH JUDICIAL DISTRICT COURT
Cameron County Courthouse
974 East Harrison Street
Brownsville, Texas 78520

Re:  **Cause No. 2003-12-5738-A**
**In The 107th Judicial District Court**
**Cameron County, Texas**

*John Roberts, Plaintiff*
*vs.*
*Wells Fargo Bank, Formerly First Valley Bank, Formerly*
*Raymondville State Bank; Tom Fleming, Dan Huerta, and*
*Rolando Olvera, Defendants*

Dear Judge Alejandro:

On December 1, 2003, the above styled and numbered cause was filed and a temporary restraining order was issued *ex parte*. On December 8, 2003, the enclosed order was entered dissolving the TRO, denying the application for temporary injunction and ordering sanctions against Plaintiff, John Roberts and/or his Counsel, Raul A. Guajardo.

The writ of execution has been reissued and the Sheriff's sale scheduled for January 6, 2004. Deputy Sheriff Dan Huerta has now been advised by Mr. Guajardo as Counsel for Plaintiff that he will again seek a TRO. We are by copy of this letter to Mr. Guajardo demanding that he not seek an *ex parte* meeting with any District Judge in this matter since we have been Counsel for Wells Fargo Bank against Mr. Roberts since 1997.

In the event Mr. Guajardo or any other counsel appears *ex parte* for Plaintiff, John Roberts, we would appreciate the opportunity to be heard on behalf of all defendants.



The Honorable Leonel Alejandro
JUDGE
357TH JUDICIAL DISTRICT COURT
December 22, 2003
Page 2 of 2
_____

      Thank you for your assistance in this matter.

                    Very truly yours,

                    **FLEMING & HERNANDEZ, P.C.**

                    by:
                      Tom Fleming

TF/bgw

Enclosure

cc(w/encl.):  Mr. Raul A. Guajardo
                ATTORNEY AT LAW
                909-A Nyssa Avenue
                McAllen, Texas  78501
                *(CMRRR, #7002 2030 0007 1000 1122))*

#872277
L:\WARNKE\FLEMING\Roberts,John\2003-12-5738-A\357th-1Ltr.wpd

# FLEMING & HERNANDEZ, P.C.

Attorneys at Law
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602

Tom Fleming
Luis R. Hernandez
Jeffrey G. Mathews

(956) 982-4404
FAX (956) 982-0943
EMAIL FLEMOLPC@HILINE.NET

Rolando Olvera, P.C.
Of Counsel

December 22, 2003

**FACSIMILE (956) 686-0469**
**and CMRRR, #7002 2030 0007 1000 1122**

Mr. Raul A. Guajardo
ATTORNEY AT LAW
909-A Nyssa Avenue
McAllen, Texas 78501

> Re:    Cause No. 2003-12-5738-A
> In The 107th Judicial District Court
> Cameron County, Texas
>
> *John Roberts, Plaintiff*
> *vs.*
> *Wells Fargo Bank, Formerly First Valley Bank, Formerly*
> *Raymondville State Bank; Tom Fleming, Dan Huerta, and*
> *Rolando Olvera, Defendants*

Dear Mr. Guajardo:

As you are aware, this firm represents all of the defendants in the above styled matter. We have been advised by Deputy Sheriff Dan Huerta that you have expressed to him an intent to seek yet another temporary restraining order to prevent the Sheriff's sale scheduled for January 6, 2004.

Inasmuch as you saw fit to *ex parte* a court on December 1, 2003 in violation of Local Rule 1.3(b) when you were aware of our representation of Wells Fargo Bank, we suspect you intend to carry on with that practice. We suggest you review Rule 3.05(b), Texas Disciplinary Rules of Professional Conduct and Cameron County Civil Court Rules, 1.3. In the event you do seek *ex parte* communication with any court regarding this matter, we will have no choice but to make a complaint to the local grievance committee. We certainly hope to avoid such action.

Mr. Raul A. Guajardo
ATTORNEY AT LAW
December 22, 2003
Page 2 of 2

Should you wish to coordinate a fair, open and bilateral hearing on the issue, please contact us to coordinate a date and time.

