27

United States District Court
Southern District of Texas
FILED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, DIVISION

MAY 2 8 2004

Michael N. Milby
Clerk of Court

JOHN OCIE ROBERTS          §          CIVIL ACTION NO. B-04-002
                           §
vs.                        §
                           §
WELLS FARGO BANK ET AL     §          JURY

### PLAINTIFF'S RESPONSE TO DEFENDANT DAN HUERTA'S RULE 12(b) (6) MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT AND THE ALTERNATIVE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, John Ocie Roberts, and files this his Plaintiff's Response to Defendant Dan Huerta's Rule 12 (b) (6) Motion To Dismiss Plaintiff's Original Complaint and the Alternative and would show the Court the following:

### STATEMENT OF THE CASE

1.    Plaintiff admits Defendant's Paragraph 1.

### PLAINTIFF'S ALLEGATIONS

1.    Plaintiff admits Defendant's Paragraph 1.

2.    Plaintiff admits Defendant's Paragraph 2.

3.    Plaintiff admits making statements as alleged in Defendant's Paragraph 3 but said statements were not conclusory. The statements are clear, concise and truthful. The bank and its attorneys are converting Plaintiff's property using the legal system.

4.    Plaintiff denies Defendants's Paragraphs 3 and 4. Tthe following are the illegal acts of Defendant Dan Huerta:

(a)    Defendant was served with the order granting a temporary restraining order. Said order did not allow the sale of the property due to irregularities which

appeared obvious to the court granting said order. (Exhibit A is a true and correct copy of the Temporary Restraining Order and is incorporated by reference as if fully copied herein)

(b) Subsequent to having been duly served, Defendant Huerta received an order, which was not yet even filed with the clerk's office.(Exhibit B is a true and correct copy of the order dissolving the Temporary Restraining Order and is incorporated by reference as if fully copied herein)

(c) The order was signed by Judge Robert Barnes who is a stranger to the lawsuit. One may readily and realistically conclude that defendant Tom Fleming had to go to obtain Judge Barnes' participation. Such action is a crime and it is a crime for an individual to act like the judge when he is not the judge..

(d) This order was signed on the 5th of January 2004 and given to Dan Huerta. Said order was not even filed until January 13, 2004. The law gives a remedy built-in to injunctive relief. Therefore Defendant Huerta should have known the new order was bogus. First of all, it was not even served on him properly.

(e) There is also evidence that the notice of sale was not posted. (Exhibit C is a true and correct copy of an affidavit by Sam Wallace and is incorporated by reference as if fully copied herein)

## PLAINTIFF'S RESPONSE TO MOTION TO DISMISS UNDER RULE 12(b) (6)

1. Plaintiff denies Defendant's Paragraph 1

The Sheriff as a peace officer, has specific duties pursuant to Texas Code of Criminal Procedure Articles 2.12 and 2.13. Said articles state the following:

### Art. 2.12 Who Are Peace Officers

The following are peace officers:

(1) sheriffs, their deputies, and those reserve deputies who hold a permanent peace officer license issued under Chapter 1701, Occupations Code; . . .

### Art. 2.13 Duties and powers

(a) It is the duty of every peace officer to preserve the peace within the officer's jurisdiction. To effect this purpose, the officer shall use all lawful means.

(b) the officer shall:

(1) in every case authorized by the provisions of this Code, interfere without warrant to prevent or suppress crime;

(2) execute all lawful process issued to the officer by any magistrate or Court;

(3) give notice to some magistrate of all offenses committed within the officer's jurisdiction, where the officer has good reason to believe there has been a violation of the penal law; and

(4) arrest offenders without warrant in every case where the officer is authorized by law, in order that they may be taken before the proper magistrate or Court and be tried.

In the case at bar, the crimes that were being committed are the following:

Texas Penal Code, Section 39.02 and 39.03 and 31.05 and

### 39.02 **Abuse of Official Capacity**

(a) A public servant commits an offense if, with intent to obtain a benefit or with intent to harm or defraud another, he intentionally or knowingly:

(1) violates a law relating to the public servants office or employment:

(b) An offense under Subsection (a)(1) is a Class A misdemeanor.

### 39.03 **Official Oppression**

(a) A public servant acting under color of his office or employment commits an offense if he:

(1) intentionally subjects another to mistreatment or to arrest, detention, search, seizure, dispossession, assessment, or lien that he knows is unlawful;

(b) For purposes of this section, a public servant acts under color of his office or employment if he acts or purports to act in an official capacity or takes advantage of such actual or purported capacity.

### §36.04. **Improper Influence**

(a) A person commits an offense if he privately addresses a representation, entreaty, argument, or other communication to any public servant who exercises or will exercise discretion in an adjudicatory proceeding with an intent to influence the outcome of the proceeding on the basis of considerations other than those authorized by law.

