

United States District Court
Southern District of Texas
FILED

MAY 2 8 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | CIVIL ACTION NO. B-04-002 |
| | § | |
| vs. | § | |
| | § | |
| WELLS FARGO BANK ET AL | § | JURY |

## PLAINTIFF'S, JOHN OCIE ROBERTS, RESPONSE TO DEFENDANT WELLS FARGO BANK'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff John Ocie Roberts, and files this his Plaintiff's, John Ocie Roberts, Response to Defendant Wells Fargo Bank's Motion For Summary Judgment and respectfully shows the court the following:

## I.
## INTRODUCTION

1.     Again, historically in all of Defendant's pleadings, Defendant distracts the attention from the subject matter of this lawsuit and side steps the issues. Defendant has given an almost complete appellate history of this case, however, it has not stated the germane factual parts thereof. Defendants have left out one document: Plaintiff's Response to Defendants' Motions for Summary Judgment. That focuses on the problem: no state court has been willing to hear Defendant Fleming's opposition. One must recall that this case was disposed of through a motion for summary judgment, therefore, the response is of utmost importance.

The factual issues of this case in which is the basis for Plaintiff's underlying problem, are the following:

(1) Plaintiff paid Defendant Bank over fifty thousand ($50,000.00) dollars, and Defendant has never included said amount in the accounting. Issue: why did Bank not include that money?

(2) Plaintiff placed as his affidavits, three affidavits as to a substantial amount of the $52,000.00. Issue: why have those affidavits not been taken into account in the granting of

a summary judgment in favor of Defendants.

(3) Plaintiff paid for the jury fee. Issue: why was he not given a trial by jury? Robert Barns does not see the need for jury trials. (Exhibit A is a certified copy of a case in which he set up a jury trial then refused to give parties a jury because the county could not afford it and is incorporated by reference as if fully copied herein.)

(4) About the $50,000.00; Issue: what did the Defendant Bank and the Defendant attorneys do with Plaintiff's money?

The basis for Plaintiff's problem in the case at bar is the following:

(1) Defendant Bank has a deed of trust whose trustee is Defendants' attorney. Issue: Why is Defendant Attorney executing on the property on which the Defendant Bank has a deed of trust and then have the Bank pay the $55,000.00 for the attorney fees. What is to happen to the alleged money owed by the deed of trust; if any? And, what would have happened to the foreclosures if they would have been ignored and what would have happened if the writ would have been issued prematurely?

(2) This case is not a relitigation of the first case. These are occurrences which came into being after the finality of appeals. How would have Plaintiff known that Defendants would execute on his homestead? One is only seeing how the case was handled.

2.    For the present case now in the federal court, Defendant's motion for summary judgment does not mention the abuse of the attempted forced sales of the properties involved. The properties are worth over $150,000.00. Plaintiff has already lost the properties. This case focuses on the manner that Defendants took control of Plaintiff's properties.

3.    Unless this court is ruling that once the basic judgment is granted (irrespective as to how illegally it was obtained), then Defendant Tom Fleming may obtain the illegal help of a bogus judge and the services of a deputy sheriff which follows the void mandates of the bogus judge. However, that is not the expected ruling of this Court. A Court must have valid jurisdiction emanating from the constitution and the laws.

4.    Defendant's motion for summary judgment does not encompass all of the causes of action in Plaintiff's complaint. As a matter of fact, it does not encompass any cause of action in Plaintiff's complaint. Defendants proffer a conclusion by showing judgments that do not

address the issues.  Res judicata is an affirmative defense and must be proven.

Defendant's motion states the procedural aspects of Plaintiff's case however, it does not address the causes of action nor the facts.  The mere recitation that there are final judgments is not sufficient in that the final judgments state no findings.

5.      As the case progresses, the strong arms of a central wrongdoer become apparent.  Here is an individual used by Defendant Wells Fargo that can actually obtain a court ruling to declare someone a vexatious litigant without sufficient evidence and mandates against the laws of the State of Texas. (Exhibit B)

The Texas Civil Practice and Remedies Code, Chapter 11, states the following:

### § 11.054. Criteria for Finding Plaintiff a Vexatious Litigant

"A Court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that:

(1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims Court that have been:

> (A) finally determined adversely to the plaintiff;
>
> (B) permitted to remain pending at least two years without having been brought to trial or hearing; or
>
> (C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure;. . . "

6.      To no surprise, the judge in the case to declare Plaintiff vexatious litigant was no other than Judge Robert Barnes.  There was a motion to recuse filed, however to no one's surprise, Judge Robert Barns decided (over objection) the motion and found that he was fit to hear the case.  This is against the mandates or Rule 18(a) of the Texas Rules of Civil Procedure.

7.      This case is based on the conversion of the Bank of $50,000.00 however, Defendants continue to create an aggregate of denial of due process.   Plaintiff stated to Judge Barnes a part of Defendant Tom Fleming's schemes against Plaintiff's attorneys but the judge was "just not aware of such things." (Exhibit B is a true and correct copy of Defendant's hearing on

motion to find Plaintiff a vexatious litigant P. 38 L 6-22 and is incorporated by reference as if fully copied herein.) Defendant Fleming has intimidated all attorneys who have helped Plaintiff in his quest for justice.

8.    One may see the deceptive manner that Defendant Tom Fleming has in his affidavit, page 3, Exhibit E of his motion for summary judgment, as he states the alleged events. Ironically, he leaves out where one individual, who is not the judge, is the one who dissolved the restraining order. (Exhibit C is a true and correct copy of the order  and is incorporated by reference as if fully copied herein). Judge Robert Barnes came into the case and dissolved the restraining order.

( Exhibit D is a true and correct copy of the order granting sanctions and is incorporated by reference as if fully copied herein.) Then another judge consolidated the cases and assigned the Judge Robert Barnes to the case.  These parts are, of course, left out of the Defendant Fleming's affidavit.  This behavior is not proper,  not for courts of law and in the courtrooms within the halls of justice.

II.

**PLAINTIFF'S RESPONSE TO SUMMARY JUDGMENT EVIDENCE**

9.    The judgment as Exhibit 1 in Defendant Wells Fargo's motion and now Exhibit E of this response, is a most interesting document.  ( the alleged final order) What the document does not say is more important than what it does say.  It does not resolve any issue.

10.    The documents denies summarily Plaintiff's petition . It does not answer any questions posed in the petition.  The document is silent as to who is declared to be the owner of the two (2) properties involved.  (There seems to be the beginning of an error in the making)   The order granted attorney fees but it does not specifically allow Defendant Bank to foreclose.

11.    Foreclosure has not been attempted: Only the execution on the properties in order to recover attorney fees.  Therefore, that case only means that the Defendant Bank had admitted by innuendo that it does not have or does not want to have any interest in the properties. (Exhibit F is a true and correct copy of Sheriff's notice and is incorporated by reference as if fully copied herein.)

12.    Plaintiff has been living in one of these two properties for many years, therefore, it is

his homestead. (Exhibit G is a true and correct copy of the registration in the tax appraisal district and is incorporated by reference as if fully copied herein.) However, Defendant Bank has now acquiesced that the sheriff may execute on Plaintiff's property irrespective if it is his homestead (Constitution of the State of Texas, Article 16, Sec. 50) The Defendant Bank is now allowing its attorney to violate the constitutional rights Plaintiff has emanating from the state's constitution. Every one else has protection except those who go against Judge Robert Barnes' protegees. (Exhibit A is a true and correct copy of an order issued in Willacy County, Texas by Judge Barnes in which he denies others their right to a jury trial and is incorporated by reference as if fully copied herein.)

13.    Due to Defendant Fleming's instance, Judge Robert Barnes cancelled an order restraining the sale issued by a duly elected real judge. (Exhibit C is a true and correct copy of the order voiding the order and is hereby incorporated by reference as if fully copied herein.)

14.    Said Defendants have intimidated three (3) other attorneys through the use of the same types of threats that have been made to the fourth attorney. Sanctions will be applied . (Exhibit D is a true and correct copy of the order in which Plaintiff's fourth attorney was sanctioned for five thousand ($5,000.00) dollars U. S. Currency and is incorporated by reference as if fully copied herein.) However, said attorney was allowed to withdraw and save himself from the sanctions.

15.    For that hearing, Plaintiff had presented a motion to recuse Judge Robert Barnes. Although Rule 18a of the Texas Rules of Civil Procedure requires another judge to be appointed for such a motion, in conformity with Defendant's control, Judge Barnes summarily dismissed the motion and ordered himself to the bench.. (Exhibit B is a true and correct copy of the excepts of the hearing p. 13 l. 12, and is incorporated by reference as if fully copied herein.)

16.    As to the memorandum opinion of the appeals court, it is noteworthy that at least the appeals court did read the final judgment. It states "... and the trial court granted both motions on unspecified grounds." One can safely conclude that the court of appeals did read the final order.

17.   Most importantly, in conformity of following Defendant Fleming's system, the court obviously did not read past that.  It passingly stated: "... and the parties are familiar with the facts, we will not recite them here."  That can only mean one thing: the court did not read Plaintiff's Response to Defendants' Motions for Summary Judgment therefore, the Court did not know the facts.

The central issue still stands: "What did Defendants  do with the $50,000.00 Plaintiff paid them over and above the payment history Defendants alleges?

18.  The Supreme court of Texas merely rubber stamped the judgment.

19.   Ironically, Defendants do not include a copy of the applications for injunctive relief. (Exhibit H is a true and correct copy of the first application for injunction relief and is incorporated by reference as if fully copied herein.)  This instrument shows the problems with such a sale.  To begin with, it was an execution on a homestead by the sheriff.  Then, the Defendant Bank has a lien on the property, but no lien is mentioned nor its amount.

This is the first restraining order Judge Robert Barns dissolved and ordered sanctions.

20.  That was the first  application of a Temporary Restraining Order in December 1, 2000.

The order being executed on was for attorney fees to include if the case went to the Supreme Court of Texas.  The case was still pending in the Supreme Court of Texas. Therefore, to execute as a property before the appeals were over, is to prematurely execute. In essence, Defendants were bing paid in advance with their being assured of their success. This gave rise for a Court to grant a temporary retraining order.  This application became moot when the Supreme Court found for Defendants on December 8, 2000.  There would have been a real huge problem if the Supreme Court would have reversed everything and that is why the first application for a temporary restraining order was filed.

21.  The second application was filed on January 2, 2000.  (Exhibit I is a true and correct copy of the application and order and is incorporated by reference as if fully copied herein.)  The grounds there were separate and apart of the original grounds. First of all, again there was the issue of homestead.  One has to recall that this was an execution by the sheriff not a foreclosure.  Therefore, the issue of homestead has not been decided nor has it been decided.

The law of Texas places the burden on Defendant to have a homestead designated. § 41.023 of the Texas Property Code states:

**§41.023. Designation by Commissioner**

"(a) If a judgment debtor who has not made a voluntary designation of a homestead under Section 41.055 does not designate a homestead as provided in Section 41.022, on motion of the judgment creditor, filed within 90 day after the issuance of the writ of execution, the court from which the writ of execution issued shall appoint a commissioner to designate the judgment debtor's home."

Therefore, a request for a Temporary Restraining Order was proper prior to an execution of Plaintiff's property. For this second application, there were other problems that had evolved. There properties had liens by Defendant Bank, therefore a proper subject for temporary restraining order.

Since the time for execution of these properties was not ripe for Defendants, it was also not ripe to bring to the Court's attention of the various other problems to include the lien problems. What's more, even the homestead problem that Defendants face has not yet been resolved.

22. These Defendants kept the extra $50,000.00 Plaintiff has paid to the Defendant Bank. Then, Defendants had Plaintiff's three properties executed on (to include Plaintiff's homestead) Therefore, all of the properties belong to the Defendant Bank, and since the Defendant Bank has a contract for the alleged loan, now the Defendants' all get to sue Plaintiff for the loan outstanding since now the liens on the properties may be extinguished by the Defendant Bank and they get to sell the properties to another individual. Furthermore, the Defendants have gotten their judge, Judge Robert Barnes, to sanction Plaintiff for filing lawsuits in an attempt to use the Court system to undo all the illegal acts Defendants have done. (Exhibit J is a true and correct copy of the hearing on the motion for continuance and hearing on application for injunctive relief, page 19 and 20, L 21 et seq. and is incorporated by reference as if fully copied herein.)

In that hearing, Defendant Fleming asked for at least $1,000.00 sanctions however, the judge, Robert Barnes gave him five thousand ($5,000.00) dollars plus costs. (Exhibit J P. 19

L. 22-24 )

23. Furthermore, Plaintiff has been declared a vexatious litigant by the same judge on another hearing. (Exhibit K is a true and correct copy of the motion and order to declare Plaintiff a vexatious litigant also for seeking redress to save some of this property.

One can see that the requirements of Chapter 11 of the Texas Civil Practice and Remedies Act had not been fulfilled. However, for Defendants and/their judge, since when have facts gotten in their way. The case of Albert Martinez is one in which Martinez embezzled approximately two million dollars from citizens of La Feria, Cameron County, Texas and among which he had defrauded Plaintiff by the use of Martinez's position. He is now serving time in federal penitentiary. However, Judge Barnes is there to protect these Defendants, at any cost.

24. As to the matter of Defendant's Bank's Exhibit 3, it is its motion for summary judgment, it is the case that the Supreme Court of Texas denied Plaintiff's petition for review. It is most important to note that Defendant Bank does not mention that there was a motion for rehearing filed.

This is of utmost importance because Defendants attempt to espouse a theory that in order to stay the execution of an order, a supersedes bond must be filed. Again, in congruence with Defendants' character, the truth of the matter is not revealed. The first applicant was premature and that is why initially the judge granted a restraining order.

The order was for attorney fees to include the Supreme Court of Texas. Therefore, if the Supreme Court of Texas has not finished with the case, how could Defendants sell the property to pay attorney fees because the case had not been terminated yet by the Supreme Court? It would have be a premature sale.

25. Assaulting and fraud have been held actionable against attorneys. In the case of Miller v. Stonehenge/FASA-Texas, JDC, L.P. 993 F. Supp.461 (N.D. Tex. 1998), the Court stated:

"On the other hand, the rule does not provide absolute immunity for every tort committed by a lawyer, however tangentially related to her professional role. For example, an attorney may be held liable for assaulting the opposing party or lawyer. Bradt 892 S.W. 2d at 72. An attorney also may be subject to liability for committing fraud or conspiring with her client to defraud another. Transtexas Gas Corp. v. Staley 881 F Supp.268, 270-71 (S.D. Tex.

1994); <u>Likover v. Sunflower Terrace II,</u> Ltd. 696 S.W. 2d 468, 472 (Tex-App. –Houston [1st Dist.] 1985, no writ); <u>Kirby v. Cruse,</u> 688 S.W. 2d 161,164-65 (Tex-App.–Dallas 1985, writ ref'd n.re.); <u>Bourland v State of Texas,</u> 528 S.W. 2d 350, 353-55 (Tex. Civ. App.–Austin 1975, writ ref'd n.r.e.). These cases demonstrate that, although [a] lawyer is authorized to practice his profession, to advise his clients, and to interpose any defense or supposed defense, without making himself liable for damages. . . [he] is liable if he knowingly commits a fraudulent act that injures a third person, or if he knowingly enters into a conspiracy to defraud a third person. <u>Likover,</u> 696 S.W. 2d at 472."

The type of behavior may be displayed by Defendants, is actionable in that these Defendants did not hesitate to perform such illegal acts. This Court should not allow such behavior. It is Plaintiff's contention that he placed sufficient controverting affidavits to show that Defendants motion for summary judgment should not have been granted. (Exhibit L are true and correct copies of the attachments to Plaintiff's Response to Defendants' motion for summary judgment and incorporated by reference as if fully copied herein.)

**WHEREFORE, PREMISES CONSIDERED**, John Ocie Roberts, Plaintiff prays that this Court upon consideration of Defendants' motion for summary judgment deny the motion and set the case for trial and further grant Plaintiff any and all relief to which he may show himself entitled to receive.

Respectfully submitted,

John Ocie Roberts, Pro Se
P. O. Box 1167
La Feria, Texas 78589

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's, John Ocie Roberts, Response to Defendant Wells Fargo Bank's Motion For Summary Judgment had been hand delivered on this the 28 day of MAY, 2004

John Ocie Roberts

CASE NO. 2622

| | | |
|---|---|---|
| DAVID DOUGLAS AND | } | IN THE COUNTY COURT |
| PATIENCE DOUGLAS, | } | |
|     Defendants/Appellants | } | |
| | } | |
| VS. | } | |
| | } | |
| RICHARD KEMP AND TINA KEMP | } | |
|     Plaintiffs/Appellees. | } | WILLACY COUNTY, TEXAS |

## FINAL JUDGMENT

On the date entered below, came on for hearing the Appeal of the Judgment of the Justice Court, Precinct 3, Place 1, Willacy County, Texas, rendered, signed and entered on the 30th day of July, 2002 by Judge Sabas Garza, Justice of the Peace, Precinct 3, Place 1, Willacy County, Texas, in Cause No. 2119 in said Justice Court, Precinct 3, Place 1, Willacy County, Texas. This County Court, sitting as an Appellate Court set this case for trial on the merits on the date entered below. Plaintiff, RICHARD A. KEMP and wife, TINA D. KEMP, appeared in person and by and through their attorney of record, PATRICK M. DOOLEY. Defendants and Appellants, DAVIS DOUGLAS and PATIENCE DOUGLAS *appeared by and through attorney Abe Robles*

The Court, after considering the evidence and the argument of counsel is of the opinion that the following Order should be entered.

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that Defendants and Appellants, DAVID DOUGLAS and wife, PATIENCE DOUGLAS, are guilty of forcible detainer with respect to the property described as follows:

> The leasehold interest and estate in and to the south 25' (twenty-five feet) of Lot No. 52 and all of Lot No. 53, Block No. 13, Port Mansfield, Willacy County, Texas, according to the official map or plat thereof of record in Volume 3, Page 21, Map Records, Willacy County, Texas, as such interest is reflected in that certain Residential Lease Agreement dated August 14, 1991 by and between the Willacy County Navigation District, as Lessor, and John

*Exh A*

F. Gallant and Dorothy M. Gallant, as Lessee, which is of record in Volume 35, Page 51, Official Real Record, Willacy County, Texas, and being the same property being referred to in a Warranty Deed with Vendor's Lien dated January 3, 1994, wherein John F. Gallant and wife, Dorothy M. Gallant, are Grantors and Richard A. Kemp and wife, Tina D. Kemp, are Grantees, said Deed found of record in Volume 091, Page 315 in the Real Property Records of Willacy County, Texas, also known as 701 Baffin Bay, Port Mansfield, Willacy County, Texas.

IT IS FURTHER ORDERED that Plaintiffs, RICHARD A. KEMP and wife, TINA KEMP, are hereby awarded possession of the leased premises.

IT IS FURTHER ORDERED that Plaintiff, RICHARD A. KEMP and wife, TINA KEMP, are awarded judgment from and against Defendants, DAVID DOUGLAS and wife, PATIENCE DOUGLAS, jointly and severally for the sum of $~~2,000.00~~ $3,000.00 ~~as rent due and owing prior to this appeal; and, the further sum of $_____ as rent unpaid during the pendency of this appeal; and the sum of $_____ representing the damages incurred and sustained by Plaintiff, RICHARD A. KEMP and wife, TINA D. KEMP~~, also known as RICHARD KEMP and wife, TINA KEMP, to obtain possession of the property, which damages include the reasonable rental value of the property during the pendency of the appeal, less sums paid in rental during the pendency of the appeal while the property has been withheld from the owners, RICHARD A. KEMP, also known as RICHARD KEMP, and wife, TINA D. KEMP, also known as TINA KEMP; and also judgment from and against each Defendant, DAVID DOUGLAS and wife, PATIENCE DOUGLAS, jointly and severally for the sum of $_____, representing the

reasonable and necessary attorney's fees incurred by Plaintiffs, RICHARD A. KEMP and wife, TINA D. KEMP, through the trial hereof, and this appeal.

IT IS FURTHER ORDERED that Plaintiffs, RICHARD A. KEMP and wife, TINA D. KEMP, have and recover of and from _Pamela_____ surety on the appeal bond in this cause, the sum of $3,000⁰⁰_____ for rent due and owing; $_____ for damage; and $_____ representing reasonable and necessary attorney's fees.

IT IS FURTHER ORDERED that Plaintiffs, RICHARD A. KEMP and wife, TINA D. KEMP, are awarded a writ of possession with respect to the property which shall issue following the expiration of _Ten (10)_ five (5) days from the time this Judgment is signed.

IT IS FURTHER ORDERED that Plaintiffs, RICHARD A. KEMP and wife, TINA D. KEMP, in accordance with Texas Rule of Civil Procedure 749B(4) are entitled to all sums that have been deposited into the Registry of the County Court of Willacy County in this cause, with said sums to be delivered by the Clerk of the Court upon signing and rendition of this Judgment.

IT IS FURTHER ORDERED that all costs of Court shall be taxed against Defendants, DAVID DOUGLAS and wife, PATIENCE DOUGLAS, for which let execution issue.

Signed the 24th day of March, 2004.

FILED 24 DAY OF March
20 04    2:10 pm
TERRY FLORES, CLERK COUNTY
COURT. WILLACY CO., TEXAS
BY _____
        Deputy

ROBERT F. BARNES, SPECIAL JUDGE PRESIDING AS COUNTY JUDGE IN THE COUNTY COURT OF WILLACY COUNTY, TEXAS IN HIS ITS APPELLATE CAPACITY

CASE NO. 2622

| | | |
|---|---|---|
| DAVID DOUGLAS AND | } | IN THE COUNTY COURT |
| PATIENCE DOUGLAS, | } | |
| | } | |
| VS. | } | |
| | } | |
| RICHARD KEMP AND TINA KEMP | } | WILLACY COUNTY, TEXAS |

## WRIT OF POSSESSION

The State of Texas.  To Any Sheriff or Any Constable within the State of Texas—Greeting

WHEREAS, on the 24ᵗʰ day of March, 2004, RICHARD A. KEMP and TINA D. KEMP ("Plaintiffs") recovered a judgment in the County Court of Willacy County, Texas against DAVID DOUGLAS and PATIENCE DOUGLAS ("Defendants") for the restitution and possession of the following-described property, to-wit:

> The leasehold interest and estate in and to the south 25' (twenty-five feet) of Lot No. 52 and all of Lot No. 53, Block No. 13, Port Mansfield, Willacy County, Texas, according to the official map or plat thereof of record in Volume 3, Page 21, Map Records, Willacy County, Texas, as such interest is reflected in that certain Residential Lease Agreement dated August 14, 1991 by and between the Willacy County Navigation District, as Lessor, and John F. Gallant and Dorothy M. Gallant, as Lessee, which is of record in Volume 35, Page 51, Official Real Record, Willacy County, Texas, and being the same property being referred to in a Warranty Deed with Vendor's Lien dated January 3, 1994, wherein John F. Gallant and wife, Dorothy M. Gallant, are Grantors and Richard A. Kemp and wife, Tina D. Kemp, are Grantees, said Deed found of record in Volume 091, Page 315 in the Real Property Records of Willacy County, Texas, also known as 701 Baffin Bay, Port Mansfield, Willacy County, Texas.

THEREFORE, YOU ARE HEREBY COMMANDED to seize the above-described real property (the "Property" or "Premises"), deliver possession of same to RICHARD A. KEMP and TINA D. KEMP and place RICHARD A. KEMP and TINA D. KEMP in possession thereof, and to instruct Defendants and all persons claiming a right of possession under Defendants to leave the Premises immediately and, should such person or persons fail to comply, you are COMMANDED to physically remove them; and

YOU ARE FURTHER ORDERED:

1.      To post a written warning of at least 8½" x 11" on the exterior of the front door of the Property notifying the Defendants that the Writ has been issued and that the Writ will be executed on or after a specific date and time stated in the warning not sooner than 24 hours after the warning is posted; and

2.      When the Writ is executed:

YOU ARE COMMANDED to:

A.      deliver possession of the premises to the Plaintiffs, RICHARD A. KEMP and TINA D. KEMP;

B.      instruct the Defendants and all persons claiming under the Defendants to leave the Premises immediately, and, if the person fails to comply, physically remove them;

C.      instruct the Defendants to remove, or allow the Plaintiffs, the Plaintiffs' representatives, or other persons acting under the officer's supervision, to remove all personal property from the Premises other than the personal property claimed to be owned by the Plaintiffs; and

D.     place, or have an authorized person place, the removed personal property outside the Premises at a nearby location, but not blocking a public sidewalk, passage way, or street and not while it is raining, sleeting, or snowing.

YOU ARE FURTHER AUTHORIZED, at your discretion, to engage the services of a bonded or insured warehouseman to remove and store, subject to applicable law, part or all of the property at no cost to the Plaintiff or the officer executing the Writ.

<u>NOTICE TO THE OFFICER</u>

According to Section 7.003 of the Texas Civil Practice and Remedies Code, the officer executing this Writ is not liable for damages resulting from the execution of the Writ issued by a Court of this state if the officer, in good faith, executes the Writ as provided by law and by the Texas Rules of Civil Procedure; and uses reasonable diligence in performing his official duties.

HEREIN FAIL NOT, and have you the Writ, showing how you have executed the same, before said Court, at the courthouse of Willacy County in the City of Raymondville, Texas.

WITNESS, TERRY FLORES, Clerk, County Court, Willacy County, Texas.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this the _8_ day of _April_, 2004.

TERRY FLORES, Clerk, County Court, Willacy County, Texas

By: _Susana Garza_
Deputy

FILED 8 DAY OF [illegible]
20 04 8 [illegible] A.M
TERRY FLORES, CLERK COUNTY
COURT, WILLACY CO. TEXAS

BY [illegible]
Deputy

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OFFICER'S RETURN

**CAME TO HAND** at _11:50_ o'clock _A_ .m. this _08_ day of April, 2004, and executed as follows:

_____    Ascertaining that Defendants had removed themselves and their property;

___✓___    Statutory Warning posted on front door of the Premises at _950_ o'clock _A_ .m. on the _23_ of April, 2004.

_____    Demanding possession from Defendants, and they voluntarily removed themselves and their property.

_____    Writ of Possession executed by serving _____ on the _____ day of April, 2004 at _____ o'clock ___.m., and supervising removal of Defendants' property to _____ _____ and turning Premises over to Plaintiffs.

My itemized fee and costs of execution:

Service:         $_____

Travel:          $_____

Hourly Rate:     $_____

Other:           $_____

SIGNED this _____ day of April, 2004.

_Enrique Moreno_ ~~Constable~~ Deputy

FILED _4_ DAY OF _May_
20 _04_   _8:40 Am_
TERRY FLORES, CLERK COUNTY
COURT, WILLACY CO. TEXAS

BY _____
Deputy

STATE OF TEXAS                          }

COUNTY OF WILLACY.            }

 The foregoing was acknowledged before me on this the____ day of April, 2004 to certify which witness my hand and seal of office.


