

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 7 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JOHN OCIE ROBERTS § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. B-04-002 |
| WELLS FARGO BANK, FORMERLY § | |
| FIRST VALLEY BANK, FORMERLY § | |
| RAYMONDVILLE STATE BANK, AND § | |
| TOM FLEMING § | |

# REPLY OF TOM FLEMING
# TO
# PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES, Defendant **Tom Fleming** and files this reply to the Plaintiff's response to this Defendant's motion for summary judgment:

1. Plaintiff's response is replete with accusations, rumors and conceptual misunderstandings but short of factual summary judgment evidence and lucid legal reasoning.

2. The allegation that "it was the Defendant attorney behind the scenes who would be setting the stage for Defendant Bank's acts" is ludicrous at best. An attorney is but an agent in the representation of a client. *Brandt v. West*, 892 S.W.2d 56, 76 (Tex. App.–Houston [1st Dist.] 1994, writ denied). An agent has only authority as is granted by the principal and is not responsible for action taken for the principal. *Karl Rove & Company v. Thornburgh*, 39 F.3d 1273, 1297 (5th Cir. 1994); *Karl Rove & Company v. Thornburgh*, 824 F.Supp. 662, 672 (W.D. Tex. 1993,

affirmed in relevant part, dismissed in part). It is, however, easy for an opposing party not familiar with the business practices of his opposing party nor the doctrine of agency to demonize the opposing party's counsel. Unfortunately for the Plaintiff in this case, the courts in Texas have held that an attorney in Texas cannot be liable to an opposing party for legal work representing his client that discharged duties owed exclusively to his own client in that lawsuit. *Lewis v. American Exploration Company*, 4 F.Supp.2d 673, 679 (S.D. Tex. 1998) and cases cited therein.

3.    Plaintiff then accuses this Defendant of misleading this Court because Plaintiff believes that collection of a money judgment granted for attorney's fees somehow accrues to the benefit of the judgment lienholder's attorney who, Plaintiff contends would, therefore, be the "recipient of those attorney fees". This accusation demonstrates a gross misunderstanding of law and Rules 301 and 306, Texas Rules of Civil Procedure.

4.    Plaintiff complains of the content of letters from this Defendant to Plaintiff's counsel and Cameron County District Judges; yet, an objective reading of each correspondence demonstrates that all were sent in pending litigation and were a part of such litigation. *Brandt v. West*, 892 S.W.2d at 72. None of the various letters constituted *ex parte* communications since copies of each were either sent to or were copied to Plaintiff's counsel.

5.    Plaintiff would then have this Court ignore the October 3, 2003 denial of his application for petition of review by insisting that the Supreme Court of Texas did

not rule on that application until December 8, 2003. As shown by the certified copy of the Clerk's letter attached as Exhibit C to this Defendant's Motion for Summary Judgment, the application was denied on October 3, 2003.

6. Plaintiff provides no summary judgment evidence of his allegations concerning a "bogus judge" nor of his allegations that this Defendant somehow controls the state judiciary in Cameron County. These assertions cannot be given credence.

7. The balance of Plaintiff's allegations concerns accusations of criminal activity against this Defendant but are not accompanied by any type of summary judgment evidence. The additional assertions of fraud cannot, without evidence of each element, change the rule or provide a basis for recovery. *Lewis v. American Exploration Company*, 4 F.Supp. at 679.

8. Plaintiff's response contains attachments which Plaintiff evidently proffers as some evidence of his factual allegations, accusations and assertions. These proffered exhibits cannot be considered because they do not comply with Rule 56(e), Federal Rules of Civil Procedure (FRCP). The exhibits are not sworn or certified copies, are not referenced nor referred to in the Plaintiff's affidavit nor are they properly referenced in Plaintiff's response. As a result of these deficiencies, Plaintiff's entire response does not set forth specific facts showing that there is a genuine issue for trial as required by Rule 56(e), *Id.* Rule 56(c), FRCP, clearly mandates entry of summary judgment against a party who fails to make a sufficient showing to establish the

existence of an essential element to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 106 S.Ct. 2548, 2552 (1986).

9. Plaintiff's attempt to meet the Defendant's motion violates the precept set out in *Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003) which prohibits " . . . flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience." Plaintiff must present evidence on which a jury could reasonably find for him. *Yerdon v. Henry*, 91 F.3d 370, 374 (2nd Cir. 1996).

This Defendant prays entry of a summary judgment that Plaintiff take nothing by his causes of action stated against this Defendant. This Defendant further prays for general relief.

DATED: June 7, 2004.

                                        Respectfully submitted,

                                        **FLEMING & HERNANDEZ, P.C.**
                                        1650 Paredes Line Road, Suite 102
                                        Brownsville, Texas  78521-1602
                                        Telephone:  (956) 982-4404
                                        Telecopier:  (956) 982-0943

                                        by: *[signature]*
                                        Tom Fleming
                                        State Bar of Texas No. 07133000
                                        Federal I.D. No. 1188

                                        **ATTORNEYS FOR DEFENDANT, TOM FLEMING.**

REPLY OF DEFENDANT TOM FLEMING
TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT      Page 4 of 5
TF/bgw #972277  L:\WARNKE\FLEMING\Roberts,John\B-04-002\ReplyRespSJM.wpd

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing **REPLY OF DEFENDANT TOM FLEMING TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT** were served June 7, 2004 in the manner(s) indicated below upon the following:

**PLAINTIFF, JOHN OCIE ROBERTS,** *Pro Se*:
Mr. John Ocie Roberts
P. O. Box 1167
La Feria, Texas 78559
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 2030 0007 1000 5571)*

**COUNSEL FOR DEFENDANT, WELLS FARGO BANK:**
Mr. Rolando Olvera
ROLANDO OLVERA, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602
*(HAND DELIVERY)*

**COUNSEL FOR DAN HUERTA:**
Mr. John A. Olson
CAMERON COUNTY COMMISSIONERS' COURT
CIVIL LEGAL DIVISION
964 East Harrison Street, Suite 420
Brownsville, Texas 78520
*(FIRST CLASS UNITED STATES MAIL)*

_____
Tom Fleming