3\

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 0 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, Plaintiff | § | |
| | § | |
| V. | § | CASE NO. B-04-002 |
| | § | (JURY REQUESTED) |
| WELLS FARGO BANK, Formerly | § | |
| FIRST VALLEY BANK, Formerly | § | |
| RAYMONDVILLE STATE BANK and | § | |
| TOM FLEMING, Defendants | § | |

### DEFENDANT DAN HUERTA'S RULE 12(b)(6) AMENDED MOTION TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT AND ALTERNATIVE MOTION TO COMPEL A RULE 7(a) REPLY AS TO SAID MOTION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Comes now Defendant DAN HUERTA and files his amended Rule 12(b)(6) Motion to Dismiss Plaintiff's original Complaint, Fed. R. Civ. Proc. 12(b)(6), and his alternative Motion to Compel a Rule 7(a) Reply as to his amended Rule 12(b)(6) Motion to dismiss, Fed. R.Civ. Proc. 7(a), and, in support hereof, shows the following:

### STATEMENT OF THE CASE.

1.    Plaintiff brought this suit against Defendants WELLS FARGO BANK, Formerly FIRST VALLEY BANK, Formerly RAYMONDVILLE STATE BANK and TOM FLEMING and Defendant, Para. I, sub-¶¶ 1-3, under the Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1981. Para. II, sub-¶. 4 and its second Paragraph.

### PLAINTIFF'S ALLEGATIONS.

1.    In relevant part, Plaintiff's conclusory allegations claim that on or about October 1,

1990, Defendant Bank's agent orally promised him that all payments he or his representatives would make respecting his loan would be credited to the loan and deducted from his debt. However, the Bank refused to credit an account up to approximately $50,000.00.

2.     Sometime thereafter, Plaintiff sued unspecified parties in State court for breach of contract and fraud, but had summary judgments entered against him. He appealed those judgments, but was apparently unsuccessful.

3.     Although Plaintiff made numerous conclusory allegations against the Defendants in general or an unnamed Defendant in particular (See, *e.g.*, Para. V., sub-¶ 27, Para. VI, sub-¶ 30), and especially against FLEMING, the only time he expressly referenced Defendant was in Para. VI, sub-¶ 34, wherein he conclusorally-stated that Defendant was "the officer in charge of performing the sales."

4.     Defendant has responded as best as he can to those allegations in his Answer, which he timely-filed subject to a ruling on this Motion.

MOTION TO DISMISS UNDER RULE 12(b)(6), <em>supra.</em>

A.     Standard for Dismissal under the Rule.

1.     Defendant submits that Plaintiff failed to plead specific facts for which relief can be granted under any theory of State or federal law. Accordingly, his lawsuit is ripe for dismissal under Rule 12(b)(6), *supra*, and, in support thereof, shows the following:

1.     A complaint should be dismissed under the Rule for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46; 78

S. Ct. 99, 2 L.Ed.2d 80 (1957).

2.    Under that standard, a court may dismiss a complaint if the plaintiff cannot possibly prevail on his claim(s). Scheuer v. Rhodes, 416 U.S. 232, 236; 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974); Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir., Tex., 1986).

3.    Although Rule 12(b)(6)'s standard is stringent, "the mere fact that a standard is stringent does not suggest that it can never be met." Mahone v. Addicks Utility Dist. of Harris County, 836 F.2d 921, 927 (5th Cir., Tex., 1988).

B.    Plaintiff failed to plead specific facts showing that this Court has Jurisdiction over Defendant.

In Para. II, sub-¶ 4, Plaintiff generally alleged that jurisdiction was conferred on this Court [sic] under 28 U.S.C. §§ 1331 and 1343.  Defendant submits that the obvious problem with those claims is that the only place where Plaintiff specifically mentions Defendant is in Para. VI, sub-¶ 34, wherein Plaintiff claims that he "was the officer in charge of the sales" of Plaintiff's real property.

