UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 14 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JOHN OCIE ROBERTS § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. B-04-002 |
| WELLS FARGO BANK, FORMERLY § | |
| FIRST VALLEY BANK, FORMERLY § | |
| RAYMONDVILLE STATE BANK, AND § | |
| TOM FLEMING § | |

### REPLY OF DEFENDANT WELLS FARGO BANK
### TO PLAINTIFF'S RESPONSE TO DEFENDANT WELLS FARGO BANK'S
### MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant **Wells Fargo Bank** (hereinafter "Bank") and files the following reply to a pleading entitled "Plaintiff's, John Ocie Roberts, Response to Defendant Wells Fargo Bank's Motion for Summary Judgment", and would respectfully show the Court as follows:

I.

Introduction

Effective May 6, 2004, Defendant Bank filed a pleading entitled "Defendant Wells Fargo Bank's Motion and Brief in Support of Summary Judgment"; said pleading and the attached Appendix are incorporated by reference as if set forth herein. A hearing on the pending motion for summary judgment was scheduled initially for June 1, 2004. The Plaintiff filed his response the Friday before Memorial Day weekend at 4:18 p.m., May 28, 2004. This pleading constitutes the Defendant Bank's brief reply to the Plaintiff's claims and allegations in said response.

II.

## Reply

Defendant Bank's motion for summary judgment is based upon the doctrine of res judicata or claim preclusion under Texas law. As evidenced by the Plaintiff's response, any and all allegations and/or causes of action referenced therein are issues which were previously raised and resolved in the previous underlying state cause of action.

The bulk of the Plaintiff's response does not concentrate on Defendant Bank but rather on Defendant Tom Fleming as to his course of conduct in representing the Defendant Bank as its counsel of record. As best can be surmised from the Plaintiff's response, the Plaintiff's defenses against Defendant Bank once again reiterate the homestead defenses the Plaintiff alleged in the previous state cause of action. Pursuant to the homestead issue, Defendant Bank would specifically refer the Court to the pleading entitled "Defendant First Valley Bank's Motion for Summary Judgment" (attached as Exhibit "6" in the Appendix to the pending Motion for Summary Judgment):

1.  Pages 4 - 5, Section III entitled "Factual History";
2.  Page 10, Section 4c entitled "Homestead Designation".

For clarification purposes Defendant Bank disagrees with the Plaintiff's assertion that foreclosure has never been attempted on the subject real estate. The Defendant Bank attempted foreclosure on the real estate upon which it maintained a Deed of

Trust Lien on numerous occasions but was repeatedly prevented from finalizing the foreclosure process as a result of the Plaintiff filing numerous bankruptcies. However, it is correct that foreclosure was never finalized. Eventually, in January 2004, the subject real estate was seized via a sheriff's sale pursuant to a writ of execution levied upon a final judgment. The Plaintiff's allegations and assertions of rights under the Texas Property Code relate to real estate which falls within the legal definition of homestead. As referenced above, said issue was previously resolved against the Plaintiff in the previous state cause of action. However, out of an abundance of caution, Defendant Bank attaches hereto as Exhibit "1" a certified copy of an official document entitled "Homestead Designation" filed of record in the Official Records of Cameron County, Texas, Volume 1325, Pages 222-225. Said document confirms that at the time the subject promissory note was executed, the Plaintiff's homestead was located in Willacy County, Texas; and the Plaintiff specifically granted a Deed of Trust Lien in two nonhomestead tracts of land located in Cameron County, Texas. "Tract 1" consisted of 6.22 acres located near La Feria, Cameron County, Texas; "Tract 2" consisted of 8,750 square feet located in San Benito, Cameron County, Texas. Exhibit "1" is incorporated by reference as if set forth herein.

As a related but irrelevant side issue, it should be noted that the Sheriff's execution in January 2004 included all of Plaintiff's listed nonexempt property in Cameron County, Texas and erroneously included a tract of land described as Block One (1), Rabb Heights Subdivision located in Cameron County, Texas. It was

subsequently discovered that said real estate had previously been foreclosed upon by the La Feria Independent School District in approximately 1996 and that the Plaintiff was no longer the owner of said real estate. Once again, out of an abundance of caution, Defendant Bank has executed a Quitclaim Deed with respect to said property; said Quitclaim Deed is attached hereto as Exhibit "2" and incorporated by reference as if set forth herein. It should further be noted that Defendant Bank had no part in the foreclosure of said property by La Feria Independent School District, and further claims no interest in the "Rabb Heights" property.

