United States District Court
Southern District of Texas
FILED

JUN 2 8 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOHN OCIE ROBERTS                  §
                                   §
VS.                                §
                                   §        CIVIL ACTION NO. B-04-002
                                   §
WELLS FARGO BANK, FORMERLY  §
FIRST VALLEY BANK, FORMERLY §
RAYMONDVILLE STATE BANK,    §
AND TOM FLEMING                  §

### PLAINTIFF'S FIRST SUPPLEMENT TO PLAINTIFF'S RESPONSE TO DEFENDANT DAN HUERTA'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT AND ALTERNATIVE MOTION TO COMPEL A RULE 7(a) REPLY AS TO SAID MOTION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff, John Ocie Roberts, and files his Plaintiff's First Supplement to Plaintiff's Response To Defendant Dan Huerta's Motion to Dismiss Plaintiff's Original Complaint and Alternative Motion to Compel a Rule 7(a) Reply as to Said Motion in the above styled and numbered cause and in support thereof would show the following:

### STATEMENT OF THE CASE

1.  Plaintiff brought this suit against all Defendants for having used the Court system in a manner not allowed in law.  Each Defendant together with Judge Robert Barnes acted in concert ignoring the mandates of the laws of the State of Texas and the laws and Constitution of the United States of America and its Bill of Rights.

1.02 Plaintiff incorporates by reference all live pleadings, responses, replies and exhibits in this pleadings as if they were all copied herein.

Also, Plaintiff incorporates by reference the responses replies, and all live

pleadings to all Defendants into the documents. It is Plaintiff's intent to have the Court read all that he has proffered to be read as one unit, one complementing the others for a common goal and in the interest of justice.

2. Had Defendants acted in conformity of the law, Plaintiff would not have lost his properties.

## PLAINTIFF'S ALLEGATIONS

1. Much has been said about an oral contract however, all these transactions are based on an oral contract.

2. It is interesting to note that the Defendant Bank has never been able to produce the original note nor the original contract. The Defendant Bank has brought allegedly certified copies of the original note. The questions becomes: who certified these alleged copies, it could not be the county clerk's office because the actual real estate notes are not filed for public record, only the deeds of trust and the deeds.

3. Therefore, the Plaintiff contends that if the Defendant Bank cannot produce any originals of the contracts and not the original of the real estate note, the only thing left is an oral contract between the Defendant Bank and the Plaintiff. There is no reason to get upset at Plaintiff calling the transaction an oral contract. That is all that is left of all the lost paper work.

4. Defendant Huerta's involvement came in the very last when the other Defendants needed to use the power of the law to give closure to all of the conversion done against Plaintiff and seize property.

5. Defendant Huerta should have disobeyed the order of the judge and follow Defendants' Fleming and Bank's advise.

## ARGUMENTS AND AUTHORITIES

3.01. Plaintiff sounded his cause of action on 42 U. S. C. 1981 et seq which includes 1983 and or constitutional violations. Most obvious is the unequal protection and taking property without due process.

3.02 Defendant Huerta fails to comprehend that the 42 U.S. C. 1983 is simply a conduit to bring to Court the violations of the federal constitution (City of Lancaster v. Chambers, 883 S.W. 2d 650, Tex. 1994)

3.03 Furthermore, there is no good faith defense in that all duties of the sheriff are ministerial. Chapter 34 of the Texas Civil Practice and Remedies Code delineate the do's and don't's of the one executing a writ.

3.04 Defendant Huerta was officially served with the temporary restraining order (Exhibit A is a certified copy of the service of process and is incorporated by reference ad if fully copied herein.) Furthermore, he could not have been served officially with the order canceling the temporary restraining order in that the order canceling was not yet filed.

3.05 The order canceling was not filed for record until the 13th of January 2004. Therefore, the clerk would not have issued such a citation.

3.05 Therefore, Defendant Huerta knew that he was not following the legal order.

4.01 The issue of official immunity does not apply. The Court in Wagner v. Texas A and M, (938 F. Supp. 1297, 5.D, Tex. 1996) stated that party seeking damages from official asserting qualified immunity bears the burden of overcoming that defense, and in order to defeat official's assertion of qualified immunity, plaintiff must show that: he has asserted violation of a constitutional right; right was clearly established at time of official's actions; and official's actions were objectively unreasonable.

Plaintiff has shown how his rights have been violated, these rights are even protected through the Penal Code, and it would be unreasonable to disobey a

Court order which was served officially, versus one which was hand carried to Defendant Huerta.

5.01 Defendant Huerta violated the statutes on the following manner (not an exhaustive list but only by way of example):

> (1) did not ask about homestead (property code §41.001 et seq)
>
> (2) did not designate a homestead;
>
> (3) executed on a homestead;
>
> (4) executed on a foreclosure;
>
> (5) did not know what amount was owed on what property;
>
> (6) did not sell one at a time;
>      (Civil Practice and Remedies Code § 34.00 et seq.)
> (7) no tax receipts;
>
> (8) no accounting to Plaintiff;
>
> (9) did not follow official orders;

Now, he states in his affidavit that he did not know of the order canceling the sale. He was served prior to the sale.

