UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 8 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. B-04-002 |
| WELLS FARGO BANK, FORMERLY | § | |
| FIRST VALLEY BANK, FORMERLY | § | |
| RAYMONDVILLE STATE BANK, | § | |
| AND TOM FLEMING | § | |

**PLAINTIFF'S FIRST SUPPLEMENT TO PLAINTIFF'S
RESPONSE TO MOTION FOR SUMMARY JUDGMENT
OF DEFENDANT'S FLEMING'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES, Plaintiff, John Ocie Roberts, and files this his Plaintiff's First Supplement to Plaintiff's Response to Defendant's Fleming Motion for Summary Judgment and would show the Court the following:

1.    There have been neither conceptual misunderstandings, rumors, nor accusations and all allegations are facts and are based on sound legal doctrines, if the letter and spirit of the law is to be followed.

1.02 Plaintiff incorporates by reference all live pleadings, responses, replies and exhibits in this pleadings as if they were all copied herein.

Also, Plaintiff incorporates by reference the responses replies, and all live pleadings to all Defendants into this document. It is Plaintiff's intent to have the Court read all that has been proffered by Plaintiff to be read as one unit, one complementing the others for a common goal and in the interest of justice.

2.01 Plaintiff filed an application for a temporary restraining order against the attorney, the sheriff's office and the bank. No matter how the judgment case No. 97-223 is interpreted, the bottom line is that it was a dismissal of a case and it

granted attorney fees, nothing more, nothing less. Definitely not in compliance to Rule 301 of the Texas Rules of Civil Procedure.

2.02 The attorney fees were to be $35,000.00 if the Plaintiff would not appeal and the order would become final at that time. Therefore, since Plaintiff lost in the trial court, the attorneys were owed $35,000.00. However, Defendants could not execute because the Plaintiff appealed and the order was not final. Incidently, a supercedes bond does not apply here because the order in contingent on what the appeals courts would do. (The judgment was not a money judgment nor did it grant ownership of any property to anyone.)

Another $10,000.00 would be added as attorney fees if Plaintiff would appeal to the 13th Court of Appeals and the Plaintiff would lose. Which, he did appeal and he lost on both the appeal and the motion for rehearing, therefore, he now owed attorney the amount of $45,000.00. However, Defendants could not execute because the Plaintiff appealed and the order was not final.

2.03 Another $10,000.00 would be added as attorney fees if the Plaintiff would appeal to the Supreme Court of Texas. Which he did and he lost the first denial however, the law gives Plaintiff a right to make a motion for rehearing and Plaintiff decided to file such a motion. However, Defendants could not execute because Plaintiff had filed another motion and the order was not final.

2.04 Notwithstanding that the motion for rehearing was pending, Defendants gave notice of execution on Plaintiff's property to include his homestead. Therefore, Plaintiff made his application for a temporary restraining order based on the fact that the Supreme Court of Texas could still change its mind and alter everything from the beginning.

2.05 This is generally referred to as the judgment is not yet final. Therefore, the execution was premature. If the execution is premature, any cause of action brought would automatically would also be premature. Any allegations brought

would be purely speculative. The whole lawsuit would be replete with phrases such as: "If this were to happen, then it might occur that such act would lead to this consequence." Such a lawsuit would be ludicrous.

2.06 It was not until after the first Tuesday of the month of December, 2003, that the Supreme Court of Texas found against Plaintiff. Not until then did Plaintiff owe Defendant's attorneys, $55,000.00. Now, the Defendants would consider the judgment executable because the cause of action based on prematurity had become moot. By then however, the improprieties of Defendants' conduct had escalated so much that they continued their abuse.

2.07 A visiting judge, Judge Robert Barnes, was brought in and he was assigned to cause number 2003-12-5738-A. (Exhibit A is a true and correct copy of the assignment and as is incorporated by reference as if fully copied herein.) He has never been assigned to any other case in reference to the Plaintiff.

2.08 Plaintiff filed his objections as soon as he learned of that visiting judge. The objections were, needless to say, ignored by that judge. The Plaintiff filed a motion to recuse the judge, that was looked at by the judge and, needless to say, dismissed summarily and Judge Barnes kept himself on the bench, irrespective of Rule 18a of the Texas Rules of Civil Procedure.

2.09 Case number 5738-A became moot and Plaintiff knew that he needed to start again. Once a case becomes moot, (that case was for an interlocutory judgment at most. It was not a final judgment so as to allow res judicata to apply.) the cause of action is not viable any more. It was a dead issue. (Exhibit F )

2.10 When the Plaintiff was informed that the Defendants were again to attempt to execute on the Plaintiff's properties, a new cause of action accrued. As a new cause of action based on different facts occurs, it leads to the need of a new case. Plaintiff searched to find out if he could file a motion to unmoot a case and found

none. It would be analogous to the unringing of a bell.

2.11 One may see Defendants' actions have been so abusive and illegal since the inception of the original lawsuit in 1997, that ultimately Defendants are executing on properties that Plaintiff has a lien on in favor of the Defendant Bank as if Plaintiff was the sole owner, or, perhaps he is the sole owner. Defendant Bank has never stated anything of its own accord.

2.12 Sheriff Huerta assumed responsibility to sell the properties against the procedural mandates of the Constitution of the State of Texas. He was selling a homestead and refused to follow the mandates of the Texas Property Code, §§ 41.001 et seq. This statute places a duty on sheriff and the sheriff opted to ignore such. This statute, together with chapter 34 of the Texas Civil Practice and remedies code, dictates what the Sheriff must do. (Exhibit B is a true and correct copy of the tax records of Plaintiff and is incorporated by reference as if fully copied herein.)

