UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 0 6 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JOHN OCIE ROBERTS § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. B-04-002 |
| WELLS FARGO BANK, FORMERLY § | |
| FIRST VALLEY BANK, FORMERLY § | |
| RAYMONDVILLE STATE BANK, AND § | |
| TOM FLEMING § | |

## REPLY OF DEFENDANT TOM FLEMING
### TO PLAINTIFF'S FIRST SUPPLEMENT
### TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGEMENT
### OF DEFENDANT'S (sic) FLEMING'S MOTION FOR SUMMARY JUDGEMENT (sic)

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES, Defendant **Tom Fleming (hereinafter "Defendant")** and files this reply to Plaintiff's First Supplement to Plaintiff's Response to Motion for Summary Judgement of Defendant's (sic) Fleming's Motion for Summary Judgement (sic), and would respectively show unto the Court as follows:

**1.0.** Defendant objects to Plaintiff's First Supplement to Plaintiff's Response to Motion for Summary Judgement of Defendant's (sic) Fleming's Motion for Summary Judgement (sic) in its entirety, as said supplement only states conclusory unsubstantiated statements of alleged facts and, furthermore, Plaintiff does not set forth one legal proposition that is corroborated with legal authority. Consequently, Plaintiff has not shown that there are any issues that are genuinely in dispute nor has Plaintiff advanced any convincing theories concerning said issues. See, eg., *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510 (1986).

**2.0.** Plaintiff complains in his supplement that in his State Court injunction suit he objected to Judge Robert Barnes as soon as he learned Judge Barnes was assigned as a Visiting Judge. (See, ¶ 2.08 of Plaintiff's supplement). However, Plaintiff did not follow the applicable procedure for objecting to a judge assigned to a trial court. See, TEXAS GOV'T. CODE § 74.053. In particular, Plaintiff filed an Application for Injunctive Relief on December 1, 2003. (See, attached as "Exhibit 1" a sworn copy of Plaintiff's Application for Injunction which is incorporated herein). A hearing on Plaintiff's Application for Injunctive Relief was scheduled for December 8, 2003. (See, attached as "Exhibit 2" a sworn copy of the fiat setting the hearing on Plaintiff's Application for Injunctive Relief which is incorporated herein).

**2.1.** At some point in time prior to the December 8, 2003 injunction hearing, Plaintiff filed a Motion for Continuance; however, Plaintiff never complied with Texas Rule of Civil Procedure 21a, as Defendant has never received a copy of said Motion for Continuance. Defendant attended the December 8, 2003 hearing whereupon Judge Barnes, who was duly assigned to the Court by Presiding Judge Darrell Hester, considered said Motion for Continuance and denied the same. (See, attached to Defendant Tom Fleming's Motion for Summary Judgment "Exhibit D," p. 13, ll. 16-22 regarding the denial of Plaintiff's Motion for Continuance). Texas Gov't. Code § 74.053(c) is the only way a party may object to an assigned visiting judge and sub(c) succinctly states:

**REPLY OF DEFENDANT TOM FLEMING**　　　Page 2 of 5
**TO PLAINTIFF'S FIRST SUPPLEMENT TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGEMENT OF DEFENDANT'S (sic) FLEMING'S MOTION FOR SUMMARY JUDGEMENT (sic)**
JGM/bgw  #972277  L:\WARNKE\FLEMING\Roberts,John\B-04-002\Reply-1SupplRespSJM.wpd

> "(c) An objection under this section must be filed *not later* than the *seventh* day after the date the party receives actual notice of the assignment *or before the date the first hearing* or trial, including pretrial hearings, commences, whichever date occurs earlier. The presiding judge may extend the time to file an objection under this section on written motion by a party who demonstrates good cause." (Emphasis added).

Plaintiff did not file an objection to Judge Barnes' assignment until December 18, 2003 (See, attached as "Exhibit 3" a sworn copy of Plaintiff's Notice of Objection to Assigned Judge which is incorporated herein).