Very truly yours,

FLEMING & HERNANDEZ, P.C.

by:
        Tom Fleming

TF/bgw

#972277
L:\WANNIE\FLEMING\Roberts, John\2003-12-5738-A\Guajardo-1Ltr.wpd

# *Law Office of Raul A. Guajardo*

909-A Nyssa Avenue                                             Phone: 956.686.1977
McAllen, TX 78501                                                 Fax: 956.686.0469

December 22, 2003

Mr. Tom Fleming                                             *Via Facsimile No. (956) 982-0943*
Fleming & Hernandez, P.C.
1650 Paredes Line Rd., Ste. 102
Brownsville, Texas 78521-1602

      RE:    Cause No. 2003-12-5738-A
              Our Client:   John O. Roberts

Dear Mr. Fleming:

       As much as this may disappoint you, Sir, you must know that I am not one to engage in fruitless bickering and unfounded or unprofessional arguments. Therefore, I will not respond as such. I will, however, inform you that I surely do not appreciate any threats made against me. There is no reason for such conduct on your behalf.

       In your letter you invite me to "coordinate a fair, open and bilateral hearing on the issue." I believe, you make this invitation in an effort to put this matter to rest. Well, I certainly wish you had been open to this from the start. As you may recall, I sought that courtesy from you and attempted to extend the same to you from our first contact. Unfortunately, I did not receive the same warmth from you at the time that your letter now conveys.

       With regard to any statements that I might have made to Mr. Huerta, if you must know, the gist of it is that he advised me he was trying to serve Mr. Roberts and asked if it was okay. I responding that he should do what he needs to because, *"at this time, we do not have anything that will stop you from doing so"*. Now, whether you interpret that to mean that I will act on something is totally your privilege.

       I sincerely lament your attempts at discouraging me from fully representing my client as the law allows. In doing so, I am not engaging in any ethical violations. As luck may have it, I see various violations, in your letter **alone**, of the Texas Rules of Professional Conduct as well as other substantive law violations.

       However, with all that being said, since I have a duty to my client, I will advise him of your invitation and will communicate to you his response. And in the future, I will kindly ask that you refrain from making threats or discouraging remarks. I believe that all things can be handled without the need for such conduct.

Sincerely,

LAW OFFICE OF RAUL A. GUAJARDO

Raul A. Guajardo
Attorney at Law

RAG/mat

# FLEMING & HERNANDEZ, P.C.

**Attorneys at Law**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602

Tom Fleming
Luis R. Hernandez
Jeffrey G. Mathews

(956) 982-4404
FAX (956) 982-0943
EMAIL FLEMOLPC@HILINE.NET

Rolando Olvera, P.C.
Of Counsel

December 23, 2003

***FACSIMILE (956) 686-0469***
***and FIRST CLASS UNITED STATES MAIL***

Mr. Raul A. Guajardo
LAW OFFICE OF RAUL A. GUAJARDO
909-A Nyssa Avenue
McAllen, Texas 78501

Re:    Cause No. 2003-12-5738-A
       In The 107th Judicial District Court
       Cameron County, Texas

*John Roberts, Plaintiff*
*vs.*
*Wells Fargo Bank, Formerly First Valley Bank, Formerly*
*Raymondville State Bank; Tom Fleming, Dan Huerta, and*
*Rolando Olvera, Defendants*

Dear Mr. Guajardo:

My job does not entail nor require exuding "warmth" to an attorney who fails to research either the law or the facts before filing a verified petition which is wholly fictitious.

The only contact you ever had with me was to request a continuance of a hearing you got set without consulting me. You are lucky I even talked to you.

Very truly yours,

**FLEMING & HERNANDEZ, P.C.**

by: _____
     Tom Fleming

TF/bgw

#972277
L:\WARNKE\FLEMING\Roberts,John\2003-12-5738-A\Guajardo-2Ltr.wpd

1

1                    REPORTER'S RECORD

2            TRIAL COURT CAUSE NO. 03-12-5738-A

3    - - - - - - - - - - - - - x
                               :
4    JOHN ROBERTS              :    IN THE DISTRICT COURT
                               :
5    VS                        :    107th JUDICIAL DISTRICT
                               :
6    WELLS FARGO BANK,         :
     FORMERLY FIRST VALLEY     :
7    BANK, FORMERLY            :
     RAYMONDVILLE STATE BANK,  :
8    TOM FLEMING, DAN HUERTA,  :
     AND ROLANDO OLVERA        :    CAMERON COUNTY, TEXAS
9    - - - - - - - - - - - - - x

10

11

12

13        PLAINTIFF'S MOTION TO SET ASIDE SANCTIONS
          AND DEFENDANT'S MOTION TO FIND PLAINTIFF
14                 A VEXATIOUS LITIGANT

15

16        On the 13th day of February, 2004, the following

17   proceedings came on to be heard in the above-entitled

18   and numbered cause before the Honorable Robert

19   Barnes, Judge Presiding, held in Brownsville, Cameron

20   County, Texas.

21        Proceedings reported by computerized stenotype

22   machine.