(b) For purposes of this section, "adjudicatory proceeding" means any proceeding before a court of any other agency of government in which the legal rights, powers, duties, or privileges of specified parties are determined.

(c) An offense under this section is a Class A misdemeanor.

### §37.11 Impersonating Public Servant

(a) A person commits an offense if he:

(1) impersonates a public servant with intent to induce another to submit to his pretended official authority or to rely on his pretended official acts; or

(2) knowingly purports to exercise any function of a public servant or of a public office, including that of a judge and court, and the position or office through which he purports to exercise a function of a public servant or public office has no lawful existence under the constitution or laws of this state or of the United States.

(b) An offense under this section is a felony of the third degree.

2.      Defendant Sheriff Huerta had to have known or should have known that a third party judge cannot come in and cancel the order of a duly elected judge. There was no citation or service of process therefore, Defendant Huerta could not have been innocently duped.

3.      Apparently Defendant relies on Camacho v. Samaniego, 954, S.W. 2d 811 (Tex. Civ. App. - El Paso 1997 writ denied) which shields acts by public officials when acts were mistaken, wrong or negligent. Defendant Huerta acts are outright criminal. And furthermore, he is the one with the duty to prevent crimes not to expand them.

4.      As this case developed, the one characteristic that becomes obvious is that Defendant Tom Fleming has its tenacles of control throughout the State of Texas. The trial court ignores all of Plaintiff's affidavits. The appeals court and the Supreme Court certified such actions.

5.      Now, in the execution of the judgment, Defendant Fleming obtained the aid of the sheriff's office. Plaintiff's homestead was set up for sale for an execution of a judgment for attorney fees. This is unequal protection.

## PLAINTIFF' S RESPONSE TO DEFENDANT'S ALTERNATIVE
## MOTION TO COMPEL A RULE 7 (a) REPLY

1.    Plaintiff denies that there is any need for such a motion.

2.    Plaintiff merely wonders what may be surmised from the acts of the Defendants. Attorney for Defendant Huerta was a prosecutor for the District Attorney's office of Cameron County, Texas.  And, he sees no mistake nothing wrong, or negligent in the conduct of Defendant Huerta.

WHEREFORE, PREMISES CONSIDERED, Plaintiff John Ocie Roberts prays this Defendant's Dan Huerta, Motion for Rule 12 (b) (6) and Rule 7 (a) be denied.

Plaintiff prays for further relief, at law or in equity, which he may show himself to be justly entitled to receive.

Respectfully submitted,

*John Ocie Roberts*
John Ocie Roberts
P. O. Box 1167
La Feria, Texas 78559

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Response to Defendant Dan Huerta's Rule 12 (b) (6) Motion To Dismiss Plaintiff's Original Complaint and the Alternative had been hand delivered on this the 28 day of MAY , 2004 to Tom Fleming, 1650 Paredes Line Road, Suite 102, Brownsville, Texas 78521 Rolando Olvera and Dan Huerta.

*John Ocie Roberts*
John Ocie Roberts

STATE OF TEXAS            }

COUNTY OF WILLACY      }

## **VERIFICATION**

I hereby certify, that I, John Ocie Roberts, have read all the allegations stated in the Plaintiff's Response to Defendant Dan Huerta's Rule 12 (b) (6) Motion To Dismiss Plaintiff's Original Complaint and the Alternative, an all statements are true and correct from my own personal knowledge.


John Ocie Roberts

SWORN AND SUBSCRIBED TO BEFORE ME, the undersigned notary, on this the 28th day of _____May_____, 2004, which witness my hand and seal.

Notary Public-State of Texas

LEONOR HILDA RAMIREZ
MY COMMISSION EXPIRES
December 11, 2006

FILED AT ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

JAN 0 2 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
Key Goez _____ DEPUTY

CAUSE NO. _2004-01-0003-B_

| | | |
|---|---|---|
| JOHN ROBERTS | § | IN THE DISTRICT COURT |
| Plaintiff | | |
| | | |
| VS. | § | 138th JUDICIAL DISTRICT |
| | | |
| WELLS FARGO BANK, Formerly | | |
| FIRST VALLEY BANK, Formerly | | |
| RAYMONDVILLE STATE BANK | | |
| Tom Fleming, Dan Huerta, and | | |
| Rolando Olvera | | |
| Defendants | § | CAMERON COUNTY, TEXAS |

## APPLICATION FOR INJUNCTIVE RELIEF

NOW COMES, JOHN ROBERTS, Plaintiff and files this his Application for Injunctive Relief complaining of WELLS FARGO BANK, Formerly, FIRST VALLEY BANK, Formerly RAYMONDVILLE STATE BANK, Tom Fleming, Dan Huerta, and Rolando Olvera, Defendants, and for cause of action Plaintiff would show:

### I. PARTIES

a.   Plaintiff is a resident of La Feria, Cameron County, Texas;

b.   Defendant Wells Fargo Home Mortgage, Inc. is a California Corporation licensed to do business in the State of Texas and who may be reached for service by serving Corporation Service Company, 800 Brazos, Austin County, Texas 78701.

c.   Defendant, Tom Fleming, Trustee is a resident of Cameron County, Texas and maybe reached for service at 1650 Paredes Line Road, Suite 102, Brownsville, Texas 78521-1602.

d.   Dan Huerta, Deputy, Cameron County Sheriff's Dept. in Brownsville, Cameron County, Texas.

e.   Defendant, Rolando Olvera, is a resident of Cameron County, Texas and maybe reached for service at 1650 Paredes Line Road, Suite 102, Brownsville, Texas 78521-1602.

Exh A

## II. PROPERTY

Plaintiff would show that he is the owner of real property located in the City of La Feria, Cameron County, Texas and further described herein as Tract 2: an 8,750.00 square foot tract of land, being the easterly 50. 0 feet of lots numbers twelve (12), thirteen (13), fourteen (14), and the easterly 50 feet of the Northerly ½ of lot number eleven (11), Block number sixteen (16), third addition to the city of San Benito, Cameron County, Texas, according to the Map recorded in volume 2, Page 5, of the Map records of Cameron County, Texas.

Tract 1, the West six and 22/100 (W. 6.22) acres of the east Twenty-one and 224/100 (E. 21.224) acres of Block one (1), in the Orange, Grove Park Subdivision, La Feria Grant, Cameron County, Texas, according to the map or plat of sais subdivision Recorded in Volume 4, Page 11, of the Map records of Cameron County, Texas.

## III. FACTS

Plaintiff would show that he is the owner of the above referenced property; the subject matter of this lawsuit. Plaintiff received knowledge of his property being execution, but did not receive notice. According to information and belief, the property is to be sold on the courthouse steps by the Sheriff's Office on the 6TH of December, 2003. The property being the basis of this lawsuit is Plaintiff's homestead.

Now, the problem the Sheriff has is that the properties that he is executing on have an outstanding lien. And, the Sheriff is going to sell the property when he does not know what the lien is worth. Therefore, when he receives money on the execution, how will he know how much to disburse on each item?

Also, the Sheriff will not know when to stop selling Plaintiff's properties through executions if the Sheriff does not know how much goes to the lienholder.

Also, the Sheriff gave notice by placing the notice allegedly on the courthouse, however, Plaintiff has been, for years, using one of these properties for homestead. Yet the Sheriff did not give notice as required by Section 51.001 et seg. of the Texas Property Code.

The Sheriff is also executing on a judgment for attorney fees. The Constitution of the State of Texas does not allow on attorney fees judgment to be grounds for foreclosure on a homestead.

The Sheriff is going to have an accounting problem because he does not know how to disburse the payment given on the forced sale.

If the Sheriff sells the property with a lien on it, and the only notice it gave was the writ of execution, then the Sheriff is taking property away from Plaintiff without due process.

The property code has special provisions for residential homestead laws and the Sheriff is not following said laws on the instance of Defendant. Plaintiff lives in one of the properties. It is exempt when the foreclosure is for one of three reason none of which are within the purview of the judgment being executed.

## V. INJUNCTIVE RELIEF/DAMAGE

As a result of the Defendants actions and their failure to abide by the contractual obligations as contained in the Deed of Trust, Defendants have caused Plaintiff damages. Plaintiff has no adequate remedy at law, and is requesting the equitable justice on of this Court to restrain and enjoin the Defendant Wells Fargo from evicting the Plaintiff from his residence during the pendency of this suit. Plaintiff requests this Court to enter a Temporary Restraining Order restraining the Defendants from :

a. causing to issue directly or indirectly a forcible detained action in any Court of competent jurisdiction that would deprive the Plaintiff of use and benefit of his home while this action is pending;

b. employing engaging or contracting with any person, company of firm to sell, alienate or hypothecate Plaintiff's property as herein described during the pendency of this suit;

c. selling, transferring or hypothecating Plaintiff's property during the pendency of this suit; and

d. taking any action that would prohibit Plaintiff from peaceful enjoyment of his home.

Plaintiff requests that this Court set a hearing for the issuance of a temporary injunction pending suit to maintain the status quo of the parties and approve a bond in reasonable amount as required by law. This property includes Plaintiff's residential homestead.

## VI. RELIEF

Plaintiff requests the equitable jurisdiction of this Court to set aside the Trustee's deed and revive the outstanding mortgage in the terms as previously contracted. In the alternative;

if any, Plaintiff requests damages for the reasonable market value of the property in an amount in excess of the minimal jurisdictional limits of this Court. Plaintiff further seeks damages for the extreme mental anguish caused by the Defendants wrongful actions in an amount in excess of the minimal jurisdictional limits of this Court.