_____

Notary Public in and for the
State of Texas

CASE NO. 2622

| | | |
|---|---|---|
| DAVID DOUGLAS AND | } | IN THE COUNTY COURT |
| PATIENCE DOUGLAS, | } | |
| | } | |
| VS. | } | |
| | } | |
| RICHARD KEMP AND TINA KEMP | } | WILLACY COUNTY, TEXAS |

## **STATUTORY WARNING**

TO:  DAVID DOUGLAS and PATIENCE DOUGLAS

PURSUANT TO SECTION 24.0061(d)(1), THIS IS WARNING TO YOU THAT THE WRIT OF POSSESSION, A COPY OF WHICH IS ATTACHED TO THIS WARNING, HAS BEEN ISSUED AND THIS WRIT WILL BE EXECUTED ON OR BEFORE ___*950*___ O'CLOCK *A*.M. ON APRIL ___*23*___, 2004.  AT THE TIME THAT THIS WRIT OF POSSESSION IS EXECUTED, POSSESSION OF THE PREMISES WILL BE DELIVERED IN ACCORDANCE WITH THE ATTACHED WRIT OF POSSESSION.

CASE NO. 2622

| | | |
|---|---|---|
| DAVID DOUGLAS AND | } | IN THE COUNTY COURT |
| PATIENCE DOUGLAS | } | |
| | } | |
| VS. | } | |
| | } | |
| RICHARD KEMP AND TINA KEMP | } | |
| | } | |
| Defendants. | } | WILLACY COUNTY, TEXAS |

## ORDER RESETTING JURY TRIAL

The above styled and numbered cause is hereby reset for trial on the 24th day of

March, 2004, in the County Courtroom of th  Willacy County Courthouse in Raymondville,

Texas at 9:00 a.m.

SIGNED this the _14th_ day of _January_, 2004.

_____
JUDGE PRESIDING

cc:    Patrick M. Dooley
       Fax: (830) 997-0496

       Albert Villegas
       Fax No. (956) 544-7828

FILED 15 DAY OF January
20 04    10:04 A m
TERRY FLORES, CLERK COUNTY
COURT, WILLACY CO., TEXAS

BY _____
              Deputy

cw/civil-19/kemp/county/reset.ord

1

1                REPORTER'S RECORD

2          TRIAL COURT CAUSE NO. 03-12-5738-A

3   - - - - - - - - - - - - - x

4   JOHN ROBERTS        :    IN THE DISTRICT COURT

5   VS             :    107th JUDICIAL DISTRICT

6   WELLS FARGO BANK,    :
    FORMERLY FIRST VALLEY

7   BANK, FORMERLY      :
    RAYMONDVILLE STATE BANK, :

8   TOM FLEMING, DAN HUERTA, :
    AND ROLANDO OLVERA    :    CAMERON COUNTY, TEXAS

9   - - - - - - - - - - - - - x

10

11

12

13    PLAINTIFF'S MOTION TO SET ASIDE SANCTIONS
     AND DEFENDANT'S MOTION TO FIND PLAINTIFF

14           A VEXATIOUS LITIGANT

15

16     On the 13th day of February, 2004, the following

17 proceedings came on to be heard in the above-entitled

18 and numbered cause before the Honorable Robert

19 Barnes, Judge Presiding, held in Brownsville, Cameron

20 County, Texas.

21     Proceedings reported by computerized stenotype

22 machine.

23

24

25

ORIGINAL

EXHIBIT NO. B

PAM L. ESQUIVEL, RMR, CRR

```
 1              A P P E A R A N C E S

 2    APPEARING FOR THE PLAINTIFF:

 3          HON. RAUL A. GUAJARDO
            State Bar No. 24029214
 4          Law Office of Raul A. Guajardo
            909-A Nyssa Avenue
 5          McAllen, Texas  78501
            (956) 686-1977
 6          (956) 686-0469 Fax

 7

 8    APPEARING FOR THE DEFENDANTS:

 9          HON. TOM FLEMING
            State Bar No. 07133000
10          Fleming & Hernandez
            1650 Paredes Line Road, Suite 102
11          Brownsville, Texas  78521-1602
            (956) 982-4404
12          (956) 982-0943 Fax

13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

```
 1                           INDEX

 2   FEBRUARY 13, 2004                          PAGE

 3   Plaintiff's motion to recuse                  5

 4   Court's ruling                               12

 5   Plaintiff's motion to set
     aside sanctions                             13
 6
     Court's ruling                              23
 7
     Defendant's motion to find plaintiff
 8   a vexation litigant                         23

 9   DEFENDANT'S WITNESSES:

10   NAME                    DX   CX   RDX   RCX

11   John Roberts            24

12                                              PAGE

13   Mr. Guajardo's oral motion to withdraw
     as counsel                                 35
14
     Court's ruling                             35
15
     Adjourn                                    40
16
     Certificate of Court Reporter             41
17

18

19

20

21

22

23

24

25
```

PAM L. ESQUIVEL, RMR, CRR

4

```
 1                    INDEX OF EXHIBITS

 2   DEFENDANT'S EXHIBITS:

 3   NO.   DESCRIPTION              OFFERED    RECEIVED

 4   1     Letter from the Supreme    27         28
           Court of Texas dated
 5         December 5, 2003

 6   2     Docket litigant listing    29         30
           and clerk's entries,
 7         Cause No. 2002-02-632-D

 8   3     Docket litigant listing    30         31
           and clerk's entries,
 9         Cause No. 2000-09-3842-C

10   4     Docket litigant listing    31         32
           and clerk's entries,
11         Cause No. 2002-01-252-E

12   5     Docket litigant listing    33         33
           and clerk's entries,
13         Cause No. 2003-08-3906-A

14   6     Order of Dismissal,        34         34
           Civil Action No.
15         B-04-002

16   7     Complaint, Civil Action    33         33
           No. B-04-002
17
     10    Republic of Texas web      26         26
18         site information

19

20

21

22

23

24

25
```

PAM L. ESQUIVEL, RMR, CRR

5

**P R O C E E D I N G S**

1

2              THE COURT:  Good afternoon.

3              MR. GUAJARDO:  Good afternoon.  I

4    apologize for being late.

5              THE COURT:  Well, with this kind of

6    weather --

7              MR. GUAJARDO:  It's terrible.

8              THE COURT:  -- I can understand it.

9              Mr. Fleming?

10             MR. FLEMING:  Your Honor, we're here

11   today on a matter styled John Roberts versus Wells

12   Fargo Bank, Tom Fleming, Dan Huerta, and Rolando

13   Olvera.

14             There are a number of things pending

15   before the Court, but I believe that the order of

16   business is determined by statute.  I believe that

17   the first order of business, of course, is for the

18   Court to determine whether or not the judge who's

19   been assigned to this case is properly assigned to

20   it.

21             I believe that after that's decided,

22   if the Court -- if you decide, Your Honor, that you

23   have been properly assigned and properly -- have

24   proper jurisdiction before the Court, I believe the

25   statute says that the motion to find plaintiff a

6

1    vexatious litigant has priority over all other

2    matters except jurisdiction matters.

3                    I cite to the Court Chapter 11 of the

4    uniform -- of the Civil Practice and Remedies Code,

5    specifically Section 11.052 specifically provides

6    that on a motion filed under Section 11.051, the

7    litigation is stayed until such time as that

8    determination is made on that motion.

9                    So I would ask the Court to, first of

10   all, take under consideration the issue of -- that

11   the plaintiff has filed as far as the motion to

12   recuse based upon on an objection that was filed to

13   you, Your Honor, setting it before this Court.

14                   THE COURT:  All right.  Mr. Guajardo?

15                   MR. GUAJARDO:  Yes, Your Honor.

16   Basically we have filed a motion to recuse.  We have

17   supplemented that motion.  And at this time, if the

18   Court orders us, the matter that I understand we have

19   before us is a very narrow matter.  We filed a motion

20   to set aside an order for sanctions.  Now, if I'm

21   ordered to proceed by you, Judge, we'll go ahead and

22   proceed without waiving any rights to my -- our

23   motion to recuse.  We have no -- we wouldn't waive

24   any rights to that if I'm ordered to proceed.

25                   THE COURT:  Well, what are your

7

```
 1   grounds for trying to recuse?

 2                   MR. GUAJARDO:  Well, Your Honor,

 3   there's --

 4                   THE COURT:  I might add that your

 5   letter said rescue, and probably I need to rescue

 6   once in awhile.

 7                   MR. GUAJARDO:  I'm sorry?  I don't

 8   know --

 9                   THE COURT:  Your letter to the Court

10   sending in your motion said a motion --

11                   MR. GUAJARDO:  As opposed to recused?

12                   THE COURT:  -- to rescue.

13                   MR. GUAJARDO:  That's wrong.

14   Basically, Your Honor, we didn't get timely notice of

15   the -- of our motion to recuse.  And I know it's not

16   before this Court at this time, but we didn't get

17   timely notice; and upon receiving notice and soon

18   thereafter --

19                   THE COURT:  Which notice are you

20   talking about?

21                   MR. GUAJARDO:  Well, if we can -- just

22   to go back, Your Honor, there was a TRO filed on

23   December 2nd -- actually, December 1st, a temporary

24   restraining order.  Now, plaintiff's property was

25   going to be foreclosed on the 2nd.  So we were
```

```
 1   immediately set for hearing on the 8th.  We did not

 2   get timely notice that there was going to be an

 3   assigned visiting judge to that -- to hear that case.

 4              I'm also -- as you may know, I'm also

 5   an assistant district attorney in Willacy County; and

 6   there's only two of us, the district attorney and

 7   myself, to assist for the docket.  So I was unaware

 8   that I was supposed to be there.  So thereafter I

 9   filed a motion for continuance, which that got denied

10   on the 8th.  But we did not receive timely notice of

11   the appointment.  So as soon as we received it, we

12   submitted a notice of objection and thereafter a

13   motion to recuse.

14              MR. FLEMING:  May I respond, Your

15   Honor?

16              THE COURT:  Mr. Fleming?

17              MR. FLEMING:  Your Honor, I have

18   provided the Court a number of cases on point, I

19   believe.  The cases provided to the Court by the

20   plaintiff in this case both have to do with when an

21   objection is filed and of record before any hearing

22   is called or any decisions are made by the assigned

23   judge.

24              That's not the case here.  The case we

25   have here -- let me back up a little bit.  First of
```

1  all, let me address the issue of notice of

2  assignment.  Notice of assignment is statutory and it

3  says, if I might cite as best as I can, it says, "If

4  practicable, notice shall be given."  But the courts

5  of this state, specifically *Turk versus First*

6  *National Bank*, Judge O'Connor writing the opinion,

7  says that notice of assignment is optional, clearly

8  optional, and not mandatory.  So I believe that takes

9  care of that issue.

10              The second issue is, was there an

11  objection on file at the time this Court called this

12  matter for hearing and made a decision on two things:

13  one, the notice -- or the motion for continuance

14  filed by the plaintiff; and the second, the

15  injunction requested by the plaintiff and set for

16  hearing on the 8th at the time the TRO was issued?

17              If the Court will look at the record

18  before you, you will find that the objection to the

19  assigned judge was filed on December the 18th, which

20  was some ten days after the hearing of December the

21  8th.  His second objection to the assigned judge

22  entitled Motion to Recuse Assigned/Visiting Judge was

23  filed on or about January the 22nd of 2004, some 45

24  days after this Court made a decision on the motion

25  for continuance and the application for temporary

1  injunction.

2              Now, the courts have very clearly

3  said -- and I've given the Court cases *Lee versus*

4  *Bachus*, which is cited in my response to their

5  motion, that the plaintiff cannot be heard or make

6  objection after an assigned judge has called the case

7  for hearing or for trial.  Clearly that's the case

8  here.

9              Further, the plaintiff's objection is

10 waived even if timely, which it's not, but even if it

11 were timely, if the plaintiff was not here to present

12 that objection and obtain a ruling before the

13 Court -- before the Court proceeded to a hearing,

14 it's waived.

15             And *Texas Employment Commission versus*

16 *Alvarez*, which is a 13th Court case, the case

17 involving I believe you, Your Honor, indirectly in

18 that case, the 13th Court says if you didn't bring it

19 up, you waive it, which is clearly what happened

20 here.  Not only was it not filed, it wasn't -- the

21 only thing filed was a motion for continuance.  Even

22 had they filed it, they weren't here to object -- to

23 bring it up to you.

24             And if the objection is made and is

25 filed after the visiting judge makes any ruling, even

1    a ruling on a motion for continuance, the objection

2    is too late.  I cite the Court to *Morris versus Short*

3    and *Turk versus First National Bank*, which also has

4    to do with the fact that the notice of assignment is

5    optional and not mandatory.

6                    Your Honor, I believe that the Court

7    has been properly assigned; that any objection to the

8    court, number one, is untimely; number two, was made

9    after the Court has already made at least two rulings

10   in this case, one on a motion for continuance and one

11   on the application for temporary injunction.  I

12   believe that this Court -- I believe you, Your Honor,

13   are properly assigned to this court, have

14   jurisdiction, and we would ask to go forward.

15                    MR. GUAJARDO:  Your Honor --

16                    THE COURT:  I have the assignment,

17   Mr. Guajardo, and it's dated December the 2nd.

18                    MR. GUAJARDO:  Okay.  I did not get

19   notice of that, Your Honor.  It was mailed to me --

20                    THE COURT:  Well, I don't think you

21   have to, frankly.

22                    MR. GUAJARDO:  Well, if I may just

23   briefly respond, Your Honor?

24                    THE COURT:  Sure.

25                    MR. GUAJARDO:  I won't be long winded.

12

```
 1  Whether Mr. Fleming has the right or not or if
 2  he's -- whether he's in his right or not, it's --
 3  with all due respect, it's not proper for this Court
 4  to entertain that.  That motion for recusal shall be
 5  entertained by the presiding judge of the
 6  administrative judicial district pursuant to
 7  Rule 18a(c).  So he may have valid arguments, Your
 8  Honor, but this motion is not before this Court.
 9           MR. FLEMING:  Your Honor, if I might
10  respond to that?  We're talking apples and oranges
11  here.  A motion to recuse is governed by clear
12  statutory provisions.  A motion to recuse a judge
13  goes off on the basis of does that judge have some
14  type of a conflict, such as having served as counsel
15  for one of the parties during the trial, have a
16  pecuniary interest in the matter before the Court,
17  and other things which are statutory.  That's a
18  motion to recuse.
19           A motion for this Court to have been
20  objected to and therefore disqualified is a totally
21  different issue.  The motion to recuse doesn't have
22  anything to do with whether or not there was an
23  objection filed.  It's the plaintiff's obligation or
24  the person who objects -- who files their motion to
25  recuse, it's his -- it's that party's obligation to
```

13

```
 1   prove that this Court has a pecuniary interest or
 2   served as an attorney in this matter or some other
 3   statutory provision.  Those provisions are very
 4   strict and very few.  And we would suggest to the
 5   Court that there's been nothing proven; there's been
 6   no evidence offered.
 7                    MR. GUAJARDO:  I just reiterate my
 8   same argument, Your Honor.
 9                    THE COURT:  I'm sorry?
10                    MR. GUAJARDO:  I just reiterate my
11   same argument.
12                    THE COURT:  The order of the Court is
13   that I'm not going to recuse myself, so go ahead
14   and --
15                    MR. GUAJARDO:  Okay.
16                    MR. FLEMING:  I'd like for the Court
17   to also make a finding that the Court made at least
18   two decisions in this matter requested by the
19   plaintiff prior to there being any objection filed of
20   the Court -- of the Judge.
21                    THE COURT:  That will be noted in the
22   record.
23                    MR. FLEMING:  Thank you, Your Honor.
24                    MR. GUAJARDO:  Okay, Your Honor.  I'll
25   proceed because I'm ordered without waiving anything
```

14

1   further -- any previous motions or allegations or

2   objections.

3                   MR. FLEMING:  I believe all other

4   matters -- excuse me, I apologize for interrupting,

5   Your Honor.  I believe all other matters are stayed

6   by statute under 11.052 of the Civil Practice and

7   Remedies Code pending the decision on the issue of

8   whether or not the plaintiff in this case, John

9   Roberts, is a vexatious litigant.

10                  MR. GUAJARDO:  May I proceed, Your

11  Honor?

12                  THE COURT:  You may.

13                  MR. GUAJARDO:  Your Honor, again, I'll

14  proceed without waiving any previous motions filed;

15  and the motion that we filed is a very narrow motion.

16  We're just here basically for a reconsideration of

17  the sanctions.

18                  As -- if I may, I'll go ahead and go

19  back on the facts.  The plaintiff's property was

20  going to be foreclosed by action of Wells Fargo or

21  defendant's counsel; and that was set to be

22  foreclosed on December 2nd.  On December 1st, we

23  filed a temporary restraining order pursuant to

24  Rule 6 -- is it 680?  Yes, sir, Your Honor, of the

25  Texas Rules of Civil Procedure.

1          And basically, at that point we had --

2    we alleged that this motion was not ripe for

3    foreclosing.  The property was not to be foreclosed

4    because -- or our argument was that there was

5    still -- this matter was still pending before the

6    Supreme Court of Texas; and the plaintiff, on his own

7    motion, had filed a motion for rehearing and that's

8    what was pending in the Supreme Court of Texas.

9          Thereafter, Your Honor, we were set

10   for hearing on the 8th.  I filed that motion as

11   previously stated, motion for continuance.  That got

12   denied and proceeded into the arguments of the

13   restraining order.  I believe at that point the

14   restraining order got lifted or expired at that

15   point.

16          And thereafter, during hearings,

17   counsel requested that both plaintiff and plaintiff's

18   counsel be sanctioned for fictitious pleadings.  If I

19   may, there's procedural problems with this and

20   factual problems.  And the procedural problem is that

21   his application or his request for sanction was not

22   verified as requested by the Rules of Civil Procedure

23   and the Civil Practice and Remedies Code.

24          Additionally, we weren't present that

25   day also.  And the rules request that if we're going

16

1  to get sanctioned, we be present and that a verified

2  motion be in place.  Well, those are the procedural

3  problems.

4              THE COURT:  Do you have some cases on

5  that, sir?

6              MR. GUAJARDO:  I'm sorry, Your Honor?

7              THE COURT:  Do you have any cases on

8  that?

9              MR. GUAJARDO:  Yes, sir, Your Honor.

10  Our motion is present before the Court.  I'll ask the

11  Court to turn its attention to Rule 680.  First, just

12  on the procedural aspects of how a temporary

13  restraining order was filed and what it was that we

14  did, and if I could read this for the record.  It

15  says, "In case a temporary restraining order is

16  granted without notice, the application for temporary

17  injunction shall be set down for hearing at the

18  earliest possible date and takes precedence of all

19  matters except older matters of the same character."

20              So basically that's what happened

21  here, Your Honor.  It was procedurally correct.  Our

22  motion was -- we filed our motion with an affidavit

23  as required by Rule 680.  At that time, I understand

24  that the motion for rehearing was denied on the 5th,

25  but our application was set on December 1st.  The

1  hearing was set on December 8th.  So we didn't file

2  any fictitious pleadings.  This matter was pending

3  before the Supreme Court of Texas.

4          If I'm just allowed a second here,

5  Your Honor, to pull that rule that says this motion

6  is one of those that needs to be verified.  I can't

7  seem to find the rule right now, Your Honor; but at

8  any rate, I can get that for you in a second, Your

9  Honor.

10          Also basically, like I said, there was

11  also -- as per the rules, the 680 on the temporary

12  restraining order, we did file a bond.  And the

13  purpose of the bond is basically just in case the

14  Court finds that we did not file properly the

15  temporary restraining order, that's what a bond is

16  for.

17          At this point my request is narrow.

18  It's basically asking the Court to dissolve the -- or

19  set aside the sanctions.  This Court placed sanctions

20  of $5,000 on both plaintiff and plaintiff's attorney.

21          THE COURT:  Well, jointly I did.  I

22  didn't --

23          MR. GUAJARDO:  That's correct.

24          THE COURT:  I didn't intend it for

25  each of you to be 5,000.

18

1          MR. GUAJARDO:  That's correct, Your

2     Honor.  And there was -- just on Rule 680 alone, we

3     procedurally filed it correctly.  There was an

4     affidavit on file.  We did -- this motion -- there

5     was a motion for rehearing pending before the Supreme

6     Court of Texas which we did not know was going to get

7     denied.  It subsequently got denied once we filed our

8     motion.  Thereafter, the hearing commenced without

9     the presence of us and that's where we got

10    sanctioned.  I'll get those rules for you.  I'll just

11    let Mr. Fleming answer at this point.

12          MR. FLEMING:  Your Honor, subject to

13    my objection to going forward before we take up the

14    motion to find the plaintiff a vexatious litigant, I

15    would like to respond.

16          First of all, I'd like for the Court

17    to take judicial notice of all of the files, the

18    exhibits from the hearing on 12/8/03, and the

19    testimony from the hearing on December the 8th of

20    2003, please.

21          THE COURT:  All right, sir.

22          MR. FLEMING:  Thank you, Your Honor.

23          Your Honor, let's start, first of all,

24    with the issue of whether or not there was a motion

25    for rehearing before the Supreme Court of Texas.

1   There is absolutely no evidence before the Court and

2   no evidence can be introduced because it doesn't

3   exist.   There was never a supersedeas bond filed

4   under Texas Rules of Appellate Procedure 24, which is

5   the only way you can stay execution of a judgment.

6   That's the first thing.

7               The second thing is no one has said

8   that the pleading was fictitious because of the

9   filing before the Supreme Court.  I'll agree there

10  was a motion for rehearing before the Supreme Court

11  at this time.  There's no supersedeas bond, so it

12  didn't really matter whether there was a matter

13  pending before the Supreme Court or not.

14              The issue of fictitious pleading, if

15  the Court will review the plaintiff's original

16  petition, plaintiff's original petition alleges a

17  number of things.  It alleges, one, that this was a

18  trustee's sale under a deed of trust.  It was a

19  sheriff's service on a writ of execution issued by

20  the district court of Willacy County.  It didn't have

21  anything to do with a deed of trust.  It was a

22  judicial foreclosure based upon a writ of execution,

23  not a nonjudicial.  That's the first thing.

24              The second thing is that they state

25  that there is a breach of contractual obligations on

20

1   the part of the holder of the deed of trust.  Since

2   there's no deed of trust, there's no contractual

3   obligation.  This is an execution on a writ of

4   execution by the sheriff's department of Cameron

5   County based upon a judgment entered in Willacy

6   County by the 138th District Court.  So that's

7   fictitious.

8                They're asking that this Court issue

9   an injunction to prevent, and I quote, a forcible

10  detained action.  And I assume they mean a forcible

11  entry and detainer action in J.P. court.  They're

12  asking -- they were asking this Court to enjoin that.

13  Well, title to the property had not even changed.  So

14  the Court -- that would have been an advisory action

15  on the part of the Court even if the Court were

16  inclined to do so.

17               To enjoin the bank from employing,

18  engaging, or contracting with any person, company or

19  firm to sell, aleniate, or hypothecate plaintiff's

20  property as herein described during the pendency of

21  this suit.  Well, how can you enjoin the sale of

22  property when title hasn't yet changed based on the

23  writ of execution?  I mean, there's all kinds of

24  things in here where the facts are misstated to the

25  Court.

21

1          The plaintiff -- we say we talk about
2     the parties.  They recognize that Danny Huerta, who
3     has testified before this Court, was a deputy sheriff
4     in Cameron County; yet they continue to say that it
5     was a foreclosure of a deed of trust.  As I argued to
6     the Court back in December, anybody who's been
7     practicing law for 15 minutes knows that a sheriff
8     doesn't foreclose on a deed of trust; a trustee does.
9     And once the sheriff gets involved, there's something
10    significantly more than a nonjudicial foreclosure.
11          The entire pleading filed before this
12    Court, which this Court made a ruling in December was
13    fictitious because it co-mingled the issues of deed
14    of trust liens, nonjudicial with judicial,
15    foreclosure with writ of execution, the entire thing
16    was misleading.  It was a misrepresentation.  And
17    that was why I asked for sanctions and that's why I
18    believe the Court granted sanctions.
19          THE COURT:  Mr. Guajardo?
20          MR. GUAJARDO:  Yes, Your Honor.
21    Temporary restraining orders and emergency orders, my
22    client came to me right before that.  I gathered as
23    much facts as I could, and we filed that.
24          Now, there's -- there's some dispute
25    as to what Mr. Fleming is saying.  My client says

PAM L. ESQUIVEL, RMR, CRR

1   this property was his homestead.  Now, the manner of
2   foreclosure, whether it be a writ of execution or
3   whatever, it was being done by the sheriffs.  So all
4   we were trying to do, Your Honor, is stop the
5   sheriff's sale and see if we could address this
6   matter and resolve it.
7           Now, once again, the Rules of Civil
8   Procedure 680 protects any problems with pleadings by
9   way of setting the bond.  My client did pay a bond.
10  I understand that by now Mr. Fleming should have
11  already forfeited on the bond.  That's the protection
12  that the law instills on that.
13          Now, we filed it -- I filed it with as
14  much facts as I could at that time.  It's an
15  emergency order.  And that was the purpose of the --
16  there was no intent to mislead the Court.  My client
17  is here and we can put him under oath, ask him if
18  this was his homestead.  I mean, we can do that if
19  the Court pleases.
20          MR. FLEMING:  That was not the issue
21  pled.
22          THE COURT:  I didn't think it was.
23          MR. FLEMING:  No, sir.  There's never
24  been an issue pled in any injunctive matter before
25  this Court concerning homestead.  If it is homestead,

1  they had -- Mr. Roberts had an obligation to bring

2  that before the Court and have it determined.

3                    The -- and as far as the bond is

4  concerned, under Rule 680, a bond is provided to pay

5  expense, not sanctions.  The monies that were ordered

6  by this Court for sanctions were exactly that, to

7  punish for fictitious pleadings.

8                    MR. GUAJARDO:  Your Honor, once again,

9  if I'm permitted, I'll -- I can go ahead and brief

10  the Court on the rules.  It's procedurally faulty.

11  The motion was not verified.  We were not present.

12  And those are two requirements procedurally that

13  needs to be done for that.  I will -- I do apologize

14  for not having that handy at this point, but I do --

15  I can provide this to the Court if the Court would

16  allow me that.

17                    MR. FLEMING:  If counsel is correct,

18  Your Honor, he's found a way to avoid sanctions.

19  Just don't show up.  I don't think that's the law.

20                    MR. GUAJARDO:  Your Honor, his motion

21  was not verified.  It is clear that's one of the

22  rules.  It is required to be verified.  And it's

23  procedurally faulty.

24                    THE COURT:  I think the Court can take

25  judicial notice of things; and if the person who's in

1   the court who made the pleadings and stands on the

2   pleadings before the Court, then I think that

3   verification really is meaningless.

4                    I'm going to deny your relief,

5   Mr. Guajardo, whatever relief you're asking for and

6   ask Mr. Fleming to present an order at the proper

7   time.  You may have put one in the file.

8                    MR. FLEMING:  I did not put one in on

9   that issue, no, sir.  The -- the only order I propose

10  to give to the Court --

11                   THE COURT:  I'm sorry?

12                   MR. FLEMING:  The only order I propose

13  and given the Court thus far is on my motion to find

14  plaintiff a vexatious litigant.

15                   THE COURT:  Well, we haven't gone into

16  that.

17                   MR. GUAJARDO:  We haven't gone into

18  that, Your Honor.

19                   MR. FLEMING:  No, Your Honor.

20                   MR. GUAJARDO:  Your Honor, is it my

21  understanding that the sanctions will remain against

22  both the plaintiff and myself?

23                   THE COURT:  That's right.

24                   MR. GUAJARDO:  Thank you, Judge.

25                   MR. FLEMING:  May I go ahead with my

25

| | |
|---|---|
| 1 | motion to find plaintiff a vexatious litigant? |
| 2 | THE COURT:  Go ahead. |
| 3 | MR. FLEMING:  Your Honor, we would -- |
| 4 | I'll try to get organized here.  I'll call |
| 5 | Mr. Roberts to the stand, Mr. John Roberts, please. |
| 6 | THE COURT:  Raise your right hand, |
| 7 | please. |
| 8 | **(Witness was sworn in by the Court)** |
| 9 | THE WITNESS:  Yes, sir, I do, sir. |
| 10 | THE COURT:  Thank you.  You may |
| 11 | proceed. |
| 12 | **JOHN ROBERTS,** |
| 13 | **having been first duly sworn, testified as follows:** |
| 14 | **DIRECT EXAMINATION** |
| 15 | BY MR. FLEMING: |
| 16 | Q.   Would you state your full name, please? |
| 17 | A.   John Ocie Robert. |
| 18 | Q.   Mr. Roberts, how are you occupied or |
| 19 | employed? |
| 20 | A.   I'm retired. |
| 21 | Q.   You're retired.  Are you involved in any |
| 22 | way with the Republic Of Texas? |
| 23 | A.   No, I'm not in the -- |
| 24 | Q.   I'm sorry? |
| 25 | A.   No, I am not in respect that you're asking. |

```
 1   I am involved in it with the Indian reservation where

 2   I am an honorary member of that reservation.

 3        Q.    Have you not made it public that you are

 4   the secretary of commerce and trade --

 5              MR. GUAJARDO:  Your Honor --

 6        Q.   (BY MR. FLEMING)   -- for the provision of

 7   government of the Republic Of Texas?