The next obvious problem is that Plaintiff failed to plead specific facts in his Complaint or Response to Defendant's original 12(b)(6) Motion showing a federal claim against Defendant, §1331, *supra*, and/or failed to plead specific facts showing a deprivation by Defendant under color of any State law, statute, ordinance, regulation, custom, or usage of any right, privilege, or immunity secured by the Constitution of the United States or by Act of Congress providing for equal rights of citizens or of all persons with the jurisdiction of the United States. §1343, *supra*.

As Plaintiff failed to plead specific facts showing a federal claim against Defendant and/or failed to plead specific facts showing a deprivation by Defendant under color of any State law, statute, etc., his original Complaint should be dismissed with prejudice.

C.    Plaintiff failed to plead specific facts establishing his Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendment claims against Defendant.

In Para. II, sub-¶ 4, Plaintiff also generally alleged that his action arose under these Amendments of the United States Constitution, "as herein after more fully appears."

Defendant submits that the obvious problem with that claim is that Plaintiff failed to allege specific facts in his Complaint or Response to Defendant's original 12(b)(6) Motion showing when and how Defendant violated one or more of those Amendments. See, *e.g.*, Para. IV., sub-¶¶ 25 & 31.  As noted, all Plaintiff claimed was that Defendant was in charge of performing the sales of his real property.

As Plaintiff failed to allege specific facts showing when and how Defendant violated one or more of the cited Amendments, his original Petition should be dismissed with prejudice.

D.    Plaintiff failed to plead specific facts establishing a violation of 42 U.S.C. §1981 by Defendant.

In Farmer v. Lowe's Companies, Inc., *et al.*, 188 F.Supp.2d 612 (W.D., N. Carolina, 2001), Farmer alleged that she had a contract with Lowe's and argued that the allegation was itself enough to sustain an action under §1981, *supra*. *Id.*, at

621. Plaintiff generally claimed that he was seeking to redress the deprivation under color of a statute or ordinance or regulation of a privilege or an immunity secured to him by §1981, *supra*, Para. II, sub-¶ 4, and later alleged a breach of a valid oral contract, Para. VI, sub-¶ 30, Nos. 1-7, but never expressly referenced Defendant as a violator.

In that regard, Farmer, *supra*, is instructive because its defendants filed a Rule 12(b)(6) Motion to dismiss Farmer's claim for failure to state a claim for which relief could be granted, and the Court granted it, holding, in relevant part, that: a "*factually unsupported, conclusory, allegation was insufficient, standing alone, to state a claim for a violation of §1981 … Because Plaintiff has plead no facts to support the conclusory allegation, as a matter of law, she failed to state a claim for which relief can be granted.*" *Id.*, at 621-22.

In relevant part, §1981, *supra*, states that

(a) All persons within the jurisdiction of the United states shall have the same right in every State and Territory, to sue, make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property <u>as is enjoyed by white citizens</u> [Emphasized], and shall be subject to like punishment, pains, and penalties, taxes, licenses, and exactions of every kind, and to no other.

Nowhere in Plaintiff's original Complaint or Response to Defendant's 12(b)(6) Motion does he explain how and when Defendant violated §1981, *supra*, and, based on the singular claim Plaintiff made about Defendant, such an explanation would have been nonsense because §1981, *supra*, prohibits racial discrimination in the making and enforcing of contracts. Farmer, 188 F.Supp.2d at 621 n. 2.

In Roark v. West, *et al.*, 251 F.2d 956 (5th Cir., Tex. 1958), *cert.* denied, 357

U.S. 940, 78 S.Ct. 1390, 2 L.Ed.2d 1553 (1958), Roark alleged that West had breached a fiduciary trust with her and had illegally brought about a transfer of property through a foreclosure sale, and that Elder, a constable, had violated her civil rights by putting West into possession of the property, citing violations of the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution and §1981, *supra. Id.*, at 957.