In summary Defendant Bank obtained a state court judgment and enforced said judgment via a standard writ of execution. The Plaintiff's homestead was in Willacy County, Texas, and said writ was enforced exclusively against real estate located in Cameron County, Texas. Further, said real estate was specifically designated as nonhomestead property by the Plaintiff as evidenced by Exhibit "1", and is not subject to the homestead notice provisions of the Texas Property Code. It is standard black letter law in Texas that nonexempt and nonhomestead real estate is subject to levy against a valid writ of execution.

### III.

### Conclusion

The Plaintiff's response to "Defendant Wells Fargo Bank's Motion for Summary Judgment" contains no basis in law or in fact to deny the granting of summary judgment based upon the doctrine of res judicata and/or claims preclusion. Any and

all allegations and/or causes of action asserted by the Plaintiff were presented and subsequently resolved in the previous underlying state cause of action. Defendant Bank respectfully requests that its motion for summary judgment be granted and for all other relief to which it may be entitled.

DATED: June __14__, 2004.

                                       Respectfully submitted,

                                       **SPAIN & OLVERA**
                                       1650 Paredes Line Road, Suite 102
                                       Brownsville, Texas 78521-1602
                                       Telephone: (956) 214-9515
                                       Telecopier: (956) 982-0943

                                       By: _____
                                         Rolando Olvera
                                         State Bar of Texas No. 15278676
                                         Federal I.D. No. 14673

                                       **ATTORNEYS FOR DEFENDANT,**
                                       **WELLS FARGO BANK.**

**REPLY OF DEFENDANT WELLS FARGO BANK
TO PLAINTIFF'S RESPONSE TO DEFENDANT WELLS FARGO BANK'S MOTION FOR SUMMARY JUDGMENT**    Page 5 of 6
RO/slt #972277 L:\WARNKE\FLEMING\Roberts,John\B-04-002\WFB-RO,PC\ReplyPlRespMFSJ.wpd

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **REPLY OF DEFENDANT WELLS FARGO BANK TO PLAINTIFF'S RESPONSE TO DEFENDANT WELLS FARGO BANK'S MOTION FOR SUMMARY JUDGMENT** was served on June __14__, 2004 in the manner(s) indicated below upon the following:

**PLAINTIFF, JOHN OCIE ROBERTS:**
John Ocie Roberts, *pro se*
P. O. Box 1167
La Feria, Texas 78559
*(CERTIFIED U. S. MAIL, R.R.R., #7002 2030 0007 1000 4963)*

Tom Fleming
FLEMING & HERNANDEZ, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602
*(HAND-DELIVERY)*

**COUNSEL FOR DAN HUERTA:**
John A. Olson
CAMERON COUNTY COMMISSIONERS' COURT
CIVIL LEGAL DIVISION
964 East Harrison Street, Suite 420
Brownsville, Texas 78520
*(FIRST CLASS UNITED STATES MAIL)*

_____
Rolando Olvera

vc. 1325 ac 222

27464

OFFICIAL RECORDS

THE STATE OF TEXAS §
COUNTY OF WILLACY §

KNOW ALL MEN BY THESE PRESENTS:

HOMESTEAD DESIGNATION

That we, JOHN ROBERTS and THELMA ROBERTS, husband and wife, of the County of Willacy, and the State of Texas, do hereby, under and by virtue of the constitution and laws of the State of Texas in such cases made and provided designate and set apart as our homestead the following described land situated in Willacy County, Texas, to-wit:

> A tract 100 feet by 200 feet out of Lot Number 12, Section Number 47, Gulf Coast Irrigation Company Subdivision, and described by metes and bounds as follows, to-wit:
> BEGINNING at a point on the west line of said Lot 12, Section 47 of the Gulf Coast Irrigation Company Subdivision, which point is 425 feet South of the Northwest corner of said Lot 12;
> THENCE East and parallel with the North line of said Lot 12, a distance of 200 feet to a point for the Northeast corner of this tract;
> THENCE South and parallel with the west line of said Lot 12, a distance of 100 feet to a point for the Southeast corner of this tract;
> THENCE West and parallel with the north line of said Lot 12, a distance of 200 feet to a point in the West line of said Lot 12, such point being the Southwest corner of this tract;
> THENCE North with and along the west line of said Lot 12, a distance of 100 feet to the place of beginning of this tract, this tract containing 0.459 acrs of land, more or less.