WHEREFORE, Plaintiff prays that Defendants' motions for summary judgment be denied.

Plaintiff prays for any other relief, at law on the equity for which he is entitled to receive.

Respectfully submitted,

John Ocie Roberts
P. O. Box 1167
La Feria, Texas 78559

**CERTIFIED COPY**

Precept to Serve          **ORIGINAL**          Lit. Seq. # 5.004.01

No. 2004-01-000003-B

T H E   S T A T E   O F   T E X A S

| | |
|---|---|
| JOHN ROBERTS | In The District Court |
| VS. | 138th Judicial District |
| WELLS FARGO BANK, ET AL. | Cameron County, Texas |

TO THE SHERIFF OR ANY CONSTABLE OF ANY COUNTY OF THE STATE OF TEXAS (OR ANY OFFICER OR PERSON AUTHORIZED TO SERVE CITATIONS), GREETING:

YOU ARE HEREBY COMMANDED that you serve
DAN HUERTA
CAMERON COUNTY SHERIFF'S DEPT.
BROWNSVILLE, TEXAS

the _____ DEFENDANT _____ in the above numbered and entitled cause with the

accompanying certified copy of

ORDER & COPY OF APPLICATION FOR INJUNCTIVE RELIEF
CERTIFIED COPY OF FIAT

HEREIN FAIL NOT, but of this Writ make due return showing how you have

executed the same.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, this the 5th day of

JANUARY , A.D. 2004.

ATTEST AURORA DE LA GARZA , Clerk, District Courts
Cameron County, Texas

By Reynaldo Lopez Jr. , Deputy

ATTORNEY:
JOHN OCIE ROBERTS
P.O. BOX 1167
LA FERIA, TEXAS   78589

FILED 5.00 O'CLOCK 42 M.
AURORA DE LA GARZA DIST. CLERK
JAN 05 2004
DISTRICT COURT OF CAMERON COUNTY TEXAS

R E T U R N   O F   O F F I C E

Came to hand the 5th day of Jan , 2004, at 2:58 o'clock P .M., and

executed (not executed) on the 5th day of Jan , 2004, by delivering to

Dan Huerta in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the Order & Copy of Application for Injunctive Relief Certified copy of Fiat

Cause of failure to execute this citation is: _____

FEES serving 1 copy

Total....... $_____   Sheriff/constable Cameron County, TEXAS

Fees paid by:_____   By _____ Deputy



Ex ( A

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document and has had been hand delivered on this the 25 day of _June_, 2004 to the opposing counsel.

John Ocie Roberts

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 8 2004

Michael N. Milby
Clerk of Court

JOHN OCIE ROBERTS            §
                             §
VS.                          §
                             §            CIVIL ACTION NO. B-04-002
                             §
WELLS FARGO BANK, FORMERLY   §
FIRST VALLEY BANK, FORMERLY  §
RAYMONDVILLE STATE BANK,     §
AND TOM FLEMING              §

**PLAINTIFF'S FIRST SUPPLEMENT TO PLAINTIFF'S RESPONSE
TO DEFENDANT DAN HUERTA'S MOTION TO DISMISS PLAINTIFF'S
ORIGINAL COMPLAINT AND ALTERNATIVE MOTION TO
COMPEL A RULE 7(a) REPLY AS TO SAID MOTION**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff, John Ocie Roberts, and files his Plaintiff's First Supplement to Plaintiff's Response To Defendant Dan Huerta's Motion to Dismiss Plaintiff's Original Complaint and Alternative Motion to Compel a Rule 7(a) Reply as to Said Motion in the above styled and numbered cause and in support thereof would show the following:

**STATEMENT OF THE CASE**

1. Plaintiff brought this suit against all Defendants for having used the Court system in a manner not allowed in law. Each Defendant together with Judge Robert Barnes acted in concert ignoring the mandates of the laws of the State of Texas and the laws and Constitution of the United States of America and its Bill of Rights.

1.02 Plaintiff incorporates by reference all live pleadings, responses, replies and exhibits in this pleadings as if they were all copied herein.

Also, Plaintiff incorporates by reference the responses replies, and all live

pleadings to all Defendants into the documents. It is Plaintiff's intent to have the Court read all that he has proffered to be read as one unit, one complementing the others for a common goal and in the interest of justice.

2. Had Defendants acted in conformity of the law, Plaintiff would not have lost his properties.

## PLAINTIFF'S ALLEGATIONS

1. Much has been said about an oral contract however, all these transactions are based on an oral contract.

2. It is interesting to note that the Defendant Bank has never been able to produce the original note nor the original contract. The Defendant Bank has brought allegedly certified copies of the original note. The questions becomes: who certified these alleged copies, it could not be the county clerk's office because the actual real estate notes are not filed for public record, only the deeds of trust and the deeds.

3. Therefore, the Plaintiff contends that if the Defendant Bank cannot produce any originals of the contracts and not the original of the real estate note, the only thing left is an oral contract between the Defendant Bank and the Plaintiff. There is no reason to get upset at Plaintiff calling the transaction an oral contract. That is all that is left of all the lost paper work.