2.13 The two (2) properties have not yet been foreclosed on by the Defendant Bank, and yet, the Bank's attorneys are executing on them to have their fees paid. Therefore, the Sheriff is having a foreclosure sale, another illegal act. The sheriff was informed of this on the second application and he chose to ignore it.

2.14 All this is over and above the Defendants having the Court ignore the $50,000.00 monies Plaintiff paid when his lawsuit was dismissed on a summary judgment basis.

2.15 Also, this is ignoring how Defendant attorney took part of the file from the District Clerk's office in Raymondville, Willacy County, Texas and then took the "pertinent" parts for the district judge to rule on it in Brownsville, Cameron County, Texas. Just because the constitution of the State of Texas states that all cases must be tried in the county seat, it just does not mean anything to Defendants. (Exhibit G excerpts of Plaintiff's petition for Supreme Court of

Texas.)

2.16 Once Plaintiff found out of Defendants' attempt to execute, Plaintiff filed for a second application for a temporary restraining order. One does not have the right to ask for a particular Court as a new case is filed in the district clerk's office. This was a new cause of action and there was no case pending, therefore, Plaintiff filed on a new case number (No. 2004-01-003)

2.17 That Court issued a temporary restraining order signed on January 5, 2004 and plaintiff had the parties served to include the sheriff. (Exhibit C is a true and correct copy of the order and it is incorporated by reference as if fully copied herein.) (Exhibit D is a true and correct copy of the service of process on Sheriff and is incorporated by reference as if fully copied herein.)

2.18 Without any authority, Judge Robert Barnes signed an order shortly after the Court in cause Number 2004-01-003 had issued the temporary restraining order, and he canceled the duly elected judge's order. (Exhibit E is a true and correct copy of the order and it is incorporated by reference as if fully copied herein.) The duly elected judge was the one who had signed the order granting the temporary restraining order.

2.19 The order canceling the real order was signed on the 5th of January 2004 also; however it was not filed for record until the 13th of January 2004. (Exhibit E is a true and correct copy of the order and it is incorporated by reference as if fully copied herein.) That means that the sheriff was not duly served but was only given a copy by someone other than a process server. One can deduce from that because the order would have had to be filed in order to allow the district clerk to prepare a citation for server.

2.20 Without having been served through proper channels, Sheriff Dan Huerta went ahead and executed on the properties following the order of Judge Barnes. Plaintiff lost his properties, to include the one which was his homestead and lost

it through an execution.

2.21 Defendant Fleming is espousing a theory that a lawyer is free to violate all laws as long as he is doing it for the benefit of his would-be client. However, there are limits to what an attorney may and may not do. (Lewis v. American 4F. Supp. 2d 673 S.D. Tex. 1998)

2.22 The Texas Penal Code does not allow certain acts. (Sections 36.04, improper influence, class A misdemeanor)   A crime may be proven by circumstantial evidence. One may safely conclude that someone had to have gone to Judge Barnes and presented him with an order to sign and then the individual had to have taken the order to Sheriff Huerta. Then, someone had to have filed it even if were eight (8) days later. One may also safely conclude that individual would have had to have been none other than Defendant Fleming or his agent.

2.23 The Texas Penal Code does not allow other certain acts. (Section 27.11 impersonating public servant; felony of the third degree)   This is an individual who purports to exercise any function to include a judge and court. Judge Barnes has no jurisdiction to go into someone else's court and overrule another judge's orders. Judge Barnes had been assigned to another case not to the second application (Exhibit A is a true and correct copy of the assignment and it is incorporated by reference as if fully copied herein.) (And in that first case, his judgeship was being brought to question by a motion to recuse.)

2.24 Contrary to Defendants' contentions, there is a cause of action against lawyers. The lawyers do not have a carte blanche on what they can do.

3.01 In Defendant's Paragraph No. three (3), the message Defendant is attempting to convey is too convoluted and unclear. Defendant Fleming speaks of the use of attorney fees. Pursuant to Texas Civil Practice and Remedies Code, Section 38.001 et seq., attorney fees are allowed for certain cases. In the case at

bar, the initial cause of action was based on contract. (It is most odd that the Defendants would agree there was a contract.) Attorney fees are allowed and that is why the trial court would grant attorney fees. The other part of the order was merely a dismissal of the cause of action against the Defendants. In that the Defendant Bank had lost much of the file, to conclude the real estate note, then all that is left is an oral contract.

3.02 Plaintiff fully comprehends Rules 301 and 306 of the Texas Rules of Civil Procedure. Those rules are to show who the parties are and what is each one to collect. Conversely, opposing counsel does not seem to understand unequal protection, civil rights, right to a jury trial, due process, both procedural and substantive and does not understand the limitations of a Rule 166a summary judgment. (42 U.S.C. 1983 does not create substantive rights but it is a method for vindicating federal rights. (City of Lancaster v. Chambers, 883 S.W. 2d 650, Tex. 1994)

3.03 What Defendants have done from the beginning is illegal, criminal and actionable as shown by these pleadings. The duties are imposed by statute on the Sheriff therefore, this is no immunity. (Cameron County v. Carrillo, 7 S.W. 3d 706)

4.01 Defendant Fleming's Paragraph 4 is another example as to how Defendants have continually masqueraded the truth and have mislead others. First of all, those letters of which Defendant refer to is his Paragraph 4, are not part of any case. They are independent and asserted for the purposes stated therein. The underlying real purpose is to intimidate any other lawyer who might have desired to help Plaintiff.