2.2.   Upon review, Texas Gov't. Code § 74.053(c) illustrates that once Judge Barnes considered Plaintiff's own Motion for Continuance, Plaintiff had no further recourse in reference to objecting to Judge Barnes. *In re Canales*, 52 S.W.3d 698, 704 (Tex. 2001).   See, also, *Lee v. Backus*, 900 S.W.2d 390, 391 (Tex. App.–Texarkana 1995, no pet.).  In fact, Plaintiff in his verified Notice of Objection to Assigned Judge admits in paragraph III that Judge Barnes had conducted a hearing prior to his filing said objection.  (See, Exhibit 3).   Furthermore, even if Judge Barnes would not have considered any motion or the merits of the temporary restraining order, Plaintiff waited 10 days to object to Judge Barnes' assignment which is outside the seventh day deadline as set forth in sub(c), and this is not timely. TEXAS GOV'T. CODE §74.053(c).   Consequently, Plaintiff now cannot complain of Judge Barnes' assignment as a Visiting Judge when he failed to follow proper procedure, as his argument is simply without merit.

**REPLY OF DEFENDANT TOM FLEMING**                                                                                           Page 3 of 5
**TO PLAINTIFF'S FIRST SUPPLEMENT TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGEMENT OF DEFENDANT'S (sic) FLEMING'S MOTION FOR SUMMARY JUDGEMENT (sic)**
JGM/bgw  #972277  L:\WARNKE\FLEMING\Roberts,John\B-04-002\Reply-1SuppIRespSJM.wpd

## Conclusion

**3.0.** Plaintiff's attempt to meet Defendant's motion for summary judgment clearly violates precept as set forth in *Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003) which does not allow " . . . flights of fancy, speculations, hunches, intuitions, or rumors about matter remote from that experience." A plaintiff must present evidence on which a jury could *reasonably* find for him. *Yerdon v. Henry*, 91 F.3d 370, 374 (2nd Cir. 1996).

**3.1.** This Defendant prays entry of summary judgment on behalf of Defendant and that Plaintiff take nothing by his causes of action stated against this Defendant. This Defendant prays for further relief whether at law or in equity to which this Court believes Defendant is justly entitled.

DATED: <u>July 6, 2004</u>.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602
Telephone:   (956) 982-4404
Telecopier:   (956) 982-0943

by: _____
Jeffrey G. Mathews
State Bar of Texas No. 24013115
Federal I.D. No. 24499
**Tom Fleming**
State Bar of Texas No. 07133000
Federal I.D. No. 1188

**ATTORNEYS FOR PLAINTIFF,**
**TOM FLEMING.**

---

TO PLAINTIFF'S FIRST SUPPLEMENT TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGEMENT
OF DEFENDANT'S (sic) FLEMING'S MOTION FOR SUMMARY JUDGEMENT (sic)
JGM/bgw  #972277  L:\WARNKE\FLEMING\Roberts,John\B-04-002\Reply-1SupplRespSJM.wpd

## **CERTIFICATE OF SERVICE**

I certify that true and correct copies of the foregoing **REPLY OF DEFENDANT TOM FLEMING TO PLAINTIFF'S FIRST SUPPLEMENT TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGEMENT OF DEFENDANT'S (sic) FLEMING'S MOTION FOR SUMMARY JUDGEMENT** (sic) were served July 6, 2004 in the manner(s) indicated below upon the following:

**PLAINTIFF, JOHN OCIE ROBERTS,** *Pro Se*:
Mr. John Ocie Roberts
P. O. Box 1167
La Feria, Texas 78559
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 2030 0007 1000 5090)*

**COUNSEL FOR DEFENDANT, WELLS FARGO BANK:**
Mr. Rolando Olvera
SPAIN & OLVERA
103 East Price Road
Brownsville, Texas 78521
*(FIRST CLASS UNITED STATES MAIL)*

**COUNSEL FOR DAN HUERTA:**
Mr. John A. Olson
CAMERON COUNTY COMMISSIONERS' COURT
CIVIL LEGAL DIVISION
964 East Harrison Street, Suite 420
Brownsville, Texas 78520
*(FIRST CLASS UNITED STATES MAIL)*

_____
Jeffrey G. Mathews

**REPLY OF DEFENDANT TOM FLEMING**                                                                                Page 5 of 5
**TO PLAINTIFF'S FIRST SUPPLEMENT TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGEMENT**
**OF DEFENDANT'S (sic) FLEMING'S MOTION FOR SUMMARY JUDGEMENT (sic)**
JGM/bgw  #972277  L:\WARNKE\FLEMING\Roberts,John\B-04-002\Reply-1SupplRespSJM.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **JOHN OCIE ROBERTS** | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. B-04-002 |
| **WELLS FARGO BANK, FORMERLY** | § | |
| **FIRST VALLEY BANK, FORMERLY** | § | |
| **RAYMONDVILLE STATE BANK, AND** | § | |
| **TOM FLEMING** | § | |

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | AFFIDAVIT OF JEFFREY G. MATHEWS |
| COUNTY OF CAMERON | § | |

BEFORE ME, the undersigned notary public, on this day personally appeared **Jeffrey G. Mathews**, who being by me here and now duly sworn upon oath, says:

"My name is Jeffrey G. Mathews. I am over 18 years of age and am legally competent to make this affidavit which is true and correct, is based upon my personal knowledge, and is made voluntarily and not under duress.