23

24

25

                                        ORIGINAL

              PAM L. ESQUIVEL, RMR, CRR        EXHIBIT NO. B

1              THE COURT:  You may.

2              MR. ROBERTS:  Mr. Fleming has

3    interfered with three different attorneys, with Ann

4    Nix here in this town and threatened her.

5              THE COURT:  I'm sorry?

6              MR. ROBERTS:  Mr. Fleming has

7    interfered with my counsel in the past.  Ann Nix here

8    in this town was called and told not to represent me.

9    Buddy Puente in Raymondville was told not to

10   represent me.  And now this counsel.  I will be able

11   to find a counsel, but I'd like the record to show

12   that statement that I just made about those three

13   occasions.  This attorney has a letter from

14   Mr. Fleming threatening to take him before the

15   judicial board.  Mr. Fleming has a hard spot for me

16   because Mr. Christopher of the State Bar interviewed

17   me when they were taking his bar card away a couple

18   of years ago.  That is something that I revealed in

19   court one time.

20             THE COURT:  I don't -- the Court's not

21   aware of any of this, Mr. Roberts.  Your statement

22   will be on the record if that's what you want.

23             MR. ROBERTS:  I appreciate it.  I

24   don't bring these things against people.  I don't

25   work against people.  These are the facts about

1          **bench)**

2          THE COURT:  The Court will stand in

3    recess.

4          **(Recess)**

5          MR. GUAJARDO:  May we approach, Your

6    Honor?

7          THE COURT:  Off the record.

8          **(Off the record discussion at the**

9          **bench)**

10         THE COURT:  Now I'll go back on the

11   record, if you will.  Mr. Guajardo?

12         MR. GUAJARDO:  Yes, Your Honor.  At

13   this time I'd like to ask the Court to consider my

14   oral motion to withdraw as counsel; and in doing so,

15   also to ask the Court to consider setting aside the

16   sanctions against counsel as well.

17         MR. FLEMING:  Your Honor, I have no

18   objection to Mr. Guajardo withdrawing in this matter.

19   I have no objection to the Court setting aside the

20   sanctions against Mr. Guajardo.  I do have a gross

21   objection to setting aside sanctions against

22   Mr. Roberts and would ask the Court not do that.

23         THE COURT:  The order of the Court is

24   that the motion to withdraw by Mr. Guajardo will be

25   granted.  Sanctions against Mr. Guajardo will be

1   lifted.  Sanctions against Mr. Roberts will not be

2   lifted; and the case will be continued for at least

3   two weeks, Mr. Roberts, in order for you to get

4   another attorney to represent you.

5                   MR. GUAJARDO:  Thank you, Your Honor.

6                   THE COURT:  And with that, we'll stand

7   in --

8                   MR. FLEMING:  Do you want --

9                   THE COURT:  -- recess.

10                  MR. FLEMING:  Do you want to make a

11  setting today or would you like to -- how would you

12  like for us to --

13                  THE COURT:  Let's give Mr. Roberts a

14  chance to get counsel; and he can call you,

15  counselor -- or if he wants to represent himself, he

16  has that option, but to call you.  But let's get a

17  setting that we know within the next two weeks that

18  you either get a setting or you get an attorney to

19  represent you, Mr. Roberts, and that he contact

20  Mr. Fleming --

21                  MR. ROBERTS:  Yes, sir.

22                  THE COURT:  -- so we can get this

23  matter settled.

24                  MR. ROBERTS:  May I ask one thing,

25  Your Honor, respectfully?

# *Law Office of Raul A. Guajardo*

909-A Nyssa Avenue
McAllen, TX 78501

Phone: (956) 686-1977
Fax: (956) 686-0469

February 16, 2004

Ms. Aurora De La Garza
District Clerk of Cameron County
974 E. Harrison
Brownsville, Texas 78520

> **Re:   Cause No.: 2003-12-5738-A; John Roberts vs. Wells Fargo Bank, Formerly First Valley Bank, Formerly, Raymondville State Bank, Tom Fleming, Dan Huerta, and Rolando Olvera, in the 107th Judicial District Court of Cameron County, Texas.**

Dear Ms. De La Garza:

Please find the following documents for filing with the court:

1.   Order for Oral Motion for Withdrawal of Counsel and to Set Aside and Lift Sanctions against Counsel.

Thank you for your usual courtesies.