WHEREFORE PREMISES CONSIDERED plaintiff requests this Court to provide notice to the Defendants, grant the equitable relief and Temporary Restraining Order, and upon hearing that Plaintiff have judgment against the Defendants jointly and severally. Plaintiff prays for any other relief, at law or in equity, which he may be justly entitled to receive.

Respectfully submitted,

John Ocie Roberts, Pro Se
P. O. Box 1167
La Feria, Texas 78589

CAUSE NO. _2004-01-0003-B_

| | | |
|---|---|---|
| JOHN ROBERTS | § | IN THE DISTRICT COURT |
|     Plaintiff | | |
| | | |
| VS. | § | 138th JUDICIAL DISTRICT |
| | | |
| WELLS FARGO BANK, Formerly | | |
| FIRST VALLEY BANK, Formerly | | |
| RAYMONDVILLE STATE BANK | | |
| Tom Fleming, Dan Huerta, and | | |
| Rolando Olvera | | |
|     Defendants | § | CAMERON COUNTY, TEXAS |

STATE OF TEXAS    ]

CAMERON COUNTY    ]

**AFFIDAVIT**

FILED __3:15__ O'CLOCK __P__ M
AURORA DE LA GARZA DIST. CLERK
'JAN 0 2 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
__Ray Lopez Jr.__ DEPUTY

BEFORE ME, personally appeared John Ocie Roberts, and stated under oath that the following is true and correct and from his personal knowledge:

My name is John Ocie Roberts . I am competent to testify. I am over the age of eighteen(18) years and have never been convicted of any crime.

My homestead is being foreclosed on the 1st Tuesday which is January 6, 2004. Both of the properties have a first lien. The Sheriff does not even know how is the amount of money on the liens. The Sheriff will not know how to disburse the monies from the sale. He will also not know when the judgment will be satisfied once he sells because of the liens. Also, one of the properties is my residential homestead. This is an execution on a judgment, therefore the property being executed on is my homestead. The Sheriff is executing on my homestead. Since he will not know when the judgment is paid off, he will continue selling all of my other property. It will only be up to Tom Fleming when he will satisfied not when the judgment has been paid for.

If this Court does not intervene and issues a temporary restraining order, I shall be suffering an irreparable injury and I have no adequate remedy at law.

Affiant further saith naught.



John Ocie Roberts

SWORN AND SUBSCRIBED TO BEFORE ME, the undersigned notary, on this the 2nd day of January, 2004, which witness my hand and seal.

LEONOR HILDA RAMIREZ
MY COMMISSION EXPIRES
December 11, 2006

Notary Public-State of Texas

Recorded information:    Tract 2: an 8,750.00 square foot tract of land, being the easterly 50. 0 feet of lots numbers twelve (12), thirteen (13), fourteen (14), and the easterly 50 feet of the Northerly ½ of lot number eleven (11), Block number sixteen (16), third addition to the city of San Benito, Cameron County, Texas, according to the Map recorded in volume 2, Page 5, of the Map records of Cameron County, Texas.

Tract 1: the West six and 22/100 (W. 6.22) acres of the east Twenty-one and 224/100.(E. 21.224) acres of Block one (1), in the Orange, Grove Park Subdivision, La Feria Grant, Cameron County, Texas, according to the map or plat of sais subdivision Recorded in Volume 4, Page 11, of the Map records of Cameron County, Texas.

CAUSE NO. _2004-01-0003 B_

| | | |
|---|---|---|
| JOHN ROBERTS<br>Plaintiff | § | IN THE DISTRICT COURT |
| VS. | § | 138th JUDICIAL DISTRICT |
| WELLS FARGO BANK, Formerly<br>FIRST VALLEY BANK, Formerly<br>RAYMONDVILLE STATE BANK<br>Tom Fleming, Dan Huerta, and<br>Rolando Olvera<br>Defendants | § | CAMERON COUNTY, TEXAS |

## FIAT

On this the __ day of _____ 2004, came on to be considered Plaintiff's Application for Injunctive Relief. And it appearing to the Court that a hearing is necessary on this motion, orders that this case be set for a hearing.

THEREFORE, IT IS ORDERED that a hearing be held on this Plaintiff's Application for Injunctive Relief and it is hereby set for the _____ day of _____ **2004**, at **9:00** o'clock a.m. in the District Courtroom of Cameron County, Brownsville, Texas.

Signed for entry on this __ day_____ 2004.