 8              MR. GUAJARDO:  Your Honor, I'm going

 9   to object as to relevance.

10              THE COURT:  I'm sorry?

11              MR. GUAJARDO:  I'm going to object as

12   to relevance on membership.  I don't understand --

13              THE COURT:  Overruled.  Go ahead.

14              MR. FLEMING:  Thank you.

15        Q.   (BY MR. FLEMING)  Have you not made it

16   public on a number of occasions that you claim to be

17   the secretary of commerce and trade for the provision

18   of government of the Republic of Texas?

19        A.    Yes, that's a true statement, but I have --

20   I'd like to ask the Court's indulgence in me making a

21   statement.  I have an assignment from some West Texas

22   sheriffs and --

23              MR. FLEMING:  Objection.

24   Nonresponsive.

25        A.    -- and I would like not to reveal --
```

1              THE COURT:  Please answer the

2    question, Mr. Roberts, yes or no.

3         A.   That's correct.

4         Q.   (BY MR. FLEMING)  And in fact, you have a

5    web site, do you not?  I'll show you what's been

6    marked as Defendant's Exhibit Number 10.  You have a

7    web site concerning that very issue about being the

8    secretary of commerce and trade for the provision of

9    government of the Republic Of Texas, do you not?

10        A.   That's correct.

11        Q.   That is your copy of what's on the

12   Internet?

13        A.   This is writing to a group of truckers,

14   yes.

15              THE COURT:  Any objection?

16              MR. GUAJARDO:  No, objection.

17              MR. FLEMING:  Your Honor, we'd ask

18   that Defendant's Exhibit Number --

19              THE COURT:  Ten.

20              MR. FLEMING:  -- 10 be received.

21              THE COURT:  Without objection, it'll

22   be received.

23              **(Defendant's Exhibit No. 10 admitted)**

24        A.   May I make one correction, Mr. Fleming?

25        Q.   (BY MR. FLEMING)  Mr. Roberts, you were the

1    appellant in a matter before the Supreme Court of

2    Texas in Case Number 03-0756, which was -- your

3    petition for writ of review was denied and your

4    motion for rehearing was denied; isn't that true?

5        A.    Yes, it was.

6        Q.    I'll show you what's been marked as

7    Defendant's Exhibit Number 1.  You received a copy of

8    that, did you not?

9        A.    This is not the motion for rehearing here.

10       Q.    That's the courts --

11       A.    Reconsideration of the hearing.

12       Q.    That's the courts telling you that your

13   motion for rehearing has been denied; isn't it?

14       A.    That's not the motion where we asked for a

15   reconsideration.

16             MR. FLEMING:  Objection, Your Honor.

17   Nonresponsive.

18             THE COURT:  You answer either yes or

19   no, Mr. Roberts.

20       A.    Yes, sir.

21       Q.    (BY MR. FLEMING)  Thank you.

22             MR. FLEMING:  Your Honor, we'd ask

23   that Defendant's Exhibit Number 1 be received.  This

24   is already before the Court as an exhibit in

25   December, but we would ask that the Court admit this

PAM L. ESQUIVEL, RMR, CRR

```
 1    again.
 2                    THE COURT:  Go ahead, sir.
 3                    MR. FLEMING:  Will it be received,
 4    Your Honor?
 5                    THE COURT:  It'll be admitted.
 6                    MR. FLEMING:  Thank you, Your Honor.
 7                    (Defendant's Exhibit No. 1 admitted)
 8         Q.    (BY MR. FLEMING)  Mr. Roberts, in the year
 9    19 -- in the year 2000 in February, you filed a
10    lawsuit representing yourself against a Manuel
11    Alberto Martinez, did you not?
12         A.    No, I did not.
13         Q.    You did not?
14         A.    No, sir.
15         Q.    Let me show you what's been marked as
16    Defendant's Exhibit Number 2, a certified copy of the
17    docket sheet of the district court in Cameron County
18    showing that a lawsuit was filed in which you
19    represented yourself against Manuel Alberto Martinez
20    represented by Richard Lee Garza and that that
21    ultimately was dismissed for want of prosecution.  Do
22    you recognize that docket sheet, sir?
23         A.    I did not file the lawsuit.
24         Q.    Were you representing yourself in this
25    matter?
```

30

```
 1        A.    I did not file the lawsuit.

 2        Q.    Were you an intervenor in the lawsuit?

 3        A.    I intervened in it.

 4        Q.    You intervened in the lawsuit representing

 5   yourself, correct?

 6        A.    That's correct.

 7        Q.    And the lawsuit was dismissed for want of

 8   prosecution, correct?

 9        A.    I don't recall.

10        Q.    It says, "Drop docket notices mailed.

11   Dismissed for want of prosecution."  See that right

12   there, signed by Judge Murray?

13        A.    I see that we continued with that case for

14   five years.

15        Q.    But this case was dismissed for want of

16   prosecution, wasn't it, the one that you intervened

17   in representing yourself?

18        A.    I don't recall.

19              MR. FLEMING:  We'd ask that the

20   certified copy of the docket sheet and the docket

21   litigant listing, which is marked as Defendant's

22   Exhibit Number 2, be received.

23              THE COURT:  Any objection?

24              MR. GUAJARDO:  No.

25              THE COURT:  It'll be entered.
```

1              (Defendant's Exhibit No. 2 admitted)

2        Q.    (BY MR. FLEMING)  Mr. Roberts, in the year

3   2000 in September, you filed a lawsuit against --

4   representing yourself against Eleanor Carte and A.C.

5   Carte; do you recall that, September 18th, the year

6   2000?

7        A.    That's true.

8        Q.    And this is a copy of the docket sheet,

9   isn't it?

10       A.    That is.

11       Q.    And that case was dismissed also, was it

12  not?

13       A.    It's before the appeals court.

14       Q.    I'm sorry?

15       A.    It has not been dismissed.  It's before the

16  appeals court.

17       Q.    Oh?  Dismissed for want of prosecution,

18  July 23, 2001; do you see that?  July the 23rd,

19  dismissed for want of prosecution; do you see that?

20       A.    I don't recall that entry.  That case is

21  still going on.

22             MR. FLEMING:  Your Honor, we'd ask

23  that the certified copy of the docket litigant

24  listing on the clerk's entries be admitted in

25  Defendant's Exhibit Number 3.

32

```
 1              MR. GUAJARDO:  Your Honor, the only
 2     objection is he doesn't recall this matter being
 3     dismissed.
 4              THE COURT:  He doesn't recall it, but
 5     that doesn't make it --
 6              MR. FLEMING:  A certified copy is
 7     admissible without further questioning.
 8              THE COURT:  It will be admitted.
 9              MR. FLEMING:  Thank you, Your Honor.
10              (Defendant's Exhibit No. 3 admitted)
11        Q.   (BY MR. FLEMING)  Mr. Roberts, in the year
12     2002, you, representing yourself, filed a breach of
13     contract action against Eleanor Carte and the Estate
14     of A.C. Carte; did you not?
15        A.   That's correct.
16        Q.   And that lawsuit has been going on now for
17     two years, hasn't it, more than two years?
18        A.   That's correct.
19        Q.   And it's still not been brought to trial or
20     disposed of, has it not?
21        A.   It hasn't been disposed of.
22        Q.   Thank you.
23              MR. FLEMING:  Your Honor, we'd ask
24     that Defendant's Exhibit Number 4 be received, a
25     certified copy of the docket listing and the docket
```

33

1    sheet.

2                    THE COURT:  It will be admitted.

3                    MR. FLEMING:  Thank you, Your Honor.

4              **(Defendant's Exhibit No. 4 admitted)**

5         Q.   (BY MR. FLEMING)  Mr. Roberts, in the year

6    2003, you filed a lawsuit representing yourself in

7    August of that year against the City of La Feria; did

8    you not?

9         A.   I don't recall the date.  Yes, I did file a

10   suit against the City of La Feria.

11        Q.   All right.  And that's been dismissed, has

12   it not?

13        A.   I'd have to see which suit it is,

14   Mr. Fleming.

15        Q.   I'll show you what's been marked as

16   Defendant's Exhibit Number 5.  The last entry says,

17   "Order of dismissal, Judge Euresti."  Isn't that

18   correct?

19        A.   This is a suit where they falsely arrested

20   me and my five year old child --

21        Q.   Did you file a lawsuit representing

22   yourself --

23        A.   Yes, I did.

24        Q.   -- and was it dismissed?

25        A.   Yes, I did.  Yes, it has been.

1              MR. FLEMING:  Your Honor, we ask that

2    Defendant's Exhibit Number 5 be received.

3              THE COURT:  It will be admitted.

4              MR. FLEMING:  Thank you, Your Honor.

5         **(Defendant's Exhibit No. 5 admitted)**

6         Q.   (BY MR. FLEMING)  Mr. Roberts, on January

7    the 2nd of the year 2004, you filed a lawsuit in the

8    United States District Court, Southern District of

9    Texas, Brownsville, Texas, and styled -- representing

10   yourself, styled John Ocie Roberts versus Wells Fargo

11   Bank, Formerly First Valley Bank, Formerly

12   Raymondville State Bank, and Tom Fleming?

13        A.   That's correct I did, for fraud.

14        Q.   Let me show you what's been marked as

15   Defendant's Exhibit Number 7.  That's a file stamped

16   copy of a pleading filed by you representing

17   yourself, is it not?

18        A.   Yes.  It's in the federal court now.

19             MR. FLEMING:  We'd ask that

20   Defendant's Exhibit Number 7 be received.

21             MR. GUAJARDO:  No objection.

22             THE COURT:  Without objection, it will

23   be admitted.

24        **(Defendant's Exhibit No. 7 admitted)**

25        Q.   (BY MR. FLEMING)  And, Mr. Roberts, in that

1  case, you attempted to relitigate the issues that had

2  been decided against you by the 13th Court of Appeals

3  and the Texas Supreme Court, did you not?

4       A.    That's not true.

5       Q.    We'll let the Court decide that.

6             I show you what's been marked as

7  Defendant's Exhibit Number 6.  That case has now been

8  dismissed under Federal Rule 12(b), has it not?

9             THE COURT:  You said 6 or 8?

10            MR. FLEMING:  Six.  I went back.

11      A.    What is the date here?

12      Q.    (BY MR. FLEMING)  What is the date?  The

13  date is February 5th or February 9th, whichever.

14      A.    I'm not aware of the dismissal.

15            MR. FLEMING:  Your Honor, we would ask

16  that Defendant's Exhibit Number 6, which is an order

17  of dismissal certified by the United States District

18  Clerk, be received.

19            MR. GUAJARDO:  No objection.

20            THE COURT:  Without objection, it'll

21  be admitted.

22            **(Defendant's Exhibit No. 6 admitted)**

23            THE COURT:  Let me talk to counsel up

24  here a little bit off the record, please.

25            **(Off the record discussion at the**

```
 1              bench)
 2              THE COURT:  The Court will stand in
 3   recess.
 4              (Recess)
 5              MR. GUAJARDO:  May we approach, Your
 6   Honor?
 7              THE COURT:  Off the record.
 8              (Off the record discussion at the
 9              bench)
10              THE COURT:  Now I'll go back on the
11   record, if you will.  Mr. Guajardo?
12              MR. GUAJARDO:  Yes, Your Honor.  At
13   this time I'd like to ask the Court to consider my
14   oral motion to withdraw as counsel; and in doing so,
15   also to ask the Court to consider setting aside the
16   sanctions against counsel as well.
17              MR. FLEMING:  Your Honor, I have no
18   objection to Mr. Guajardo withdrawing in this matter.
19   I have no objection to the Court setting aside the
20   sanctions against Mr. Guajardo.  I do have a gross
21   objection to setting aside sanctions against
22   Mr. Roberts and would ask the Court not do that.
23              THE COURT:  The order of the Court is
24   that the motion to withdraw by Mr. Guajardo will be
25   granted.  Sanctions against Mr. Guajardo will be
```