The Court held that, even though Roark did not consider her case to be a civil rights claim, to the extent that her Complaint "made vague and factually unsupported allegations that the civil rights statutes were involved," *Id.*, case law held that though a Complaint generally alleges that defendants conspired to deprive a plaintiff of equal protection of the laws, See Para. II, sub-¶ 4, merely characterizing the defendants' "conduct as conspiratorial or unlawful does not set out allegations upon which relief can be granted" where "there is no allegation that the state officers named therein acted in any manner other than in the ordinary performance of their duties." *Id.*, at 957-58.

As Plaintiff failed to allege specific facts showing how and when Defendant violated §1981, *supra*, his original Petition should be dismissed with prejudice.

E.    Plaintiff failed to plead Specific Facts overcoming Defendant's Rights to
      Official, Judicial, and/or Statutory Immunity under State or federal law, or
      both.

Although Plaintiff failed to state in which capacity he was suing Defendant, Defendant submits that it is obvious from the tenor of Plaintiff's singular allegation

about him, Defendant was being sued in his Official Capacity.

The doctrine of Qualified Immunity shields a government official performing quasi-judicial functions in good faith from civil damages liability. Gladden v. Roach, 864 F.2d 1196, 1201 (5th Cir., Tex., 1989)[citation omitted].

Public officials and employees are shielded from liability if they can demonstrate that (1) they acted in good faith; (2) they acted within the course and scope of employment; and (3) their positions involve "quasi-judicial" or "discretionary" duties. A public employee's job may involve some quasi-judicial or discretionary responsibilities, and some "ministerial" or "non-discretionary" responsibilities. The fact that a public official's act was mistaken, wrong, or negligent does not mean that the official acted outside the scope of his or her authority. Camacho v. Samaniego, 954 S.W.2d 811, 822 (Tex.App.-El Paso 1997, writ denied).

Judicial and statutory immunities protect an officer from damages resulting from the execution of a writ issued by a state court if the officer executes the writ in good faith as provided by law and uses reasonable diligence in performing his official duties. Chambers v. Hornsby,  21 S.W.3d 446, 448-49 (Tex. App.-Hous. [14th Dist.] 2000, no pet.); Accord Merrill v. Carpenter, 867 S.W.2d 65, 68 (Tex. App. – Ft. Worth 1993, writ denied); Merritt v. Harris Co., 775 S.W.2d 17, 23 (Tex. App. – Hous. [14[th] Dist.] 1989, writ denied); Tex. Civ. Prac. & Rem. Code, §§7.003(a), 34.061 (2004).

The Texas Supreme Court has defined "good faith" as a test of objective

legal reasonableness. City of Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex. 1994), cited in Chambers, *supra*. The court stated that it decides whether a reasonable official could have believed that his conduct was justified in light of clearly-established law and information possessed by the official when the conduct occurred. *Id.*, at 656-57. An officer acts in good faith if a reasonably prudent officer, under the same or similar circumstances, would have acted in the same manner. Richardson v. Parker, 903 S.W.2d 801, 804 (Tex.App.-Dallas 1995, no writ), citing City of Lancaster, *supra*; See, *e.g.*, Defendant's Affidavit, attached hereto.

Tex. R. Civ. Proc. R. 637 directs an officer to proceed without delay to levy execution, and Tex. Civ. Prac. & Rem. Code, §34.065 (2004) states that an officer who fails or refuses to levy on or sell property is liable to the party who is entitled to receive money collected in the execution. A constable is required to execute a writ of possession from the justice court, even though the writ may involve litigation or doubtful questions of fact. Merrill, 867 S.W.2d at 68; Merritt, 775 S.W.2d at 23. An officer who executes a facially valid writ acts in good faith even when he is aware that there is a legal dispute over the matter. Richardson, 903 S.W.2d at 805. The officer is not a tribunal to determine doubtful questions of fact, *Id.*, and is not in a position to refuse to execute a writ even if a State court issued it erroneously. Merritt, 775 S.W.2d at 23.