This designation of homestead is made for the purpose of inducing the Raymondville State Bank to make a loan to John Roberts on other land owned by me in Cameron County, Texas, more particularly described as:

> TRACT 1: The West six and 22/100 (W. 6.22) acres of the East Twenty-one and 224/1000 (E. 21.224) acres of Block One (1), in Orange Grove Park Subdivision, La Feria Grant, according to the map or plat of said subdivision recorded in Volume 4, Page 11, of the Map Records of Cameron County, Texas, and further described as follows:
>
> COMMENCING at a point in the North line of U.S. Highway "83" Business and the south line of the Missouri-Pacific Railway right of way, said point being the Northeast corner of Block 1, ORANGE GROVE PARK SUBDIVISION, as shown on map thereof, recorded in Volume 4, Page 11, of the Map Records, Cameron County, Texas;
> THENCE, along the north line of said U.S. Highway "83" with the South line of the Missouri-Pacific right of way, and the north line of said Block 1, South 71° 31' West, a distance of 585.78 feet to the point of beginning of the parcel herein described;
> THENCE, Parallel with the east line of said Block 1, South 01° 27' East, a distance of 62.75 feet to a point in the South right of way line of said Business "83", and continuing, South 01° 27' East, a distance of 1014.98 feet, for a total distance of 1077.73 feet to a point in the south line of said Block 1, lying on the approximate south bank of a drain ditch;
> THENCE, along the south line of said Block 1, South 89° 00' West, a distance of 261.37 feet to a point;

WFBank's
EXHIBIT NO. "1"

vc. 1325 toc 223

THENCE, parallel with the east line of said Block One (1), North 01° 27' West, a distance of 932.85 feet to a point in the south line of said Business "83" right of way, and continuing, North 01° 27' West, a distance of 62.75 feet for a total distance of 995.60 feet to a point in the North line of said Block 1, being the north line of said Highway "83" right of way, and the South line of the Missouri Pacific Railroad right of way;

THENCE, along the north line of said block 1, with the north line of said Highway right of way and the South line of said Missouri Pacific right of way, North 71° 31' East, a distance of 273.35 feet to the POINT OF BEGINNING.

TRACT 2: An 8,750.00 square foot tract of land, being the Easterly 50.0 feet of Lots Numbers Twelve (12), Thirteen (13), Fourteen (14) and the Easterly 50 feet of the Northerly 1/2 of Lot Number Eleven (11), Block Number Sixteen (16), THIRD ADDITION to the City of San Benito, according to the map recorded in Volume 2, Page 5, of the Map Records of Cameron County, Texas, more fully described as follows:

Having a point of beginning at the intersection of Texas State Highway Loop 448 and Westerly right of way line of Austin Street and THENCE South 30 degrees 43 minutes West, 175.0 feet, along with the Westerly right of way line of Austin Street to a point;
THENCE, North 59 degrees 17 minutes West, 50.0 feet to a point;
THENCE, North 30 degrees 43 minutes East, 175.0 feet to a point on the Southerly right of way line of said Texas State Highway Loop 448;
THENCE, along with the Southerly right of way line of Texas State Highway Loop 448, South 59 degrees 17 minutes East, 50.0 feet to the POINT OF BEGINNING of the tract herein described.

WITNESS OUR HANDS this the __1st__ day of October, 1990.

_____
(JOHN ROBERTS)

_____
(THELMA ROBERTS)

THE STATE OF TEXAS      §

COUNTY OF WILLACY       §

This instrument was acknowledged before me on this the __5th__ day of October, 1990, by John Roberts.