4. Defendant Huerta's involvement came in the very last when the other Defendants needed to use the power of the law to give closure to all of the conversion done against Plaintiff and seize property.

5. Defendant Huerta should have disobeyed the order of the judge and follow Defendants' Fleming and Bank's advise.

## ARGUMENTS AND AUTHORITIES

3.01.  Plaintiff sounded his cause of action on 42 U. S. C. 1981 et seq which includes 1983 and or constitutional violations.  Most obvious is the unequal protection and taking property without due process.

3.02 Defendant Huerta fails to comprehend that the 42 U.S. C. 1983 is simply a conduit to bring to Court the violations of the federal constitution (City of Lancaster v. Chambers, 883 S.W. 2d 650, Tex. 1994)

3.03 Furthermore, there is no good faith defense in that all duties of the sheriff are ministerial.  Chapter 34 of the Texas Civil Practice and Remedies Code delineate the do's and don't's of the one executing a writ.

3.04 Defendant Huerta was officially served with the temporary restraining order (Exhibit A is a certified copy of the service of process and is incorporated by reference ad if fully copied herein.)  Furthermore, he could not have been served officially with the order canceling the temporary restraining order in that the order canceling was not yet filed.

3.05 The order canceling was not filed for record until the 13th of January 2004.  Therefore, the clerk would not have issued such a citation.

3.05 Therefore, Defendant Huerta knew that he was not following the legal order.

4.01 The issue of official immunity does not apply.  The Court in Wagner v. Texas A and M, (938 F. Supp. 1297, 5.D, Tex. 1996) stated that party seeking damages from official asserting qualified immunity bears the burden of overcoming that defense, and in order to defeat official's assertion of qualified immunity, plaintiff must show that: he has asserted violation of a constitutional right; right was clearly established at time of official's actions; and official's actions were objectively unreasonable.

Plaintiff has shown how his rights have been violated, these rights are even protected through the Penal Code, and it would be unreasonable to disobey a

Court order which was served officially, versus one which was hand carried to Defendant Huerta.

5.01 Defendant Huerta violated the statutes on the following manner (not an exhaustive list but only by way of example):

    (1) did not ask about homestead (property code §41.001 et seq)

    (2) did not designate a homestead;

    (3) executed on a homestead;

    (4) executed on a foreclosure;

    (5) did not know what amount was owed on what property;

    (6) did not sell one at a time;
        (Civil Practice and Remedies Code § 34.00 et seq.)

    (7) no tax receipts;

    (8) no accounting to Plaintiff;

    (9) did not follow official orders;

Now, he states in his affidavit that he did not know of the order canceling the sale. He was served prior to the sale.

WHEREFORE, Plaintiff prays that Defendants' motions for summary judgment be denied.

Plaintiff prays for any other relief, at law on the equity for which he is entitled to receive.

                          Respectfully submitted,

                          John Ocie Roberts
                          P. O. Box 1167
                          La Feria, Texas 78559

CERTIFIED COPY

Precept to Serve                ORIGINAL          Lit. Seq. # 5.004.01

No. 2004-01-000003-B

T H E   S T A T E   O F   T E X A S

| | |
|---|---|
| JOHN ROBERTS | In The District Court |
| VS. | 138th Judicial District |
| WELLS FARGO BANK, ET AL. | Cameron County, Texas |

TO THE SHERIFF OR ANY CONSTABLE OF ANY COUNTY OF THE STATE OF TEXAS (OR ANY OFFICER OR PERSON AUTHORIZED TO SERVE CITATIONS), GREETING:

YOU ARE HEREBY COMMANDED that you serve
DAN HUERTA
CAMERON COUNTY SHERIFF'S DEPT.
BROWNSVILLE, TEXAS

the _____DEFENDANT_____ in the above numbered and entitled cause with the accompanying certified copy of

ORDER & COPY OF APPLICATION FOR INJUNCTIVE RELIEF
CERTIFIED COPY OF FIAT

HEREIN FAIL NOT, but of this Writ make due return showing how you have executed the same.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, this the 5th day of JANUARY , A.D. 2004 .

ATTEST: AURORA DE LA GARZA , Clerk, District Courts
Cameron County, Texas

By Reynaldo Garza Jr. , Deputy

ATTORNEY:
JOHN OCIE ROBERTS
P.O. BOX 1167
LA FERIA, TEXAS  78589

FILED 5.00 O'CLOCK __ M
AURORA DE LA GARZA DIST. CLERK
JAN 05 2004
DISTRICT COURT OF CAMERON COUNTY TEXAS

R E T U R N   O F   O F F I C E R

Came to hand the 5th day of Jan , 2004, at 2:58 o'clock P.M., and executed (not executed) on the 5th day of Jan , 2004, by delivering to Dan Huerta in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the Order & Copy of Application for Injunctive Relief Certified copy of Fiat

Cause of failure to execute this citation is: _____

FEES serving 1 copy

Total....... $_____      Sheriff/constable Cameron County, TEXAS

Fees paid by: _____      By _____ Deputy

By San Wallace


A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DEPUTE
JUN 24 2004

Ex 1 A