4.02 This is exactly how they managed to intimidate the prior three (3) attorneys who were helping Plaintiff against Defendant Fleming. It is Plaintiff's contention that behavior such as Defendants have displayed should either be halted or it

should be allowed openly and without barriers for all to use as part of the American jurisprudence. This would allow all attorneys to bring in their favorite judges and invade the case load of any judge and change the orders.

5.01 Plaintiff does not desire to have this Court ignore one iota of the record as to what Defendant has alluded. Defendants would have this Court believe that Plaintiff is ignoring the October 3, 2003 denial of his application for petition for review. On the other hand, there was a motion for rehearing pending. That can only mean one thing: the judgment was not yet final. It was the Defendants who wanted the judge to ignore the record.

5.02 Texas Rules of Appellate Procedure, Rule 56.5 allows a motion for rehearing. Rule 56.2 shows how the Supreme Court of Texas deals moot cases. No decision is rendered.

If an order is yet final, one can not rely on said document.

6.01 Defendant is asking Plaintiff to prove the negative in the allegation of the Judge Barnes having no jurisdiction. Plaintiff does not  remember of ever having to vote for or against Judge Robert Barnes. The Constitution of the State of Texas, Article V, Section 7 requires for the district courts judges be elected. Query: How did Judge Barnes get into the jurisdiction of the duly elected judge?

6.02 The Government Code allows visiting judges to be assigned in the absence of the duly elected judge. However, there is no order which gave Judge Robert Barnes the authority to assume the case in cause number 2004-01-003. Yet, Defendant Fleming had him assume the judgeship.

6.03 Defendant Fleming has had his way in every illegal act he has committed and no one as of yet has been able to stop him. It was the simple things at first such as taking the documents from Willacy County Clerk's office and take them to Brownsville, Cameron County, Texas and have them presented to a judge for the signing of the judgments on their motions for summary judgment. (Exhibit

G are true and correct copies of excerpts Plaintiff's brief to the courts of appeals and are incorporated by reference as if fully copied herein.)

Now, he is able to obtain a judge to remove the duly elected judge and replace the judge with another individual. And, no one in the state has been able to see anything wrong with any of Defendant Fleming's actions. Plaintiff does not need credence, it is on the on-looker to accept what the facts show.

7.01 In Defendant Fleming's Paragraph 7, he tries to belittle Plaintiff's exhibits. The criminal activity may be seen by the acts that Defendants and their judge have done. The crux of Plaintiff's pleadings is that the acts of the judge are without jurisdiction. This factor, in and of itself would show the state action needed and the violation of Plaintiff's right to give rise to a cause of action based on Civil Rights Act violation.

7.02 Furthermore, the acts of Defendants individually are without jurisdiction. There is nowhere in any law book that authorizes Defendants to do what they have done. Even going back to the loan stage. Plaintiff paid over $50,000.00 into the loan, yet that accounting is no where to be found. (Exhibit I is the actual original copy of Defendant's brief which contains the accounting records and the $50,000.00 is the not there, and it is incorporated by reference as if fully copied herein.) And because he sued them (incidently, it is a right that Plaintiff has under the Bill of Rights of the Constitution of the United States of American and under the Constitution of the State of Texas.) He has now been labeled a vexatious litigant. (Exhibit H is a true and correct copy of final order and is incorporated by reference as if fully copied herein.)

7.03 There in this exhibit G, of Defendant's motion (Exhibit H in the case at bar) even the case at bar is mentioned and now, if Plaintiff sees the need to sue in the federal court, Plaintiff must go to the state administrative judge to ask permission to seek redress in the federal court. He has now been banned from

the federal Court anywhere in the State of Texas.

Therefore, this is an affront to the federal court and such practice should not be allowed. The order is very clear: Plaintiff ". . . is hereby prohibited from filing, in propia persona, a new litigation in a Court in this state without a grant of permission from a local administrative judge . . .". (signed Robert Barnes)

If Plaintiff has a right to go to seek redress in a federal court in the State of Texas, he can not do no unless previously authorized by a state judge. ( Is this not a violation of Plaintiff's civil rights in that Defendants are impeding Plaintiff from exercising his rights?)

8.01 All documents have been taken from the documents sent to Plaintiff by Defendant and Defendant is using them throughout their motions and replies. Therefore, Plaintiff should be allowed to use of the same copies.

9.01 Even if Defendant classifies Plaintiff's allegation as " . . . flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience", one may only envision what a reasonable jury would opine when approached with the following bits and pieces of information:

    (1)    When shown the various checks and amounts paid to Defendant Bank ($50,000.00) and the Defendant refused to recognize them or credit the Plaintiff with such; (Exhibit J are a true and correct copies of Plaintiff's responses to Defendant's motions for summary judgment and are incorporated by reference as if fully copies herein.)