"All the exhibits attached to this reply are true and correct copies that have been received at Fleming & Hernandez, P.C.'s office file-stamped from the District Clerk."

FURTHER, AFFIANT SAYETH NAUGHT.

_____
Jeffrey G. Mathews

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned notary public, by the said **Jeffrey G. Mathews** on this, the 6th day of July, 2004, to certify which WITNESS MY HAND AND OFFICIAL SEAL OF OFFICE.

_____
Notary Public, State of Texas.



BARBARA WARNKE
MY COMMISSION EXPIRES
May 2, 2005

CAUSE NO. 2003-12-5738-A

| | | |
|---|---|---|
| JOHN ROBERTS<br>Plaintiff | § | IN THE DISTRICT COURT |
| VS. | § | 107th JUDICIAL DISTRICT |
| WELLS FARGO BANK, Formerly<br>FIRST VALLEY BANK, Formerly<br>RAYMONDVILLE STATE BANK<br>Tom Fleming, Dan Huerta, and<br>Rolando Olvera<br>    Defendants | § | CAMERON COUNTY, TEXAS |

FILED 10:15 O'CLOCK A M
AURORA DE LA GARZA DIST. CLERK
DEC 0 1 2003

## APPLICATION FOR INJUNCTIVE RELIEF

NOW COMES, JOHN ROBERTS, Plaintiff and files this his Application for Injunctive Relief complaining of WELLS FARGO BANK, Formerly, FIRST VALLEY BANK, Formerly RAYMONDVILLE STATE BANK, Tom Fleming, Dan Huerta, and Rolando Olvera, Defendants, and for cause of action Plaintiff would show:

### I. PARTIES

a. Plaintiff is a resident of La Feria, Cameron County, Texas;

b. Defendant Wells Fargo Home Mortgage, Inc. is a California Corporation licensed to do business in the State of Texas and who may be reached for service by serving Corporation Service Company, 800 Brazos, Austin County, Texas 78701.

c. Defendant, Tom Fleming, Trustee is a resident of Cameron County, Texas and maybe reached for service at 1650 Paredes Line Road, Suite 102, Brownsville, Texas 78521-1602.

d. Dan Huerta, Deputy, Cameron County Sheriff's Dept. in Brownsville, Cameron County, Texas.

e. Defendant, Rolando Olvera, is a resident of Cameron County, Texas and maybe reached for service at 1650 Paredes Line Road, Suite 102, Brownsville, Texas 78521-1602.

SCANNED
DEC 0 3 2003


EXHIBIT NO. 1

## II. PROPERTY

Plaintiff would show that he is the owner of real property located in the City of La Feria, Cameron County, Texas and further described herein as Tract 2: an 8,750.00 square foot tract of land, being the easterly 50. 0 feet of lots numbers twelve (12), thirteen (13), fourteen (14), and the easterly 50 feet of the Northerly ½ of lot number eleven (11), Block number sixteen (16), third addition to the city of San Benito, Cameron County, Texas, according to the Map recorded in volume 2, Page 5, of the Map records of Cameron County, Texas.

Tract 1, the West six and 22/100 (W. 6.22) acres of the east Twenty-one and 224/100 (E. 21.224) acres of Block one (1), in the Orange, Grove Park Subdivision, La Feria Grant, Cameron County, Texas, according to the map or plat of sais subdivision Recorded in Volume 4, Page 11, of the Map records of Cameron County, Texas.

## III. FACTS

Plaintiff would show that he is the owner of the above referenced property; the subject matter of this lawsuit. Plaintiff received knowledge of his property being foreclosed, but did not receive notice. According to information and belief, the property is to be sold on the courthouse steps by the Sheriff's Office on the 2nd of December, 2003. The property being the basis of this lawsuit is Plaintiff's homestead. Plaintiff has a pending action in the Supreme Court of Texas regarding the property in question.