Sincerely,

LAW OFFICE OF RAUL A. GUAJARDO

Raul A. Guajardo
Attorney At Law

RAG/cr
Enclosures as stated

xc:   Mr. Tom Fleming          **Via Facsimile: (956) 982-0943**
      Fleming & Hernandez
      1650 Paredes Line Road, Suite 102
      Brownsville, Texas 78521-1602

Exh B-2

NO. 2003-12-5738-A

| JOHN ROBERTS | § | IN THE DISTRICT COURT |
| Plaintiff, | | |
| | | |
| V. | | 107th JUDICIAL DISTRICT |
| | | |
| WELLS FARGO BANK, Formerly | § | |
| FIRST VALLEY BANK, Formerly, | | |
| RAYMONDVILLE STATE BANK, | | |
| TOM FLEMING, DAN HUERTA. | | |
| AND ROLANDO OLVERA | | |
| Defendants. | § | OF CAMERON COUNTY, TEXAS |

### ORDER

On February 13th, 2004, the Court considered and **GRANTED** Raul A. Guajardo's, hereinafter Movant, oral Motion for Withdrawal of Counsel and to Set Aside and Lift Sanctions against Counsel.

**IT IS THEREFORE ORDERED** that as of February 13th, 2004, Movant shall Withdraw as Counsel of record for Plaintiff, John Roberts.

**IT IS FURTHER ORDERED** that as of February 13th, 2004, Movant shall have sanctions against Movant lifted and set aside.

**IT IS FURTHER ORDERED** that all notices in this cause shall hereinafter be served on Plaintiff.

SIGNED on _16 Feb_, 2004.

JUDGE PRESIDING

Cc: Raul A. Guajardo, 909A Nyssa Ave., McAllen, TX 78501
Tom Fleming, 1650 Paredes Line Rd., Ste, 102, Brownsville, TX 78521

.EXECUTION (With Bill of Costs) Lit. Seq./05.002.01

Cause No. __97-223__

### THE STATE OF TEXAS

To the Sheriff or any Constable of any County of the State of Texas,
GREETING:

WHEREAS, at the regular term of the Honorable 138th District Court of Willacy County, Texas October 1st, 2000, in a certain cause styled:

John Roberts Plaintiff, vs First Valley Bank, Formally, Raymondville State Bank, presently known as Wells Fargo Bank, Defendant, and numbered 97-223, on the Civil Docket of said Court, Plaintiff recovered a judgment against John Roberts for $55,000.00.

NOW, I THEREFORE, you are hereby commanded that of the goods and chattels, lands and tenements of the said John Roberts Defendant you cause to be made the sum of $ 55,000.00 and the further sum of $-0- Dollars, cost of suit together with your legal fees, and commissions for collecting the same, and the officer executing this writ shall execute the same according to the law and the mandates hereof, until judgment is paid.

HEREIN FAIL, NOT, and have you this writ showing how you have executed the same, together with said monies collected as herein directed, before the above Court at the Courthouse thereof in Raymondville, Texas, showing how you have executed the same within 90 days from the date thereof.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Raymondville, Texas, this the 07th day of September, 2003.

ATTEST. _____Gilbert Lozano_____ DISTRICT CLERK
_____138th District_____ Court, Willacy County, Texas
BY. _____, Deputy

The rules of civil procedure do not an execution to show upon its face the number of previous executions which have been issued on a judgment. This form can, therefore, be used for the original execution or an alias execution.

- - - - - - - - - - - = = = = ● ● ● RECAP OF FEES ● ● ● = = = - - = - - - =  --

| | | | | |
|---|---|---|---|---|
| State Court Fee | $ ( 40.00 ) | Clerk | $ ( 45.00 ) |
| Law Library | ( 35.00 ) | Stenographer | ( _____ ) |
| Sheriff | ( _____ ) | Constable | ( _____ ) |
| Jury Fee | ( 10.00 ) | TDHS; C.A.R Fund | ( _____ ) |
| Statement of Facts | ( _____ ) | Publication Fee | ( _____ ) |
| Investigation | ( _____ ) | Attorney's Fee | ( _____ ) |
| Guardian Ad Litem | ( _____ ) | Attorney Ad Litem | ( _____ ) |
| Sheriff Out County | ( _____ ) | Civil Processor | ( _____ ) |
| Service by Other | ( _____ ) | Depositions | ( _____ ) |
| Citations 2 | ( _____ ) | Final Judgment | ( 3.00 ) |
| Writ/Execution | ( 8.00 ) | | |

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =
Fee Sheet [01] of [01] TOTAL Court Cost ( 141.00)
= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

Credits ( $8.00 )
Total Balance due ( 133.00)

I certify that the above and foregoing Bill of Costs, amounting to $133.00 is a true bill of the costs adjudged against the defendant in the above numbered and entitled cause, wherein this writ of execution is issued.