_____
**JUDGE PRESIDING**

CAUSE NO. _2004-01-0003-B_

| | | |
|---|---|---|
| JOHN ROBERTS | § | IN THE DISTRICT COURT |
|     Plaintiff | | |
| | | |
| VS. | § | _13th_ JUDICIAL DISTRICT |
| | | |
| WELLS FARGO BANK, Formerly | | |
| FIRST VALLEY BANK, Formerly | | |
| RAYMONDVILLE STATE BANK | | |
| Tom Fleming, Dan Huerta, and | | |
| Rolando Olvera | | |
|     Defendants | § | CAMERON COUNTY, TEXAS |

## ORDER

ON THIS THE __5th__ day of __JAN__, 2004, Plaintiff's Application for Injunctive Relief was heard by the Court on Plaintiff's verified petition, without notice to Defendants, and it clearly appears from the specific facts set forth in said verified petition that immediate and irreparable injury, loss and harm will result to Plaintiff before notice can be served on Defendants and a hearing had thereon, unless Defendants are forthwith restrained as prayer for in Plaintiff's petition, in the Plaintiff will lose his property by foreclosure, without a fair opportunity to protect themselves. The Court is therefore of the opinion that Plaintiff is entitled to a temporary restraining order without notice.

It is therefore ordered that the clerk of this Court forthwith issue a temporary restraining order to continue in effect until the conclusion of the hearing on temporary injunction herein after set, or until further order of this Court, restraining and enjoining Defendants and their officers, agents, employees, and attorneys from conducting the Substitute Trustee's Sale on _6th_ day of January, 2004, of the property described in Plaintiff's Application for Injunctive Relief; provided that Plaintiff shall prior to issuance of such temporary restraining order, file with the clerk of this Court a bond in the amount of $_____, executed by applicant, payable to Defendants and conditioned as the law requires with this sureties.

It is further ordered, that Plaintiff's Application for Temporary Injunction be set for hearing on this Court on this the _____ day of_____, 2004.

Signed on this_____ day of_____, 2004.

_____
Judge Presiding

IN THE DISTRICT COURT
FOR THE STATE OF TEXAS
WILLACY COUNTY, TEXAS

| | | |
|---|---|---|
| JOHN ROBERTS, | § | |
| Plaintiff, | § | CASE NO. 97-223 |
| | § | |
| vs. | § | |
| | § | |
| FIRST VALLEY BANK, Formerly | § | |
| RAYMONDVILLE STATE BANK | § | 138th JUDICIAL DISTRICT COURT |
| and Does 1 through 20, | § | |
| Defendants | § | |

## JUDGMENT

Upon consideration of the two motions for summary judgment filed respectively by Defendants' First Valley Bank and J. Rolando Olvera, Jr., this Court held that summary judgment be granted in favor of Defendants against Plaintiff John Roberts.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that summary judgment is hereby granted in favor of Defendant First Valley Bank (formerly known as Raymondville State Bank and presently known as Wells Fargo Bank); summary judgment is also granted in favor of Defendant J. Rolando Olvera, Jr.; furthermore, Plaintiff John Roberts is hereby ordered to pay $35,000.00 in attorney fees to the Defendants with an additional $10,000.00 to be awarded to the Defendants upon each subsequent appeal which is not successful; Plaintiff John Roberts is to be held individually liable for said amounts. It is further ordered that Plaintiff John Roberts have and recover nothing against the Defendants; the Plaintiff's cause of action is hereby dismissed at the Plaintiff's cost.

ATT. A

FILED

NOV _ 9 2000

Dec 19 03 04:00p    CAMERON COUNTY SHERIFFS    9565440878    p.4

NOTICE OF SHERIFF'S SALE

BY VIRTUE OF AN EXECUTION ISSUED_____ SEPTEMBER 07, 2003 _____

out of the____ 138TH DISTRICT COURT _____ of_ WILLACY COUNTY,____

___ TEXAS ____ , in CAUSE NUMBER _____ 97-223 _____ WHEREIN

JOHN ROBERTS

IS PLAINTIFF, and

FIRST VALLEY BANK, FORMALLY, RAYMONDVILLE STATE BANK,
PRESENTLY KNOWN AS WELLS FARGO BANK

is DEFENDANT, I did on _____ OCTOBER 27, 2003 _____ levy upon and

seize all of the rights, titles and interests of said PLAINTIFF

in and to the following described property situated in CAMERON

COUNTY, TEXAS TO WIT:

(SEE THE ATTACHED DESCRIBED PROPERTY)

by which said land is most generally known, and located as

shown on said map, and between the hours of 10:00 o'clock A.M.

and 4:00 o'clock P.M. and more particularly beginning exactly

at 10:00 o'clock A.M. on the first tuesday of the month of

_____ JANUARY 06, 2004 _____ at the Judicial Building (Courthouse)

at Brownsville, Cameron County, Texas. I will sell said land

at public outcry to the highest bidder for cash.

CONRADO M. CANTU, SHERIFF
CAMERON COUNTY, TEXAS

BY: _____
DANNY HUERTA, DEPUTY SHERIFF,

1.