```
 1  lifted.  Sanctions against Mr. Roberts will not be
 2  lifted; and the case will be continued for at least
 3  two weeks, Mr. Roberts, in order for you to get
 4  another attorney to represent you.
 5                  MR. GUAJARDO:  Thank you, Your Honor.
 6                  THE COURT:  And with that, we'll stand
 7  in --
 8                  MR. FLEMING:  Do you want --
 9                  THE COURT:  -- recess.
10                  MR. FLEMING:  Do you want to make a
11  setting today or would you like to -- how would you
12  like for us to --
13                  THE COURT:  Let's give Mr. Roberts a
14  chance to get counsel; and he can call you,
15  counselor -- or if he wants to represent himself, he
16  has that option, but to call you.  But let's get a
17  setting that we know within the next two weeks that
18  you either get a setting or you get an attorney to
19  represent you, Mr. Roberts, and that he contact
20  Mr. Fleming --
21                  MR. ROBERTS:  Yes, sir.
22                  THE COURT:  -- so we can get this
23  matter settled.
24                  MR. ROBERTS:  May I ask one thing,
25  Your Honor, respectfully?
```

1          THE COURT:  You may.

2          MR. ROBERTS:  Mr. Fleming has

3  interfered with three different attorneys, with Ann

4  Nix here in this town and threatened her.

5          THE COURT:  I'm sorry?

6          MR. ROBERTS:  Mr. Fleming has

7  interfered with my counsel in the past.  Ann Nix here

8  in this town was called and told not to represent me.

9  Buddy Puente in Raymondville was told not to

10 represent me.  And now this counsel.  I will be able

11 to find a counsel, but I'd like the record to show

12 that statement that I just made about those three

13 occasions.  This attorney has a letter from

14 Mr. Fleming threatening to take him before the

15 judicial board.  Mr. Fleming has a hard spot for me

16 because Mr. Christopher of the State Bar interviewed

17 me when they were taking his bar card away a couple

18 of years ago.  That is something that I revealed in

19 court one time.

20          THE COURT:  I don't -- the Court's not

21 aware of any of this, Mr. Roberts.  Your statement

22 will be on the record if that's what you want.

23          MR. ROBERTS:  I appreciate it.  I

24 don't bring these things against people.  I don't

25 work against people.  These are the facts about

39

1    Mr. Fleming --

2              THE COURT:  Well, the facts as you

3    understand them.  See, the Court's got to listen to

4    facts on every side; and I think you appreciate that.

5              MR. ROBERTS:  Yes, sir.  I'm under

6    oath, Your Honor, and I was under oath to tell the

7    truth, the whole truth, and nothing but the truth.

8    And I haven't really finished telling it, but that's

9    part of it.

10             THE COURT:  All right.  You see if you

11   can get another attorney and have him call

12   Mr. Fleming.

13             MR. ROBERTS:  I'll be able to do that.

14             THE COURT:  And I'll suggest to

15   Mr. Fleming that you do not write a letter.

16             MR. FLEMING:  I have never written --

17   I believe that Mr. Guajardo will be best qualified to

18   determine whether or not I threatened him.  I

19   believe -- I wish I had the power, Your Honor, to

20   send letters and make them withdraw.  Unfortunately,

21   I don't think any of us do.

22             THE COURT:  Well --

23             MR. FLEMING:  As far as the other

24   issues, I have no idea about that and don't really

25   care.

1          MR. ROBERTS:  We have a letter in our

2     file, sir.

3          THE COURT:  Mr. Roberts, I would urge

4     you, with the greatest measure that I can, for you to

5     try to get this matter settled.

6          MR. ROBERTS:  I --

7          THE COURT:  And you're going to have

8     to find out -- you've sued the bank and you've sued

9     the attorneys now; and if you can figure out some way

10    to make a settlement with the bank and the attorneys,

11    I would strongly urge you to do so.

12         MR. ROBERTS:  I would like to settle

13    with the bank.  It's a matter of 54,000 certified

14    dollars they won't pay.  They don't have a record of

15    my note.  I'll do that, yes, sir.

16         THE COURT:  Take that up with the

17    bank.

18         MR. ROBERTS:  I'll do that, sir.

19         THE COURT:  All right.

20         MR. GUAJARDO:  I'll be submitting a

21    written order, Your Honor.

22         THE COURT:  Thank you very much.

23         MR. GUAJARDO:  Thank you, Your Honor.

24         MR. FLEMING:  Thank you, Your Honor.

25    May we be excused?

41

1          THE COURT:  Yes, sir, you all may be

2    excused.

3          MR. ROBERTS:  Thank you sir.

4          **END OF PROCEEDINGS**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PAM L. ESQUIVEL, RMR, CRR

42

1  THE STATE OF TEXAS:

2  COUNTY OF CAMERON:

3                CERTIFICATE OF COURT REPORTER

4      I, PAM L. ESQUIVEL, Official Court Reporter in

5  and for the 107th Judicial District Court of Cameron

6  County, State of Texas, do hereby certify that the

7  above and foregoing contains a true and correct

8  transcription of all portions of evidence and other

9  proceedings requested in writing by counsel for the

10  parties to be included in this volume of the

11  Reporter's Record, in the above-entitled and numbered

12  cause, all of which occurred in open court or in

13  chambers and were reported by me.

14      I further certify that this Reporter's Record of

15  the proceedings truly and correctly reflects the

16  exhibits, if any, admitted by the respective parties.

17      WITNESS MY OFFICIAL HAND on this the 27th day of

18  February, 2004.

19                *Pam L Esquivel*
                  PAM L. ESQUIVEL, Texas CSR, RMR, CRR
20                Official Court Reporter
                  107th District Court
21                974 East Harrison Street
                  Brownsville, Texas 78520
22                (956) 544-0874
                  Certificate No. 2369
23                Expiration Date: 12/31/04

24

25

PAM L. ESQUIVEL, RMR, CRR

CAUSE NO. 2004-01-0003-B

| | | |
|---|---|---|
| JOHN ROBERTS | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| WELLS FARGO BANK, Formerly | § | 138TH JUDICIAL DISTRICT |
| FIRST VALLEY BANK, Formerly | § | |
| RAYMONDVILLE STATE BANK | § | |
| Tom Fleming, Dan Huerta, and | § | |
| Rolando Olvera | § | |
|     Defendants | § | CAMERON COUNTY, TEXAS |

## ORDER DISSOLVING RESTRAINING ORDER

On this 5th day of January 2004, the motion to dissolve a restraining order was presented by Defendants **Wells Fargo Bank and Tom Fleming** and considered by the Court.

The Court finds that the restraining order was previously dissolved in the identical suit now pending before the 107th District Court and is, therefore, *res judicata*.

IT IS, THEREFORE, ORDERED that the temporary restraining order issued by this Court on January 5, 2004 is dissolved.

SIGNED FOR ENTRY on this 5th day of January 2004.

_____
JUDGE PRESIDING

COPIES:   JAN 13 2004
John Ocie Roberts, P. O. Box 1167, La Feria, Texas 78589
Tom Fleming, FLEMING & HERNANDEZ, P.C., 1650 Paredes Line Road, Suite 102, Brownsville, Texas
    78521-1602

ORDER DISSOLVING RESTRAINING ORDER
TP/njw #972777 L:\WARKEY\FLEMING\Roberts_John\2004-01-0003-RDissolve-Ord.wpd

FILED _____ O'CLOCK ___M
AURORA DE LA GARZA, CLERK

JAN 13 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS

Page 1 of 1

Exh C

CAUSE NO. 2003-12-5738-A

| | | |
|---|---|---|
| JOHN ROBERTS | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| WELLS FARGO BANK, Formerly | § | 107TH JUDICIAL DISTRICT |
| FIRST VALLEY BANK, Formerly | § | |
| RAYMONDVILLE STATE BANK | § | |
| Tom Fleming, Dan Huerta, and | § | |
| Rolando Olvera, | § | |
|     Defendants | § | CAMERON COUNTY, TEXAS |

## O R D E R
### DISSOLVING TEMPORARY RESTRAINING ORDER
### AND DENYING TEMPORARY INJUNCTION ORIGINAL ANSWER

On the 8th day of December 2003, the Application for Injunctive Relief of John Roberts, Plaintiff, came on for hearing. Plaintiff John Roberts appeared in person and through Counsel, and Defendants Wells Fargo Bank, N.A.; Tom Fleming; Danny Huerta; and Rolando Olvera appeared through Counsel. All parties announced ready for a hearing on Plaintiff's Application for Injunctive Relief.

After having heard the evidence of Plaintiff and Defendants and the argument of Counsel, the Court finds that the temporary restraining order issued on the 1st day of December 2003 should be dissolved and the Plaintiff's Application for Temporary Injunction should be denied.

The Court further finds that Plaintiff's verified Application for Injunctive Relief is false in that it alleges foreclosure of a deed of trust lien when the foreclosure which

$\mathcal{E}_x h \ \mathcal{D}$

was restrained was based on a Writ of Execution of a judgment dated November 8, 2000 from the 138th Judicial District Court of Willacy County, Texas.

The Court finds that such verified Application for Injunctive Relief institutes a violation of Rule 13, Texas Rules of Civil Procedure and Chapter 10, Civil Practice and Remedies Code. Sanctions in the amount of $*5000 00* are hereby ordered against *JOHN ROBERTS AND/OR RAUL A. GUAJARDO*.

The Court further finds that Plaintiff obtained a temporary restraining order by the filing of a false verified pleading and has caused Defendant **Wells Fargo Bank, N.A.** damage in the amount of Nine Hundred Seventy-six and 32/100ths ($976.32) Dollars in publication fees for which Plaintiff is liable. The bond of Five Hundred and no/100ths ($500.00) Dollars currently on file with Clerk of this Court is ordered forfeited and is to be paid to **Wells Fargo Bank, N.A.**

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the temporary restraining order issued December 1, 2003 is dissolved and the Application for Injunctive Relief is denied. Defendants are awarded judgment in the amount of $*5000 00* against *JOHN ROBERTS AND/OR RAUL A GUAJA*

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Five Hundred and no/100ths ($500.00) Dollars cash bond filed with the Clerk of this Court be forfeited and paid to **Wells Fargo Bank, N.A.**

SIGNED FOR ENTRY on this ___8th___ day of December, 2003.

_____
JUDGE PRESIDING

DEC - 8 2003

<u>COPIES:</u>
**COUNSEL FOR PLAINTIFF:**
Raul A. Guajardo
909-A Nyssa Ave.
McAllen, Texas 78501

**COUNSEL FOR DEFENDANTS:**
Tom Fleming
FLEMING & HERNANDEZ, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602

FILED __9:05__ O'CLOCK __A__ M
AURORA DE LA GARZA DIST. CLERK

DEC - 8 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

**ORDER**
**DISSOLVING TEMPORARY RESTRAINING ORDER**
**AND DENYING TEMPORARY INJUNCTION**
TF/bgw  #372277  L:\WARNKE\FLEMING\Roberts.John\2003-12-5738-A\Dissolve TRO-Ord.wpd

Page 3 of 3

**IN THE DISTRICT COURT**
**FOR THE STATE OF TEXAS**
**WILLACY COUNTY, TEXAS**

| | | |
|---|---|---|
| JOHN ROBERTS, | § | |
| Plaintiff, | § | CASE NO. 97-223 |
| | § | |
| vs. | § | |
| | § | |
| FIRST VALLEY BANK, Formerly | § | |
| RAYMONDVILLE STATE BANK | § | 138th JUDICIAL DISTRICT COURT |
| and Does 1 through 20, | § | |
| Defendants | § | |

## JUDGMENT

Upon consideration of the two motions for summary judgment filed respectively by Defendants' First Valley Bank and J. Rolando Olvera, Jr., this Court held that summary judgment be granted in favor of Defendants against Plaintiff John Roberts.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that summary judgment is hereby granted in favor of Defendant First Valley Bank (formerly known as Raymondville State Bank and presently known as Wells Fargo Bank); summary judgment is also granted in favor of Defendant J. Rolando Olvera, Jr.; furthermore, Plaintiff John Roberts is hereby ordered to pay $35,000.00 in attorney fees to the Defendants with an additional $10,000.00 to be awarded to the Defendants upon each subsequent appeal which is not successful; Plaintiff John Roberts is to be held individually liable for said amounts. It is further ordered that Plaintiff John Roberts have and recover nothing against the Defendants; the Plaintiff's cause of action is hereby dismissed at the Plaintiff's cost.

FILED
NOV - 9 2000

Rec. Vol. 18 pg. 908-909

Exh E

SIGNED FOR ENTRY this _____ day of _____, 2000.

_____
JUDGE PRESIDING

copies to:

J. Rolando Olvera, Jr.
FLEMING & OLVERA, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, Texas  78521

John Roberts
1726 North Commerce
Harlingen, Texas  78550

Dec 19 03 04:08p     CAMERON COUNTY SHERIFFS     9565440878     P.4

## NOTICE OF SHERIFF'S SALE

BY VIRTUE OF AN EXECUTION ISSUED_____SEPTEMBER 07, 2003_____

out of the____138TH DISTRICT COURT_____of__VILLACY COUNTY,_____

____TEXAS_____, in CAUSE NUMBER_____97-223_____WHEREIN

JOHN ROBERTS

IS PLAINTIFF, and

FIRST VALLEY BANK, FORMALLY, RAYMONDVILLE STATE BANK, PRESENTLY KNOWN AS WELLS FARGO BANK

is DEFENDANT, I did on_____OCTOBER 27, 2003_____levy upon and

seize all of the rights, titles and interests of said PLAINTIFF

in and to the following described property situated in CAMERON

COUNTY, TEXAS TO WIT:

(SEE THE ATTACHED DESCRIBED PROPERTY)

by which said land is most generally known, and located as

shown on said map, and between the hours of 10:00 o'clock A.M.

and 4:00 o'clock P.M. and more particularly beginning exactly

at 10:00 o'clock A.M. on the first tuesday of the month of

____JANUARY 06, 2004_____at the Judicial Building (Courthouse)

at Brownsville, Cameron County, Texas, I will sell said land

at public outcry to the highest bidder for cash.

CONRADO M. CANTU, SHERIFF
CAMERON COUNTY, TEXAS

BY: _____
DANNY HUERTA, DEPUTY SHERIFF,

Exh F

Dec 19 03 04:08p    CAMERON COUNTY SHERIFFS    9565440870    p.5

1.

**TRACT II:**    The West six and 22/100 (W. 6.22) acres of the East Twenty-one and 224/1000 (E. 21.224) acres of Block One (1), in Orange Grove Park Subdivision, La Feria Grant, Cameron County, Texas, according to the map or plat of said subdivision recorded in Volume 4, Page 11, of the Map Records of Cameron County, Texas, and further described as follows:

COMMENCING at a point in the North line of U. S. Highway "83" Business and the South line of the Missouri-Pacific Railway right of way, said point being the Northeast corner of Block 1, ORANGE GROVE PARK SUBDIVISION, as shown on map thereof, recorded in Volume 4, Page 11, of the Map Records, Cameron County, Texas;

THENCE, along the North line of said U. S. Highway "83" with the South line of the Missouri-Pacific right of way, and the North line of said Block 1, South 71° 31' West, a distance of 585.78 feet to the point of beginning of the parcel herein described;

THENCE, parallel with the East line of said Block 1, South 01° 27' East, a distance of 62.75 feet to a point in the South right of way line of said Business "83", and continuing, South 01° 27' East, a distance of 1014. 98 feet, for a total distance of 1077.73 feet to a point in the South line of said Block 1, lying on the approximate South bank of a drain ditch;

THENCE, along the South line of said Block 1, South 89° 00' West, a distance of 261.37 feet to a point;

THENCE, parallel with the East line of said Block One (1), North 01° 27' West, a distance of 932.85 feet to a point in the South line of said Business "83" right of way, and continuing, North 01° 27' West, a distance of 62.75 feet for a total distance of 995.60 feet to a point in the North line of said Block 1, being the North line of said Highway "83" right of way, and the South line of the Missouri-Pacific Railroad right of way;

THENCE, along the North line of said Block 1, with the North line of said Highway right of way and the South line of said Missouri-Pacific right of way, North 71° 31' East, a distance of 273.35 feet to the POINT OF BEGINNING.

2.

**TRACT III:**    An 8,750.00 square foot tract of land, being the Easterly 50.0 feet of Lot Numbers Twelve (12), Thirteen (13), Fourteen (14) and the Easterly 50 feet of the Northerly ½ of Lot Number Eleven (11), Block Number Sixteen (16), THIRD ADDITION to the City of San Benito, Cameron County, Texas, according to the map recorded in Volume 2, Page 5, of the Map Records of Cameron County, Texas, more fully described as follows:

Having a point of beginning at the intersection of Texas State Highway Loop 448 and Westerly right of way line of Austin Street and THENCE South 30 degrees 43 minutes West, 175.0 feet, along with the Westerly right of way line of Austin Street to a point;

THENCE, North 59 degrees 17 minutes West, 50.0 feet to a point;

THENCE, North 30 degrees 43 minutes East, 175.0 feet to a point on the Southerly right of way line of said Texas State Highway Loop 448;

THENCE, along with the Southerly right of way line of Texas State Highway Loop 448, South 59 degrees 17 minutes East, 50.0 feet to the POINT OF BEGINNING of the tract herein described.

3.

All of Block One (1), RABB HEIGHTS SUBDIVISION NUMBER ONE (1), and the West 2 feet of the South 321.46 feet of Block Two (2), RABB HEIGHTS SUBDIVISION NUMBER ONE (1), out of the La Feria Grant, Cameron County, Texas, according to the

Dec 19 03 04:07p    CAMERON COUNTY SHERIFFS    9565440878    p.2

**EXECUTION** (With Bill of Costs)                                    Lit. Seq.#5.002.111
                        Cause No.   97-223

## THE STATE OF TEXAS

To the Sheriff or any Constable of any County of the State of Texas,

**GREETING:**

WHEREAS, at the regular term of the Honorable 138th District Court of Willacy County, Texas October 3rd, 2000, in a certain cause styled:

John Roberts Plaintiff,    vs    First Valley Bank, Formally, Raymondville State Bank, presently known as Wells Fargo Bank, Defendant, and numbered 97-223, on the Civil Docket of said Court, Plaintiff recovered a judgment against John Roberts for $55,000.00.

NOW, THEREFORE, you are hereby commanded that of the goods and chattels, lands and tenements of the said John Roberts Defendant you cause to be made the sum of $ 55,000.00 and the further sum of $-0- Dollars, cost of suit together with your legal fees, and commissions for collecting the same, and the officer executing this writ shall execute the same according to the law and the mandates hereof, until judgment is paid.

HEREIN FAIL NOT, and have you this writ showing how you have executed the same, together with said monies collected as herein directed, before the above Court at the Courthouse thereof in Raymondville, Texas, showing how you have executed the same within 90 days from the date thereof.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Raymondville, Texas, this the 08th day of December, 2003.

ATTEST:_____Gilbert Lozano_____    DISTRICT CLERK
              138th   District _____    Court, Willacy County, Texas
BY:_____    , Deputy

The rules of civil procedure do not an execution to show upon its face the number of previous executions which have been issued on a judgment. This form can, therefore, be used for the original execution or an alias execution.

– – – – – – – – – * * * RECAP OF FEES * * – – – – – – – – – – – – – –

| | | | | |
|---|---|---|---|---|
| State Court Fee | $ [ 40.00 ] | Clerk | $[ 45.00 ] |
| Law Library | [ 35.00 ] | Stenographer | [ ] |
| Sheriff | [ ] | Constable | [ ] |
| Jury Fee | [ 10.00 ] | TDHS; C.A.R Fund | [ ] |
| Statement of Facts | [ ] | Publication Fee | [ ] |
| Investigation | [ ] | Attorney's Fee | [ ] |
| Guardian Ad Litem | [ ] | Attorney Ad Litem | [ ] |
| Sheriff Out County | [ ] | Civil Processor | [ ] |
| Service by Other | [ ] | Depositions | [ ] |
| Citations    2 | [ ] | Final Judgment | [ ] |
| Writ/Execution | [ 8.00 ] | | [ ] |

Fee Sheet [01] of [01]                    TOTAL Court Cost [ 138.00 ]

                                        Credits        [ 90.00 ]
                                        Total Balance due   [ 138.00 ]

I certify that the above and foregoing Bill of Costs, amounting to $138.00 is a true bill of the costs adjudged against the defendant in the above numbered and entitled cause, wherein this writ of execution is issued.

_____, District Clerk, 138th District Court, Willacy County, Texas
    Gilbert Lozano                    By_____ Deputy

Attorney:
Fleming and Hernandez, P.C.
1650 Paredes Line Road, Seite 102
Brownsville, Texas 78521-1602

Dec 19 03 04:07p     CAMERON COUNTY SHERIFFS     9565440870                    p.3

## SHERIFF'S RETURN

CAME TO HAND The 8 day of Dec. A.D. 200 , 10:00 o'clock A M. And executed a. BROWNSVILLE CAMERON County, Texas on the 8TH day of DEC. A.D. 2003 at 11:00 o'clock A. M. by levying upon and seizing the following described property of the defendant, and situated in CAMERON County, Texas via:

And afterwards, on _____ day of _ _ _ A.D. _ _ , advertised the same for sale at the Court House door of CAMERON County, TEXAS _ _ on the 6TH day of _ JANUARY _ _ A.D. 2004 ___ , being the FIRST TUESDAY of said month (*by an advertisement, in the English language, published once a week for three consecutive weeks preceding such sale, the first publication appearing t ot less than twenty days immediately preceding the day of sale, beginning on the _ _ day of _____ AD _____ in the VALLEY MORNING STAR , A newspaper published in the County of CAMERON , stating in said advertisement the authority by virtue of which said sale was to be made, the time of levying, the time and place of sale, a brief description of the property to be sold, the number of acres, the original survey . its locally in the County and the name by which the land is generally known) . (by written advertisement posted for _ 21 DAYS _____ successive days next before the day of sale at three public places in the County of _ CAMERON _, one of which is at the Court House door of said County, and one was at the place of sale)-; and also,
_ MAILED _ _ _____ one to each of the within named defendants a copy said notice
Delivered of Mailed
of sale; and also mailed a copy of said notice to _ _ _ _ _ _ _ _ _
_ PLAINTIFF AND DEFENDANT _ _ _ _ _ _ _ _ _ _
defendant's attorney of record in said cause.

And on said 6TH day of _ JANUARY _, A.D. 2004 ___ between the hours of 10 o'clock a.m. and 4 o'clock p.m., at the Court House door of said said county OF CAMERON in pursuance to said advertisement, sold said property at public sale to _ _ _ _ _ _ _ _ _ _ _ _ _ _ to whom the same was struck off for the sum of _ _ _ _ _ _ _ _ _ Dollars that being the highest secure bid for the same; and the said _ _ _ _ _ _ _ _ _ _ _ _ having been paid the sum so bid by _ _ h _____ , ] executed it _ _ _ h _ _ a _ _ _ _ _ _ for said property. And after first satisfying the Sheriff's costs accruing under this writ, amounting to the sum of $ _____ an itemized bill of which appears below, and the further sum of $ _____ original Court costs, the remainder, being the sum of $ _____ _ was paid to

whose receipt for the same is herewith presented, and this writ is hereby returned on this t re _____ day of _____ A.D. _____ .
    I have actually and necessarily traveled _____ miles in the service of this writ and in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.
    CONRADO M. CANTU, SHERIFF
    CAMERON COUNTY, TEXAS     By _Danny Huerta_ Deputy, DANNY HUERTA
    *If no newspaper will publish said advertisement, then so state, strike out the first clause and leave the clause showing advertisement "posted," etc. If published in newspaper, strike out the clause in regard to posting.
    +If sale was at Court House of said County, strike out this last clause, but if sale is elsewhere, strike out and make your form read accordingly.

---

| Sheriff's Fees | | File No. Cause 97-223 |
|---|---|---|
| Levy . . . . . . . . . . $ _____ | | EXECUTION |
| Advertising _____ | | |
| Serving __ Notices | | John Roberts, Plaintiff |
| @ __ each _____ | | vs |
| Commissions . . . . _____ | | First Valley Bank, Formerly Raymondville State Bank |
| Making __ Deeds | | |
| @ __ each _____ | | In District Court |
| Executing Writ of | | 138th |
| Possession | | |
| Return of Writ _____ | | Of Willacy County, Texas |
| Mileage __ Miles _____ | | |
| Printer's Fees . . . _____ | | Issued |
| Total . . . . $ _____ | | This 06th day of December A.D. 2003 |
| Original Court | | Gilbert Lozano, District Clerk |
| Costs . . . . . . . . _____ | | By _____ Deputy |
| Total Amount of | | |
| Costs . . . . . . . . | | Filed |

ARB: "No Formal Date"

ursday, May 27, 2004 3:20:03 PM
juested by: VIRGINIA

# Cameron Appraisal District
## 2004 Real Estate Appraisal Card

**:count: 85-6800-0010-0200-00**

ner Name: ROBERTS, JOHN
lress:    PO BOX 1167

          LA FERIA, TX 78559-1167

Alt. Account: R097318
Legal Desc: ABST10 - ORANGE GROVE PARK
BLK I W 6.22E21.224, 1.0000 ACRES

TDCS: (303)-GCC-ILA--SST--SES--CAD
Freeze Yr/Cel: 0/0.00
Exemptions: H - HOMESTEAD
Re-Check Codes:
Appraiser Codes: GC/RAM/
User Codes:        /

| et No: | Street Dir: |
| et Name: RT 1 BOX 300B | Suite/Box: |
| et Type: |
| ation City: 78559 |

Acres:    1.0000

Property Type: RR - REAL RESIDENTIAL
Remarks:

Image ID:

Last Visit: 1/6/1999

**EVIOUS OWNER:**

| es Type: | I/L/B: |
| Source: | Transfer?: N |
| es Date: | Link: |
| lume/Page: / |
| es Amount: |

| ne: | I/L/B: |
| es Type: | Transfer?: |
| Source: | Link: |
| lume/Page: / |
| es Amount: |

v. Owner 2:

v. Owner 3:

| State Code: | A1B |
| Utility: | |
| Road Type: | P |
| Year Built: | 1930 0 |
| Garage Type: | |
| Roof Type: | |
| Basement: | |
| Int.Finish: | |
| Heat/Air: | |
| No.Bedrooms: 0 | |
| Fire Places: 0 | |
| Typical Life: 55 | |
| Phys. Deprec: 70 | |
| Remarks: |

Zone:        A-U
Map ID:      03-01-00

| Eff. Age: | 68 |
| Remodeled: | 0 |
| Foundation: | |
| Material: | |
| Ext.Finish: | |
| Floor Finish: | |
| No. Baths: | 0 |
| Phys.Obs: | 0% |
| Ecion.Obs: | 0% |
| Func.Obs: | 0% |

Agent:
Eff. Date:

Inst.Code:
Exp. Date:

Reason:
Permit No: 0

Month/Yr:    0/0
Value:       $0

## IMPROVEMENT VALUATION (Segment 1 of 7)

| de | Description | SPTB | Year | Hms | Mth | Area | Adj.Rate | %Adj | Story | Adj.Area | %Cmp | %Gd | DPAD | Ori | Value |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | RC-PLEX VENEER 2 | A1B | 1930 | N | U | 1129 | 19.39 | 100% | 1 | 1,129 | 100% | 30% | 0% | S | 6,567 |
| 1 | CARPORT FRAME 1 | | 0 | | R | 528 | 13.52 | 100% | 1 | 528 | 100% | 40% | 0% | A | 2,855 |
| 2 | GARAGE FRAME 2 (GF2) | | 0 | | S | 1056 | 7.68 | 100% | 1 | 1,056 | 100% | 20% | 0% | A | 1,622 |
| | STORAGE FRAME 2 | | 0 | | T | 648 | 5.65 | | 1 | 648 | 100% | 40% | 0% | O | 1,464 |
| | STORAGE FRAME 2 | | 0 | | T | 648 | 5.65 | | 1 | 648 | 100% | 40% | 0% | O | 1,464 |

Total Improvement> SfA:  0%        Value (S/U):  S        13,972

Exh G

Thursday, May 27, 2004  3:20:03 PM
Requested by: VIRGINIA

Page: 1 of 14

## Cameron Appraisal District
## 2004 Real Estate Appraisal Card

ARB: *No Formal Date*

**Account: 85-6800-0010-0200-00**

Owner Name: ROBERTS, JOHN
Address:      PO BOX 1167

LA FERIA, TX 78559-1167

Alt. Account: R097318
Legal Desc: ABST10 - ORANGE GROVE PARK
BLK 1 W 6.22E21.224, 1.0000 ACRES

Acres:      1.0000

TDCS: (303)-GCC-ILA--SST--SES--CAD
Freeze Yr/Cei: 0/0.00
Exemptions: H - HOMESTEAD
Re-Check Codes: /
Appraiser Codes: GC/RAM/
User Codes:       /

Last Visit: 1/6/1999

| Street No: | Street Dir: | Property Type: RR - REAL RESIDENTIAL |
|---|---|---|
| Street Name:  RT 1 BOX 300B | Suite/Box: | Remarks: |
| Street Type: | | Image ID: |
| Location City: 78559 | | |

| | | | |
|---|---|---|---|
| Sales Type: | I/U/B: | State Code: A1B | Zone: A-U |
| Info Source: | Transfer?: N | Utility: | Map ID: 03-01-00 |
| Sales Date: | Link: | Road Type: P | |
| Volume/Page: / | | | |
| Sales Amount: | | Year Built: 1930 0 | Eff. Age: 68 |
| | | Garage Type: | Remodeled: 0 |
| PREVIOUS OWNER: | | Roof Type: | Foundation: |
| | | Basement: | Material: |
| Name: | I/U/B: | Int.Finish: | Ext.Finish: |
| Sales Type: | Transfer?: | Heat/Air: | Floor Finish: |
| Info Source: | Link: | No.Bedrooms: 0 | No. Baths: 0 |
| Sales Date: | | Fire Places: 0 | Phys.Obs: 0% |
| Volume/Page: | | Typical Life: 55 | Econ.Obs: 0% |
| Sales Amount: | | Phys. Deprec: 70 | Func.Obs: 0% |
| | | Remarks: | |
| Prev. Owner 2: | | Agent: | Inst.Code: |
| Prev. Owner 3: | | Eff. Date: | Exp. Date: |

No Image Available

Reason:          Month/Yr:  0/0
Permit No:  0    Value:      $0

## IMPROVEMENT VALUATION (Segment 1 of 7)

| | Area | Mth | Rate | %Adj | Adj.Rate | Story | Adj.Area | %Cmp | %Gd | DPAD | Oti | Value |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1129 | U | 19.39 | 100% | 19.39 | 1 | 1,129 | 100% | 30% S | 0% | S | 6,567 |
| | 528 | S | 13.52 | 100% | 13.52 | 1 | 528 | 100% | 40% | 0% | A | 2,855 |
| | 1056 | S | 7.68 | 100% | 7.68 | 1 | 1,056 | 100% | 20% | 0% | A | 1,622 |
| | 648 | T | 5.65 | | 5.65 | 1 | 648 | 100% | 40% | 0% | O | 1,464 |
| | 648 | T | 5.65 | | 5.65 | 1 | 648 | 100% | 40% | 0% | O | 1,464 |

Total Improvement> SIA:      0%      Value (S/O):      S      **13,972**

| Code | Description | SPTB | Year | Hms | Mth |
|---|---|---|---|---|---|
| 2PV2 | RC-PLEX VENEER 2 | A1B | 1930 | N | |
| CF1 | CARPORT FRAME 1 | | 0 | R | R |
| GF2 | GARAGE FRAME 2 (GF2) | | 0 | R | R |
| TF2 | STORAGE FRAME 2 | | 0 | T | T |
| TF2 | STORAGE FRAME 2 | | 0 | T | T |

Exh G

FILED _19/15_ O'CLOCK _A_ M
AURORA DE LA GARZA DIST. CLERK

DEC 0 1 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS

CAUSE NO. 2003-12-5738

| JOHN ROBERTS | § | IN THE DISTRICT COURT |
| Plaintiff | | |
| | | |
| VS. | § | 107th JUDICIAL DISTRICT |
| | | |
| WELLS FARGO BANK, Formerly | | |
| FIRST VALLEY BANK, Formerly | | |
| RAYMONDVILLE STATE BANK | | |
| Tom Fleming, Dan Huerta, and | | |
| Rolando Olvera | | |
| Defendants | § | CAMERON COUNTY, TEXAS |

## APPLICATION FOR INJUNCTIVE RELIEF

NOW COMES, JOHN ROBERTS, Plaintiff and files this his Application for Injunctive Relief complaining of WELLS FARGO BANK, Formerly, FIRST VALLEY BANK, Formerly RAYMONDVILLE STATE BANK, Tom Fleming, Dan Huerta, and Rolando Olvera, Defendants, and for cause of action Plaintiff would show:

### I. PARTIES

a.   Plaintiff is a resident of La Feria, Cameron County, Texas;

b.   Defendant Wells Fargo Home Mortgage, Inc. is a California Corporation licensed to do business in the State of Texas and who may be reached for service by serving Corporation Service Company, 800 Brazos, Austin County, Texas 78701.

c.   Defendant, Tom Fleming, Trustee is a resident of Cameron County, Texas and maybe reached for service at 1650 Paredes Line Road, Suite 102, Brownsville, Texas 7851-1602.

d.   Dan Huerta, Deputy, Cameron County Sheriff's Dept. in Brownsville, Cameron County, Texas.

e.   Defendant, Rolando Olvera, is a resident of Cameron County, Texas and maybe reached for service at 1650 Paredes Line Road, Suite 102, Brownsville, Texas 78521-160.

SCANNED



EXHIBIT NO. B

## II. PROPERTY

Plaintiff would show that he is the owner of real property located in the City of La Feria, Cameron County, Texas and further described herein as Tract 2: an 8,750.00 square foot tract of land, being the easterly 50. 0 feet of lots numbers twelve (12), thirteen (13), fourteen (14), and the easterly 50 feet of the Northerly ½ of lot number eleven (11), Block number sixteen (16), third addition to the city of San Benito, Cameron County, Texas, according to the Map recorded in volume 2, Page 5, of the Map records of Cameron County, Texas.

Tract 1, the West six and 22/100 (W. 6.22) acres of the east Twenty-one and 224/100 (E. 21.224) acres of Block one (1), in the Orange, Grove Park Subdivision, La Feria Grant, Cameron County, Texas, according to the map or plat of sais subdivision Recorded in Volume 4, Page 11, of the Map records of Cameron County, Texas.

## III. FACTS

Plaintiff would show that he is the owner of the above referenced property; the subject matter of this lawsuit. Plaintiff received knowledge of his property being foreclosed, but did not receive notice. According to information and belief, the property is to be sold on the courthouse steps by the Sheriff's Office on the 2nd of December, 2003. The property being the basis of this lawsuit is Plaintiff's homestead. Plaintiff has a pending action in the Supreme Court of Texas regarding the property in question.

## V. INJUNCTIVE RELIEF/DAMAGE

As a result of the Defendants actions and their failure to abide by the contractual obligations as contained in the Deed of Trust, Defendants have caused Plaintiff damages. Plaintiff has no adequate remedy at law, and is requesting the equitable justice on of this Court to restrain and enjoin the Defendant Wells Fargo from evicting the Plaintiff from his residence during the pendency of this suit. Plaintiff requests this Court to enter a Temporary Restraining Order restraining the Defendants from :

a. causing to issue directly or indirectly a forcible detained action in any Court of competent jurisdiction that would deprive the Plaintiff of use and benefit of his home while this action is pending;
b. employing engaging or contracting with any person, company of firm to sell, alienate or hypothecate Plaintiff's property as herein described during the pendency of this suit;
c. selling, transferring or hypothecating Plaintiff's property during the pendency of this suit; and
d. taking any action that would prohibit Plaintiff from peaceful enjoyment of his home.



Plaintiff requests that this Court set a hearing for the issuance of a temporary injunction pending suit to maintain the status quo of the parties and approve a bond in reasonable amount as required by law. This property includes Plaintiff's homestead.

## VI. RELIEF

Plaintiff requests the equitable jurisdiction of this Court to set aside the Trustee's deed and revive the outstanding mortgage in the terms as previously contracted. In the alternative; if any, Plaintiff requests damages for the reasonable market value of the property in an amount in excess of the minimal jurisdictional limits of this Court. Plaintiff further seeks damages for the extreme mental anguish caused by the Defendants wrongful actions in an amount in excess of the minimal jurisdictional limits of this Court.

**WHEREFORE PREMISES CONSIDERED** plaintiff requests this Court to provide notice to the Defendants, grant the equitable relief and Temporary Restraining Order, and upon hearing that Plaintiff have judgment against the Defendants jointly and severally. Plaintiff prays for any other relief, at law or in equity, which he may be justly entitled to receive.

Respectfully submitted,

Raul A. Guajardo
Attorney at Law
SBN 24029214
909-A Nyssa Ave
McAllen, Texas 78501
Tel. No. (956) 686-1977
Fax No. (956) 686-0469

SCANNED
DEC 0 3 2003

STATE OF TEXAS          ]

CAMERON COUNTY          ]                    <u>AFFIDAVIT</u>

      BEFORE ME, personally appeared John Ocie Roberts, and stated under oath that the following is true and correct and from his personal knowledge:

      My name is John Ocie Roberts . I am competent to testify. I am over the age of eighteen(18) years and have never been convicted of any crime.

      My homestead is being foreclosed on the 1ˢᵗ Tuesday which is December 2, 2003.

      The main issues are pending before the Texas Supreme Court.

      If this Court does not intervene and issues temporary restraining order, I shall be suffering an irreparable injury.

      Affiant further saith naught.

                     John Ocie Roberts

SWORN AND SUBSCRIBED TO BEFORE ME, the undersigned notary, on this the _1st_ day of _December_, 2003, which witness my hand and seal.



LEONOR HILDA RAMIREZ
MY COMMISSION EXPIRES
December 11, 2006

                     Notary Public-State of Texas

Recorded information:    Tract 2: an 8,750.00 square foot tract of land, being the easterly 50. 0 feet of lots numbers twelve (12), thirteen (13), fourteen (14), and the easterly 50 feet of the Northerly ½ of lot number eleven (11), Block number sixteen (16), third addition to the city of San Benito, Cameron County, Texas, according to the Map recorded in volume 2, Page 5, of the Map records of Cameron County, Texas.
Tract 1: the West six and 22/100 (W. 6.22) acres of the east Twenty-one and 224/100.(E. 21.224) acres of Block one (1), in the Orange, Grove Park Subdivision, La Feria Grant, Cameron County, Texas, according to the map or plat of sais subdivision Recorded in Volume 4, Page 11, of the Map records of Cameron County, Texas.

SCANNED

CAUSE NO._____

| | | |
|---|---|---|
| JOHN ROBERTS<br>    Plaintiff | § | IN THE DISTRICT COURT |
| | | |
| VS. | § | _____JUDICIAL DISTRICT |
| WELLS FARGO BANK, Formerly<br>FIRST VALLEY BANK, Formerly<br>RAYMONDVILLE STATE BANK<br>Tom Fleming, Dan Huerta, and<br>Rolando Olvera<br>    Defendants | § | CAMERON COUNTY, TEXAS |

## ORDER

ON THIS THE_____day of_____, 2003, Plaintiff's Application for Injunctive Relief was heard by the Court on Plaintiff's verified petition, without notice to Defendants, and it clearly appears from the specific facts set forth in said verified petition that immediate and irreparable injury, loss and harm will result to Plaintiff before notice can be served on Defendants and a hearing had thereon, unless Defendants are forthwith restrained as prayer for in Plaintiff's petition, in the Plaintiff will lose his property by foreclosure, without a fair opportunity to protect themselves. The Court is therefore of the opinion that Plaintiff is entitled to a temporary restraining order without notice.

It is therefore ordered that the clerk of this Court forthwith issue a temporary restraining order to continue in effect until the conclusion of the hearing on temporary injunction herein after set, or until further order of this Court, restraining and enjoining Defendants and their officers, agents, employees, and attorneys from conducting the Substitute Trustee's Sale on _____day of_____, 2003, of the property described in Plaintiff's Application for Injunctive Relief; provided that Plaintiff shall prior to issuance of such temporary restraining order, file with the clerk of this Court a bond in the amount of $_____, executed by applicant, payable to Defendants and conditioned as the law requires with this sureties.

It is further ordered, that Plaintiff's Application for Temporary Injunction be set for hearing on this Court on this the _____day of_____, 2003.

Signed on this_____day of_____, 2003.

_____
Judge Presiding

FILED 3:15 O'CLOCK P M
AURORA DE LA GARZA DIST. CLERK

JAN 0 2 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
Key Lopez Lo DEPUTY

CAUSE NO. *2004-01-0003-B*

JOHN ROBERTS                  §              IN THE DISTRICT COURT
    Plaintiff


VS.                           §              *138th* JUDICIAL DISTRICT

WELLS FARGO BANK, Formerly
FIRST VALLEY BANK, Formerly
RAYMONDVILLE STATE BANK
Tom Fleming, Dan Huerta, and
Rolando Olvera
    Defendants             §              CAMERON COUNTY, TEXAS

## APPLICATION FOR INJUNCTIVE RELIEF

NOW COMES, JOHN ROBERTS, Plaintiff and files this his Application for Injunctive Relief complaining of WELLS FARGO BANK, Formerly, FIRST VALLEY BANK, Formerly RAYMONDVILLE STATE BANK, Tom Fleming, Dan Huerta, and Rolando Olvera, Defendants, and for cause of action Plaintiff would show:

### I. PARTIES

a.    Plaintiff is a resident of La Feria, Cameron County, Texas;

b.    Defendant Wells Fargo Home Mortgage, Inc. is a California Corporation licensed to do business in the State of Texas and who may be reached for service by serving Corporation Service Company, 800 Brazos, Austin County, Texas 78701.

c.    Defendant, Tom Fleming, Trustee is a resident of Cameron County, Texas and maybe reached for service at 1650 Paredes Line Road, Suite 102, Brownsville, Texas 78521-1602.

d.    Dan Huerta, Deputy, Cameron County Sheriff's Dept. in Brownsville, Cameron County, Texas.

e.    Defendant, Rolando Olvera, is a resident of Cameron County, Texas and maybe reached for service at 1650 Paredes Line Road, Suite 102, Brownsville, Texas 78521-1602.

*Exh I*

## II. PROPERTY

Plaintiff would show that he is the owner of real property located in the City of La Feria, Cameron County, Texas and further described herein as Tract 2: an 8,750.00 square foot tract of land, being the easterly 50. 0 feet of lots numbers twelve (12), thirteen (13), fourteen (14), and the easterly 50 feet of the Northerly ½ of lot number eleven (11), Block number sixteen (16), third addition to the city of San Benito, Cameron County, Texas, according to the Map recorded in volume 2, Page 5, of the Map records of Cameron County, Texas.

Tract 1, the West six and 22/100 (W. 6.22) acres of the east Twenty-one and 224/100 (E. 21.224) acres of Block one (1), in the Orange, Grove Park Subdivision, La Feria Grant, Cameron County, Texas, according to the map or plat of sais subdivision Recorded in Volume 4, Page 11, of the Map records of Cameron County, Texas.

## III. FACTS

Plaintiff would show that he is the owner of the above referenced property; the subject matter of this lawsuit. Plaintiff received knowledge of his property being execution, but did not receive notice. According to information and belief, the property is to be sold on the courthouse steps by the Sheriff's Office on the 6TH of December, 2003. The property being the basis of this lawsuit is Plaintiff's homestead.

Now, the problem the Sheriff has is that the properties that he is executing on have an outstanding lien. And, the Sheriff is going to sell the property when he does not know what the lien is worth. Therefore, when he receives money on the execution, how will he know how much to disburse on each item?

Also, the Sheriff will not know when to stop selling Plaintiff's properties through executions if the Sheriff does not know how much goes to the lienholder.

Also, the Sheriff gave notice by placing the notice allegedly on the courthouse, however, Plaintiff has been, for years, using one of these properties for homestead. Yet the Sheriff did not give notice as required by Section 51.001 et seg. of the Texas Property Code.

The Sheriff is also executing on a judgment for attorney fees. The Constitution of the State of Texas does not allow on attorney fees judgment to be grounds for foreclosure on a homestead.

The Sheriff is going to have an accounting problem because he does not know how to disburse the payment given on the forced sale.

If the Sheriff sells the property with a lien on it, and the only notice it gave was the writ of execution, then the Sheriff is taking property away from Plaintiff without due process.

The property code has special provisions for residential homestead laws and the Sheriff is not following said laws on the instance of Defendant. Plaintiff lives in one of the properties. It is exempt when the foreclosure is for one of three reason none of which are within the purview of the judgment being executed.

### V. INJUNCTIVE RELIEF/DAMAGE

As a result of the Defendants actions and their failure to abide by the contractual obligations as contained in the Deed of Trust, Defendants have caused Plaintiff damages. Plaintiff has no adequate remedy at law, and is requesting the equitable justice on of this Court to restrain and enjoin the Defendant Wells Fargo from evicting the Plaintiff from his residence during the pendency of this suit. Plaintiff requests this Court to enter a Temporary Restraining Order restraining the Defendants from :

a. causing to issue directly or indirectly a forcible detained action in any Court of competent jurisdiction that would deprive the Plaintiff of use and benefit of his home while this action is pending;

b. employing engaging or contracting with any person, company of firm to sell, alienate or hypothecate Plaintiff's property as herein described during the pendency of this suit;

c. selling, transferring or hypothecating Plaintiff's property during the pendency of this suit; and

d. taking any action that would prohibit Plaintiff from peaceful enjoyment of his home.

Plaintiff requests that this Court set a hearing for the issuance of a temporary injunction pending suit to maintain the status quo of the parties and approve a bond in reasonable amount as required by law. This property includes Plaintiff's residential homestead.

### VI. RELIEF

Plaintiff requests the equitable jurisdiction of this Court to set aside the Trustee's deed and revive the outstanding mortgage in the terms as previously contracted. In the alternative;

if any, Plaintiff requests damages for the reasonable market value of the property in an amount in excess of the minimal jurisdictional limits of this Court. Plaintiff further seeks damages for the extreme mental anguish caused by the Defendants wrongful actions in an amount in excess of the minimal jurisdictional limits of this Court.

WHEREFORE PREMISES CONSIDERED plaintiff requests this Court to provide notice to the Defendants, grant the equitable relief and Temporary Restraining Order, and upon hearing that Plaintiff have judgment against the Defendants jointly and severally. Plaintiff prays for any other relief, at law or in equity, which he may be justly entitled to receive.

Respectfully submitted,

John Ocie Roberts, Pro Se
P. O. Box 1167
La Feria, Texas 78589

CAUSE NO. *2004-01-0003-B*

| | | |
|---|---|---|
| JOHN ROBERTS<br>    Plaintiff | § | IN THE DISTRICT COURT |
| | | |
| VS. | § | *138th* JUDICIAL DISTRICT |
| | | |
| WELLS FARGO BANK, Formerly<br>FIRST VALLEY BANK, Formerly<br>RAYMONDVILLE STATE BANK<br>Tom Fleming, Dan Huerta, and<br>Rolando Olvera<br>    Defendants | § | CAMERON COUNTY, TEXAS |

STATE OF TEXAS      ]

CAMERON COUNTY    ]       <u>AFFIDAVIT</u>

FILED___3:15___O'CLOCK___P___M
AURORA DE LA GARZA DIST. CLERK

'JAN 0 2 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_Ray Lopez, Jr._ DEPUTY

BEFORE ME, personally appeared John Ocie Roberts, and stated under oath that the following is true and correct and from his personal knowledge:

My name is John Ocie Roberts . I am competent to testify. I am over the age of eighteen(18) years and have never been convicted of any crime.

My homestead is being foreclosed on the 1st Tuesday which is January 6, 2004. Both of the properties have a first lien. The Sheriff does not even know how is the amount of money on the liens. The Sheriff will not know how to disburse the monies from the sale. He will also not know when the judgment will be satisfied once he sells because of the liens. Also, one of the properties is my residential homestead. This is an execution on a judgment, therefore the property being executed on is my homestead. The Sheriff is executing on my homestead. Since he will not know when the judgment is paid off, he will continue selling all of my other property. It will only be up to Tom Fleming when he will satisfied not when the judgment has been paid for.

If this Court does not intervene and issues a temporary restraining order, I shall be suffering an irreparable injury and I have no adequate remedy at law.

Affiant further saith naught.

John Ocie Roberts

SWORN AND SUBSCRIBED TO BEFORE ME, the undersigned notary, on this the 2nd day of _____, 2004, which witness my hand and seal.

LEONOR HILDA RAMIREZ
MY COMMISSION EXPIRES
December 11, 2008

Notary Public-State of Texas

Recorded information:   Tract 2: an 8,750.00 square foot tract of land, being the easterly 50. 0 feet of lots numbers twelve (12), thirteen (13), fourteen (14), and the easterly 50 feet of the Northerly ½ of lot number eleven (11), Block number sixteen (16), third addition to the city of San Benito, Cameron County, Texas, according to the Map recorded in volume 2, Page 5, of the Map records of Cameron County, Texas.

Tract 1:  the West six and 22/100 (W. 6.22) acres of the east Twenty-one and 224/100.(E. 21.224) acres of Block one (1), in the Orange, Grove Park Subdivision, La Feria Grant, Cameron County, Texas, according to the map or plat of sais subdivision Recorded in Volume 4, Page 11, of the Map records of Cameron County, Texas.

CAUSE NO. _2004-01-0063 · B_

| | | |
|---|---|---|
| JOHN ROBERTS<br>   Plaintiff | § | IN THE DISTRICT COURT |
| VS. | § | _132ᵗʰ_ JUDICIAL DISTRICT |
| WELLS FARGO BANK, Formerly<br>FIRST VALLEY BANK, Formerly<br>RAYMONDVILLE STATE BANK<br>Tom Fleming, Dan Huerta, and<br>Rolando Olvera<br>   Defendants | § | CAMERON COUNTY, TEXAS |

## FIAT

On this the ___ day of _____ 2004, came on to be considered Plaintiff's Application for Injunctive Relief. And it appearing to the Court that a hearing is necessary on this motion, orders that this case be set for a hearing.

THEREFORE, IT IS ORDERED that a hearing be held on this Plaintiff's Application for Injunctive Relief and it is hereby set for the _____ day of _____ 2004, at 9:00 o'clock a.m. in the District Courtroom of Cameron County, Brownsville, Texas.

Signed for entry on this ___ day_____ 2004.

_____

JUDGE PRESIDING

CAUSE NO. _2004-01-0003-B_

| | | |
|---|---|---|
| JOHN ROBERTS<br>Plaintiff | § | IN THE DISTRICT COURT |
| VS. | § | _138th_ JUDICIAL DISTRICT |
| WELLS FARGO BANK, Formerly<br>FIRST VALLEY BANK, Formerly<br>RAYMONDVILLE STATE BANK<br>Tom Fleming, Dan Huerta, and<br>Rolando Olvera<br>Defendants | § | CAMERON COUNTY, TEXAS |

## ORDER

ON THIS THE __5th__ day of __JAN__, 2004, Plaintiff's Application for Injunctive Relief was heard by the Court on Plaintiff's verified petition, without notice to Defendants, and it clearly appears from the specific facts set forth in said verified petition that immediate and irreparable injury, loss and harm will result to Plaintiff before notice can be served on Defendants and a hearing had thereon, unless Defendants are forthwith restrained as prayer for in Plaintiff's petition, in the Plaintiff will lose his property by foreclosure, without a fair opportunity to protect themselves. The Court is therefore of the opinion that Plaintiff is entitled to a temporary restraining order without notice.

It is therefore ordered that the clerk of this Court forthwith issue a temporary restraining order to continue in effect until the conclusion of the hearing on temporary injunction herein after set, or until further order of this Court, restraining and enjoining Defendants and their officers, agents, employees, and attorneys from conducting the Substitute Trustee's Sale on _6th_ day of January, 2004, of the property described in Plaintiff's Application for Injunctive Relief; provided that Plaintiff shall prior to issuance of such temporary restraining order, file with the clerk of this Court a bond in the amount of $_____, executed by applicant, payable to Defendants and conditioned as the law requires with this sureties.

It is further ordered, that Plaintiff's Application for Temporary Injunction be set for hearing on this Court on this the _____ day of_____, 2004.

Signed on this_____day of_____, 2004.

_/s/_
_____
Judge Presiding

1                    REPORTER'S RECORD

2                  VOLUME 1 OF 1 VOLUMES

3          TRIAL COURT CAUSE NO. 2003-12-5738-A

4   - - - - - - - - - - - - - - - - x
                                    :
5   JOHN ROBERTS                    : IN THE DISTRICT COURT
                                    :
6   VS.                             : 107TH JUDICIAL DISTRICT
                                    :
7   WELLS FARGO BANK, FORMERLY      :
    FIRST VALLEY BANK, FORMERLY     :
8   RAYMONDVILLE STATE BANK,        :
    TOM FLEMING, DAN HUERTA         :
9   AND ROLANDO OLVERA              : CAMERON COUNTY, TEXAS
                                    :
10  - - - - - - - - - - - - - - - - x

11

12  ************************************************************

13        HEARING ON MOTION FOR CONTINUANCE
                          AND
14    HEARING ON APPLICATION FOR INJUNCTIVE RELIEF

15  ************************************************************

16       On the 8th day of December 2003, the following

17  proceedings came on to be heard in the above-entitled and

18  numbered cause before the Honorable Robert Barnes, Judge

19  Presiding, held in Brownsville, Cameron County, Texas.

20       Proceedings reported by machine shorthand.

21

22

23

24

25                    COPY                    Exh J