In Mays v. Sudderth, 97 F.3d 107 (5th Cir., Tex. 1996), the appeals court determined whether a sheriff was absolutely immune from suit and liability for damages in a civil action brought against him pursuant to 42 U.S.C. §1983 for

injuries resulting from the sheriff's attachment of the plaintiff in accordance with a judicial order, facially valid and within the court's jurisdiction. The court concluded that a government official's strict compliance with a facially-valid judicial order issued by a court acting within its jurisdiction clothes the official with the absolute judicial immunity enjoyed by the judge issuing the order. Id., at 113.

Before so concluding, the court made an observation which Defendant submits is applicable to this case:

> The duties of the collector in the enforcement of the tax assessed were purely ministerial. The assessment, duly certified to him, was his authority to proceed, and, like an execution to a sheriff, regular on its face, issued by a tribunal having jurisdiction of the subject-matter, constituted his protection [Emphasized]. Whatever may have been the conflict at one time in the adjudged cases, as to the extent of protection afforded to ministerial officers acting in obedience to process, or orders issued to them by tribunals or officers invested by law with authority to pass upon and determine particular facts, and render judgment thereon, it is well settled now, that if the officer or tribunal possess jurisdiction over the subject-matter upon which judgment is passed, with power to issue an order of process for the enforcement of such judgment, and the order or process issued thereon to the ministerial officer is regular on its face, showing no departure from the law, or defect of jurisdiction over the person or property affected, then, and in such cases, the order or process will give full and entire protection to the ministerial officer in its regular enforcement against any prosecution which the party aggrieved thereby may institute against him [Emphasized], although serious errors may have been committed by the officer or tribunal in reaching the conclusion or judgment upon which the order or process is issued. Id., at 112.

Plaintiff has pointed to nothing on the face of any material instrument relevant to the sale of his property that indicates that any instrument was issued pursuant to a judgment that was improperly obtained. In his Response to Defendant's original 12(b)(6) Motion, Plaintiff referenced what appears to be an attached unverified Order of 5 Janaury 2004 which he claimed was void. Defendant

objects to said reference and offer because of its irregularity. Assuming the Court may not agree with that objection, Defendant next submits that Plaintiff's Argument is of no moment because he cited no authority for that proposition.

In said Response, Plaintiff also referenced an attached an affidavit from a Sam Wallace who said that, in his opinion, a Notice of Sale he saw in the Cameron County Courthouse was improperly posted because it did not have a file stamp. Rule 647, *supra*, governs the posting of Notices, and there is no provision therein that requires a sales Notice to be filed.

As Plaintiff failed to address, and then allege specific facts defeating, Defendant's Official, Judicial and/or Statutory immunities under State or federal law, or both, his original Petition should be dismissed with prejudice.

## DEFENDANT'S ALTERNATIVE
## MOTION TO COMPEL A RULE 7(a) REPLY

Assuming the Court may not agree with the foregoing conclusions, Defendant alternatively requests that the Court order Plaintiff to file a Rule 7(a) reply to this Motion in such particulars as it deems necessary for a justiciable resolution of this case.

WHEREFORE, PREMISES CONSIDERED, Defendant DAN HUERTA prays that upon final trial and hearing, his amended Rule 12(b)(6) Motion to Dismiss will be granted, and that Plaintiff take nothing by his suit, that Defendant recover all costs incurred herein, and that Defendant have such other and further costs, fees, and relief at law or in equity, which he may show himself to be justly entitled.

Subject thereto, Defendant prays that his Alternative Motion for Rule 7(a)

Reply will be granted, that the Court order Plaintiff to file a Rule 7(a) reply to this

Motion in such particulars as it deems necessary for a justiciable resolution of this

case.