_____
Notary Public in and for the State of Texas.
My Commission Expires: __3/8/93__

Michelle Olivarez
Notary's Printed Name

vc 1325 224

THE STATE OF TEXAS §

COUNTY OF WILLACY §

This instrument was acknowledged before me on this the ___5th___ day of October, 1990, by Thelma Roberts.



_____
Notary Public in and for the State of Texas.
My Commission Expires: __3/8/93__

___Michelle Olivarez___
Notary's Printed Name

AFTER RECORDING RETURN TO:

PREPARED IN THE LAW OFFICE OF:
McCormick & McCormick
P. O. Box 867
Raymondville, Texas 78580

vol 1325 page 225

27464

FILED FOR RECORD
AT _____

Oct 8   4 11 PM '99

JOE G. RIVERA
CLERK COUNTY COURT
CAMERON COUNTY, TEXAS
BY _____ DEPUTY



STATE OF TEXAS
COUNTY OF CAMERON
I hereby certify that this instrument was FILED on the date and at the time stamped hereon by me and was duly RECORDED in the Volume and page of the named RECORDS of Cameron County, Texas as stamped hereon by me

County Clerk
Cameron County, Texas

Return to
McCumich + McCumich
P.O. Box 567
Raymondville, Texas
78580

Doc Bk Vol Pg
00031760 OR 10235 290

FILED AND RECORDED
OFFICIAL PUBLIC RECORDS
On: Jun 07, 2004 at 01:15P

Document Number: 00031760

By
Yazmin Hernandez
Joe G Rivera, County Clerk
Cameron County

00031760

# QUITCLAIM DEED

**Date:**
June ___3___, 2004

**Grantor:**
Wells Fargo Bank

**Grantor's Mailing Address (Including County):**
835 East Levee Street
Brownsville, Cameron County, Texas 78520

**Grantee:**
La Feria Independent School District

**Grantee's Mailing Address (Including County):**
133 East Oleander Avenue
La Feria, Cameron County, Texas  78559

**Consideration:**
Ten Dollars ($10.00) Dollars and other good and valuable consideration.

**Property (Including Any Improvements):**
All of Block One (1), Rabb Heights Subdivision Number One (1), and the West 2 feet of the South 321.46 feet of Block Two (2), Rabb Heights Subdivision Number One (1), all in the La Feria Grant, according to the map of said subdivision recorded in Volume 5, Page 71, Map Records of Cameron County, Texas.

    For the consideration Grantor quitclaims to Grantee all of Grantor's right, title and interest in and to the property to have and to hold it to Grantee, Grantee's heirs, executors, administrators, successors or assigns forever.  Neither Grantor nor Grantor's heirs, executors, administrators, successors or assigns shall have, claim or demand any right or title to the property or any part of it.

    When the context requires, singular nouns and pronouns include the plural.

Wells Fargo Bank

by: _____
Apolonio Borrego Jr.
[PRINTED NAME]
Its: Community Bank President – RGV Market

Doc 00031760 Bk OR Vol 10235 Pg 288

QUITCLAIM DEED                                                                    Page 1 of 2

WFBank's
EXHIBIT NO. "2"

STATE OF TEXAS                     §
                                   §  <u>Acknowledgment</u>
COUNTY OF CAMERON                  §

This instrument was acknowledged before me on the __3rd__ day of June, 2004, by __Apolonio Borrego, Jr.__, <u>Community Bank President</u> of Wells Fargo Bank, on behalf of said banking institution.



_____
Notary Public, State of Texas.

_____
                                    [PRINTED NAME]

My commission expires: _____.

PREPARED IN THE LAW FIRM OF:          AFTER RECORDING, RETURN TO:
Fleming & Hernandez, P.C.             Tom Fleming
1650 Paredes Line Road, Suite 102     Fleming & Hernandez, P.C.
Brownsville, Texas 78521-1602         1650 Paredes Line Road, Suite 102
Telephone: (956) 982-4404             Brownsville, Texas 78521-1602
Telecopier: (956) 982-0943

TF/bgw
#972277
L:\WARNKE\FLEMING\Roberts,John\Quitclaim.wpd

QUITCLAIM DEED                                                    Page 2 of 2