    (2)    When shown how Defendant attorney took part of the file out of Raymondville, Willacy County, Texas, so that the judge in Brownsville, Cameron County, Texas would review the motion and, of course, rule on Defendants' favor although the Constitution of Texas require all trials be held in the county seat of the county of where the case was filed;

    (3)    When shown the final judgment in case #97-223 and there is no solution given only attorney fees;

(4)     When the court of appeals does not even comprehend the facts probably because the Court never read the pleadings;

(5)     When shown that Defendants focus on the October 3, 2003 order of the Supreme Court of Texas yet ignore that the case is still not yet finalized and the Defendants are already executing on the order and Judge Barnes allows it;

(6)     When shown that a visiting judge is assigned to the first application for a temporary restraining order and there is a motion asking for a continuance yet the judge ignored it. Ironically, the case is moot by then because the Supreme Court of Texas on the 8th of December 2003, denied Plaintiff's motion for rehearing.

(7)     When shown that one has a right to object to an assigned judge as soon as one  finds out, and that there was an objection to the assignment as allowed by the Government Code, yet Judge Robert Barnes ignored it;

(8)     When shown that there was a motion to recuse and Judge Robert Barnes refused to hear it and over ruled it and stayed as the Court; all in violation of Rule 18a of the Texas Rules of Civil Procedure;

(9)     When shown that Defendant Fleming went and got Judge Barnes to come to overrule a duly elected judge on anther case, the second application for a temporary restraining order; in violation of Texas Penal Code, §36.04;

(10)    When shown that Judge Robert Barnes overruled the Court on the second case without a hearing and with no motion, no nothing, and ordered the sheriff to sell the properties on a execution order; in violation of Texas Penal Code §27.11; (Exhibit E)

(11)    When shown that the order Judge Barnes signed was not even filed that means the district clerk did not issue a citation for the Sheriff; (Exhibit E one may notice this filing date.)

(12)    When shown that the Sheriff then proceeded to act to do an execution on a homestead; (Even if Plaintiff had signed a designation of homestead prior to 1997, said designation did not affect the loan in that the loan note was signed on October 1, 1990 and the

designation was signed five days later. Also that action would not have affected Plaintiff's election to later on use one of the properties as his homestead. The Sheriff was executing a judgment and the property was Plaintiff's homestead. (Exhibit K is a true and correct copy of the designation of the homestead and is incorporated by reference as if fully copied herein.)

(13)   When shown that the Sheriff procedure is to be served by process therefore, there was then he conspired to perform certain acts not allowed by law, inter alia, selling of a homestead, executing on property which in truth and in fact, the sheriff was doing a foreclosure, he was going to receive monies and then he would not have known how to have them dispersed;

(14)   When shown that Judge Barnes had no authority to have done such acts and in truth, it is a crime to do what Defendants did;

(15)   When shown that Judge Barnes declared Plaintiff a vexatious litigant based on incomplete evidence and he had no jurisdiction;

(16)   When shown that Judge Barnes ordered Plaintiff not to sue pro se in any Court in the State of Texas which would mean to include a federal Court; (Exhibit I)

(17)   When shown that Judge Barnes ordered Plaintiff and his then attorney to pay $5,000.00 over and above the $500.00 bond in the Court's registry for costs to Defendants as sanction; (Exhibit L is the original of the proceedings of the hearing and is incorporated by reference as if fully copied herein.)

(18)   When shown that Defendants have intimidated Plaintiff's last three (3) attorneys so that they would not help Plaintiff;

(19)   When shown that Judge Barnes removed the sanctions against Plaintiff's attorney when that attorney requested he be removed from the case;

(20)   When shown that Defendant Bank has a lien on Plaintiff's property and it never foreclosed on the lien, however the Sheriff executed a judgment on the two properties with a lien and on another property;

(21)   When shown that the Sheriff will not be able to account what

property sold for what and how are the revenues to be disbursed in order to show what Plaintiff would still owe or would own; it must be a sum certain of money; (Texas Civil Practice and Remedies Code Chapter 34)

(22)  When shown that the Sheriff had a statutory duty to determine if there was a homestead yet he failed to do such a determination; (Texas Property Code §41.001 et seq.)

(23)  When shown how partial Judge Barnes is toward Plaintiff in that when Defendant Fleming ask the judge for a $1,000.00 sanction, the Judge made the sanctions for $5,000.00; (Exhibit L p. 19 l 23)

(24)  When shown how the trial judge was duped into accepting a false application of facts, i.e, in Appellee' Brief (Defendant Bank) in Defendant's Exhibit 2, Defendants speak of what misrepresentations John Calkins, the past president of the Defendant Bank, had made to Plaintiff; Plaintiff then responded that there was none.  What Defendants mislead the Court, was that John Calkins was not the bank officer dealing with Plaintiff.  It was John Nicklson with whom Plaintiff dealt.  Again, Defendants mislead everyone; (Exhibit I is the actual original copy sent to Plaintiff and is incorporated by reference as if fully copied herein.)

(25)  When shown how bias and prejudiced Judge Barnes is against Plaintiff that the judge in case no. 2003-12-5738-A actually found that Plaintiff had filed "a false verified pleading . . ."  When there is no falsehood involved there and Defendant Bank also mentions the identical  fact that the case was still pending in the Supreme Court of Texas; therefore it was false when Plaintiff mentions anything but truthful when Defendants say the same thing; (Exhibit M is a true and correct copy of Defendant's last page and is incorporated by reference as if fully copied herein.)

(26)  When shown how Defendant Fleming can outright lie to Judge Barnes and Judge Barnes does not question him but if Plaintiff would say the truth, then he would get penalized;

(27)  When shown this is not an exhaustive  list of wrongdoings of what the state has done.