## V. INJUNCTIVE RELIEF/DAMAGE

As a result of the Defendants actions and their failure to abide by the contractual obligations as contained in the Deed of Trust, Defendants have caused Plaintiff damages. Plaintiff has no adequate remedy at law, and is requesting the equitable justice on of this Court to restrain and enjoin the Defendant Wells Fargo from evicting the Plaintiff from his residence during the pendency of this suit. Plaintiff requests this Court to enter a Temporary Restraining Order restraining the Defendants from :

a. causing to issue directly or indirectly a forcible detained action in any Court of competent jurisdiction that would deprive the Plaintiff of use and benefit of his home while this action is pending;
b. employing engaging or contracting with any person, company of firm to sell, alienate or hypothecate Plaintiff's property as herein described during the pendency of this suit;
c. selling, transferring or hypothecating Plaintiff's property during the pendency of this suit; and
d. taking any action that would prohibit Plaintiff from peaceful enjoyment of his home.


SCANNED
DEC 0 3 2003

Plaintiff requests that this Court set a hearing for the issuance of a temporary injunction pending suit to maintain the status quo of the parties and approve a bond in reasonable amount as required by law. This property includes Plaintiff's homestead.

## VI. RELIEF

Plaintiff requests the equitable jurisdiction of this Court to set aside the Trustee's deed and revive the outstanding mortgage in the terms as previously contracted. In the alternative; if any, Plaintiff requests damages for the reasonable market value of the property in an amount in excess of the minimal jurisdictional limits of this Court. Plaintiff further seeks damages for the extreme mental anguish caused by the Defendants wrongful actions in an amount in excess of the minimal jurisdictional limits of this Court.

**WHEREFORE PREMISES CONSIDERED** plaintiff requests this Court to provide notice to the Defendants, grant the equitable relief and Temporary Restraining Order, and upon hearing that Plaintiff have judgment against the Defendants jointly and severally. Plaintiff prays for any other relief, at law or in equity, which he may be justly entitled to receive.

Respectfully submitted,

Raul A. Guajardo
Attorney at Law
SBN 24029214
909-A Nyssa Ave
McAllen, Texas 78501
Tel. No. (956) 686-1977
Fax No. (956) 686-0469

SCANNED
DEC 0 3 2003

STATE OF TEXAS            ]

CAMERON COUNTY       ]              **AFFIDAVIT**

BEFORE ME, personally appeared John Ocie Roberts, and stated under oath that the following is true and correct and from his personal knowledge:

My name is John Ocie Roberts . I am competent to testify. I am over the age of eighteen(18) years and have never been convicted of any crime.

My homestead is being foreclosed on the 1st Tuesday which is December 2, 2003.

The main issues are pending before the Texas Supreme Court.

If this Court does not intervene and issues temporary restraining order, I shall be suffering an irreparable injury.

Affiant further saith naught.

/John Ocie Roberts

SWORN AND SUBSCRIBED TO BEFORE ME, the undersigned notary, on this the 1st day of December, 2003, which witness my hand and seal.


LEONOR HILDA RAMIREZ
MY COMMISSION EXPIRES
December 11, 2006

Notary Public-State of Texas

Recorded information:   Tract 2: an 8,750.00 square foot tract of land, being the easterly 50. 0 feet of lots numbers twelve (12), thirteen (13), fourteen (14), and the easterly 50 feet of the Northerly ½ of lot number eleven (11), Block number sixteen (16), third addition to the city of San Benito, Cameron County, Texas, according to the Map recorded in volume 2, Page 5, of the Map records of Cameron County, Texas.
Tract 1: the West six and 22/100 (W. 6.22) acres of the east Twenty-one and 224/100.(E. 21.224) acres of Block one (1), in the Orange, Grove Park Subdivision, La Feria Grant, Cameron County, Texas, according to the map or plat of sais subdivision Recorded in Volume 4, Page 11, of the Map records of Cameron County, Texas.