_____, District Clerk, 138th District Court, Willacy County, Texas
Gilbert Lozano By:_____Deputy

Attorney.
Fleming and Hernandez, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602

EXHIBIT NO. C

SHERIFF'S RETURN

CAME TO HAND The ___ day of _____ A.D., _____, _____ o'clock ___M. And executed at _____ in _____ County, Texas on the _____ day of _____ A.D., _____, at _____ o'clock ___M., by levying upon and seizing the following described property of the defendant, and situated in _____ County, Texas via:
And afterwards, on _____ day of _____ A.D., _____, advertised the same for sale at the Court House door of _____ County, _____, on the _____ day of _____ _____ A.D., _____, being the _____ of said month (*by an advertisement, in the English language, published once a week for three consecutive weeks preceding such sale, the first publication appearing not less than twenty days immediately preceding the day of sale, beginning on the _____ day of _____ AD _____ In the _____ A newspaper published in the County of _____, stating in said advertisement the authority by virtue of which said sale was to be made, the time of levying, the time and place of sale, a brief description of the property to be sold, the number of acres, the original survey, its locally in the County and the name by which the land is generally known), (by written advertisement posted for _____ successive days next before the day of sale at three public places in the County of _____ one of which is at the Court House door of said County, and one was at the place of sale)=; and also, _____ one to each of the within named defendants a copy said notice
_____ Delivered of Mailed
of sale; and also mailed a copy of said notice to _____
_____
defendant's attorney of record in said cause.
And on said _____ day of _____, A.D. _____ between the hours of 10 o'clock a.m. and 4 o'clock p.m., at the Court House door of said sold said county _____ in pursuance to said advertisement, sold said property at public sale to _____ to whom the same was struck off for the sum of _____ Dollars that being the highest secure bid for the same; and the said _____ having been paid the sum so bid by _____h_____, I executed to _____h_____ a _____ for said property. And after first satisfying the Sheriff's costs accruing under this writ, amounting to the sum of $_____ an itemized bill of which appears below, and the further sum of $_____ original Court costs, the remainder, being the sum of $_____ ___ ___ was paid to _____
whose receipt for the same is herewith presented, and this writ is hereby returned on this the ____ day of ___ ____ _____ A.D. ____.
I have actually and necessarily traveled _____ miles in the service of this writ and in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

_____ By _____ Deputy.
*If no newspaper will publish said advertisement, then so state, strike out the first clause and leave the clause showing advertisement "posted", etc. If published in newspaper, strike out the clause in regard to posting.
+If sale was at Court House of said County, strike out this last clause, but if sale is elsewhere, strike out and make your form read accordingly.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| Sheriff's Fees | | File No. Cause 97-223 |
|---|---|---|
| | | !============================! |
| Levy.. . . . . . . . $_____ | | ! EXECUTION ! |
| Advertising . . . _____ | | !============================! |
| Serving __ Notices | | ! John Roberts, Plaintiff |
| (@ ___ each _____ | | ! vs |
| Commissions . . . . _____ | | ! First Valley Bank, Formally Raymondville State Bank |
| Making __ Deeds | | !============================! |
| (@ ___ each _____ | | ! In District Court |
| Executing Writ of | | ! 138th |
| Possession _____ | | ! |
| Return of Writ _____ | | ! Of Willacy County, Texas |
| Mileage ___ Miles _____ | | !============================! |
| Printer's Fees . . . . _____ | | ! Issued |
| Total. . $_____ | | !This 07th day of September A.D. 2003 |
| Original Court | | ! Gilbert Luzano, District Clerk |
| Costs. . . . . . . . _____ | | ! By _____ Deputy |
| Total Amount of | | !============================! |
| Costs. . . . . _____ | | ! Filed |
| | | !This ____ day of _____ A.D. _____ |

NOTICE OF SHERIFF'S SALE

BY VIRTUE OF AN EXECUTION ISSUED ___SEPTEMBER 07, 2003___

out the ___138TH DISTRICT COURT___ of WILLACY COUNTY,

___TEXAS___, in CAUSE NUMBER ___97-123___ WHEREIN

JOHN ROBERTS

IS PLAINTIFF, and

FIRST VALLEY BANK, FORMALLY, RAYMONDVILLE STATE BANK,
PRESENTLY KNOWN AS WELLS FARGO BANK

is DEFENDANT, I did on ___OCTOBER 17, 2003___ levy upon and

seize all of the rights, titles and interests of said PLAINTIFF

in and to the following described property situated in CAMERON

COUNTY, TEXAS TO WIT:

(SEE THE ATTACHED DESCRIBED PROPERTY)

by which said land is most generally known, and located as

shown on said map, and between the hours of 10:00 o'clock A.M.

and 4:00 o'clock P.M. and more particularly beginning exactly

at 10:00 o'clock A.M. on the first tuesday of the month of

___DECEMBER 02, 2003___ at the Judicial Building (Courthouse)

at Brownsville, Cameron County, Texas, I will sell said land

at public outcry to the highest bidder for cash.