**TRACT II:**  The West six and 22/100 (W. 6.22) acres of the East Twenty-one and 224/1000 (E. 21.224) acres of Block One (1), in Orange Grove Park Subdivision, La Feria Grant, Cameron County, Texas, according to the map or plat of said subdivision recorded in Volume 4, Page 11, of the Map Records of Cameron County, Texas, and further described as follows:

COMMENCING at a point in the North line of U. S. Highway "83" Business and the South line of the Missouri-Pacific Railway right of way, said point being the Northeast corner of Block 1, ORANGE GROVE PARK SUBDIVISION, as shown on map thereof, recorded in Volume 4, Page 11, of the Map Records, Cameron County, Texas;

THENCE, along the North line of said U. S. Highway "83" with the South line of the Missouri-Pacific right of way, and the North line of said Block 1, South 71° 31' West, a distance of 585.78 feet to the point of beginning of the parcel herein described;

THENCE, parallel with the East line of said Block 1, South 01° 27' East, a distance of 62.75 feet to a point in the South right of way line of said Business "83", and continuing, South 01° 27' East, a distance of 1014. 98 feet, for a total distance of 1077.73 feet to a point in the South line of said Block 1, lying on the approximate South bank of a drain ditch;

THENCE, along the South line of said Block 1, South 89° 00' West, a distance of 261.37 feet to a point;

THENCE, parallel with the East line of said Block One (1), North 01° 27' West, a distance of 932.85 feet to a point in the South line of said Business "83" right of way, and continuing, North 01° 27' West, a distance of 62.75 feet for a total distance of 995.60 feet to a point in the North line of said Block 1, being the North line of said Highway "83" right of way, and the South line of the Missouri-Pacific Railroad right of way;

THENCE, along the North line of said Block 1, with the North line of said Highway right of way and the South line of said Missouri-Pacific right of way, North 71° 31' East, a distance of 273.35 feet to the POINT OF BEGINNING.

2.

**TRACT III:**  An 8,750.00 square foot tract of land, being the Easterly 50.0 feet of Lot Numbers Twelve (12), Thirteen (13), Fourteen (14) and the Easterly 50 feet of the Northerly ½ of Lot Number Eleven (11), Block Number Sixteen (16), THIRD ADDITION to the City of San Benito, Cameron County, Texas, according to the map recorded in Volume 2, Page 5, of the Map Records of Cameron County, Texas, more fully described as follows:

Having a point of beginning at the intersection of Texas State Highway Loop 448 and Westerly right of way line of Austin Street and THENCE South 30 degrees 43 minutes West, 175.0 feet, along with the Westerly right of way line of Austin Street to a point;

THENCE, North 59 degrees 17 minutes West, 50.0 feet to a point;

THENCE, North 30 degrees 43 minutes East, 175.0 feet to a point on the Southerly right of way line of said Texas State Highway Loop 448;

THENCE, along with the Southerly right of way line of Texas State Highway Loop 448, South 59 degrees 17 minutes East, 50.0 feet to the POINT OF BEGINNING of the tract herein described.

3.

All of Block One (1), RABB HEIGHTS SUBDIVISION NUMBER ONE (1), and the West 2 feet of the South 321.46 feet of Block Two (2), RABB HEIGHTS SUBDIVISION NUMBER ONE (1), out of the La Feria Grant, Cameron County, Texas, according to the map recorded in Volume 5, Page 71, of the Map Records, Cameron County, Texas.

Dec 19 03 04:07p    CAMERON COUNTY SHERIFFS    9565440878    p.2

EXECUTION (With Bill of Costs)                          Lit. Seq.#5.002.01

Cause No. __97-223__

## THE STATE OF TEXAS

To the Sheriff or any Constable of any County of the State of Texas,

**GREETING;**

**WHEREAS,** at the regular term of the Honorable 138ᵗʰ District Court of Willacy County, Texas October 3ʳᵈ, 2000, in a certain cause styled:

__John Roberts  Plaintiff,__    vs    __First Valley Bank, Formally, Raymondville State Bank, presently known as Wells Fargo Bank,__ Defendant, and numbered 97-223, on the Civil Docket of said Court, Plaintiff recovered a judgment against John Roberts for $55,000.00.

**NOW, THEREFORE,** you are hereby commanded that of the goods and chattels, lands and tenements of the said John Roberts Defendant you cause to be made the sum of $ 55,000.00 and the further sum of $-0- Dollars, cost of suit together with your legal fees, and commissions for collecting the same, and the officer executing this writ shall execute the same according to the law and the mandates hereof, until judgment is paid.

**HEREIN FAIL NOT,** and have you this writ showing how you have executed the same, together with said monies collected as herein directed, before the above Court at the Courthouse thereof in Raymondville, Texas, showing how you have executed the same within 90 days from the date thereof.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT,** at Raymondville, Texas, this the 08th day of December, 2003.