```
 1                    A P P E A R A N C E S

 2          TOM FLEMING
            SBOT NO. 07133000
 3          1650 Paredes Line Rd., Suite 102
            Brownsville, Texas 78521
 4          Telephone:  (956) 982-4404
            Fax:  (956) 982-0943
 5          ATTORNEY FOR DEFENDANTS

 6
                              - - -
 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                    CHRONOLOGICAL INDEX

2    DECEMBER 8, 2003                              PAGE

3    Case called for announcements....................4

4    **Hearing on Motion for Continuance**.................4

5    Mr. Fleming's argument...........................4

6    Court's ruling...................................7

7    **Hearing on Application for Injunctive Relief**......7

8    DEFENSE WITNESSES:

9    NAME                    DX    CX    RDX    RCX

10   Huerta, Daniel           8

11   Huerta, Daniel          13
     (recalled)

12   Mr. Fleming's summation..........................17

13   Court's ruling...................................20

14   End proceedings..................................21

15   Court Reporter's Certificate.....................22

16                            - - -

17

18

19

20

21

22

23

24

25

```
 1                     P R O C E E D I N G S
 2              December 8, 2003
 3              8:30 a.m.
 4                     THE COURT:  The first thing the court is
 5    going to take up is the Motion for Continuance filed on
 6    September 5th.
 7                     MR. FLEMING:  May I address that issue,
 8    Your Honor?
 9                     THE COURT:  I don't see anybody for the
10    plaintiff.
11                     MR. FLEMING:  I don't either, and if I
12    might address that very issue.
13                     THE COURT:  Go ahead.
14                     MR. FLEMING:  I served opposing counsel
15    with a copy of our original answer on the 4th day of
16    December, served it by both fax and by certified mail.
17    We have an indication that the fax went through.
18                     Then he called me on the 5th of December,
19    which was Friday, and asked me if I would agree to
20    continue this matter, and I told him I could not because
21    I needed to get it re-posted for the month of January --
22    or for the sheriff's office to get it re-posted for the
23    month of January, and I would not and could not agree to
24    a continuance.  And he stated that was fine, and he would
25    see me on Monday.
```

1            I do not have a copy of his motion for

2    continuance, but I feel it's well not taken, simply

3    because, number one, he waited until the 5th day of

4    December to file it, and, number two, he asked for this

5    hearing by virtue of asking for a temporary restraining

6    order and a temporary injunction.

7            If the court will have noted our answer,

8    both our original answer and our first amended which I

9    filed this morning, the only difference between the two

10   is that we have left out limitations as an affirmative

11   defense.  We have included it in our first amended.

12           And if you look at our answer, you'll see,

13   if you compare the exhibits to our answer to the

14   Application for Temporary Restraining order and Temporary

15   Injunction, you'll see there's a great deal of difference

16   between the two.

17           This was an execution by virtue of a writ

18   of execution issued by the Willacy County district clerk.

19           The plaintiff's petition alleges this is

20   some type of a foreclosure on a deed of trust by the

21   sheriff.  Of course, anybody who's been around more than

22   15 minutes in the practice of law knows the sheriff

23   doesn't handle deeds of trusts and foreclosures.

24           It's a verified pleading signed by Mr.

25   Roberts verifying it's true and correct.

6

```
 1            Well, it's not true and correct, because
 2    it sets out all kinds of things that have nothing to do
 3    with the foreclosure on a writ of execution.
 4            We believe that the pleading is
 5    fictitious.  We believe it subjects both counsel and his
 6    client to sanctions.
 7            The TRO was issued on a $500 bond.  It
 8    cost -- and it's in our pleading, and I have proof of
 9    it -- it cost $976, or something like that, just to
10    publish the notifications required by law in order to
11    handle a writ of execution.
12            I ask the court -- and I'll introduce
13    this, but we paid from our firm the sum of $976.32 to the
14    Brownsville Herald for publication four times of the
15    notice required by the statutes and by the rules for this
16    foreclosure.
17            We would ask -- Ultimately, we will ask --
18    and I'm advising the court at the present time -- we will
19    be asking for forfeiture of the $500 bond as an offset
20    against that amount of money.
21            We would also ask the court to impose
22    sanctions, as I say, for fictitious and false pleadings
23    against both counsel and his client, Mr. John Roberts.
24            We're going to have to reset this thing --
25    We are going to ask the sheriff's office to reset this
```

1   for January for foreclosure, the first Tuesday in

2   January.

3              Mr. Guajardo, as far as the motion for

4   continuance is concerned, states he is a prosecutor, and

5   he has to attend to Willacy County's criminal docket.

6   The 138th Judicial District Court has been scheduled to

7   be in Willacy County now for a year on this date.

8              If Mr. Guajardo did not know that at the

9   time he asked for the hearing to be set on the 8th on

10  this injunction, then that's his problem.

11             It appears to me he is asking for more

12  than he is entitled to.  When you go in and ask for an

13  injunction and get something set, I believe it's

14  incumbent upon you to be there and set aside all other

15  matters which you might have.

16             We ask that the motion for continuance be

17  denied.

18             THE COURT:  The motion for continuance

19  will be denied.

20             MR. FLEMING:  Your Honor, we are present

21  and ready to go on the application for an injunction by

22  the plaintiff.

23             THE COURT:  Go ahead, sir.

24             MR. FLEMING:  We would call Danny Huerta.

25             THE COURT:  Raise your right hand, please.

8

**DANIEL HUERTA,**

2   having been first duly sworn, testified as follows:

3   **DIRECT EXAMINATION**

4   BY MR. FLEMING:

5       Q.   Mr. Huerta, would you state your full name,

6   please.

7       A.   My name is Daniel Huerta.

8       Q.   How are you employed, sir?

9       A.   I'm employed by the Cameron County Sheriff's

10   Department.

11       Q.   In what capacity?

12       A.   As a deputy sheriff, assigned to the civil

13   process division.

14       Q.   All right.  Do you handle things like writs of

15   execution and foreclosures under those writs?

16       A.   Correct, sir.

17       Q.   Is that your primary function?

18       A.   Correct.

19       Q.   Mr. Huerta, did you receive from anyone a writ

20   of execution on certain properties belonging to John

21   Roberts?

22       A.   Yes, I did.

23       Q.   I show you what has been marked as Defendants'

24   Exhibit No. 1.  Is that copy of that writ of execution

25   you received?

1      A.    Yes.

2      Q.    What did you do with that writ once you

3   received it?

4      A.    We have procedures that we need to follow at

5   our department, policies.  We received the execution.  We

6   logged it into our computer system, and right after then

7   we executed on a property that your law office told us to

8   execute on.

9      Q.    Did you cause a publication to be made in a

10  newspaper of general circulation in Cameron County

11  concerning this foreclosure?

12     A.    Yes, sir, the Brownsville Herald, according to

13  the rules and statutes we have to follow.

14     Q.    Did you pay for the fees for that publication

15  or did counsel?

16     A.    Counsel is the one who paid for that fee.

17     Q.    All right.  Were you served with any type of

18  process through the district courts in Cameron County to

19  stop that foreclosure?

20     A.    Correct.  I was served with an injunction.

21     Q.    Did you stop the foreclosure?  Did you pull it?

22     A.    Yes, sir.

23     Q.    What's the latest date by which you can re-post

24  this foreclosure in January?

25     A.    For January, it has to be done this month

10

1    immediately for January, the first of January.

2        Q.    It would have to be 21 days prior to the

3    first --

4        A.    Twenty-one days prior that.

5        Q.    Mr. Huerta, after you became involved in this

6    matter -- Well, let me back up a little bit.  After you

7    received the writ of execution, did you find Mr. Roberts

8    to serve this on him?

9        A.    I had a hard time trying to get ahold of him.

10   I called his mobile, and I dealt with him before, and I

11   know it was him over the phone; and he told me he was out

12   of town.  He was out of town, and I never got to serve

13   him with the writ of execution.

14       Q.    All right.  But you attempted to?

15       A.    I attempted to a lot of times.

16       Q.    Did you leave him messages as to why you were

17   calling him?

18       A.    Yes.  And the person I spoke to over the phone

19   knew -- I told him to relay the message that I really

20   needed to talk him over the phone.

21       Q.    Did you tell him you had a writ of execution

22   for him?

23       A.    Correct.

24       Q.    And that you were going to seize three pieces

25   of property?

1    A.    Correct.

2    Q.    After you did that, did you receive any type of

3  service of what is marked as a notice and demand from Mr.

4  Roberts?

5    A.    Correct.

6    Q.    I show you what's been marked as Defendants'

7  Exhibit No. 2.  Is that a copy of what you received from

8  Mr. Roberts after you notified him or attempted to notify

9  him of the writ of execution?

10    A.    Correct.  This is the same format.

11              MR. FLEMING:  Your Honor, we would ask

12  that Defendants' Exhibits 1 and 2 be received.

13              THE COURT:  There being no objection, they

14  will be received.

15              **(Defendants' Exhibits 1 and 2 admitted)**

16              MR. FLEMING:  Thank you, Mr. Huerta.

17              Your Honor, as an officer of the court, we

18  have a number of documents we would like the court to

19  consider in this matter, the first being Exhibit No. 3.

20              Defendants' Exhibit No. 3 is a copy of the

21  receipt from the Brownsville Herald and a copy of our

22  firm's general account tear-off of the check that was

23  given to the Brownsville Herald, and I submit this to the

24  court as an officer of the court, unless the court would

25  like to swear me in to testify to it.  Otherwise, I will

1　ask the court to receive it as Exhibit No. 3.

2　　　　　THE COURT:  Without objection, it will be

3　admitted.

4　　　　　**(Defendants' Exhibit 3 admitted)**

5　　　　　MR. FLEMING:  Also, Your Honor, the

6　plaintiff's petition alleges this matter is before the

7　Supreme Court of the State of Texas.

8　　　　　We would submit to the court a letter from

9　the Supreme Court of Texas, Andrew Weber, clerk, to

10　counsel in the matter involving Mr. Roberts and this

11　bank, stating that today the Supreme Court of Texas

12　denied the petition for review in the above styled case.

13　　　　　We would ask the court to accept this as

14　Exhibit No. 4.

15　　　　　THE COURT:  Without objection, it will be

16　accepted.

17　　　　　**(Defendants' Exhibit 4 admitted)**

18　　　　　MR. FLEMING:  Exhibit No. 5, Your Honor,

19　is the order and opinion from the 13th Court of Appeals,

20　affirming the opinion of the trial court, granting

21　judgment against Mr. Roberts, and we would ask that

22　Defendants' 5 be received.

23　　　　　THE COURT:  Without objection it will be

24　received.

25　　　　　**(Defendants' Exhibit 5 admitted)**

1          MR. FLEMING:  Exhibit No. 6 is the

2    abstract of judgment filed on August 27 of 2002,

3    regarding the judgment, and we would ask the court to

4    receive that.

5          THE COURT:  Without objection, the court

6    will receive Defendants' Exhibit No. 6.

7              **(Defendants' Exhibit 6 admitted)**

8          MR. FLEMING:  Defendants' Exhibit No. 7,

9    Your Honor, is the -- Pardon me, Your Honor.  This is a

10   Notice of Sheriff's Sale.  Mr. Huerta, would you take the

11   stand again, if I might recall Mr. Huerta.

12         THE COURT:  All right.  I will advise Mr.

13   Huerta he is still under oath.

14              **DANIEL HUERTA,**

15     having been previously sworn, testified as follows:

16              **DIRECT EXAMINATION (RESUMED)**

17   BY MR. FLEMING:

18       Q.   Mr. Huerta, I show you what has been marked as

19   Exhibit No. 7.  Do you recognize that document?

20       A.   Yes, sir.  This is the Notice of Sheriff's Sale

21   from our department.

22       Q.   Is that the notice that was posted for

23   foreclosure on the writ of execution?

24       A.   Correct.

25       Q.   Does it include a description of the three

1    pieces of property owned by Mr. Roberts which you were

2    going to foreclose upon?

3        A.    Correct.

4                MR. FLEMING:  Your Honor, we would ask

5    that Defendants' Exhibit No. 7 be received.

6                THE COURT:  Without objection, Exhibit No.

7    7 will be received.

8            **(Defendants' Exhibit 7 admitted)**

9                MR. FLEMING:  Thank you, Mr. Huerta.

10               Your Honor, I believe that -- These are

11   matters which have to do with the merits of the case,

12   because it indicates the frame of mind of the person with

13   whom we are dealing and deals with our request for

14   sanctions.

15               After Mr. Huerta attempted to serve a writ

16   of execution on Mr. Roberts, Defendants' Exhibit No. 8

17   was received by me, along with Exhibits 9 and 10,

18   directly from Mr. Roberts.  We would ask that the court

19   receive Defendants' Exhibit No. 8.

20               THE COURT:  Without objection, Defendants'

21   No. 8 will be received.

22           **(Defendants' Exhibit 8 admitted)**

23               MR. FLEMING:  Defendants' Exhibits 9 and

24   10 were received at the same time by me as Exhibit No. 8,

25   and also are indicative of the type of individual with

1    whom we're dealing in support of our request for

2    sanctions, and we would ask that 9 and 10 be received.

3                    THE COURT:  Nos. 9 and 10, without

4    objection, will be received.

5                    **(Defendants' Exhibits 9 and 10 admitted)**

6                    MR. FLEMING:  Thank you, Your Honor.  I

7    believe that completes our case.

8                    THE COURT:  Mr. Fleming, in looking at

9    Exhibit No. 8, I'm not quite sure I understand what Mr.

10   Roberts is attempting to do here.

11                   MR. FLEMING:  Mr. Roberts is a past master

12   at filing ridiculous pleadings, and he filed that claim

13   against both Mr. Huerta and I, attempting to claim what

14   he called a common-law lien against our hand signatures.

15                   I have already had a finding by the 197th

16   District Court that such a lien does not exist.  There

17   has been an order entered, and that order has been filed

18   with the county clerk's office last week, doing away with

19   those liens.

20                   But if you will notice, Exhibits 9 and 10

21   are also ridiculous.  Nine and 10 are attempts by Mr.

22   Roberts to file lien claims again his own property under

23   all kinds of -- two of the three properties that are

24   subject to foreclosure, under some type of a common-law

25   lien approved by the courts of Massachusetts, he claims.

1   Of course, we all know that has nothing to do with the

2   real estate in the State of Texas.

3             He has filed all kinds of pleadings.  If

4   the court will read the opinion by the 13th Court, you'll

5   find it's a memorandum opinion.  It's a memorandum

6   opinion because no one could figure out what facts he was

7   alleging in his pleadings before the 13th Court.

8             So the 13th Court, in an opinion by

9   Justice Hinojosa, if I might demonstrate to the court,

10  starts out its opinion by saying:  "As this is a

11  memorandum opinion, and the parties are familiar with the

12  facts, we will not recite them all here."

13            They couldn't recite them because nobody

14  knew what the heck he was alleging in his pleadings.  I

15  got a kick out of that.

16            But he alleged in the lawsuit in general,

17  Your Honor, just in order for you to understand the type

18  of person we're dealing with, he alleged in his lawsuit

19  against the bank that the bank had agreed to loan him

20  $100,000, but had not made that loan because they didn't

21  give him the cash, but rather credited his checking

22  account and, therefore, it was not a loan of cash.  And a

23  loan, without the transfer of cash in hand, is not a loan

24  and, therefore, he didn't owe the bank any money.