Respectfully Submitted By:

CAMERON COUNTY'S
COMMISSIONERS COURT
CIVIL LEGAL DIVISION
964 East Harrison Street, Ste. 420
Brownsville, Texas 78520
Telephone: 956.550.1345
Facsimile: 956.550.1348

John A. Olson
Texas State Bar #15274750
Federal ID #4034
And
Dylbia L. Jefferies
Texas State Bar #00786515
Federal ID #17065
Of Counsel
Attorneys for
Defendant Dan Huerta

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, Plaintiff | § | |
| | § | |
| V. | § | CASE NO. B-04-002 |
| | § | (JURY REQUESTED) |
| WELLS FARGO BANK, Formerly | § | |
| FIRST VALLEY BANK, Formerly | § | |
| RAYMONDVILLE STATE BANK and | § | |
| TOM FLEMING, Defendants | § | |

**VERIFICATION**

STATE OF TEXAS          ][

COUNTY OF CAMERON   ][

Before me, the undersigned authority personally appeared DAN HUERTA who, upon his oath, attested that:

My name is Dan Huerta, and I am over the age of 18 years and am competent to make this statement. I am also known as Danny Huerta.

After I reviewed our Office's file respecting the sale of Plaintiff's property, Plaintiff's original Complaint, and his Response to a Rule 12(b)(6) Motion, I attest that:

1. I have been employed as a deputy sheriff with the Cameron County Sheriff's Department for 18 years, and have been assigned the duty of executing Writs of execution respecting all types of property in Cameron County for 12 years.

2. I was assigned the task of executing a legally-valid Writ of execution respecting Plaintiff's real property, which was received by the Cameron County Sheriff's Office on 27 October 2003, which I executed on that date. Neither Sheriff Cantu nor any other deputy personally handled the execution of the Writ.

3. I was also assigned the task of notifying Plaintiff of the pending sale of the property referenced in the Writ, and I caused to have advertised a copy of the Notice in the Valley Morning Star and posted at all places, all as required by law. A copy of the Notice was also mailed to Plaintiff on 9 December 2003 by certified mail, return receipt requested.

4. The Writ commanded the Sheriff or any constable to execute it and set forth the particulars regarding the execution.

5. The actions I took with regard to the Writ were as required by law with regard to handling of a Writ of execution.

6. At the time I executed the Writ, I had a good faith belief that it had been issued by a court of competent jurisdiction, and all my actions thereafter were taken in the good faith belief that they were proper.

7.    The property was sold pursuant to the facially-valid Writ on 6 January 2004 as per the Notice of Sale which had been advertised in the Valley Morning Star and posted at all places required by law and mailed to Plaintiff.

8.    At the times I executed the Writ and sold the property, I had no information or belief that the Writ had been suspended, recalled, or declared void.

9.    I have read the Complainant's allegation in his Response to my original Rule 12(b)(6) Motion that I should have known that a referenced Order of 5 January 2004 was invalid because it was not filed on the date it was delivered to me. However, at the time I sold Plaintiff's property, I did not have another Order preventing me from proceeding forward.

I also read a statement from a Sam Wallace who said that in his opinion, a Notice of Sale he saw in the Cameron County Courthouse was improperly posted because it did not have a file stamp. I am familiar with the protocol respecting the posting of sales Notice, and there is no provision in applicable law that requires a sales Notice to be filed.

10.    I have been involved in the sales of property which has been levied upon by State courts for the past 12 years either as the principle executing officer or as an assistant to a sale. Therefore, I can say that a reasonably prudent officer would have taken the same actions as I did under the same circumstances.

DAN "DANNY" HUERTA

Sworn to and subscribed before me on this _10th_ day of June 2004 to which witness my hand and seal of Office.

IRENE G. GONZALEZ
Notary Public, State of Texas
My Commission Expires
OCTOBER 27, 2004

NOTARY PUBLIC

My Commission expires on _10/27/04_

C:\roberts3.aff, 6/10/2004