(28)   The order dissolving the first Temporary Restraining Order and bringing finality to that moot case, was signed on the 8th day of December 2003.  It dissolved and denied the temporary injunction request.  Even though all Defendants know that orders become final after thirty (30) days, Defendants continued the harassment and violation of rights by having Plaintiff declared a vexatious litigation when the judge had no more jurisdiction.  (Exhibit F is a certified copy of the order and is incorporated by reference as if fully copied herein.)

(29)   When shown how Judge Robert Barnes is so calloused in his exercise of his power within his domain, that in another case in Willacy County, Texas he held trial without a jury because although the Defendant had asked for a jury, the judge simply ignored and ordered the trial to go forward on a bench trial.  (Exhibit N are true and correct copy of the final judgment and the notice of appeal and are incorporated by reference as if fully copied herein.)

(It would be interesting to see how many in a jury panel would identify themselves with Judge Barnes and how many with Attorney Fleming and the Bank and how may would like to do what Sheriff Huerta does.)

## CONCLUSION

10.1 One situation seems to come to light with more clarity: each time Defendants act, the next act becomes more blatantly illegal.  This is in all probability so as to cover the illegal act performed previous to the last one.  The initial illegality was to obtain the original $50,000.00 and the rest is history.  No where in his accounting is the $50,000.00.  (Exhibit I is the actual original copy of Defendant's Appellee's Brief and is incorporated by reference as if fully copied herein.)

10.2 Plaintiff just hopes that this type of behavior is not allowed to continue; it is degrading to our Court system.

10.3 Plaintiff also hopes that he receive his damages as envisioned within the

laws, for which he prays.

WHEREFORE, Plaintiff prays that Defendants' motions for summary judgment be denied.

Plaintiff prays for any other relief, at law on in equity for which he is entitled to receive.

Respectfully submitted,

John Ocie Roberts
P. O. Box  1167
La Feria, Texas 78559

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOHN OCIE ROBERTS                        §
                                         §
VS.                                      §
                                         §        CIVIL ACTION NO. B-04-002
WELLS FARGO BANK, FORMERLY               §
FIRST VALLEY BANK, FORMERLY              §
RAYMONDVILLE STATE BANK,  §
AND TOM FLEMING                          §


STATE OF TEXAS              ]

CAMERON COUNTY              ]            **<u>AFFIDAVIT</u>**


BEFORE ME, personally appeared John Ocie Roberts, and stated under oath that the following is true and correct and from his personal knowledge:

My name is John Ocie Roberts . I am competent to testify. I am over the age of eighteen(18) years and have never been convicted of any crime.

I have read all the allegations in all of my replies and supplements and responses.
Everything is true and correct from my own personal knowledge.
All copies of all documents are true and correct as I received them through the mail or I made copies from the certified copies.

Affiant further saith naught.

_John Ocie Roberts_

John Ocie Roberts


SWORN AND SUBSCRIBED TO BEFORE ME, the undersigned notary, on this the 28th day of June_____, 2004, which witness my hand and seal.

_Irene G. Gonzalez_

Notary Public-State of Texas

IRENE G. GONZALEZ
Notary Public, State of Texas
My Commission Expires
OCTOBER 27, 2004

Recorded information:    Tract 2: an 8,750.00 square foot tract of land, being the easterly 50. 0 feet of lots numbers twelve (12), thirteen (13), fourteen (14), and the easterly 50 feet of the Northerly ½ of lot number eleven (11), Block number sixteen (16), third addition to the city of San Benito, Cameron County, Texas, according to the Map recorded in volume 2, Page 5, of the Map records of Cameron County, Texas.

Tract 1:  the West six and 22/100 (W. 6.22) acres of the east Twenty-one and 224/100.(E. 21.224) acres of Block one (1), in the Orange, Grove Park Subdivision, La Feria Grant, Cameron County, Texas, according to the map or plat of sais subdivision Recorded in Volume 4, Page 11, of the Map records of Cameron County, Texas.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document and has had been hand delivered on this the ____day of_____, 2004 to the opposing counsel.


_____

John Ocie Roberts

# CERTIFIED COPY

THE STATE OF TEXAS
FIFTH ADMINISTRATIVE JUDICIAL REGION
AMENDED ORDER OF ASSIGNMENT BY THE PRESIDING JUDGE

Pursuant to Section 74.056, Texas Government Code, I hereby assign the

**Honorable Robert Barnes**

Senior Judge of the 275th & 93rd District Court

To the 107th District Court of Cameron County, Texas.

This assignment is for the period beginning     **December 08, 2003** and ending     **December 08, 2003** provided that it shall continue thereafter so long as may be necessary for the assigned judge to complete trial of any cause begun during such period, and to pass on motions for new trial and all other matters growning out of any cause heard by the assigned judge during such period

CONDITION(S) OF ASSIGNMENT (IF ANY):

It is ordered that the District/County Clerk of     **Cameron**     County, Texas, if it is reasonably practicable, and if time permits, shall give notice of this assignment to each attorney representing a party to a case that is to be heard in whole or part by the assigned judge.

It is further ordered that the District Clerk upon receipt hereof shall post a copy of this Order in a public area in the Clerk's office so that attorneys and parties may be advised of this assignment.