SCANNED

DEC 0 3 2003

CAUSE NO. 2003-12-5735-A

| | | |
|---|---|---|
| JOHN ROBERTS<br>Plaintiff | § | IN THE DISTRICT COURT |
| | | |
| VS. | § | 107th JUDICIAL DISTRICT |
| | | |
| WELLS FARGO BANK, Formerly<br>FIRST VALLEY BANK, Formerly<br>RAYMONDVILLE STATE BANK<br>Tom Fleming, Dan Huerta, and<br>Rolando Olvera<br>    Defendants | § | CAMERON COUNTY, TEXAS |

## FIAT

On this the 1st day of Dec 2003, came on to be considered Plaintiff's Application for Injunctive Relief. And it appearing to the Court that a hearing is necessary on this motion, orders that this case be set for a hearing.

THEREFORE, IT IS ORDERED that a hearing be held on this Plaintiff's Application for Injunctive Relief and it is hereby set for the 8th day of December 2003, at 8:30 a.m. in the District Courtroom of Cameron County, Brownsville, Texas.

Signed for entry on this 1st day Dec 2003.

FILED 11:30 O'CLOCK A.M.
AURORA DE LA GARZA DIST. CLERK
DEC 1 2003
DISTRICT COURT OF CAMERON COUNTY, TEXAS

_____
JUDGE PRESIDING

EXHIBIT NO. 2

SCANNED
DEC 03 2003

NO. 2003-12-5738-A

| | | |
|---|---|---|
| JOHN ROBERTS | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | 107TH JUDICIAL DISTRICT |
| WELLS FARGO BANK, Formerly | § | |
| FIRST VALLEY BANK, Formerly | § | |
| RAYMONDVILLE STATE BANK | § | |
| TOM FLEMING, DAN HUERTA, | § | |
| AND ROLANDO OLVERA, | § | |
|     Defendants | § | CAMERON COUNTY, TEXAS |

## NOTICE OF OBJECTION TO ASSIGNED JUDGE

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, John Ocie Roberts and Raul A. Guajardo, and files this their Notice of Objection To Assigned Judge in the above styled and numbered cause and shows the Court the following:

I.

Plaintiffs have been notified of an assigned judge. Said judge is Hon. Robert Barnes.

II.

Plaintiffs hereby invoke Section 74.053 of the Texas Government Code and gives notice of their objection and said request is of a matter of law.

III.

Plaintiff and attorney hereby object to assigned of Judge Barns to hear this case. Judge Barnes has conducted a hearing on this case. However, there had been a pending motion for continuance. Plaintiff and his attorney had not timely been informed of Judge Barnes assignment.

**WHEREFORE**, Plaintiff and attorney pray that another judge be assigned to hear their case, and that any work done with the cases, any order signed him should set aside.



EXHIBIT NO. 3

Respectfully submitted,

Law Office of Raul A. Guajardo
909-A Nyssa Ave.
McAllen, Texas 78501
Tel: (956) 686-1977
Fax: (956) 686-0469

By: _____
Raul A. Guajardo
State Bar No. 24029214
Attorney for John Roberts

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on each attorney of record, or party in accordance with the Texas Rules of Civil Procedure by Facsimile No. (956) 982-0943 on December _____, 2003.

_____
Raul A. Guajardo
Attorney for John Roberts

NO. <u>2003-12-5738-A</u>

| | | |
|---|---|---|
| **JOHN ROBERTS**<br>    Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT |
| **vs.** | §<br>§ | **107TH JUDICIAL DISTRICT** |
| **WELLS FARGO BANK, Formerly**<br>**FIRST VALLEY BANK, Formerly**<br>**RAYMONDVILLE STATE BANK**<br>**TOM FLEMING, DAN HUERTA,**<br>**AND ROLANDO OLVERA,**<br>    Defendants | §<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>**CAMERON COUNTY, TEXAS** |

**ORDER**

On this the_____day of_____2003, Plaintiff and Attorney Notice of Objection to Assigned Judge came to be considered.

**THEREFORE, IT IS ORDERED** that Judge Robert Barnes is not to be assigned and is recused from presiding in the above styled and numbered cause.

Signed for entry _____day of_____2003.

_____<br>Judge Presiding

STATE OF TEXAS            }

COUNTY OF WILLACY    }

## **VERIFICATION**

I hereby certify, that I, Raul A. Guajardo, have read all the all the allegations stated in the Notice of Objection To Assigned Judge, and all statements are true and correct from my own personal knowledge.

_____
Raul A. Guajardo

**SWORN AND SUBSCRIBED TO BEFORE ME**, the undersigned notary, on this the 17th day of December, 2003, which witness my hand and seal.



Notary Public-State of Texas