CONRADO M. CANTU, SHERIFF
CAMERON COUNTY, TEXAS

BY: _____
DEPUTY SHERIFF



THENCE, North 30 degree 43 minutes East, 178.0 feet to a point on the
Southerly right of way line of said Texas State Highway Loop 448;

THENCE, along with the Southerly right of way line of Texas State Highway
Loop 448, South 59 degrees 17 minutes East, 90.0 feet to the POINT OF BEGINNING
of the tract herein described.

3.

All of Block One (1), RABB HEIGHTS SUBDIVISION NUMBER ONE (1), and the
West 2 feet of the South 231.46 feet of Block Two (2), RABB HEIGHTS SUBDIVISION
NUMBER ONE (1), out of the La Feria Grant, Cameron County, Texas, according to the
map recorded in Volume 6, Page 71, of the Map Records, Cameron County, Texas.

1.

**TRACT II**:   The West six and 22/100 (W. 6.22) acres of the East Twenty-one and 224/1000 (E. 21.224) acres of Block One (1), in Orange Grove Park Subdivision, La Feria Grant, Cameron County, Texas, according to the map or plat of said subdivision recorded in Volume 4, Page 11, of the Map Records of Cameron County, Texas, and further described as follows:

COMMENCING at a point in the North line of U. S. Highway "83" Business and the South line of the Missouri-Pacific Railway right of way, said point being the Northeast corner of Block 1, ORANGE GROVE PARK SUBDIVISION, as shown on map thereof, recorded in Volume 4, Page 11, of the Map Records, Cameron County, Texas;

THENCE, along the North line of said U. S. Highway "83" with the South line of the Missouri-Pacific right of way, and the North line of said Block 1, South 71° 31' West, a distance of 585.78 feet to the point of beginning of the parcel herein described;

THENCE, parallel with the East line of said Block 1, South 01° 27' East, a distance of 62.75 feet to a point in the South right of way line of said Business "83", and continuing, South 01° 27' East, a distance of 1014. 98 feet, for a total distance of 1077.73 feet to a point in the South line of said Block 1, lying on the approximate South bank of a drain ditch;

THENCE, along the South line of said Block 1, South 89° 00' West, a distance of 281.37 feet to a point;

THENCE, parallel with the East line of said Block One (1), North 01° 27' West, a distance of 932.85 feet to a point in the South line of said Business "83" right of way, and continuing, North 01° 27' West, a distance of 62.75 feet for a total distance of 995.60 feet to a point in the North line of said Block 1, being the North line of said Highway "83" right of way, and the South line of the Missouri-Pacific Railroad right of way;

THENCE, along the North line of said Block 1, with the North line of said Highway right of way, and the South line of said Missouri-Pacific right of way, North 71° 31' East, a distance of 273.35 feet to the POINT OF BEGINNING.

2.

**TRACT III**:   An 8,750.00 square foot tract of land, being the Easterly 50.0 feet of Lot Numbers Twelve (12), Thirteen (13), Fourteen (14) and the Easterly 50 feet of Lot Number Eleven (11), Block Number Sixteen (16), the Northerly ⅓ of THIRD ADDITION to the City of San Benito, Cameron County, Texas, according to the map recorded in Volume 2, Page 6, of the Map Records of Cameron County, Texas, more fully described as follows:

Having a point of beginning at the intersection of Texas State Highway Loop 448 and Westerly right of way line of Austin Street and THENCE South 30 degrees 43 minutes West, 175.0 feet, along with the Westerly right of way line of Austin Street to a point;

THENCE, North 59 degrees 17 minutes West, 50.0 feet to a point;

THENCE, North 30 degrees 43 minutes East, 175.0 feet to a point on the Southerly right of way line of said Texas State Highway Loop 448;

THENCE, along with the Southerly right of way line of Texas State Highway Loop 448, South 59 degrees 17 minutes East, 50.0 feet to the POINT OF BEGINNING of the tract herein described.