ATTEST:_____Gilbert Lozano_____    DISTRICT CLERK

_____138ᵗʰ  District_____    Court, Willacy County, Texas

BY: _____, Deputy

The rules of civil procedure do not an execution to show upon its face the number of previous executions which have been issued on a judgment. This form can, therefore, be used for the original execution or an alias execution.

_ _ _ _ _ _ _ _ _ _ _ _ _ _ * * * RECAP OF FEES * * * _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

| | | | | |
|---|---|---|---|---|
| State Court Fee | $ { 40.00 } | Clerk | ${ 45.00 } |
| Law Library | { 35.00 } | Stenographer | { ____ } |
| Sheriff | { ____ } | Constable | { ____ } |
| Jury Fee | { 10.00 } | TDHS; C.A.R Fund | { ____ } |
| Statement of Facts | { ____ } | Publication Fee | { ____ } |
| Investigation | { ____ } | Attorney's Fee | { ____ } |
| Guardian Ad Litem | { ____ } | Attorney Ad Litem | { ____ } |
| Sheriff Out County | { ____ } | Civil Processor | { ____ } |
| Service by Other | { ____ } | Depositions | { ____ } |
| Citations  2 | { ____ } | Final Judgment | { ____ } |
| Writ/Execution | { 8.00 } | | { ____ } |

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

Fee Sheet [01] of [01]                          TOTAL Court Cost { 138.00 }

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

                                        Credits            { 50.00 }
                                        Total Balance due  { 138.00 }

I certify that the above and foregoing Bill of Costs, amounting to $138.00 is a true bill of the costs adjudged against the defendant in the above numbered and entitled cause, wherein this writ of execution is issued.

_____, District Clerk, 138ᵗʰ District  Court, Willacy County, Texas
Gilbert Lozano                  By_____ Deputy

Attorney:
Fleming and Hernandez, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602

Dec 19 03 04:07p    CAMERON COUNTY SHERIFFS    9565440870    P.3

## SHERIFF'S RETURN

CAME TO HAND The _8_ day of _Dec_ A.D., _2003_, _10:00_ o'clock _A_ M. And executed a. BROWNSVILLE CAMERON County, Texas on the _8TH_ day of _DEC._ A.D. _2003_ at _11:00_ o'clock _A_ M., by levying upon and seizing the following described property of the defendant, and situated in _CAMERON_ County, Texas via:

And afterwards, on ___ day of ___ A.D., ___, advertised the same for sale at the Court House door of _CAMERON_ County, _TEXAS_ ___ on the _6TH_ day of _JANUARY_ A.D. _2004_ ___, being the _FIRST TUESDAY_ of said month (*by an advertisement, in the English language, published once a week for three consecutive weeks preceding such sale, the first publication appearing not less than twenty days immediately preceding the day of sale, beginning on the ___ day of ___ AD _____ in the _VALLEY MORNING STAR_. A newspaper published in the County of _CAMERON_, stating in said advertisement the authority by virtue of which said sale was to be made, the time of levying, the time and place of sale, a brief description of the property to be sold, the number of acres, the original survey, its locally in the County and the name by which the land is generally known), (by written advertisement posted for _21 DAYS_ ___ successive days next before the day of sale at three public places in the County of _CAMERON_ one of which is at the Court House door of said County, and one was at the place of sale)-; and also, _MAILED_ ___ one to each of the within named defendants a copy said notice

Delivered of Mailed

of sale; and also mailed a copy of said notice to ___ ___ ___ ___ ___ _PLAINTIFF AND DEFENDANT_ ___ defendant's attorney of record in said cause.

And on said _6TH_ day of _JANUARY_, A.D. _2004_ ___ between the hours of 10 o'clock a.m. and 4 o'clock p.m., at the Court House door of said sold said county _OF CAMERON_ in pursuance to said advertisement, sold said property at public sale to ___ ___ ___ ___ ___ ___ to whom the same was struck off for the sum of ___ ___ ___ ___ Dollars that being the highest secure bid for the same; and the said ___ ___ ___ ___ having been paid the sum so bid by ___ h_____, I executed to ___ h___ a ___ ___ ___ for said property. And after first satisfying the Sheriff's costs accruing under this writ, amounting to the sum of $_____ an itemized bill of which appears below, and the further sum of $ ___ ___ ___ original Court costs, the remainder, being the sum of $_____ ___ was paid to

whose receipt for the same is herewith presented, and this writ is hereby returned on this the ___ day of ___ A.D., ___.

I have actually and necessarily traveled ___ ___ miles in the service of this writ and in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

_CONRADO M. CANTU, SHERIFF_
_CAMERON COUNTY, TEXAS_ ___ By _Danny Huerta_ Deputy, DANNY HUERTA

*If no newspaper will publish said advertisement, then so state, strike out the first clause and leave the clause showing advertisement "posted," etc; If published in newspaper, strike out the clause in regard to posting.