25            THE COURT:  Well, that's at least a unique

1   allegation.

2   　　　　MR. FLEMING:  Then he attempted to repay

3   the $100,000-plus loan by transferring and bringing into

4   the bank 100,000 Bolivian dollars, which had a total

5   value on the currency exchange of $38.50 at the time of

6   transfer, and then demanded that the note be marked off

7   or be charged off and given to him as paid because he had

8   in fact delivered $100,000 to the bank.

9   　　　　The trial court, of course -- We were

10   granted summary judgment; the 13th Court affirmed the

11   summary judgment, and the Supreme Court has denied the

12   petition for review.

13   　　　　We believe that his spurious

14   allegations --

15   　　　　THE COURT:  Where did his attorney come

16   into this?

17   　　　　MR. FLEMING:  He didn't have an attorney.

18   He's had various attorneys, none of whom stuck with him.

19   This attorney just appeared when we got the writ of

20   execution and Mr. Huerta served it and posted it and

21   attempted to fulfill it.

22   　　　　Mr. Guajardo just appeared out of Hidalgo

23   County.  I started to say out of nowhere, but he appeared

24   out of Hidalgo County.

25   　　　　THE COURT:  That's pretty much nowhere,

1   since that's where I come from also.

2            MR. FLEMING:  But he just -- I attempted

3   to -- I asked him if he had read the answer that I had

4   sent over to him on Thursday -- and this was Friday --

5   and he said he had not read it.

6            I asked him if he had read the exhibits

7   that were attached to the answer that indicated and

8   demonstrated and showed that this was a writ of execution

9   and not an execution on a deed of trust, and he said he

10  hadn't quite gotten around to that.

11           So I guess the only thing he got around to

12  was filing a motion for continuance.  I don't know, Your

13  Honor.

14           I have prepared an order for the court,

15  assuming he would be here as he said he would be here.

16  The court may have to make certain interlineations.

17           We've asked in that order and again we've

18  set out a forfeiture of the $500 bond directed to the

19  bank.

20           We've set out a blank for the court to

21  fill in if it chooses to assert sanctions or to issue

22  sanctions against anyone.  We left a blank for both the

23  amount and the name of the person.

24           THE COURT:  Do you have a suggestion?

25           MR. FLEMING:  Your Honor, I think in this

1  particular instance, counsel is guilty of fraudulent
2  pleadings, fictitious pleadings, as is his client,
3  because no lawyer knows -- every lawyer knows that the
4  sheriffs' departments don't handle deeds of trusts in
5  lien foreclosures.
6          Number two, he knew that both Rolando
7  Olvera and I had been involved as counsel for the bank
8  from the trial court to the supreme court by virtue of
9  the pleadings, if nothing else, and by virtue of the
10 opinion of the 13th Court, if nothing else, and by virtue
11 of the denial of the petition for review by the Supreme
12 Court, if nothing else.
13         Counsel chose to file a pleading which
14 makes no sense -- I know the court has reviewed it, and
15 it makes no sense -- and asked for a TRO ex parte, which
16 in my mind is wrong and subjects you to sanctions.
17         The old saying that we all used to laugh
18 at, "There's no parte like ex parte," was always a joke.
19 But some lawyers seem to think that's the way you are
20 supposed to practice law.
21         We would ask that sanctions be imposed
22 against both counsel and Mr. Roberts to the tune of at
23 least a thousand dollars.
24              THE COURT:  Let's fill that in for $5,000.
25              MR. FLEMING:  Against both, Your Honor?

1          THE COURT:  Yes.  And in the application

2    for injunctive relief, Mr. Roberts comes in and asks

3    apparently for injunctive relief against, not only the

4    bank, but against Counsel Tom Fleming, Mr. Dan Huerta,

5    and Counsel Rolando Olvera; and nowhere in the pleading

6    are there any facts set forth as to why Mr. Fleming, Mr.

7    Huerta and Mr. Olvera have damaged anybody.

8          I was really kind of hoping Mr. Roberts or

9    his attorney would show up and tell me where in the

10   pleadings they are asking for any damages against

11   anybody.  I don't see that.

12         The application for injunctive relief is

13   denied; sanctions in the amount of $5,000 will be granted

14   against both the attorney and his client, and the $500

15   bond will be forfeited as a setoff against the sanctions

16   judgment against the parties.

17         MR. FLEMING:  Your Honor, I believe I have

18   filled this out correctly.  I filled it out against John

19   Roberts and/or Raul Guajardo.

20         THE COURT:  I'm also -- Let's get off the

21   record for just a minute, Jack.

22         **(At the bench, off the record)**

23         THE COURT:  All costs will be entered

24   against the plaintiff and his attorney, jointly.  I don't

25   think you had that in your order.

```
 1              MR.  FLEMING:  No, I didn't, Your Honor.
 2              THE  COURT:  It's doubtful we'll get
 3  anything anyway.
 4              MR.  FLEMING:  I agree with you.  I just
 5  want to get that $500.
 6              THE  COURT:  That will help, won't it?
 7              MR.  FLEMING:  Yes, sir.  Thank you.  That
 8  completes our business.  May we be excused?
 9              THE  COURT:  Y'all may be excused.
10                   (End proceedings)
11                      - - -
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1  THE STATE OF TEXAS:

2  COUNTY  OF CAMERON:

3  **CERTIFICATE OF COURT REPORTER**

4      I, JOHN R. CORR, Official Court Reporter in and for

5  the District Courts of Cameron County, State of Texas, do

6  hereby certify that the above and foregoing contains a

7  true and correct transcription of all portions of

8  evidence and other proceedings requested in writing by

9  counsel for the parties to be included in this volume of

10  the Reporter's Record, in the above-entitled and numbered

11  cause, all of which occurred in open court or in chambers

12  and were reported by me.

13      I further certify that this Reporter's Record of the

14  proceedings truly and correctly reflects the exhibits, if

15  any, admitted into evidence, but upon request were not

16  included and attached as part of the record.

17      WITNESS MY OFFICIAL HAND on this the 6th day of

18  January 2004.

19

20                          _____

21                          JOHN R. CORR, Texas CSR 663
                            Expiration Date:  12/31/2004
22                          Official Court Reporter
                            Cameron County, Texas
23                          974 East Harrison Street
                            Brownsville, Texas 78520
24                          (956) 544-0874

25

CAUSE NO. 2003-12-5738-A

| | | |
|---|---|---|
| JOHN ROBERTS | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| WELLS FARGO BANK, Formerly | § | 107TH JUDICIAL DISTRICT |
| FIRST VALLEY BANK, Formerly | § | |
| RAYMONDVILLE STATE BANK | § | |
| Tom Fleming, Dan Huerta, and | § | |
| Rolando Olvera, | § | |
|     Defendants | § | CAMERON COUNTY, TEXAS |

## MOTION TO FIND PLAINTIFF A VEXATIOUS LITIGANT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, Defendants **Wells Fargo Bank, Tom Fleming and Rolando Olvera** and file this their motion requesting the Court find Plaintiff **John Roberts** a vexatious litigant pursuant to Civil Practice and Remedies Code § 11.001 *et seq.* and would show:

### I.

Defendants would show that Plaintiff **John Roberts** has in the seven-year period immediately preceding the date of filing of this motion commenced, prosecuted or maintained in *propria persona* at least five litigations other than in a small claims court that have either (a) been finally determined adversely to the Plaintiff or (b) been permitted to remain pending at least two years without having been brought to trial.

*Exh K-1*

## II.

The suits commenced, prosecuted or maintained in *propria persona* by Plaintiff

to which this motion refers are as follows:

1.  *John Roberts v. First Valley Bank, et al.*, Cause No. 97-223 in the 138th District Court of Willacy County, Texas which became final on October 3, 2003 when the Supreme Court of Texas denied Plaintiff's Petition for Review. *See* Exhibit A.

2.  *John Ocie Roberts v. Manuel Alberto Martinez, et al.*, Cause No. 2000-02-000632 in the 103rd District Court of Cameron County, Texas which became final on February 19, 2001 when the case was dismissed for want of prosecution. *See* Exhibit B.

3.  *John Ocie Roberts v. Eleanor Carte and A. C. Carte*, Cause No. 2000-09-003842 in the 197th District Court of Cameron County, Texas which became final on April 4, 2001 upon entry of an order dismissing case-in-chief. *See* Exhibit C.

4.  *John Ocie Roberts v. Eleanor Carte et al.*, Cause No. 2002-01-000252 in the 357th District Court of Cameron County, Texas which has remained pending for two years without having been brought to trial. *See* Exhibit D.

5.  *John Ocie Roberts v. City of La Feria*, Cause No. 2003-08-003906 in the 107th District Court of Cameron County, Texas which became final on November 14, 2003 upon entry of an order of dismissal on Defendant's motion. *See* Exhibit E.

## III.

Further, Plaintiff **John Roberts** has attempted and continues to attempt to

re-litigate, in *propria persona*, causes of action, claims, controversies or other issues

of law or fact concluded by the final determination of the judiciary when the prevailing

parties therein are the parties against whom Plaintiff continues such litigation.

This action violates C.P.R.C. § 11.054(2).

Such action is demonstrated by Plaintiff's Complaint in *John Roberts v. Wells Fargo Bank and Tom Fleming*, Civil Action No. B-04-002 in the United States District Court for the Southern District of Texas, Brownsville Division, a copy of which is attached hereto as Exhibit F.

## IV.

Defendants are entitled to have this Court order Plaintiff to furnish security in an amount sufficient to compensate Defendants for their reasonable expenses incurred in or in connection with the litigation commenced by Plaintiff, including costs and attorney's fees if the Court determines that Plaintiff is a vexatious litigant. This security should be paid on or before a date certain set by the Court or the litigation should be dismissed.

## V.

In the event the Court finds that Plaintiff is a vexatious litigant, this Court should enter its order prohibiting **John Roberts** from filing, in *propria persona*, new litigation in a court in this state without first receiving permission from the Cameron County Administrative Judge.

Defendants pray this Court find **John Roberts a/k/a John Ocie Roberts** to be a vexatious litigant and enter its order requiring **John Roberts** to provide security on or before a date certain in an amount equal to Defendants' reasonable expenses incurred in this litigation, including costs and attorney's fees or face dismissal. In the event the Court finds **John Roberts a/k/a John Ocie Roberts** to be a vexatious litigant, Defendants pray the Court enter its order prohibiting **John Roberts** under any name

from filing, in *propria persona*, new litigation in a court in this state without first

receiving permission from the Cameron County Administrative Judge.

Defendants further pray for their costs and for general relief.

DATED: January 22, 2004.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602
Telephone: (956) 982-4404
Telecopier: (956) 982-0943

by: _____
Tom Fleming
State Bar of Texas No. 07133000
Cameron County I.D. No. 270601

**ATTORNEYS FOR DEFENDANTS.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing MOTION TO FIND PLAINTIFF

A VEXATIOUS LITIGANT was served January 22, 2004 in the manner(s) indicated below

upon the following Counsel-of-record:

COUNSEL FOR PLAINTIFF, JOHN ROBERTS:
Raul A. Guajardo
909-A Nyssa Ave.
McAllen, Texas 78501
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 2030 0007 1000 1542)*

_____
Tom Fleming

*EXHIBITS A - F*, inclusive
TO
**MOTION TO FIND PLAINTIFF A VEXATIOUS LITIGANT**

Cause No. 2003-12-5738-A
In The 107TH Judicial District Court
Cameron County, Texas

*John Roberts, Plaintiff*
*vs.*
*Wells Fargo Bank, Formerly*
*First Valley Bank, Formerly*
*Raymondville State Bank*
*Tom Fleming, Dan Huerta, and Rolando Olvera,*
*Defendants*



**THE SUPREME COURT OF TEXAS**
Post Office Box 12248
Austin, Texas 78711

(512) 463-1312

October 03, 2003

Mr. John Ocie Roberts
P.O. Box 1167
La Feria, TX 78559

Mr. Tom Fleming
Fleming & Hernandez, P.C.
1650 Paredes Line Rd., Suite 102
Brownsville, TX 78521-1602

RE:    Case Number:  03-0756
       Court of Appeals Number:  13-01-00207-CV
       Trial Court Number:  97-223

Style:  JOHN OCIE ROBERTS
        v.
        FIRST VALLEY BANK, FORMALLY RAYMONDVILLE STATE BANK AND J.
        ROLANDO OLVERA

Dear Counsel:

    Today, the Supreme Court of Texas denied the petition for review in the above styled case.

Sincerely,

*Andrew Weber*

Andrew Weber, Clerk

by Nancy Vega, Chief Deputy Clerk

cc:  Mr. S.V. "Chago" Fonseca
     Ms. Cathy Wilborn Clerk

EXHIBIT NO. A

PRO SE ✓

RUN DATE 01/06/04
RUN TIME  9:14 AM

DOCKET LITIGANT LISTING - DISTRICT CLERK
2000-02-000632

| SEQ# | LITIGANT | ID | ATTORNEY |
|---|---|---|---|
| INTERVENOR | | | |
| 4.001.01 | JOHN OCIE ROBERTS | 60341101 | JOHN OCIE ROBERTS |
| | | 00077301 | HON. ANGELA P. NIX |
| DEFENDANT | | | |
| 5.002.01 | MANUEL ALBERTO, ETAL MARTINEZ | 00419001 | HON RICHARD LEE GARZA |

EXHIBIT NO. B

```
━━━━━━━━━━━━━━━ * * * DISTRICT CIVIL CASE PROCESSING * * * ━━━━━━━━━
Cause #   [2000-02-000632-D]   AG # [          ]   Date filed [02/07/00]
Style     [JOHN OCIE ROBERTS, INTERVENOR          ]   #Pla [001]
      vs  [MANUEL ALBERTO MARTINEZ, ET AL         ]   #Def [001]
Case type [10]  LAC__ Cause of Action [DAMAGES         ]
Comment   [SEVERED FROM CAUSE NUMBER 1997-05-002134] Case Status [DISP] Jury [N]
━━━━━━━━━━━━━━━━━ * * * CASE INQUIRE * * * ━━━━━━━━━━━━━━━━━
━━━━━━━━━━━━━━━ * * * LITIGANTS* * * * ━━━━━━━━━━━━
           Seq#      Litigant                         Date entered
       1 [4.001.01] [JOHN OCIE ROBERTS            ]   [02/07/00]
       2 [5.002.01] [MANUEL ALBERTO, ETAL MARTINEZ ]  [02/07/00]
       3 [        ] [                             ]   [        ]
       4 [        ] [                             ]   [        ]
       5 [        ] [                             ]   [        ]
━━━━━━━━━━━━━━━ * * * FINAL ORDERS * * * ━━━━━━━━━━━
     Order                        Date signed
   1 [DISMISSED FOR WANT OF PROSECUTION  ] [02/19/01] [              ]
   2 [                                   ] [        ] [              ]
   3 [                                   ] [        ] [              ]
   4 [                                   ] [        ] [              ]

                    ENTER SELECTION [ ]
```

PAGE: 01

2000-02-000632-D

* * * * C L E R K ' S   E N T R I E S * * * *

```
                                              02      07      00

                                     (10)
```

60341101
JOHN OCIE ROBERTS
BOX 1167
LA FERIA, TEXAS          78559 0000

TS, INTERVENOR

00419001
HON RICHARD LEE GARZA
315 EAST EUDID
SAN ANTONIO, TEXAS       78212 0000

ARTINEZ, ET AL                          DAMAGES

SE SEVERED FROM CAUSE NO. 97-05-2134-D, AS PER
IED COPY OF ORDER OF SEVERENCE SIGNED FOR ENTRY..MMRJ/     02/07/00  ORDER GRANTING PLAINTIFF'S MOTION TO
RD                                                                   STRIKE PLEA OF INTERVENTION
ROP DOCKET                                                 02/07/00  LITIGANT(S) SEVERED FROM CAUSE#
) FOR WANT OF PROSECUTION    MMURRAYJR/CW                            1997-05-002134-D
                                                           02/07/00  ORIGINAL ANSWER: MANUEL ALBERTO, ETAL
                                                                     MARTINEZ
                                                           09/27/00  DROP DOCKET NOTICES MAILED
                                                           03/09/01
                                                           03/09/01  REC MGT BOX 69
                                                           03/09/01
                                                           03/12/03  REC MGT BOX 20
```

PRO SE ✓

RUN DATE 01/06/04
RUN TIME 9:14 AM

DOCKET LITIGANT LISTING - DISTRICT CLERK
2000-09-003842

| SEQ# | LITIGANT | ID | ATTORNEY |
|------|----------|-----|----------|
| **PLAINTIFF** | | | |
| 0.001.01 | JOHN OCIE ROBERTS | 60341101 | JOHN OCIE ROBERTS |
| **DEFENDANT** | | | |
| 5.002.01 | ELEANOR CARTE | 00003609 | HON. KEITH UHLES |
| 5.003.01 | AC CARTE | 00005609 | HON. KEITH UHLES |
| 5.004.01 | CELESTE BOWMAN | 00000000 | |

EXHIBIT NO. C

```
━━━━━━━━━━━ * * * DISTRICT CIVIL CASE PROCESSING * * * ━━━━━━━━━━━
Cause # [2000-09-003842-C]   AG # [_____]   Date filed [09/18/00]
Style    [JOHN OCIE ROBERTS                          ]   #Pla [001]
    vs [ELEANOR CARTE AND AC CARTE                   ]   #Def [002]
Case type [10]  LAC__  Cause of Action [MOTION NEW TRIAL              ]
Comment  [                                     ] Case Status [DISP] Jury [N]
━━━━━━━━━━━━━━━━ * * * CASE INQUIRE * * * ━━━━━━━━━━━━━━━━
━━━━━━━━━━━━━━ * * * LITIGANTS* * * * ━━━━━━━━━━━━━━━
         Seq#      Litigant                           Date entered
     1 [0.001.01] [JOHN OCIE ROBERTS                ]   [09/18/00]
     2 [5.002.01] [ELEANOR CARTE                    ]*  [09/18/00]
     3 [5.003.01] [AC CARTE                         ]   [09/18/00]
     4 [5.004.01] [CELESTE BOWMAN                   ]   [04/10/01]
     5 [        ] [                                 ]   [        ]
━━━━━━━━━━━━━━ * * * FINAL ORDERS * * * ━━━━━━━━━━━━━━
     Order                        Date signed
     1 [ORDER DISMISSING CASE IN CHIEF    ] [04/04/01] [              ]
     2 [ORDER ON MOTION FOR NEW TRIAL/MOOT] [09/19/01] [              ]
     3 [                                  ] [        ] [              ]
     4 [                                  ] [        ] [              ]

                ENTER SELECTION [ ]
```

PAGE: 0.

2000-09-003842-C

09   18   00

* * * * C L E R K ' S   E N T R I E S * * * *

60341101
JOHN OCIE ROBERTS
BOX 1167
LA FERIA, TEXAS        78559 0000

00003609
HON. KEITH UHLES
P. O. BOX 3509
BROWNSVILLE, TX.       78523 3509

E ROBERTS
S
AND AC CARTE

(10)
MOTION NEW TRIAL

| Date | Entry |
|---|---|
| 09/18/00 | ORIGINAL PETITION FILED |
| 09/18/00 | JURY FEE: Pd. by JOHN OCIE ROBERTS |
| 09/18/00 | CITATION: ELEANOR CARTE AC CARTE |
| 09/18/00 | SERVED: 09/26/00 FILED: 10/02/00 |
| 10/20/00 | ORIGINAL ANSWER: ELEANOR CARTE |
| 10/20/00 | COUNTER CLAIM: ELEANOR CARTE |
| 10/20/00 | ORIGINAL ANSWER: AC CARTE |
| 11/28/00 | COUNTER DEFENDANT'S ORIGINAL ANSWER TO COUNTERCLAIM JOHN OCIE |
| 11/28/00 | VERIFICATION |
| 11/28/00 | CERTIFICATE OF SERVICE |
| 02/11/01 | DROP DOCKET NOTICES MAILED |
| 03/07/01 | MOTION FOR REINSTATEMENT AND FOR TRIAL SETTING OF |
| 03/07/01 | COUNTERCLAIM (LROD) |
| 03/19/01 | SUGGESTION OF DEATH (LROD) |
| 03/21/01 | MOTION FOR REINSTATEMENT AND FOR TRIAL SETTING HEARING (LROD) |
| 03/26/01 | DEFTS' ELEANOR CARTE AND AC CARTE CERTIFICATE OF |
| 03/26/01 | WRITTEN DISCOVERY (LROD) |
| 03/29/01 | DEFTS' COUNTER-PLTFS' MOTION FOR ENTRY OF ORDER ON HEARING (LROD |
| 04/04/01 | SEVERED LITIGANT(S) INTO CAUSE# 2001-05-002303-C |
| 04/10/01 | REQUEST FOR SERVICE BY ISSUANCE OF A SCIRE FACIAS/ECORTEZ |
| 04/24/01 | COUNTER CLAIM: ELEANOR CARTE |
| 04/24/01 | DEFTS FIRST AMENDED ORIGINAL ANSWER |

DROP DOCKET
ON ORDER FOR DISMISSAL FOR WANT OF PROSECUTION SET FOR
?8/01 AT 9:00 A.M...MLOPEZ/ECORTEZ
?tting set for 3/28/01 @ 9 a.m          -jav-
ON MOTION TO REINSTATE SET AND TRIAL SETTING SET
?/28/01 @ 9:00 AM...MLOPEZ/LROD
?tting set for 3/28/01 @ 9 a.m          -jav-
?TTING SET FOR 03/28/01 @ 9:00 AM...MLOPEZ/LROD
?SMISSING CASE IN CHIEF    MLOPEZ/LROD
?EVERING COUNTERCLAIM
N MOTION FOR NEW TRIAL/MOOT    MLOPEZ//JC
FROM COURT OF APPEALS
AL DISMISSED FOR WANT OF PROSECUTION ON 07/19/01)RV/JC

* * * C L E R K ' S  E N T R I E S * * * *

2000-09-0038*

09   18   00

OCIE ROBERTS

VS

AE AND AC CARTE

60341101
JOHN OCIE ROBERTS
BOX 1167
LA FERIA, TEXAS                          78559 0000         (10)

0003609
HON. KEITH UHLES
P. O. BOX 3509
BROWNSVILLE, TX.                         78523 3509

04/26/01  NOTICE OA APPEAL: JOHN OCIE ROBERTS
05/11/01  SCIRE FACIAS (CM): CELESTE BOWMAN
05/11/01  SERVED:
05/14/01  DEFTS THE ESTATE OF AC CARTE BY AND
          THROUGH ITS EXECUTRIX
05/14/01  CELESTE BOWMAN CERTIFICATE OF
          WRITTEN DISCOVERY (LROD)
05/30/01  DESIGNATION OF RECORD FOR APPEAL FILED
06/01/01  REQUEST TO THE CLERK TO INCLUDE
          MATERIAL IN TRANSCRIPT
06/01/01  REQUEST TO COURT REPORTER FOR
          PREPARATION OF STATEMENT
06/01/01  PREPARATION OF STATEMENT
          OF FACTS
07/01/01  JUDGMENT AND OPINION FROM COURT OF
07/23/01  APPEALS
07/23/01  (DISMISSED FOR WANT OF PROSECUTION)
09/13/01  MOTION NEW TRIAL: JOHN OCIE ROBERTS
09/13/01  MOTION NEW TRIAL
04/08/02  .
04/08/02  REC MGT BOX 137
03/28/03  REC MGT BOX 116

RUN DATE 01/06/04
RUN TIME 9:07 AM

DOCKET LITIGANT LISTING - DISTRICT CLERK
2002-01-000252

| SEQ# | LITIGANT | ID | ATTORNEY |
|---|---|---|---|
| PLAINTIFF | | | |
| 0.001.01 | JOHN OCIE ROBERTS | 60439401 | JOHN OCIE ROBERTS |
| DEFENDANT | | | |
| 5.002.01 | ELEANOR CARTE | 00003609 | HON. KEITH UHLES |
| 5.003.01 | CELESTE BOWMAN | 00003609 | HON. KEITH UHLES |
| 5.004.01 | JAVIER GONZALES | 00003609 | HON. KEITH UHLES |
| RESPONDENT | | | |
| 6.005.01 | MARIO M. MENDOZA | 00000000 | |

EXHIBIT NO. D

```
━━━━━━━━━━━━━━━━━━━ * * * DISTRICT CIVIL CASE PROCESSING * * * ━━━━━━━━━━
Cause #   [2002-01-000252-E]   AG # [            ]    Date filed [01/22/02]
Style     [JOHN OCIE ROBERTS                   ]      #Pla [001]
      vs [ELEANOR CARTE, THE ESTATE OF A.C. CARTE    ]   #Def [004]
Case type [06]  LAC__ Cause of Action [BREACH OF CONTRACT              ]
Comment  [                                ] Case Status [PEND] Jury [Y]
━━━━━━━━━━━━━━━━━━━━━━━━━ * * * CASE INQUIRE * * * ━━━━━━━━━━━━━
━━━━━━━━━━━━━━━━━━━━━ * * * LITIGANTS* * * * ━━━━━━━━━━━━━
        Seq#        Litigant                        Date entered
    1 [0.001.01] [JOHN OCIE ROBERTS          ]        [01/22/02]
    2 [5.002.01] [ELEANOR CARTE              ]        [01/22/02]
    3 [5.003.01] [CELESTE BOWMAN             ]        [01/22/02]
    4 [5.004.01] [JAVIER GONZALES            ]        [01/22/02]
    5 [6.005.01] [MARIO M. MENDOZA           ]        [04/28/03]
━━━━━━━━━━━━━━━━━━━━━ * * * FINAL ORDERS * * * ━━━━━━━━━━━
        Order                      Date signed
    1 [                      ] [      ] [                  ]
    2 [                      ] [      ] [                  ]
    3 [                      ] [      ] [                  ]
    4 [                      ] [      ] [                  ]

                    ENTER SELECTION [ ]
```

```
━━━━━━━━━━━━━━━━ * * * DISTRICT CIVIL CASE PROCESSING * * * ━━━━━━━━━━━━━━
Cause #  [2002-01-000252-E]    AG # [_____]   Date filed [01/22/02]
Style    [JOHN OCIE ROBERTS_____]    #Pla [001]
      vs [ELEANOR CARTE, THE ESTATE OF A.C. CARTE_____]    #Def [004]
Case type [06] LAC__ Cause of Action [BREACH OF CONTRACT_____]
Comment  [_____] Case Status [PEND] Jury [Y]
━━━━━━━━━━━━━━━━━━━━ * * * DOCUMENTS FILED * * * ━━━━━━━━━━━━━━━━━━━━━━━
```

     DATE FILED
 1  [05/27/03] [  OTHER APPAREL ON REAL ESTATE.  BMGARCIA                    ]
 2  [07/25/03] [DEFTS' FIRST SUPPLEMENTAL MTN/APPLICATION FOR TEMPORARY &    ]
 3  [07/25/03] [   PERMANENT INJUNCTION & FOR EMERGENCY RELIEF  /BMGARCIA    ]
 4  [09/24/03] [MTN FOR CONTINUANCE.  BMGARCIA                               ]
 5  [10/06/03] [CORRES. FROM LEO C SALZMAN-MEDIATION(UNABLE TO SETTLE) BMG   ]
 6  [11/14/03] [DEFTS' SECOND SUPPLEMENTAL MOTION/APPLICATION FOR TEMPORARY  ]
 7  [11/14/03] [   & PERMANENT INJUNCTION & FOR EMERGENCY RELIEF/GMedrano     ]
 8  [_____] [                                                            ]
 9  [_____] [                                                            ]
10  [_____] [                                                            ]