Date:   December 08, 2003

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS

JUN 24 2004

DEPUTY

_____
Presiding Judge, Fifth Administrative
Judicial Region

*EX A*

ATTEST:

_____
Admnistrative Assistant

Copies to:
Judge Benjamin Euresti, Jr.
Assigned Judge Robert Barnes

FILED 9:55 O'CLOCK __ M
AURORA DE LA GARZA DIST. CLERK

DEC 1 0 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS



Thursday, May 27, 2004  3:20:03 PM
Requested by: VIRGINIA

**Cameron Appraisal District**
**2004 Real Estate Appraisal Card**

Page: 1 of 14
ARB: *No Formal Date*

Account: 85-6800-0010-0200-00

Owner Name: ROBERTS, JOHN
Address: PO BOX 1167
LA FERIA, TX 78559-1167

Street Dir:
Suite/Box:

Alt. Account: R097318
Legal Desc: ABST10 - ORANGE GROVE PARK
BLK 1 W 6.22E21.224, 1.0000 ACRES

Acres:   1.0000

TDCS: (303)-GCC-LA--SST--SES--CAD
Freeze Yr/Cel: 0/0.00
Exemptions: H - HOMESTEAD
Re-Check Codes: /
Appraiser Codes: GC/RAM/
User Codes: /

Last Visit: 1/6/1999

Street No:
Street Name: RT 1 BOX 300B
Street Type:
Location City: 78559

Property Type: RR - REAL RESIDENTIAL
Remarks:

Image ID:

I/L/B:
Transfer?: N
Link:

State Code:  A1B
Utility:
Road Type:  P

Zone:  A-U
Map ID:  03-01-00

Fees Type:
Fees Source:
Volume/Page: /
Fees Amount:

PREVIOUS OWNER:

Year Built:  1930 0
Garage Type:
Roof Type:
Basement:
Int.Finish:
Heat/Air:
No.Bedrooms: 0
Fire Places: 0
Typical Life: 55
Phys. Deprec: 70
Remarks:

Eff. Age:    68
Remodeled:  0
Foundation:
Material:
Ext.Finish:
Floor Finish:
No. Baths:  0
Phys.Obs:  0%
Econ.Obs:  0%
Func.Obs:  0%

Fees Type:
Fees Source:
Volume/Page: /
Fees Amount:

I/L/B:
Transfer?:
Link:

Agent:
Eff. Date:

Inst.Code:
Exp. Date:

Prev. Owner 2:

Prev. Owner 3:

Reason:
Permit No:    0

Month/Yr:  00
Value:  $0

Value (S/U):  S

**IMPROVEMENT VALUATION (Segment 1 of 7)**

| Description | SPTB | Year | Hms | Mth | Area | | Rate | %Adj | Rate | %Adj | Story | Adj.Area | %Cmp | %Gd | DPAD | Ori | Value |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RC-PLEX VENEER 2 | A1B | 1930 | N | N | 1129 | U | 19.39 | 100% | 19.39 | 100% | 1 | 1,129 | 100% | 30% | 0% | S | 6,567 |
| CARPORT FRAME 1 | | 0 | | R | 528 | S | 13.52 | 100% | 13.52 | 100% | 1 | 528 | 100% | 40% | 0% | A | 2,855 |
| GARAGE FRAME 2 (GF2) | | 0 | | R | 1056 | S | 7.68 | 100% | 7.68 | 100% | 1 | 1,056 | 100% | 20% | 0% | A | 1,622 |
| STORAGE FRAME 2 | | 0 | | T | 648 | | 5.65 | 100% | 5.65 | 100% | 1 | 648 | 100% | 40% | 0% | O | 1,464 |
| STORAGE FRAME 2 | | 0 | | T | 648 | | 5.65 | 100% | 5.65 | 100% | 1 | 648 | 100% | 40% | 0% | O | 1,464 |

Total Improvement> SfA:    0%

**13,972**

Exh B

Thursday, May 27, 2004  3:20:03 PM
Requested by: VIRGINIA

Page: 1 of 14

# Cameron Appraisal District
## 2004 Real Estate Appraisal Card

ARB* *No Formal Date*

**Account: 85-6800-0010-0200-00**
Owner Name: ROBERTS, JOHN
Address:    PO BOX 1167

    LA FERIA, TX 78559-1167

Alt. Account: R097318
Legal Desc: ABST10 - ORANGE GROVE PARK
    BLK 1 W 6.22E21.224, 1.0000 ACRES

Acres:    1.0000

TDCS: (303)-GCC-1LA--SST--SES--CAD
Freeze Yr/Cel: 0/0.00
Exemptions: H - HOMESTEAD
Re-Check Codes: /
Appraiser Codes: GC/RAM/
User Codes:    /

Last Visit: 1/6/1999

Street No:
Street Name: RT 1 BOX 300B
Street Type:
Location City: 78559

Street Dir:
Suite/Box:

Property Type: RR - REAL RESIDENTIAL
Remarks:

Image ID:

Sales Type:
Info Source:
Sales Date:
Volume/Page: /
Sales Amount:

**PREVIOUS OWNER:**

Name:
Sales Type:
Info Source:
Sales Date:
Volume/Page:
Sales Amount:

Prev. Owner 2:

Prev. Owner 3:

I/L/B:
Transfer?:  N
Link:

I/L/B:
Transfer?:
Link:

State Code:  A1B
Utility:     P
Road Type:

Year Built:   1930  0
Garage Type:
Roof Type:
Basement:
Int.Finish:
Heat/Air:
No.Bedrooms:  0
Fire Places:  0
Typical Life: 55
Phys. Deprec: 70
Remarks:

Agent:
Eff. Date:

Zone:      A-U
Map ID:    03-01-00

Eff. Age:     68
Remodeled:    0
Foundation:
Material:
Ext.Finish:
Floor Finish:
No. Baths:    0
Phys.Obs:     0%
Econ.Obs:     0%
Func.Obs:     0%

Inst.Code:
Exp. Date:

No Image Available

Reason:
Permit No:    0

Month/Yr:    0/0
Value:       $0

## IMPROVEMENT VALUATION (Segment 1 of 7)

| Code | Description | SFTB | Year | Hns | Mth | Area | | Rate | %Adj | Adj Rate | Story | Adj Area | %Cmp | %Gd | %DPAD | Dri | Value |
|------|-------------|------|------|-----|-----|------|---|------|------|----------|-------|----------|------|-----|-------|-----|-------|
| | | A1B | 1930 | N | R | 1129 | U | 19.39 | 100% | 19.39 | 1 | 1,129 | 100% | 30% | 0% | S | 6,567 |
| 2PV2 | RC-PLEX VENEER 2 | | | 0 | R | 528 | S | 13.52 | 100% | 13.52 | 1 | 528 | 100% | 40% | 0% | A | 2,855 |
| CF1 | CARPORT FRAME 1 | | | 0 | R | 1056 | S | 7.68 | 100% | 7.68 | 1 | 1,056 | 100% | 20% | 0% | A | 1,622 |
| GF2 | GARAGE FRAME 2 (GF2) | | | 0 | T | 648 | | 5.65 | 100% | 5.65 | 1 | 648 | 100% | 40% | 0% | O | 1,464 |
| TF2 | STORAGE FRAME 2 | | | 0 | T | 648 | | 5.65 | 100% | 5.65 | 1 | 648 | 100% | 40% | 0% | O | 1,464 |
| TF2 | STORAGE FRAME 2 | | | | | | | | | | | | | | | | |

Total Improvement> SIA:    0%      Value (S/U):  S    13,972

Exh B

CERTIFIED COPY

Citation for Personal Service  - GENERAL             Lit. Seq. # 5.004.01

No. 2004-01-000003-B

THE   STATE   OF   TEXAS              **ORIGINAL**

        NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If
you or your attorney do not file a written answer with the clerk who issued this
citation by 10:00 a.m. on the Monday next following the expiration of twenty
days after you were served this citation and petition, a default judgment may be
taken against you.

TO: DAN HUERTA
    CAMERON COUNTY SHERIFF'S DEPT.
    BROWNSVILLE, TEXAS


the _____ DEFENDANT _____ , GREETING:

        You are commanded to appear by filing a written answer to the

APPLICATION FOR INJUNCTIVE RELIEF & CERTIFIED COPY OF ORDER
CERTIFIED COPY OF FIAT

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
days after the date of service of this citation before the Honorable District
Court 138th Judicial District of Cameron County, Texas at the Courthouse of said
county in Brownsville, Texas.  Said       APPLICATION       was filed on
JANUARY 02, 2003 .  A copy of same accompanies this citation.

The file number of said suit being No. 2004-01-000003-B.

The style of the case is:

                        JOHN ROBERTS
                            VS.
                 WELLS FARGO BANK, ET AL.


Said petition was filed in said court by _____ JOHN OCIE ROBERTS
(Attorney for _____ PLAINTIFF _____ ), whose address is
P.O. BOX 1167 LA FERIA, TEXAS  78589                                 .

        The nature of the demand is fully shown by a true and correct copy of the
Petition accompanying this citation and made a part hereof.

        The officer executing this writ shall promptly serve the same according to
requirements of law, and the mandates thereof, and make due return as the law
directs.

        Issued and given under my hand and seal of said Court at Brownsville,
Texas, this the  5th day of  JANUARY , A.D.  2004 .

                        AURORA DE LA GARZA      , DISTRICT CLERK
                        Cameron County, Texas
                        974 E. Harrison St.
                        Brownsville, Texas 78521
                        By: _Reynaldo Ipay jr._____ , Deputy


EX D

RETURN OF OFFICER

**CERTIFIED COPY**

Came to hand the _5th_ day of _Jan_ , _2004_, at _2:58_ o'clock P. .M., and
*executed* (not executed) on the _5th_ day of _Jan_ , _2004_, by delivering to @ 3.72 Am
_Dan Huerta_ in person a true copy of this Citation,
upon which I endorsed the date of delivery, together with the accompanying copy
of the _Application for Injunctive Relief & certfd copy_ .
_of order Certified Copy of First_
Cause of failure to execute this citation is: _____

_Stan Wallace 350 9826_

FEES serving 1 copy
Total....... $_____    ~~Sheriff/constable~~ _Cameron_ County, TEXAS
Fees paid by:_____    By_____ ~~Deputy~~



FILED _5:00_ O'CLOCK __M
AURORA DE LA GARZA DIST. CLERK
JAN 0 5 2004
DISTRICT COURT OF CAMERON COUNTY TEXAS

DISTRICT COURT
CAMERON COUNTY

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
JUN 2 4 2004
DEPUTY

**CERTIFIED COPY**

Citation for Personal Service  - GENERAL _____     Lit. Seq. # 5.003.01

No. 2004-01-000003-B

T H E   S T A T E   O F   T E X A S          **ORIGINAL**

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: TOM FLEMING
    1650 PAREDES LINE ROAD
    SUITE 102
    BROWNSVILLE, TEXAS 78521

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

APPLICATION FOR INJUNCTIVE RELIEF & CERTIFIED COPY OF ORDER
CERTIFIED COPY OF FIAT

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 138th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____APPLICATION_____ was filed on JANUARY 02, 2004 .  A copy of same accompanies this citation.