3.

All of Block One (1), RABB HEIGHTS SUBDIVISION NUMBER ONE (1), and the West 2 feet of the South 321.46 feet of Block Two (2), RABB HEIGHTS SUBDIVISION NUMBER ONE (1), out of the La Feria Grant, Cameron County, Texas, according to the map recorded in Volume 5, Page 71, of the Map Records, Cameron County, Texas.



The case was reinstated in July 1999 whereupon the Defendant Bank filed its answer including a general denial and affirmative defenses listing accord and satisfaction, estoppel, statute of frauds, statute of limitations, waiver, renewal, and modification.

The Defendant Bank took the Plaintiff's deposition effective January 12, 2000; during the course of said deposition, Defendant Bank attached the following exhibits to the Plaintiff's deposition, and included said documentation as part of the record:

| | |
|---|---|
| Exhibit "1A": | Second Amended Notice of Intention to take Oral and Videotaped Deposition with Subpoena Duces Tecum of Plaintiff John Roberts scheduled for January 12, 2000; |
| Exhibit "1B": | First Amended Notice of Intention to take Oral and Videotaped Deposition with Subpoena Duces Tecum of Plaintiff John Roberts scheduled for September 28, 1999; |
| Exhibit "1C": | Notice of Intention to take Oral and Videotaped Deposition with Subpoena Duces Tecum of Plaintiff John Roberts scheduled for Thursday, August 26, 1999; |
| Exhibit "2": | Real Estate Lien Note dated October 1, 1990 executed by John Roberts in favor of Payee Raymondville State Bank in the amount of One Hundred Thousand Five-Hundred Twenty-Three and 75/100ths Dollars ($100,523.75); |
| Exhibit "3": | Deed of Trust executed by John Roberts effective October 5, 1990 before notary public Michelle Olivarez and filed of record in the Official Records in Cameron County, Texas, Volume 1325, Pages 217-221; |
| Exhibit "4": | Homestead Designation executed by John Roberts and Thelma Roberts before notary public Michelle Olivarez effective October 5, 1990 and filed of record in the Official Records, Cameron County, Texas, Volume 1325, Pages 222-225; |

Exh D

Exhibit "5":       Loan Application dated October 1, 1990 executed by John Roberts;

Exhibit "6":       Disclaimer of Oral Agreements executed by John Roberts dated October 1, 1990;

Exhibit "7":       Commitment Letter executed by John Roberts dated October 10, 1990;

Exhibit "8":       Settlement Statement executed by John Roberts dated October 10, 1990;

Exhibit "9":       Extension Agreement executed by John Roberts dated September 13, 1991;

Exhibit "10":      Notice of Disclaimer of Oral Agreements executed by John Roberts dated September 26, 1991;

Exhibit "11":      Extension of Real Estate Note and Lien executed by John Roberts before notary public Frances Fitch dated September 26, 1991 and filed of record in the Official Records, Cameron County, Texas, Volume 1756, Pages 241-224;

Exhibit "12A":     Extension of Real Estate Note and Lien executed by John Roberts dated January 26, 1994 and filed of record in the Official Records, Cameron County, Texas, Volume 2753, Page 110-112 (photocopy of the original document in possession of Bank);

Exhibit "12B":     Certified Copy of Extension of Real Estate Note and Lien executed by John Roberts before notary public Elena Ramirez dated January 26, 1994 and filed of record in the Official Records, Cameron County, Texas, Volume 2753, Pages 110-112;

Exhibit "13":      First Valley Bank History Card and Loan History Records summarizing the accounting of loan from October 1990 through July 1998;

Exhibit "14":      John Roberts' payment history from November 1990 through December 1996;

Exhibit "15":        Demand Letter dated September 22, 1997;

Exhibit "16":        Notice of Foreclosure correspondence dated October 30, 1997;

Exhibit "17":        Correspondence from John Roberts dated November 19, 1997 including the payment of One Hundred Thousand Columbian Pesos (the equivalent of Fifty Seven U.S. Dollars);

Exhibit "18A":      Extension of Real Estate Note and Lien executed by John Roberts before notary public Margaret Longoria dated September 16, 1991 filed of record in the Official Records Cameron County, Texas, Volume 1705, Pages 19-20;

Exhibit "18B":      Partial Release of Lien executed by John Nicholson on behalf of First Valley Bank and filed of record in the Official Records Cameron County, Texas, Volume 3172, Page 132;

Exhibit "19A":      Extension of Real Estate Note and Lien dated May 26, 1995 and filed of record in the Official Records of both Willacy County, and Cameron County, Texas;

Exhibit "19B":      Release of Lien executed by John Nicholson on behalf of First Valley Bank dated September 4, 1996 and filed of record in the Official Records Cameron County, Texas, Volume 4052, Pages 239-241;

Exhibit "20":        "Petition for Damages - Breach of Contract and Fraud" filed by John Roberts May 30, 1997 in the 138th Judicial District Court of Willacy County, Texas, Case No. 97-223.

Defendant Bank filed its Motion for Summary Judgment effective June 15, 2000. The Plaintiff filed a response to said Motion for Summary Judgment effective July 31, 2000. Pursuant to the Texas Rules of Civil Procedure, no hearing was held and the Court considered the summary judgment motion and evidence under submission only; subsequent thereto, the 138th Judicial District Court of Willacy

DEFENDANT WELLS FARGO BANK'S
MOTION AND BRIEF IN SUPPORT OF SUMMARY JUDGMENT                        Page 4 of 10
RO/att #972277  L:\WARNKE\FLEMING\Roberts.John\8-04-002\WFB-RO.PC\SJM-Bnsf-RO.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, DIVISION

JOHN OCIE ROBERTS              §        CIVIL ACTION NO. B-04-002
                               §
vs.                            §
                               §
WELLS FARGO BANK ET AL         §        JURY


STATE OF TEXAS          }

COUNTY OF WILLACY       }


**AFFIDAVIT**

BEFORE ME, personally appeared John Ocie Roberts, and stated under oath that the following is true and correct and from his own personal knowledge:

My name is John Ocie Roberts. I am competent to testify. Im over the age of eighteen (18) years and have never been convicted of any crime.

1.    I have gone to the Bank and they did not have my payment record. I asked to see the file and I asked to see the originals and they could not produce the original note. This is when I decided to sue them.

2.    The bank did not have records to show the payments made by Mrs. Langham and Dena Langham. Also, my son had paid over $20,000.00 into my loan and that payment was not showing.

3.    When I approach the Bank officer, she stated to me that I had more records than what they had on the loan.

4.    I know I have a cause of action against the Defendant Bank because I paid them and the Bank refuses to acknowledge my payments. I also know I have a right to be represented by counsel. However, Defendant Fleming has always spoken to the attorneys who would try to help me and the outcome would be the same. Defendant Fleming would threaten each one of them. The attorneys would tell me, that I was correct but they did not want to get involved.

5.    I use the term fraud to include conversion. In the hearing, Paragraph 34 lines 6-13, I was not allowed to finish my answer. Defendant Olvera interrupted me therefore, I did not have the chance to terminate my thoughts and answer the questions fully. I was interrupted but that was not my complete answer. I am suing for civil rights violations.

Defendants have taken my property away and I lost my investment. I want my investment

back plus exemplary damages. This property was my homestead.

6.     In the matter of all of the exhibits in my deposition effective 12th January 2000, almost all of those exhibits were shown to me on that date for they very first time. The Defendants introduced them but not through my testimony.

7.     The Supreme Court of Texas did not rule on the last motion in the original suit until December 8, 2003.

8.     Attached hereto are true and correct copies of the affidavits attached to my response to Defendants' motions for summary judgment. These affidavits show some of the monies that were paid into my loan account with said payments.

9.     As to Judge Robert Barnes assuming control of my cases, I did not ever allow him that action nor would I ever allow it.

10.    The opposing counsel, in the initial case, took certain excepts of the file, as he thought fit and took them to the judge from Raymondville, district clerk (Willacy County district clerk's office) to the judge in Brownsville, Cameron County, Texas. There they had a meeting in Brownsville, the judge granted the summary judgment then the attorney took the file back to Willacy County, Texas. Plaintiff was never informed of such an action until afterwards.

11.    I had paid up to $52,000.00 over and above what the Bank states in the accounting. The amount in truth and in fact that would have been due and owing is not easily determined. The amount the Defendant Bank claim as of the alleged last date is about $75,000.00. However, that amount includes penalties and increased interest.

12.    Attached hereto is also a certified copy of the vexatious litigant order. I am ordered to pay "$7,500.00" for costs in order to continue the litigation on case number 2003-12-5738-A.

Affiant further saith naught.

John Ocie Roberts

SWORN AND SUBSCRIBED TO BEFORE ME, the undersigned notary, on this the 28th day of May, 2004, which witness my hand and seal.

LEONOR HILDA RAMIREZ
MY COMMISSION EXPIRES
December 11, 2006

Notary Public- State of Texas