+If sale was at Court House of said County, strike out this last clause, but if sale is elsewhere, strike out and make your form read accordingly.

| Sheriff's Fees | File No. Cause 97-223 |
|---|---|
| Levy. . . . . . . . . $_____ | EXECUTION |
| Advertising . . . . _____ | |
| Serving ___ Notices | John Roberts, Plaintiff |
| @ ___ each _____ | vs |
| Commissions . . . . _____ | First Valley Bank, Formally Raymondville State Bank |
| Making ___ Deeds | |
| @ ___ each _____ | In District Court |
| Executing Writ of | 138th |
| Possession _____ | |
| Return of Writ _____ | Of Willacy County, Texas |
| Mileage ___ Miles _____ | |
| Printer's Fees . . . . _____ | Issued |
| Total . . . $_____ | This 08th day of December A.D. 2003 |
| Original Court | Gilbert Lozano, District Clerk |
| Costs . . . . _____ | By ___ ___ ___ Deputy |
| Total Amount of | |
| Costs . . . . _____ | Filed |
| | This ___ day of ___ A.D. ___ |

CAUSE NO. 2004-01-0003-B

| | | |
|---|---|---|
| JOHN ROBERTS | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| WELLS FARGO BANK, Formerly | § | 138TH JUDICIAL DISTRICT |
| FIRST VALLEY BANK, Formerly | § | |
| RAYMONDVILLE STATE BANK | § | |
| Tom Fleming, Dan Huerta, and | § | |
| Rolando Olvera | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

## ORDER DISSOLVING RESTRAINING ORDER

On this 5th day of January 2004, the motion to dissolve a restraining order was presented by Defendants **Wells Fargo Bank and Tom Fleming** and considered by the Court.

The Court finds that the restraining order was previously dissolved in the identical suit now pending before the 107th District Court and is, therefore, *res judicata*.

IT IS, THEREFORE, ORDERED that the temporary restraining order issued by this Court on January 5, 2004 is dissolved.

SIGNED FOR ENTRY on this _5th_ day of January 2004.

JUDGE PRESIDING

**COPIES:**    JAN 1 3 2004
John Ocie Roberts, P. O. Box 1167, La Feria, Texas  78589
Tom Fleming, FLEMING & HERNANDEZ, P.C., 1650 Paredes Line Road, Suite 102, Brownsville, Texas
         78521-1602

ORDER DISSOLVING RESTRAINING ORDER                                        Page 1 of 1
TF/nqw #972777  L:\WAARD\FFLEMIN\Roberts, John\2004-01-0003-BIDissolve-Ord.wpd

FILED _9:0_ O'CLOCK _A.M_
AURORA DE LA GARZA, CLERK
JAN 1 3 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS

Ex. B

My name is Sam Wallace and I am of sound mind and capable of making this affidavit. I am familiar with viewing and retrieving all types of documents from the Cameron County Courthouse and various courthouses across Texas and various other states. Mr. John O. Roberts after first checked all places mentioned in this text requested a separate person who has no interest in the outcome of the case to gather facts about this case in question. On or about Friday December 19th 2003 John Roberts called me to search county clerks' records on 2nd floor of the Admen Building in Cameron County. It was my understanding that Cameron County was going to sell property on the 8th of January 2004. The property was to be fore closed on for the 1st Tuesday of each month. I searched both sale clipboards carefully present & prior months. There were no records that the name John Roberts on any of the pages. I thoroughly checked each page. No records of for closure sale existed with the name John Roberts. I then went to the Judicial Building on the first floor around the 5:00 PM hour and noticed a single legal size paper without a file stamp on the end of the bulletin board about chest high closest to Harrison Street with the name John Roberts on it. I spoke to Deputy Travis Stukes and asked him to verify that the record that was posted. I noted to Deputy Stukes that the document with John Roberts's name had no file stamp on it. I told him to remember this occurrence because John O. Roberts will possibly one day like to Subpoena him to tell this to a court of law. On or about the 23rd day of April 2004 I had a conversation with Deputy Stukes about the document and he remembered the occasion well. The reason for this affidavit is the fact that the document with John Roberts name on them was not file stamped. They were simply posted on top of all the others and not buried or underneath others. It is

Affidavit Roberts_12_19_03.doc
Page 1 of 2

http://www.lawyersupportservices.net

Exh C

**Affidavit for John O. Roberts**

my opinion that the documents were improperly posted due to the fact that there was no

file stamp any place on the document.

VERIFICATION

STATE OF TEXAS          )(
COUNTY OF CAMERON   )(

BEFORE ME, A NOTARY PUBLIC, on this day personally appeared Sam Wallace, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.

Sam Wallace

Given under my hand and seal of office this 27th day of May 2004.

NOTARY PUBLIC

Respectfully submitted by:

_____

John O. Roberts

P. O. Box 1167

La Feria, Texas 78559-1167