     ENTER SELECTION

PRO SE ✓

RUN DATE 01/06/04
RUN TIME 9:13 AM

DOCKET LITIGANT LISTING - DISTRICT CLERK
2003-08-003906

| SEQ# | LITIGANT | ID | ATTORNEY |
|------|----------|-----|----------|
| PLAINTIFF | | | |
| 0.001.01 | JOHN OCIE ROBERTS | 60341101 | JOHN OCIE ROBERTS |
| DEFENDANT | | | |
| 5.002.01 | CITY OF LA FERIA | 00487901 | HON. RICARDO J. NAVARRO |
| 5.003.01 | GERARDO RAMIREZ | 00487906 | RENE B. GONZALEZ |
| 5.004.01 | JESSE GARCIA | 00487901 | HON. RICARDO J. NAVARRO |
| 5.005.01 | LA FERIA WRECKER SERVICE | 00487901 | HON. RICARDO J. NAVARRO |
| | | 00487906 | RENE B. GONZALEZ |
| | | 00584001 | HON. MICHAEL R. EZELL |

EXHIBIT NO. E

```
━━━━━━━━━━━━━━━━━ * * * DISTRICT CIVIL CASE PROCESSING * * * ━━━━━━━━━━━
Cause #   [2003-08-003906-A]    AG # [_____]     Date filed [08/01/03]
Style     [JOHN OCIE ROBERTS_____]    #Pla [001]
      vs  [CITY OF LA FERIA_____]    #Def [004]
Case type [10] LAC__ Cause of Action [DAMAGES_____]
Comment   [_____] Case Status [DISP] Jury [N]
━━━━━━━━━━━━━━━━━━━━━━━━━ * * * CASE INQUIRE * * * ━━━━━━━━━━━━━━━━━━━━━
━━━━━━━━━━━━━━━━━━━━━━━━ * * * LITIGANTS* * * * ━━━━━━━━━━━━━━━━━━━━━━━
          Seq#       Litigant                          Date entered
      1 [0.001.01] [JOHN OCIE ROBERTS_____]   [08/01/03]
      2 [5.002.01] [CITY OF LA FERIA_____]   [08/01/03]
      3 [5.003.01] [GERARDO RAMIREZ_____]   [08/01/03]
      4 [5.004.01] [JESSE GARCIA_____]   [08/01/03]
      5 [5.005.01] [LA FERIA WRECKER SERVICE_____]   [08/01/03]
━━━━━━━━━━━━━━━━━━━━━━━━ * * * FINAL ORDERS * * * ━━━━━━━━━━━━━━━━━━━━━
    Order                            Date signed
  1 [ORDER OF DISMISSAL_____] [11/14/03] [_____]
  2 [_____] [_____] [_____]
  3 [_____] [_____] [_____]
  4 [_____] [_____] [_____]

                    ENTER SELECTION [ ]
```

2003-08-0039

08    01    03

* * * * C L E R K ' S   E N T R I E S * * * *

60341101
JOHN OCIE ROBERTS
BOX 1167
LA FERIA, TEXAS        78559 0000

00584001
HON. MICHAEL R. EZELL
P.O. BOX 2878
HARLINGEN, TEXAS       78551 0000

E ROBERTS

S

LA FERIA

(10)

DAMAGES

| Date | Entry |
|---|---|
| 08/01/03 | ORIGINAL PETITION FILED |
| 08/04/03 | CITATION: CITY OF LA FERIA |
| 08/04/03 | SERVED: 08/05/03   FILED: 08/14/03 |
| 08/04/03 | CITATION: GERARDO RAMIREZ |
| 08/04/03 | SERVED: 08/04/03   FILED: 08/14/03 |
| 08/04/03 | CITATION: JESSE GARCIA |
| 08/04/03 | SERVED: 08/04/03   FILED: 08/14/03 |
| 08/04/03 | CITATION: LA FERIA WRECKER SERVICE |
| 08/04/03 | SERVED: 08/04/03   FILED: 08/14/03 |
| 08/18/03 | ORIGINAL ANSWER: LA FERIA WRECKER SERVICE |
| 08/18/03 | DEFENDANT'S, LA FERIA WRECKER SERVICE, ORIGINAL ANSWER/C.OSTOS |
| 08/25/03 | ORIGINAL ANSWER: GERARDO RAMIREZ |
| 08/25/03 | ORIGINAL ANSWER: JESSIE GARCIA |
| 08/25/03 | ORIGINAL ANSWER: THE CITY OF LA FERIA |
| 08/25/03 | ORIGINAL ANSWER OF DEFENDANTS GERARDO RAMIREZ, JESSIE GARCIA |
| 08/25/03 | AND THE CITY OF LA FERIA/C.OSTOS |
| 10/02/03 | CITY DEFENDANTS' SPECIAL EXCEPTIONS AND MOTION TO DISMISS FOR |
| 10/02/03 | LACK OF SUBJECT MATTER JURISDICTION/C.OSTOS |
| 11/14/03 | CITY DEFENDANTS' MOTION TO DISMISS/C.OSTOS |

ECIAL EXCEPTIONS AND MTN TO DISMISS FOR LACK OF SUBJECT
ER JURISDICTION ARE SET FOR HEARING ON 10/23/2003 @ 8:30
SIGNED FOR ENTRY. M.LOPEZ/C.OSTOS
o show; Def. Atty present; Def's Special Exceptions-
; Def's Mtn to dismiss--PASSED...BEir/eeo
RANTING CITY DEFENDANTS' SPECIAL EXCEPTIONS SIGNED FOR
Y. BEURESTIJR/C.OSTOS
F DISMISSAL  BEURESTI/Costos

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

2004 JAN -2 PM 2: 34

JOHN OCIE ROBERTS                    §
                                     §
VS.                                  §
                                     §        CIVIL ACTION NO. ___B-U4-002___
WELLS FARGO BANK, FORMERLY           §
FIRST VALLEY BANK, FORMERLY          §
RAYMONDVILLE STATE BANK, AND         §
TOM FLEMING                          §

## COMPLAINT

### I.
### PARTIES

Plaintiff, John Ocie Roberts, is a citizen of the United States of America, and a resident of the city of La Feria, County of Cameron, State of Texas.

The Defendants are the following:

1.    Wells Fargo Bank, formerly, the First Valley Bank, formerly the Raymondville State Bank, hereinafter referred to the bank, is a financial institution, duly chartered, incorporated and organized in the State of Texas, pursuant to the Federal Deposit Insurance, Corp., and is doing business in the Southern District of Texas specifically in Raymondville, Willacy County, Texas and may be served with process by serving any bank officer or its registered agent for service. Process may be served upon Defendants by serving Corporation Service Company, 800 Brazos, Austin, Texas 78701.

      Tom Fleming is an individual, an attorney-at-law, who is also the attorney for the bank and may be served with process at his place of business, 1650 Paredes Line road, Suit 102, Brownsville, Cameron County, Texas 78521.

3.    Dan Huerta is the deputy Sheriff is being named here for the purposes of the application for injunctive relief and may be served with process at the Cameron County Sheriff's office at 974 East Harrison Street, Brownsville, Cameron County, Texas 78520.

EXHIBIT NO. F

## II
## JURISDICTION AND VENUE

4.  This is an action to redress the deprivation under color of a statute or, ordinance, or, regulation of a privilege or an immunity secured to plaintiff by the Act of Civil rights, 42 U.S.C. A. Section 1981 et seq. providing for equal right of citizens of all persons within the jurisdiction of the United States. Jurisdiction is conferred on this Court by 28 U.S.C. §1343. This action arises under the amendments IV, V, VI, IX, and XIV to the Constitution of the United States, as hereinafter more fully appears. Jurisdiction is founded upon 28 U.S.C. §1331 (a). This is an action to redress the deprivation under color of a custom or usage or law of the State of Texas of a right secured to plaintiff by the Constitution of the United States. Jurisdiction is conferred on this court by 28 U.S.C. §1343.

The acts and practices of the Defendants and their agents, as herein alleged were performed under color of law, and therefore, constitute actions of the State within the meaning of the Fourteenth Amendment to the United States Constitution.

## IV.
## FACTS

5.  Plaintiff requested a loan from Defendant Bank on October 1, 1990. The Bank, through its officer, John Nicholson, orally promised that all payments made by Plaintiff or his representatives, would be credited to his loan and deducted from his debt.

6.  He and his representatives paid into the account. However, t o Plaintiff's surprise, the Bank refused to credit Plaintiff's loan account of said amounts.

7.  By way of example, Ann Langham borrowed $10,000.00 from the Bank and instructed the Bank to credit said amount to Plaintiff. Mrs. Langham paid in full said loan only to find out that the Bank had failed and refused to turn that money over to use as a credit to Plaintiff's loan account.

8.  This problem reoccurred to sum up to approximately fifty thousand ($50,000.00) dollars, U.S. C. Therefore, Plaintiff brought a civil action in the State district court for breach of contract and fraud.

9.  To Plaintiff's surprise, summary judgment motions were granted against him even though he showed two affidavits of individuals who had paid into the account and the Bank did not reflect such entries.

10. The case was ignored all the way up to the Supreme Court of the State of Texas is that



Defendant's attorney Tom Fleming is a highly influential person.

11.   Defendants acting in concert have continued to harass Plaintiff by the threatening Plaintiff and attorneys.

12.   When Plaintiff sought and obtained a temporary restraining order, having used legal and authorized means, he was sanctioned $5,000.00 for having had an ex parte temporary restraining order. Such are authorized by the Texas Rules of Civil Procedure.

13.   Defendant, Tom Fleming, has also threatened Plaintiff's attorney therefore, now Plaintiff may not even obtain the services of an attorney.

14.   Defendant, Tom Fleming, has also written to the state judges setting certain guidelines they must follow. Therefore, Plaintiff will not be able to obtain any judge to do what the law authorizes them to do. (Exhibit A is a true and correct copies of the letters sent by Defendant, Tom Fleming to Plaintiff's attorney and to the district judges and are incorporated by reference as if fully copied herein.)

15.   The problem that Defendant, Tom Fleming, had in executing on a judgment is that the judgment called for attorney fees if the case went to the Supreme Court. The problem is that the Supreme Court of Texas had not finalized its ruling therefore Defendant Tom Fleming was trying to get paid in advance. Hence, a Temporary Restraining Order was obtained.

16.   Now, the problem the Sheriff has is that the properties that he is executing on have an outstanding lien. And, the Sheriff is going to sell the property when he does not know what the lien is worth. Therefore, when he receives money on the execution, how will he know how much to disburse on each item?

17.   Also, the Sheriff will not know when to stop selling Plaintiff's properties through executions if the Sheriff does not know how much goes to the lienholder.

18.   Also, the Sheriff gave notice by placing the notice allegedly on the courthouse, however, Plaintiff has been, for years, using one of these properties for homestead. Yet the Sheriff did not give notice as required by Section 51.001 et seq. of the Texas Property Code.

19.   The Sheriff is also executing on a judgment for attorney fees. The Constitution of the State of Texas does not allow on attorney fees judgment to be grounds for foreclosure on a homestead.

20.   However, Plaintiff can not go to any state judge for protection because of Defendant Tom



Fleming's letters.

21.   The Sheriff is going to have an accounting problem because he does not know how to disburse the payment given on the forced sale.

22.   If the Sheriff sells the property with a lien on it, and the only notice it gave was the writ of execution, then the Sheriff is taking property away from Plaintiff without due process.

23.   The property code has special provisions for residential homestead laws and the Sheriff is not following said laws on the instance of Defendant. Plaintiff lives in one of the properties. It is exempt when the foreclosure is for one of three reason none of which are within the purview of the judgment being executed.

24.   However, Plaintiff can not go to any attorney or else he will be sanctioned again for doing legal acts, and the attorney has been threatened and no judge will want to hear Plaintiff because the Defendant has sent letters to all judges intimidating them even though the Sheriff is executing on Plaintiff's residential homestead. Plaintiff has a legitimate complaint but can not get his right hand in court.

25.   The acts and practices of the Defendants and their agents, as herein alleged, were performed under color of law, and, therefore, constitute actions of the State within the meaning of the Fourteen Amendment to the United States Constitution. All Defendants are being sued jointly and severally.

## V
## DAMAGES

26.   Plaintiff has suffered damages in that he paid fully yet never was credited for his payments.

27.   Due to Defendant's conduct, being willful, intentional and knowing and due to such careless disregard for the rights of others, Plaintiff alleges exemplary damages should be imposed.

28.   The amount of actual damages is no less than $50,000.00. Exemplary damages should be three times that amount.

## VI.
## JURY REQUEST

29.   Plaintiff demands a trial by jury and fees have been paid.

30.   Also, Plaintiff's claims for fraud is based on the Defendant's false promise to act. Plaintiff would show the Court the following:

1.    A binding, oral contract to accept all payments exists.

2.    The Defendants made a false promise to do an act; the Bank promise to credit Plaintiff's loan account.

3.    The Defendants' promise was material.

4.    The Defendants made the promise with the intention of not fulfilling it.

5.    The Defendants made the promise to the Plaintiff for the purpose of inducing the Plaintiff to enter into the contract.

6.    The Plaintiff relied on the Defendants' promise in entering into the contract, however, Defendant never did give Plaintiff a full loan and kept part of the payments in an approximate amount of fifty thousand ($50,000.00) U. S. Currency.

7.    The Plaintiff was injured as result and incurred damages, which may include actual, special and exemplary damages, along with attorney's fees and costs.

31.    The right of Plaintiff to be informed of the foreclosure of his property, secured to him under the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States; and The right of Plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured by the Fourteenth Amendment to the Constitution of the United States.

32.    The acts, conduct, and behavior of Defendants, and each of them, were performed knowingly, intentionally, and maliciously, said reason for which Plaintiff is entitled to an award of punitive damages in the sum of $250,000.00.

Plaintiff, John Ocie Roberts, prays that Defendants upon final adjudication, that the loan be credited the full amount; that an accounting be given to Plaintiff; that an amortization schedule be given to Plaintiff;

that actual damage be awarded to Plaintiff; that post judgment interest be awarded to Plaintiff; that exemplary damages be awarded to Plaintiff; that the transaction be declared an attempted fraud on Plaintiff by Defendants; that attorney fees be awarded to Plaintiff, if any; that Plaintiff be allowed access to the courts.

That the amount be reformed to the correct amount of money which was actually loaned to Plaintiff.

33.    The office of the Sheriff of Cameron County, Texas is the law enforcement agency of the State of



Texas, County of Cameron, which is to execute on the writ of execution.

34.    Dan Huerta is the officer in charge of performing the sales.

35.    Plaintiff requests that the court issue a temporary injunction pending the trial on the merits.

36.    If the Sheriff sells the properties, it would cause the Plaintiff irreparable damages.

37.    Tom Fleming has been able to obtain a judgment for attorney fees and has been attempting to execute said judgment without giving proper notice.

38.    Defendant requests that said judgment be set aside in that it was decided from the denial of due process. (Exhibit B is a true and correct copy of the judgment and is incorporated by reference as if fully copied herein.)

**WHEREFORE**, Plaintiff demand judgment:

1.    Awarding Plaintiff damages in the amount of $250,000.00 or the awarding of the properties to Plaintiff, those properties which had been encumbered for the loan.

2.    Awarding Plaintiff punitive damages in the amount the jury decides.

3.    Awarding Plaintiff the reasonable costs and expenses of this action; and

4.    Granting Plaintiff such other and further relief as may be just.

Dated ᵗʰⁿᵖ day of ᴶᵃⁿᵘᵃʳᵗ , 2004.

Respectfully submitted,

John Ocie Roberts
P. O. Box 1167
La Feria, Texas 78559

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | |
|---|---|
| JOHN OCIE ROBERTS | § |
| | § |
| VS. | § |
| | § |
| WELLS FARGO BANK, FORMERLY | § |
| FIRST VALLEY BANK, FORMERLY | |
| RAYMONDVILLE STATE BANK, AND | |
| TOM FLEMING | |

CIVIL ACTION NO. B04-002

| | |
|---|---|
| STATE OF TEXAS | ] |
| CAMERON COUNTY | ] |

## AFFIDAVIT

BEFORE ME, personally appeared John Ocie Roberts, and stated under oath that the following is true and correct and from his personal knowledge:

My name is John Ocie Roberts. I am competent to testify. I am over the age of eighteen(18) years and have never been convicted of any crime.

My homestead is being foreclosed on the 1st Tuesday which is January 6, 2004. Both of the properties have a first lien. The Sheriff does not even know how is the amount of money on the liens. The Sheriff will not know how to disburse the monies from the sale. He will also not know when the judgment will be satisfied once he sells because of the liens. Also, one of the properties is my residential homestead. This is an execution on a judgment, therefore the property being executed on is my homestead. The Sheriff is executing on my homestead. Since he will not know when the judgment is paid off, he will continue selling all of my other property. It will only be up to Tom Fleming when he will satisfied not when the judgment has been paid for.

Affiant further saith naught.



John Ocie Roberts

     SWORN AND SUBSCRIBED TO BEFORE ME, the undersigned notary, on this the 2nd day of ⁀ Jenuary ⁀ 2004, which witness my hand and seal.

LEONOR HILDA RAMIREZ
MY COMMISSION EXPIRES
December 11, 2006

Notary Public-State of Texas

Recorded information:    Tract 2: an 8,750.00 square foot tract of land, being the easterly 50. 0 feet of lots numbers twelve (12), thirteen (13), fourteen (14), and the easterly 50 feet of the Northerly ½ of lot number eleven (11), Block number sixteen (16), third addition to the city of San Benito, Cameron County, Texas, according to the Map recorded in volume 2, Page 5, of the Map records of Cameron County, Texas.

Tract 1: the West six and 22/100 (W. 6.22) acres of the east Twenty-one and 224/100.(E. 21.224) acres of Block one (1), in the Orange, Grove Park Subdivision, La Feria Grant, Cameron County, Texas, according to the map or plat of sais subdivision Recorded in Volume 4, Page 11, of the Map records of Cameron County, Texas.

**FLEMING & HERNANDEZ, P.C.**

Attorneys at Law
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602

Tom Fleming
Luis R. Hernandez
Jeffrey G. Mathews

(956) 982-4404
FAX (956) 982-0943
EMAIL FLEMOLPC@HILINE.NET

Rolando Olvera, P.C.
Of Counsel

December 22, 2003

*FACSIMILE (956) 686-0469*
*and CMRRR, #7002 2030 0007 1000 1122*

Mr. Raul A. Guajardo
ATTORNEY AT LAW
909-A Nyssa Avenue
McAllen, Texas 78501

Re:   Cause No. 2003-12-5738-A
      In The 107th Judicial District Court
      Cameron County, Texas

      *John Roberts, Plaintiff*
      *vs.*
      *Wells Fargo Bank, Formerly First Valley Bank, Formerly*
      *Raymondville State Bank; Tom Fleming, Dan Huerta, and*
      *Rolando Olvera, Defendants*

Dear Mr. Guajardo:

As you are aware, this firm represents all of the defendants in the above styled matter. We have been advised by Deputy Sheriff Dan Huerta that you have expressed to him an intent to seek yet another temporary restraining order to prevent the Sheriff's sale scheduled for January 6, 2004.

Inasmuch as you saw fit to *ex parte* a court on December 1, 2003 in violation of Local Rule 1.3(b) when you were aware of our representation of Wells Fargo Bank, we suspect you intend to carry on with that practice. We suggest you review Rule 3.05(b), Texas Disciplinary Rules of Professional Conduct and Cameron County Civil Court Rules, 1.3. In the event you do seek *ex parte* communication with any court regarding this matter, we will have no choice but to make a complaint to the local grievance committee. We certainly hope to avoid such action.

*EXH - A*

Mr. Raul A. Guajardo
ATTORNEY AT LAW
December 22, 2003
Page 2 of 2

Should you wish to coordinate a fair, open and bilateral hearing on the issue, please contact us to coordinate a date and time.

Very truly yours,

FLEMING & HERNANDEZ, P.C.

by:
   Tom Fleming

TF/bgw

# *Law Office of Raul A. Guajardo*

909-A Nyssa Avenue                                              Phone: 956.686.1977
McAllen, TX 78501                                                Fax: 956.686.0469

<div align="center">December 22, 2003</div>

Mr. Tom Fleming                                    *Via Facsimile No. (956) 982-0943*
Fleming & Hernandez, P.C.
1650 Paredes Line Rd., Ste. 102
Brownsville, Texas 78521-1602

      RE:    Cause No. 2003-12-5738-A
           Our Client:   John O. Roberts

Dear Mr. Fleming:

     As much as this may disappoint you, Sir, you must know that I am not one to engage in fruitless bickering and unfounded or unprofessional arguments. Therefore, I will not respond as such. I will, however, inform you that I surely do not appreciate any threats made against me. There is no reason for such conduct on your behalf.

     In your letter you invite me to "coordinate a fair, open and bilateral hearing on the issue." I believe, you make this invitation in an effort to put this matter to rest. Well, I certainly wish you had been open to this from the start. As you may recall, I sought that courtesy from you and attempted to extend the same to you from our first contact. Unfortunately, I did not receive the same warmth from you at the time that your letter now conveys.

     With regard to any statements that I might have made to Mr. Huerta, if you must know, the gist of it is that he advised me he was trying to serve Mr. Roberts and asked if it was okay. I responding that he should do what he needs to because, "*at this time, we do not have anything that will stop you from doing so*". Now, whether you interpret that to mean that I will act on something is totally your privilege.

     I sincerely lament your attempts at discouraging me from fully representing my client as the law allows. In doing so, I am not engaging in any ethical violations. As luck may have it, I see various violations, in your letter **alone**, of the Texas Rules of Professional Conduct as well as other substantive law violations.

     However, with all that being said, since I have a duty to my client, I will advise him of your invitation and will communicate to you his response. And in the future, I will kindly ask that you refrain from making threats or discouraging remarks. I believe that all things can be handled without the need for such conduct.

Sincerely,

LAW OFFICE OF RAUL A. GUAJARDO

Raul A. Guajardo
Attorney at Law

RAG/mat

# FLEMING & HERNANDEZ, P.C.

Attorneys at Law
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602

Tom Fleming
Luis R. Hernandez
Jeffrey G. Mathews

(956) 982-4404
FAX (956) 982-0943
EMAIL FLEMOLPC@HILINE.NET

Rolando Olvera, P.C.
Of Counsel

December 23, 2003

**FACSIMILE (956) 686-0469**
**and FIRST CLASS UNITED STATES MAIL**

Mr. Raul A. Guajardo
LAW OFFICE OF RAUL A. GUAJARDO
909-A Nyssa Avenue
McAllen, Texas 78501

Re:   Cause No. 2003-12-5738-A
In The 107th Judicial District Court
Cameron County, Texas

*John Roberts, Plaintiff*
*vs.*
*Wells Fargo Bank, Formerly First Valley Bank, Formerly*
*Raymondville State Bank; Tom Fleming, Dan Huerta, and*
*Rolando Olvera, Defendants*

Dear Mr. Guajardo:

My job does not entail nor require exuding "warmth" to an attorney who fails to research either the law or the facts before filing a verified petition which is wholly fictitious.

The only contact you ever had with me was to request a continuance of a hearing you got set without consulting me. You are lucky I even talked to you.

Very truly yours,

FLEMING & HERNANDEZ, P.C.

by:
Tom Fleming

TF/bgw

 

# FLEMING & HERNANDEZ, P.C.

Attorneys at Law
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602

Tom Fleming
Luis R. Hernandez
Jeffrey G. Mathews

(956) 982-4404
FAX (956) 982-0943
EMAIL FLEMOLPC@HILINE.NET

Rolando Olvera, P.C.
Of Counsel

December 22, 2003

The Honorable Darrell Hester
JUDGE
FIFTH ADMINISTRATIVE JUDICIAL REGION
Cameron County Courthouse
974 East Harrison Street
Brownsville, Texas  78520

Re:   **Cause No. 2003-12-5738-A**
      **In The 107ᵗʰ Judicial District Court**
      **Cameron County, Texas**

      *John Roberts, Plaintiff*
      *vs.*
      *Wells Fargo Bank, Formerly First Valley Bank, Formerly*
      *Raymondville State Bank; Tom Fleming, Dan Huerta, and*
      *Rolando Olvera, Defendants*

Dear Judge Hester:

On December 1, 2003, the above styled and numbered cause was filed and a temporary restraining order was issued *ex parte*.  On December 8, 2003, the enclosed order was entered dissolving the TRO, denying the application for temporary injunction and ordering sanctions against Plaintiff, John Roberts and/or his Counsel, Raul A. Guajardo.

The writ of execution has been reissued and the Sheriff's sale scheduled for January 6, 2004.  Deputy Sheriff Dan Huerta has now been advised by Mr. Guajardo as Counsel for Plaintiff that he will again seek a TRO.  We are by copy of this letter to Mr. Guajardo demanding that he not seek an *ex parte* meeting with any District Judge in this matter since we have been Counsel for Wells Fargo Bank against Mr. Roberts since 1997.

In the event Mr. Guajardo or any other counsel appears *ex parte* for Plaintiff, John Roberts, we would appreciate the opportunity to be heard on behalf of all defendants.



The Honorable Darrell Hester
JUDGE
FIFTH ADMINISTRATIVE JUDICIAL REGION
December 22, 2003
Page 2 of 2

Thank you for your assistance in this matter.

Very truly yours,

FLEMING & HERNANDEZ, P.C.

by:
Tom Fleming

TF/bgw

Enclosure

cc(w/encl.):  Mr. Raul A. Guajardo
              ATTORNEY AT LAW
              909-A Nyssa Avenue
              McAllen, Texas  78501
              (CMRRR, #7002 2030 0007 1000 1122)

CAUSE NO. 2003-12-5738-A

| | | |
|---|---|---|
| JOHN ROBERTS | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| WELLS FARGO BANK, Formerly | § | 107TH JUDICIAL DISTRICT |
| FIRST VALLEY BANK, Formerly | § | |
| RAYMONDVILLE STATE BANK | § | |
| Tom Fleming, Dan Huerta, and | § | |
| Rolando Olvera, | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

## O R D E R
### DISSOLVING TEMPORARY RESTRAINING ORDER
### AND DENYING TEMPORARY INJUNCTION ORIGINAL ANSWER

On the 8th day of December 2003, the Application for Injunctive Relief of John Roberts, Plaintiff, came on for hearing. Plaintiff John Roberts appeared in person and through Counsel, and Defendants Wells Fargo Bank, N.A.; Tom Fleming; Danny Huerta; and Rolando Olvera appeared through Counsel. All parties announced ready for a hearing on Plaintiff's Application for Injunctive Relief.

After having heard the evidence of Plaintiff and Defendants and the argument of Counsel, the Court finds that the temporary restraining order issued on the 1st day of December 2003 should be dissolved and the Plaintiff's Application for Temporary Injunction should be denied.

The Court further finds that Plaintiff's verified Application for Injunctive Relief is false in that it alleges foreclosure of a deed of trust lien when the foreclosure which

was restrained was based on a Writ of Execution of a judgment dated November 8, 2000 from the 138th Judicial District Court of Willacy County, Texas.

The Court finds that such verified Application for Injunctive Relief institutes a violation of Rule 13, Texas Rules of Civil Procedure and Chapter 10, Civil Practice and Remedies Code. Sanctions in the amount of $*5000 00* are hereby ordered against *JOHN ROBERTS AND/OR RAUL A. GUAJARDO*.

The Court further finds that Plaintiff obtained a temporary restraining order by the filing of a false verified pleading and has caused Defendant Wells Fargo Bank, N.A. damage in the amount of Nine Hundred Seventy-six and 32/100ths ($976.32) Dollars in publication fees for which Plaintiff is liable. The bond of Five Hundred and no/100ths ($500.00) Dollars currently on file with Clerk of this Court is ordered forfeited and is to be paid to Wells Fargo Bank, N.A.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the temporary restraining order issued December 1, 2003 is dissolved and the Application for Injunctive Relief is denied. Defendants are awarded judgment in the amount of $*5000 00* against *JOHN ROBERTS AND/OR RAUL A GUAJTHI*

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Five Hundred and no/100ths ($500.00) Dollars cash bond filed with the Clerk of this Court be forfeited and paid to Wells Fargo Bank, N.A.

SIGNED FOR ENTRY on this _8th_ day of December, 2003.

_____
JUDGE PRESIDING

DEC - 8 2003

<u>COPIES</u>:
**COUNSEL FOR PLAINTIFF:**
Raul A. Guajardo
909-A Nyssa Ave.
McAllen, Texas  78501

**COUNSEL FOR DEFENDANTS:**
Tom Fleming
**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602

FILED 9.05 O'CLOCK A M
AURORA DE LA GARZA DIST. CLERK

DEC - 8 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

# STONERIDGE
## INJURY & ACCIDENT CLINIC
*"The only choice when you're in pain"*

689 - 5280

List of Judges:

1. Darell Hester
2. Menton Munray
3. Benjamin Euresti
4. Robert Garza
5. Magdalia Lopez
6. Leonel Alejandro
7. Abel Limas

*Free Valleywide Transportation*
The Oaks at Center Pointe · P.O. Box 6163 · McAllen, TX 78502
Phone: 956.664.8333 · Fax: 956.664.8328

NOTICE OF SHERIFF'S SALE

BY VIRTUE OF AN EXECUTION ISSUED_____ SEPTEMBER 07, 2003 _____

out of the____ 138TH DISTRICT COURT _____ of _ WILLACY COUNTY, _____

_____ TEXAS _____ , in CAUSE NUMBER _____ 97-223 _____ , WHEREIN

JOHN ROBERTS

IS PLAINTIFF, and

FIRST VALLEY BANK, FORMALLY, RAYMONDVILLE STATE BANK,
PRESENTLY KNOWN AS WELLS FARGO BANK

is DEFENDANT, I did on _____ OCTOBER 27, 2003 _____ levy upon and
seize all of the rights, titles and interests of said PLAINTIFF
in and to the following described property situated in CAMERON
COUNTY, TEXAS TO WIT:

(SEE THE ATTACHED DESCRIBED PROPERTY)

by which said land is most generally known, and located as
shown on said map, and between the hours of 10:00 o'clock A.M.
and 4:00 o'clock P.M. and more particularly beginning exactly
at 10:00 o'clock A.M. on the first tuesday of the month of
_____ JANUARY 06, 2004 _____ at the Judicial Building (Courthouse)
at Brownsville, Cameron County, Texas, I will sell said land
at public outcry to the highest bidder for cash.

CONRADO M. CANTU, SHERIFF
CAMERON COUNTY, TEXAS

BY: _____
DANNY HUERTA, DEPUTY SHERIFF.

Dec 19 03 04:07p     CAMERON COUNTY SHERIFFS     9565478     p.2

.EXECUTION (With Bill of Costs)                                  Lit. Seq.#5.002.01

Cause No. __97-223__

## THE STATE OF TEXAS

To the Sheriff or any Constable of any County of the State of Texas,

**GREETING:**

WHEREAS, at the regular term of the Honorable 138<sup>th</sup> District Court of Willacy County, Texas October 3<sup>rd</sup>, 2000, in a certain cause styled:

John Roberts Plaintiff,     vs     First Valley Bank, Formally, Raymondville State Bank, presently known as Wells Fargo Bank, Defendant, and numbered 97-223, on the Civil Docket of said Court, Plaintiff recovered a judgment against John Roberts for $55,000.00.

NOW, THEREFORE, you are hereby commanded that of the goods and chattels, lands and tenements of the said John Roberts Defendant you cause to be made the sum of $ 55,000.00 and the further sum of $-0- Dollars, cost of suit together with your legal fees, and commissions for collecting the same, and the officer executing this writ shall execute the same according to the law and the mandates hereof, until judgment is paid.

HEREIN FAIL NOT, and have you this writ showing how you have executed the same, together with said monies collected as herein directed, before the above Court at the Courthouse thereof in Raymondville, Texas, showing how you have executed the same within 90 days from the date thereof.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Raymondville, Texas, this the 08th day of December, 2003.

ATTEST:_____Gilbert Lozano_____ DISTRICT CLERK

_____138<sup>th</sup> District _____ Court, Willacy County, Texas

BY: _____, Deputy

The rules of civil procedure do not an execution to show upon its face the number of previous executions which have been issued on a judgment. This form can, therefore, be used for the original execution or an alias execution.

─·─ ·─ ── ─·── ·─ ─·─ ─═ *** RECAP OF FEES*** ═─ ─·─═ ─· ·─ ─·─ ─·─ ·─

| | | | | |
|---|---|---|---|---|
| State Court Fee | $ ( 40.00 ) | Clerk | $( 45.00 ) |
| Law Library | ( 35.00 ) | Stenographer | ( ) |
| Sheriff | ( ) | Constable | ( ) |
| Jury Fee | ( 10.00 ) | TDHS; C.A.R Fund | ( ) |
| Statement of Facts | ( ) | Publication Fee | ( ) |
| Investigation | ( ) | Attorney's Fee | ( ) |
| Guardian Ad Litem | ( ) | Attorney Ad Litem | ( ) |
| Sheriff Out County | ( ) | Civil Processor | ( ) |
| Service by Other | ( ) | Depositions | ( ) |
| Citations   2 | ( ) | Final Judgment | ( ) |
| Writ/Execution | ( 8.00 ) | | |

Fee Sheet [01] of [01]                          TOTAL Court Cost ( 138.00 )

─·─·─ ·─ ─·─ ─·── ·─ ─═─═══─═ ─·─ ─·─ ─·─ ─·─═

| | |
|---|---|
| Credits | ( 50.00 ) |
| Total Balance due | ( 138.00 ) |

I certify that the above and foregoing Bill of Costs, amounting to $138.00 is a true bill of the costs adjudged against the defendant in the above numbered and entitled cause, wherein this writ of execution is issued.

_____, District Clerk, 138<sup>th</sup> District   Court, Willacy County, Texas

Gilbert Lozano                          By___ __ _____ __ _ Deputy

Attorney:

Fleming and Hernandez, P.C.

1650 Paredes Line Road, Suite 102

Brownsville, Texas 78521-1602

Dec 19 03 04:07p          CAMERON COUNTY SHERIFFS          9565496670          p.3

·3<3
5^+

## SHERIFF'S RETURN

CAME TO HAND The __8__ day of __Dec__ A.D., _2003_, _10:00_ o'clock __A__ M. And executed a BROWNSVILLE CAMERON County, Texas on the __8TH__ day of DEC __ A.D., _2003_, at _11:00_ o'clock __A__ M., by levying upon and seizing the following described property of the defendant, and situated in __CAMERON__ County, Texas via:

And afterwards, on ____ day of __ __ A.D.. _ __, advertised the same for sale at the Court House door of __CAMERON__ County, __TEXAS__ _ __ on the __6TH__ day of __JANUARY__ __ __ A.D., _2004_ ___, being the __FIRST TUESDAY__ of said month (*by an advertisement, in the English language, published once a week for three consecutive weeks preceding such sale, the first publication appearing not less than twenty days immediately preceding the day of sale, beginning on the __ __ __ day of __ __ __ __ __ AD ____ In the __VALLEY MORNING STAR__ A newspaper published in the County of __CAMERON__ , stating in said advertisement the authority by virtue of which said sale was to be made, the time of levying, the time and place of sale, a brief description of the property to be sold, the number of acres, the original survey, its locally in the County and the name by which the land is generally known) , (by written advertisement posted for __21 DAYS__ __ __ successive days next before the day of sale at three public places in the County of __CAMERON__ one of which is at the Court House door of said County, and one was at the place of sale)-; and also, __MAILED__ __ __ one to each of the within named defendants a copy said notice

Delivered of Mailed
of sale; and also mailed a copy of said notice to __ __ __ __ __ __ __ __ PLAINTIFF AND DEFENDANT __ __ __ __ __ __ __ __ defendant's attorney of record in said cause.

And on said __6TH__ day of __JANUARY__ , A.D. _2004_ __ between the hours of 10 o'clock a.m. and 4 o'clock p.m., at the Court House door of said sold said county __OF CAMERON__ in pursuance to said advertisement, sold said property at public sale to __ __ __ __ __ __ __ __ __ to whom the same was struck off for the sum of __ __ __ __ __ __ __ __ Dollars that being the highest secure bid for the same; and the said __ __ __ __ __ __ having been paid the sum so bid by __ __ h__ __ , I executed to __ __ __ __ h __ __ a __ __ __ __ for said property. And after first satisfying the Sheriff's costs accruing under this writ, amounting to the sum of $ __ __ __ an itemized bill of which appears below, and the further sum of $ __ __ __ __ original Court costs, the remainder, being the sum of $ __ . __ was paid to

whose receipt for the same is herewith presented, and this writ is hereby returned on this the __ day of __ __ __ A.D. __ .

I have actually and necessarily traveled __ __ __ miles in the service of this writ and in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

__CONRADO M. CANTU__, SHERIFF
__CAMERON COUNTY, TEXAS__ By *Danny Hurt* Deputy, DANNY HUERTA

*If no newspaper will publish said advertisement, then so state, strike out the first clause and leave the clause showing advertisement "posted," etc. If published in newspaper, strike out the clause in regard to posting.

+If sale was at Court House of said County, strike out this last clause, but if sale is elsewhere, strike out and make your form read accordingly.

---

| Sheriff's Fees | | File No. Cause 97-223 |
|---|---|---|
| | | EXECUTION |
| Levy. . . . . . . . . . $_____ | | |
| Advertising . . . . | _____ | John Roberts, Plaintiff |
| Serving __ Notices | | vs |
| @ __ each | _____ | First Valley Bank, Formally Raymondville State Bank |
| Commissions . . . . | _____ | |
| Making __ Deeds | | |
| @ __ each | _____ | In District Court |
| Executing Writ of | | 138th |
| Possession | _____ | |
| Return of Writ | _____ | Of Willacy County, Texas |
| Mileage ___ Miles | _____ | |
| Printer's Fees . . . . | _____ | Issued |
| Total . . . . $_____ | | This 08th day of December A.D. 2003 |
| Original Court | | Gilbert Lozano, District Clerk |
| Costs. . . . . . . . | _____ | By _____ Deputy |
| Total Amount of | | |
| Costs. . . . . . . . | _____ | Filed |

1.

**TRACT II:**   The West six and 22/100 (W. 6.22) acres of the East Twenty-one and 224/1000 (E. 21.224) acres of Block One (1), in Orange Grove Park Subdivision, La Feria Grant, Cameron County, Texas, according to the map or plat of said subdivision recorded in Volume 4, Page 11, of the Map Records of Cameron County, Texas, and further described as follows:

COMMENCING at a point in the North line of U. S. Highway "83" Business and the South line of the Missouri-Pacific Railway right of way, said point being the Northeast corner of Block 1, ORANGE GROVE PARK SUBDIVISION, as shown on map thereof, recorded in Volume 4, Page 11, of the Map Records, Cameron County, Texas;

THENCE, along the North line of said U. S. Highway "83" with the South line of the Missouri-Pacific right of way, and the North line of said Block 1, South 71° 31' West, a distance of 585.78 feet to the point of beginning of the parcel herein described;

THENCE, parallel with the East line of said Block 1, South 01° 27' East, a distance of 62.75 feet to a point in the South right of way line of said Business "83", and continuing, South 01° 27' East, a distance of 1014. 98 feet, for a total distance of 1077.73 feet to a point in the South line of said Block 1, lying on the approximate South bank of a drain ditch;

THENCE, along the South line of said Block 1, South 89° 00' West, a distance of 261.37 feet to a point;

THENCE, parallel with the East line of said Block One (1), North 01° 27' West, a distance of 932.85 feet to a point in the South line of said Business "83" right of way, and continuing, North 01° 27' West, a distance of 62.75 feet for a total distance of 995.60 feet to a point in the North line of said Block 1, being the North line of said Highway "83" right of way, and the South line of the Missouri-Pacific Railroad right of way;

THENCE, along the North line of said Block 1, with the North line of said Highway right of way and the South line of said Missouri-Pacific right of way, North 71° 31' East, a distance of 273.35 feet to the POINT OF BEGINNING.

2.

**TRACT III:**   An 8,750.00 square foot tract of land, being the Easterly 50.0 feet of Lot Numbers Twelve (12), Thirteen (13), Fourteen (14) and the Easterly 50 feet of the Northerly ½ of Lot Number Eleven (11), Block Number Sixteen (16), THIRD ADDITION to the City of San Benito, Cameron County, Texas, according to the map recorded in Volume 2, Page 5, of the Map Records of Cameron County, Texas, more fully described as follows:

Having a point of beginning at the intersection of Texas State Highway Loop 448 and Westerly right of way line of Austin Street and THENCE South 30 degrees 43 minutes West, 175.0 feet, along with the Westerly right of way line of Austin Street to a point;

THENCE, North 59 degrees 17 minutes West, 50.0 feet to a point;

THENCE, North 30 degrees 43 minutes East, 175.0 feet to a point on the Southerly right of way line of said Texas State Highway Loop 448;

THENCE, along with the Southerly right of way line of Texas State Highway Loop 448, South 59 degrees 17 minutes East, 50.0 feet to the POINT OF BEGINNING of the tract herein described.

3.

All of Block One (1), RABB HEIGHTS SUBDIVISION NUMBER ONE (1); and the West 2 feet of the South 321.46 feet of Block Two (2), RABB HEIGHTS SUBDIVISION NUMBER ONE (1), out of the La Feria Grant, Cameron County, Texas, according to the map recorded in Volume 5, Page 71, of the Map Records of Cameron County, Texas.

IN THE DISTRICT COURT
FOR THE STATE OF TEXAS
WILLACY COUNTY, TEXAS

| | | |
|---|---|---|
| JOHN ROBERTS, | § | |
| Plaintiff, | § | CASE NO. 97-223 |
| | § | |
| vs. | § | |
| | § | |
| FIRST VALLEY BANK, Formerly | § | |
| RAYMONDVILLE STATE BANK | § | 138th JUDICIAL DISTRICT COURT |
| and Does 1 through 20, | § | |
| Defendants | § | |

## JUDGMENT

Upon consideration of the two motions for summary judgment filed respectively by Defendants' First Valley Bank and J. Rolando Olvera, Jr., this Court held that summary judgment be granted in favor of Defendants against Plaintiff John Roberts.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that summary judgment is hereby granted in favor of Defendant First Valley Bank (formerly known as Raymondville State Bank and presently known as Wells Fargo Bank); summary judgment is also granted in favor of Defendant J. Rolando Olvera, Jr.; furthermore, Plaintiff John Roberts is hereby ordered to pay $35,000.00 in attorney fees to the Defendants with an additional $10,000.00 to be awarded to the Defendants upon each subsequent appeal which is not successful; Plaintiff John Roberts is to be held individually liable for said amounts. It is further ordered that Plaintiff John Roberts have and recover nothing against the Defendants; the Plaintiff's cause of action is hereby dismissed at the Plaintiff's cost.

FILED

NOV - 9 2000

EXHIBIT - B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOHN OCIE ROBERTS                       §
                                        §
VS.                                     §
                                        §
WELLS FARGO BANK, FORMERLY              §          CIVIL ACTION NO. _B 0 4 0 0 2_
FIRST VALLEY BANK, FORMERLY             §
RAYMONDVILLE STATE BANK, AND            §
TOM FLEMING                             §

## NOTICE OF LIS PENDENS

    Plaintiff, John Ocie Roberts, hereby gives Notice of Lis Pendens of the proceedings in the above styled and numbered cause.

1.    The cause number is _B 0 4 0 0 2_

2.    The proceedings are in the United States District Court in Brownsville, Texas.

3.    The names of the Defendants are Wells Farm Bank Formerly, First Valley Bank Formerly, Raymondville State Bank, and Tom Fleming.

4.    This is a civil rights action for the Defendants' taking of Plaintiff's properties without due process and due to the threats to Plaintiff from Defendant Tom Fleming if Plaintiff were to use the district courts of the State of Texas.

5.    The description of the properties are attached as Exhibit A and are incorporated by reference as if fully copied herein.

John Ocie Roberts

STATE OF TEXAS            ]

COUNTY OF _WILLACY_       ]

## **VERIFICATION**

I hereby certify, that I, John Ocie Roberts, have read all the allegations stated in the Notice of Lis Pendens, and all statements are true and correct from my own personal knowledge.



John Ocie Roberts

SWORN AND SUBSCRIBED TO BEFORE ME, the undersigned notary, on this the 3rd day of _____, 2004 which witness my hand and seal.

Notary Public-State of Texas

LEONOR HILDA RAMIREZ
MY COMMISSION EXPIRES
December 11, 2006

1.

**TRACT II:** The West six and 22/100 (W. 6.22) acres of the East Twenty-one and 224/1000 (E. 21.224) acres of Block One (1), in Orange Grove Park Subdivision, La Feria Grant, Cameron County, Texas, according to the map or plat of said subdivision recorded in Volume 4, Page 11, of the Map Records of Cameron County, Texas, and further described as follows:

COMMENCING at a point in the North line of U. S. Highway "83" Business and the South line of the Missouri-Pacific Railway right of way, said point being the Northeast corner of Block 1, ORANGE GROVE PARK SUBDIVISION, as shown on map thereof, recorded in Volume 4, Page 11, of the Map Records, Cameron County, Texas;

THENCE, along the North line of said U. S. Highway "83" with the South line of the Missouri-Pacific right of way, and the North line of said Block 1, South 71° 31' West, a distance of 585.78 feet to the point of beginning of the parcel herein described:

THENCE, parallel with the East line of said Block 1, South 01° 27' East, a distance of 62.75 feet to a point in the South right of way line of said Business "83", and continuing, South 01° 27' East, a distance of 1014. 98 feet, for a total distance of 1077.73 feet to a point in the South line of said Block 1, lying on the approximate South bank of a drain ditch;

THENCE, along the South line of said Block 1, South 89° 00' West, a distance of 261.37 feet to a point;

THENCE, parallel with the East line of said Block One (1), North 01° 27' West, a distance of 932.85 feet to a point in the South line of said Business "83" right of way, and continuing, North 01° 27' West, a distance of 62.75 feet for a total distance of 995.60 feet to a point in the North line of said Block 1, being the North line of said Highway "83" right of way, and the South line of the Missouri-Pacific Railroad right of way;

THENCE, along the North line of said Block 1, with the North line of said Highway right of way and the South line of said Missouri-Pacific right of way, North 71° 31' East, a distance of 273.35 feet to the POINT OF BEGINNING.

2.

**TRACT III:** An 8,750.00 square foot tract of land, being the Easterly 50.0 feet of Lot Numbers Twelve (12), Thirteen (13), Fourteen (14) and the Easterly 50 feet of the Northerly ½ of Lot Number Eleven (11), Block Number Sixteen (16), THIRD ADDITION to the City of San Benito, Cameron County, Texas, according to the map recorded in Volume 2, Page 5, of the Map Records of Cameron County, Texas, more fully described as follows:

Having a point of beginning at the intersection of Texas State Highway Loop 448 and Westerly right of way line of Austin Street and THENCE South 30 degrees 43 minutes West, 175.0 feet, along with the Westerly right of way line of Austin Street to a point;

THENCE, North 59 degrees 17 minutes West, 50.0 feet to a point;

THENCE, North 30 degrees 43 minutes East, 175.0 feet to a point on the Southerly right of way line of said Texas State Highway Loop 448;

THENCE, along with the Southerly right of way line of Texas State Highway Loop 448, South 59 degrees 17 minutes East, 50.0 feet to the POINT OF BEGINNING of the tract herein described.

OFFICIAL PUBLIC RECORDS
On: Jan 06,2004 at 03:04P

Document Number:

Joe G Rivera
County Clerk
By
Marleen Fuentes, Deputy
Cameron County

00000109

## CERTIFIED COPY

### CAUSE NO. 2003-12-5738-A

| | | |
|---|---|---|
| **JOHN ROBERTS** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **WELLS FARGO BANK, Formerly** | § | **107TH JUDICIAL DISTRICT** |
| **FIRST VALLEY BANK, Formerly** | § | |
| **RAYMONDVILLE STATE BANK** | § | |
| **Tom Fleming, Dan Huerta, and** | § | |
| **Rolando Olvera,** | § | |
| **Defendants** | § | **CAMERON COUNTY, TEXAS** |

## ORDER

On the 13th day of February 2004, the Motion to Find Plaintiff a Vexatious Litigant filed by Defendants **Wells Fargo Bank, Tom Fleming, Dan Huerta and Rolando Olvera** came on for hearing. The Court finds that the motion was properly filed and was set first for hearing by fiat dated February 6, 2004 and served on Counsel-of-record, **Raul A. Guajardo and Tom Fleming.**

After hearing the evidence presented on the issues set out in the motion and having considered the argument of Counsel, the Court finds that Plaintiff **John Roberts**, in the seven-year period immediately prior to the filing of the motion, has commenced, prosecuted or maintained in *propria persona* at least five litigations other than in a small claims court that have been:

      1.    finally determined adversely to John Roberts or

      2.    have been permitted to remain pending at least two years without having been brought to trial.

*Exh K--*

The Court further finds that **John Roberts** has attempted to relitigate claims, causes of action and issues of fact and law in *propria persona* finally determined against him against the same defendants as to whom the litigation was finally determined.

The Court further finds that there is not a reasonable probability that the Plaintiff will prevail in the above styled and numbered cause against the named Defendants.

The Court finds, based on the evidence and the provisions of Civil Practice & Remedies Code, Section 11.054 that **John Roberts** is a vexatious litigant.

IT IS, THEREFORE, ORDERED that **John Roberts** furnish security in the amount of $ 7,500 _____ to assure payment to the named Defendants herein of the Defendants' reasonable expenses incurred in or in connection with this litigation including costs and attorney's fees. Such security shall be paid into the registry of this Court on or before June 1, 2004.

IT IS FURTHER ORDERED that **John Roberts** is hereby prohibited from filing, in *propria persona*, a new litigation in a court in this state without a grant of permission from a local administrative judge based upon the conditions found in Civil Practice & Remedies Code, Section 11.102.

SIGNED FOR ENTRY on this 5 day of April, 2004.

_____
JUDGE PRESIDING

APR - 6 2004

**COPIES:**
John Roberts, P. O. Box 1167, La Feria, Texas  78559
Tom Fleming, FLEMING & HERNANDEZ, P.C., 1650 Paredes Line Road, Suite 102, Brownsville, Texas 78521-1602

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS

MAY 27 2004

BY: Reynaldo Lopez Jr.

FILED ____ O'CLOCK ____ M
AURORA DE LA GARZA DIST CLERK

APR - 5 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS

Page 2 of 2

STATE OF TEXAS§
COUNTY OF CAMERON§

Before me personally appeared Dena Fay Langham, who under oath stated the following to be true and correct from her own personal knowledge.

My name is Dena Fay Langham. I am over the age of 21 and have never been convicted of any crime. I am competent to make the affidavit.

On September 26, 1995 I borrowed $14,000.00 in my name on two pieces of property in Willacy County. The $14,000.00 was signed over to the First Valley Bank with instructions to be applied on John Ocie Roberts' bank note for the principle. To my knowledge the payment was never made on that bank note. This note for $14,000.00 is now paid in full.

Affiant further saith naught.

Dena Fay Langham

SUBSCRIBED AND SWORN TO BEFORE ME on 17th of Sept., 2000, to certify which witness my hand and official seal.

JULIE A. BARNETT
Notary Public, State of Texas
My Commission Expires
December 23, 2002

Julie A. Barnett
Notary Public

Julie A. Barnett
Typed Name

Notary Public in and for Cameron County, Texas.

8

9

10

11

Ex L

STATE OF TEXAS§
COUNTY OF CAMERON§

Before me personally apeared Ann Langham who under oath stated the following to be true and correct from her own personal knowledge.

My name is Ann Langham, I am over the age of 21 and have never been convicted of any crime.

On October 18, 1995 I, Ann Langham borrowed $10,800.00 on two pieces of property in Willacy County. I also made a $1200.00 down payment. The total of $12,000.00 was signed over to the First Valley Bank with instructions to pay John Ocie Roberts' note to be applied to the principle. To my knowledge this money was never applied to his bank note.

Affiant further saith naught.

_____
Ann Langham

SUBSCRIBED AND SWORN TO BEFORE ME on 17th of Sept., 2000, to certify which witness my hand and official seal.

JULIE A. BARNETT
Notary Public, State of Texas
My Commission Expires
December 23, 2002

_____
Notary Public

Julie A. Barnett
Typed Name

Notary Public in and for Cameron County, Texas.

IN THE DISTRICT COURT
FOR THE STATE OF TEXAS
WILLACY COUNTY, TEXAS

| | | |
|---|---|---|
| **JOHN ROBERTS,** | § | |
| Plaintiff, | § | **CASE NO. 97-223** |
| | § | |
| **vs.** | § | |
| | § | |
| **FIRST VALLEY BANK, Formerly,** | § | |
| **RAYMONDVILLE STATE BANK,** | § | **138th JUDICIAL DISTRICT COURT** |
| **and Does 1 through 20,** | § | |
| Defendants | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### VERIFICATION

State of Texas§

County of Willacy§

    I, John Ocie Roberts, hereby certify that all facts alleged in the foregoing supplemental reply are true and correct from my own personal knowledge. I have not received the $10,800.00 that Mrs. Ann Langham paid. The attorney, Mr. Bill McCormick, never has given me a check nor do I know what he did with the $10,800.00 He was supposed to give the money to the Bank.

    The bank has never shown me what they did with the money.



John Ocie Roberts

Before me personally appeared John Ocie Roberts and stated under oath that all facts alleged by him are true and correct, on this the _28_ day of Sept. 2000.



KAREN R. BARNETT
Notary Public
STATE OF TEXAS
My Comm. Exp. Aug. 20, 2001

Karen R. Barnett
Notary Public
In and For the State of Texas

F I L E D

OCT - 5 2000

J.X. "Chuy" Jiménez, Dist. Clerk, Willacy Co.

By _____ Deputy

ANN OR DENA LANGHAM    08-98
LIC. 03176978  PH. 956-797-3020
P O BOX 157, 600 WILLOW RD.
LA FERIA, TX 78559-0157

88-1918/1149
353270

138

DATE 11-23 98

PAY TO THE
ORDER OF    E. V. B                    $ 4916.39

four thousand, nine hundred sixteen 39/100    DOLLARS

ALAMO
BANK
of Texas
McALLEN · ALAMO · WESLACO
· HARLINGEN

MEMO 20055038            Ann Langham

⑈114919184⑈ 0138⑈05 3270 3⑈    ⑈000049163⑈9⑈

9

10