The file number of said suit being No. 2004-01-000003-B.

The style of the case is:

JOHN ROBERTS
VS.
WELLS FARGO BANK, ET AL.

Said petition was filed in said court by _____JOHN OCIE ROBERTS_____
(Attorney for _____PLAINTIFF_____), whose address is
P.O. BOX 1167 LA FERIA, TEXAS  78589                                    .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 5th day of JANUARY , A.D. 2004.

AURORA DE LA GARZA_____ , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By: _Reynaldo Ipsy J._____ , Deputy

RETURN OF OFFICER

**CERTIFIED COPY**

Came to hand the _5th_ day of _Jan_ , _2004_, at _2:58_ o'clock _P_.M., and

~~executed~~ (not executed) on the _5th_ day of _Jan_ , _2004_, @ _4:26 pm_ by delivering to

_Tom Fleming_ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _Application for Injunction Relief & Certified_ .

_Copy of Order Certified Copy of First_

Cause of failure to execute this citation is: _____

_Sam Wallace_

FEES serving 1 copy

Total....... $_____    ~~Sheriff/constable~~ _Cameron_ County, TEXAS

Fees paid by:_____    By_____ ~~Deputy~~

FILED _5:00_ O'CLOCK __M
AURORA DE LA GARZA DIST. CLERK

JAN 05 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS

JUN 2 4 2004

BY_____ DEPUTY

Precept to Serve                                         Lit. Seq. # 5.003.01
**CERTIFIED COPY**    No. 2004-01-000003-B

T H E   S T A T E   O F   T E X A S

JOHN ROBERTS                          In The District Court

VS.              .      138th Judicial District

WELLS FARGO BANK, ET AL.              Cameron County, Texas

TO THE SHERIFF OR ANY CONSTABLE OF ANY COUNTY OF THE STATE OF TEXAS (OR ANY OFFICER OR PERSON AUTHORIZED TO SERVE CITATIONS), GREETING:

YOU ARE HEREBY COMMANDED that you serve
TOM FLEMING
1650 PAREDES LIONE ROAD
SUITE 102
BROWNSVILLE, TEXAS 78521

the _____ DEFENDANT _____ in the above numbered and entitled cause with the

accompanying certified copy of

ORDER & A COPY OF THE APPLICATION FOR TEMPORARY INJUNCTIVE RELIEF
CERTIFIED COPY OF FIAT

    HEREIN FAIL NOT, but of this Writ make due return showing how you have

executed the same.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, this the 5th day of

JANUARY , A.D. 2004.

ATTEST: AURORA DE LA GARZA , Clerk, District Courts
Cameron County, Texas

Reynaldo _____ , Deputy

ATTORNEY:
JOHN OCIE ROBERTS                 FILED 5:00 O'CLOCK __M
P.O. BOX 1167                     AURORA DE LA GARZA DIST. CLERK
LA FERIA, TEXAS  78589            JAN 0 5 2004
                                  ATTEST A COPY OF CAMERON COUNTY TEXAS

R E T U R N   O F   O F F

Came to hand the 5th day of Jan , 2004, at 2:50 o'clock P.M., and
                                                    @ 4:26 pm
executed (not executed) on the 5th day of Jan , 2004, by delivering to

Tom Fleming                    in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the Order & a copy of the Application for Temporary Injunctive

Relief Certified copy of Fiat

Cause of failure to execute this citation is: _____

                          Sam Wallace
FEES serving 1 copy       Sheriff/Constable Cameron County, TEXAS
Total....... $_____     By _____ Deputy
Fees paid by:_____

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
JUN 24 2004
BY

CAUSE NO. 2004-01-0003-B

| | | |
|---|---|---|
| JOHN ROBERTS | § | IN THE DISTRICT COURT |
|    Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| WELLS FARGO BANK, Formerly | § | 138TH JUDICIAL DISTRICT |
| FIRST VALLEY BANK, Formerly | § | |
| RAYMONDVILLE STATE BANK | § | |
| Tom Fleming, Dan Huerta, and | § | |
| Rolando Olvera | § | |
|    Defendants | § | CAMERON COUNTY, TEXAS |

## ORDER DISSOLVING RESTRAINING ORDER

On this 5th day of January 2004, the motion to dissolve a restraining order was presented by Defendants **Wells Fargo Bank and Tom Fleming** and considered by the Court.

The Court finds that the restraining order was previously dissolved in the identical suit now pending before the 107th District Court and is, therefore, *res judicata.*

IT IS, THEREFORE, ORDERED that the temporary restraining order issued by this Court on January 5, 2004 is dissolved.

SIGNED FOR ENTRY on this ____ day of January 2004.

JUDGE PRESIDING

COPIES:   JAN 1 3 2004
John Ocie Roberts, P. O. Box 1167, La Feria, Texas 78589
Tom Fleming, FLEMING & HERNANDEZ, P.C., 1650 Paredes Line Road, Suite 102, Brownsville, Texas
     78521-1602

ORDER DISSOLVING RESTRAINING ORDER

FILED ___ O'CLOCK ___M
AURORA DE LA GARZA, CLERK

JAN 1 3 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS